Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

CJA Attorney for Defendant

# United States District Court
## District of Alaska

| | |
|---|---|
| United States of America, | Case No. 3:16-cr-086-SLG |
| Plaintiff, | |
| v. | Motion to Restrict Visitor Log Access |
| John Pearl Smith | |
| Defendant. | |

John P. Smith, accused, is facing charges that could include the death penalty.[1] The death penalty requires defense counsel to retain experts to adequately prepare for not only the guilt phase but also any potential penalty phase. Counsel must ensure that such experts have sufficient information to form credible opinions. That evidence comes, in part, from

---

[1] See Docket 102, Counts 3 through 8, and accompanying special findings.

*United States v. John Pearl Smith*
Case No. 3:16-cr-86-SLG
Motion to Restrict Access to Visitor Logs
Page 1 of 3

access to the client.[2] Further, if the government were to know of each visit by a member of Mr. Smith's legal team, the government's unfair advantage may have a chilling effect upon the defense investigation and preparation.[3]

Consider this example: suppose Mr. Smith had a lengthy military history and had served in combat.[4] The government learns that a known expert about combat-inducted PTSD visits Mr. Smith but is never identified as an expert. What does that tell the government? The government would generally conclude that this expert's opinion would not be favorable and would likely seek experts in the field to determine what potential reasons would render an unfavorable opinion. This could cause the government to begin investigating an area they might not otherwise have considered or allow the government a greater opportunity to tailor any mitigation case against Mr. Smith. The government could thus use the defense team's efforts to comply with their constitutional obligation to Mr. Smith to his detriment.

Finally, the information regarding visits by Mr. Smith's legal team is protected by the attorney-client privilege and work product doctrines and Fed.R.Cr.P. 16(b)(1)(C), which prohibits the government form learning prematurely the identity of defense experts.

For these reasons, Mr. Smith seeks an order prohibiting the Alaska Department of Corrections and the United States Marshals from: 1) disseminating the identity and capacity of members of Mr. Smith's legal team; 2) disseminating the date and/or type of visit by Mr. Smith's legal defense team; and 3) opening, copying reading or disseminating any legal correspondence. For purposes of this order, Mr. Smith's defense team is specifically identified as Ms. Suzanne Elliott, lead counsel, Mr. Steven Wells, counsel, Mr. Keith Rohman, mitigation specialist, and Mr. Frank Wake, investigator. This list may be expanded in the future.

Mr. Smith and his defense team recognize that there may be circumstances in which the Alaska Department of Corrections, the State of Alaska Department of Law and/or the United States Department of Justice may have occasion to need those records to investigate potential crimes, such as obstruction of justice and related charges. For this

---

[2] See *Caro v. Woodford,* 280 F.3d 1247, 1254 (9th Cir. 2002); *Wallace v. Steward*, 184 F.3d 1112, 1116 (9th Cir. 1999), *cert. denied*, 528 U.S. 2000); *Bean v. Calderon*, 163 F.3d 1073, 1079-80 (9th Cir. 1998), *cert. denied*, 528 U.S. 922 (1999).

[3] See *State v. Doe*, 391 A.2d 542 (N.J., 1972)(notification to the prosecution of defendant's expert visits would have a "chilling effect on the conduct of effective and complete defense investigations").

[4] For the record, Mr. Smith has not been in the military, nor has he been in combat.

United States v. John Pearl Smith
Case No. 3:16-cr-86-SLG
Motion to Restrict Access to Visitor Logs
Page 2 of 3

reason, Mr. Smith and his legal team seek to limit this order only to members of his defense team and potential experts that they may retain. General visitors would not be covered by this order.

Should there be an occasion in which the government needed records pertaining specifically to the defense team, the appropriate party could move for the production of such records *ex parte* and demonstrate to the court why they would need the records of the defense team and/or experts. Any such records would then be reviewed by an attorney not associated with the prosecution of this case. Until such time, though, there is no reason for the government to get records regarding the identity of defense experts, their visits or defense team visits.

DATED this 16th day of January, 2018, at Anchorage, Alaska.

By: /s/ Steven M. Wells.
Steven M. Wells
AK Bar No. 0010066

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served **electronically** this 16th day of January, 2018 on:

All Parties of Record

/s/ Steven M. Wells _____.
Steven M. Wells, PC

*United States v. John Pearl Smith*
Case No. 3:16-cr-86-SLG
Motion to Restrict Access to Visitor Logs
Page 3 of 3