BRYAN SCHRODER
United States Attorney

FRANK V. RUSSO
WILLIAM A. TAYLOR
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
Tel: (907) 271-5071
E-mail:   frank.russo@usdoj.gov
            william.taylor@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:16-cr-00086-SLG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF INTENT TO SEEK** |
| v. | ) | **A SENTENCE OF DEATH** |
| | ) | |
| JOHN PEARL SMITH II, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW the United States of America, pursuant to the attached Attorney General's

authorization dated June 13, 2018 and 18 U.S.C. § 3593(a), by and through its undersigned

counsel, and notifies the Court and Defendant JOHN PEARL SMITH II, that the Government

believes the circumstances of the offenses charged in Counts Three, Four, Five, Six, Seven, and

Eight of the First Superseding Indictment, that is, use of a firearm in furtherance of a crime of

violence resulting in the murder of Ben Gross (Counts Three and Four) and Crystal Denardi

(Counts Five and Six); and use of a firearm in furtherance of a drug trafficking crime resulting in

the murder of Ben Gross (Count Seven) and Crystal Denardi (Count Eight), in violation of

Title 18, United States Code, Sections 924(c) & (j) are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598), of Title 18 of the United States Code, and that the United States will seek a sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death:

### A.    <u>Statutory Threshold Findings Enumerated in 18 U.S.C. § 3591(a)(2)(A)(B)(C)& (D).</u>

The United States will seek to prove the following threshold findings as the basis for the imposition of the death penalty in relation to Counts Three, Four, Five, Six, Seven, and Eight of the First Superseding Indictment:

    1.   The defendant, JOHN PEARL SMITH II, intentionally killed Ben Gross and Crystal Denardi. 18 U.S.C. § 3591(a)(2)(A).

    2.   The defendant, JOHN PEARL SMITH II, intentionally inflicted serious bodily injury that resulted in the death of Ben Gross and Crystal Denardi. 18 U.S.C. § 3591(a)(2)(B).

    3.   The defendant, JOHN PEARL SMITH II, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Ben Gross and Crystal Denardi died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

    4.   The defendant, JOHN PEARL SMITH II, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a

reckless disregard for human life and Ben Gross and Crystal Denardi died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

**B.**      **Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).**

The United States will seek to prove the following statutory aggravating factors as the basis for imposition of the death penalty in relation to Counts Three, Four, Five, Six, Seven, and Eight of the First Superseding Indictment:

**1.     Prior conviction of violent felony involving firearm.**   The defendant, JOHN PEARL SMITH II, committed the offenses described in the First Superseding Indictment after having previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or threatened use of a firearm against another person. 18 U.S.C. § 3592(c)(2).

**2.     Grave risk of death to additional persons.**   The defendant, JOHN PEARL SMITH II, in the commission of the offenses or in escaping apprehension for the offenses, created a grave risk of death to one or more persons in addition to the victims of the offense. 18 U.S.C. § 3592(c)(5).

**3.     Pecuniary Gain.**   The defendant, JOHN PEARL SMITH II, committed the offenses as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value.   18 U.S.C. § 3592(c)(8).

**4.     Substantial Planning and Premeditation**.   The defendant, JOHN PEARL SMITH II, committed the offenses after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

**5. Multiple killings or attempted killings.** The defendant, JOHN PEARL SMITH II, intentionally killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

**C.** **Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).**

The United States will seek to prove the following non-statutory aggravating factors as the basis for imposition of the death penalty in relation to Counts Three, Four, Five, Six, Seven, and Eight of the First Superseding Indictment:

**1. Future Dangerousness.** The defendant, JOHN PEARL SMITH II, represents a continuing danger to the lives and safety of other persons. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following:

**a. Escape Risk.** The defendant, JOHN PEARL SMITH II, has previously escaped from custody, and has planned to escape from pre-trial detention in this matter.

**b. Lack of Remorse.** The defendant, JOHN PEARL SMITH II, through his actions and statements, demonstrated an utter lack of remorse over having committed the offense.

**c. Low Rehabilitative Potential.** The defendant, JOHN PEARL SMITH II, has demonstrated a low potential for rehabilitation as evidenced by his disciplinary records while in custody.

Case 3:16-cr-00086-SLG   Document 168   Filed 06/19/18   Page 4 of 6

**d. Participation in other charged acts of violence.** The defendant, JOHN PEARL SMITH II, has participated in other serious acts of violence, to include conduct charged in the First Superseding Indictment, and in previous adult and juvenile proceedings.

**e. Participation in other uncharged acts of violence**. The defendant, JOHN PEARL SMITH II, has participated in additional uncharged crimes of violence, as both an adult and a juvenile.

**f. Threats to a witness.** The defendant, JOHN PEARL SMITH II, while in custody, formulated a plan to murder at least one witness to the crimes charged in the First Superseding Indictment.

**g. Threats to correctional personnel.** The defendant, JOHN PEARL SMITH II, has participated in violent conduct against correctional personnel and has planned to do so while in custody in this matter.

**2. Victim Impact Evidence.** The defendant, JOHN PEARL SMITH II, caused injury, harm, and loss to Ben Gross's and Crystal Denardi's family and friends as evidenced by the impact of their death on her family and friends. 18 U.S.C. § 3593(a); *See Payne v. Tennessee*, 501 U.S. 808, 825-26 (1991).

//

//

//

//

//

//

Case 3:16-cr-00086-SLG   Document 168   Filed 06/19/18   Page 5 of 6

RESPECTFULLY SUBMITTED this 19th day of June, 2018, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney


/s/ Frank V. Russo
FRANK V. RUSSO
Assistant U.S. Attorney

/s/ William A. Taylor
WILLIAM A. TAYLOR
Assistant U.S. Attorney




## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date,
a true and exact copy of the foregoing
has been sent via ECF to counsel of record.


/s/ Frank V. Russo
FRANK V. RUSSO
Assistant U. S. Attorney