BRYAN SCHRODER
United States Attorney
FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN VANDERGAW
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
Email: william.taylor@usdoj.gov
Email: karen.vandergaw@usodj.gov

JAMES B. NELSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Email: james.nelson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-00086-SLG-DMS |
| Plaintiff, | ) | |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **SECOND MOTION TO COMPEL** |
| vs. | ) | **THE GOVERNMENT TO PROVIDE** |
| | ) | **MORE DEFINITE STATEMENT AS** |
| | ) | **TO THE EVIDENCE AND** |
| | ) | **INFORMATION IT INTENDS TO** |
| JOHN PEARL SMITH, II, | ) | **PROVIDE AS TO THE ALLEGED** |
| | ) | **NON-STATUTORY** |
| Defendant. | ) | **AGGRAVATING FACTORS** |

COMES NOW the United States of America, by and through United States Attorney Bryan Schroder and undersigned counsel, and hereby files its Response in Opposition to Defendant's "Second Motion to Compel the Government to Provide More Definite Statement As to the Evidence and Information it Intends to Provide as to the Alleged Non-Statutory Aggravating Factors" (Docket 239) (hereinafter "Def. Motion").

## PROCEDURAL HISTORY

On July 18, 2018, the Court held a status conference to discuss the parties' proposed scheduling orders. (Docket 183). After hearing from counsel, and taking the matter under advisement, the Court issued its scheduling order in this case on July 30, 2018. (Docket 192). The Court's scheduling order closely resembles the scheduling order from *United States v. Christensen* – upon which the United States' proposed scheduling order relied heavily. (Docket 179).

On September 7, 2018, in compliance with the Court's scheduling order, the United States provided Defendant with a Notice of Anticipated Evidence in Support of Aggravating Factors.[1] (See Docket 203). The format for this Notice was identical to the format of the United States' Notice in *United States v. Christensen*. That Notice was, in turn, upheld upon challenge, as being "certainly beyond what is required under the [Federal Death Penalty Act] as held by the Circuit Courts of Appeal." Order Denying

---

[1] A copy of this notice is attached hereto as Exhibit 1.

Motion to Compel, Case No. 2:17-cr-20037 (C.D. Ill. August 15, 2018) (Docket 91, at 10-22).[2]

On October 12, 2018, Defendant filed a motion under seal in which he argued that the September 7 notice was insufficient. However, during oral argument on November 13, 2018, defense counsel conceded that they had not reviewed the notice because they believed they had not received it. (Docket 235). As such, the motion was denied without prejudice. *Id.*

On November 24, Defendant filed a second motion to compel, arguing that the United States must provide him with a detailed roadmap of precisely which pieces of evidence it will introduce in support of each aggravating factor. Def. Motion, at 7. Defendant's argument is without merit. As noted in detail below, the United States' notice is more generous than the law requires. Further, granting Defendant's request would be unfairly prejudicial and burdensome on counsel for the United States.

### A. The United States' September 7, 2018, Notice Satisfies the Court's Order and Exceeds Both the Letter and the Spirit of 18 U.S.C. § 3593

The Federal Death Penalty Act (FDPA) provides that Government counsel shall, in a capital case, provide the Court and the defendant with notice stating that the United States intends to seek the death penalty and "setting forth the aggravating factor, or factors, that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a). The United States complied with that

---

[2] Attached hereto as Exhibit 2.

requirement on June 19, 2018, when it filed its Notice of Intent to Seek the Death Penalty (NOI). (Docket 168).

The NOI is the **only** notice to which Defendant is entitled regarding aggravating factors, as every United States Court of Appeals to have considered the issue has held. *United States v. Lecroy*, 441 F.3d 914, 930 (11th Cir. 2006) (holding the NOI provided sufficient notice though it did not list specific acts that would be used to prove future dangerousness); *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) ("[T]he FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor . . . *not notice of the specific evidence that will be used to support it*") (emphasis added); *United States v. Lee*, 274 F.3d 485, 495-96 (8th Cir. 2001) (holding that the defendant had "no right to advance notice of the specific evidence the government would use to prove [the aggravating] factors"); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999), *cert. denied* 529 U.S. 1022 (2000) ("The Government is not required to provide specific evidence in its Notice of Intent").

Predictably, the overwhelming majority of district courts to have decided the issue have followed the circuit courts' lead. *See*, *e.g.*, Exhibit 2, *Christensen*, Case No. 2:17-cr-20037 (Docket Entry 91, at 10-22) (C.D. Ill. August 15, 2018) (holding that "the information provided in [an identical letter to that provided Defendant on September 7, 2018], in the court's opinion, disclosed a reasonably detailed outline, a preview, of the evidence it intends to introduce in support of each of the listed aggravating factors. Moreover, this outline is certainly beyond what is required under the FDPA as held by the Circuit Courts of Appeal"); *United States v. Montgomery*, 10 F. Supp. 3d 801, 823

4

(W.D. Tenn. 2014) (noting that the law does not compel the court to "order the prosecutor to disclose [his] evidence" before trial); *United States v. Savage*, 2013 WL 1934531, at ** 5, 11-19 (E.D. Pa. 2013) (noting that, although the Government must plead the aggravating factors it intends to prove during the penalty phase, no additional notice of the facts is required); *United States v. Solomon*, 513 F. Supp. 2d 520, 539 (W.D. Pa. 2007) (finding that the NOI was sufficient to advise defendant of the allegations he had to defend against, and holding that no further notice was required); *United States v. Gooch*, 2006 WL 3780781, at *21 (D.D.C. 2006) (denying motion to require government to provide factual basis for aggravating factors); *United States v. Taylor*, 316 F. Supp. 2d 730, 738 (N.D. Ind. 2004) (noting that defendant's attempt to challenge the factual sufficiency of aggravating factors prior to trial was premature, because the matter required "factual development at trial"); *United States v. Nguyen*, 928 F. Supp. 1525, 1549-50 (D. Kan. 1996) (holding that neither the Constitution nor the FDPA require pre-trial discovery of a detailed recitation of aggravating factors evidence); *see also United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976), *reversed on other grounds by United States v. Bagley*, 473 U.S. 667 (1985) (noting that "<u>the notice component of due process refers to the charge rather than the evidentiary support for the charge</u>"), *quoted in United States v. Lujan*, 530 F. Supp. 2d. 1224, 1268 (D.N.M. 2008) (emphasis added).

      Defendant neither cites nor mentions the full state of the law in his motion. Rather, he relies on a handful of non-binding cases that required the prosecution to provide "informational outlines" in spite of the plain language of the FDPA and the prevailing view of the courts. <u>Def. Motion</u>, at 9-16. Notwithstanding Defendant's

5

protestation to the contrary, the United States has already elaborated on its NOI and provided an outline detailing the specific categories of evidence that it will introduce to support the alleged aggravators – in its September 7, 2018, letter.

Thus, when he filed his motion, Defendant possessed the notice required by law and a roadmap identifying the categories of evidence the United States will present. In other words, Defendant has everything he needs to challenge evidence or aggravators, as he sees fit. Yet, the defendant is unsatisfied because the United States did not tell the Defendant where, within the discovery, it could find the precise answers it was seeking. Def. Motion at 7. In so doing, Defendant asserts a supposed right the Courts of Appeal have unanimously rejected. *Lecroy*, 441 F.3d at 930; *Higgs*, 353 F.3d at 325; *Battle*, 173 F.3d at 1347. As the Seventh Circuit has recognized, the United States has "no duty to . . . conduct the defense's investigation for it." *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011).

Moreover, this case is distinguishable from those cited by Defendant. In those cases, the courts ordered the disclosure of additional information after finding the NOIs, by themselves, did not permit the defense to prepare for trial. Here, Defendant is not working with the NOI alone – he has discovery and an outline in hand. Furthermore, the cases cited by Defendant involved incomplete notice of uncharged conduct and victim-witness information. *See United States v. Taylor*, 316 F. Supp. 2d 730, 741 (N.D. Ind. 2004) (noting that § 3593(a) provides the only applicable notice requirement, but requiring elaboration for unadjudicated conduct); *United States v. Williams*, 2013 WL 1335599 * 35 (M.D. Pa. Mar. 29, 2013) (requiring elaboration only for unadjudicated

6

conduct); *Lujan*, 530 F. Supp. 2d at 1270-72 (noting no additional discovery was required where "the indictment and discovery . . . sufficiently apprise[d defendant] of what he must defend," and requiring the United States to describe the "general nature of the evidence it plans to use").

Defendant's reliance on *United States v. Llera Plaza*, 179 F. Supp. 2d 464, (E.D. Pa. 2001), is misplaced. <u>Def. Motion</u>, at 7-8. First, Llera Plaza did not have the benefit of the outline that Defendant has already been provided. *Llera Plaza*, 179 F. Supp. at 473-74. Second, the Court in *Llera Plaza*, merely required elaboration for unadjudicated conduct, and victim impact. *Id.* Unlike Llera Plaza, the United States has given notice that it may rely on "unadjudicated conduct," ***and full discovery thereof has been provided***.[3] Though the United States continues to investigate the possibility that there are additional, uncharged crimes in Defendant's past, we have informed him that we have not yet discovered any and, if we do, discovery thereof will be provided pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 16(c).[4]

The United States has also advised Defendant as to the nature of victim-impact evidence he can expect. Indeed, the United States went so far as to cite a case on which its victim impact evidence will be based. Thus, even if the Court were to adopt the

---

[3] Thus, Defendant's assertion that he needs more information in order to prepare is not true; rather, his request is that the Court compel the United States to "spoon-feed" the information to him. <u>Def. Motion</u>, at 7.

[4] This, notwithstanding that Defendant has yet to produce a single page of discovery pursuant to his obligation under FEDERAL RULE OF CRIMINAL PROCEDURE 16(b).

7

holdings of the cases cited by Defendant, he already possesses everything they would require the United States to provide.

Defendant's citation to the *Bin Laden* decision is equally confusing. Def. Motion, at 14. The *Bin Laden* Court made clear that the United States need not provide "a revelation of evidentiary detail or the Government's theory of its case" in order to comply with its order. *United States v. Bin Laden*, 126 F. Supp. 2d 290, 304 (S.D.N.Y. 2001). This is precisely what Defendant is seeking here – in his mind, the United States' response is inadequate because it "does nothing to narrow the inquiry or provide the details or limit the parameters of what the Government intends to present." Def. Motion, at 7.

Pressing his claims that the law entitles him to more information than he has already received, Defendant relies on *United States v. Glover.* Def. Motion, at 14-15. Defendant fails to note, however, that *Glover* was rejected as a jurisprudential outlier:

> The *Glover* court was "of the view that the defendant is entitled to know the underlying factual basis for each of the gateway factors." *Id*. at 1233. **But the [*Glover*] court did not explain its reasoning, which reduces its ability to persuade**. Other authority is to the contrary. *See United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) ("The Government is not required to provide specific evidence in its notice of intent."); *Nguyen*, 928 F. Supp. at 1545-46 (finding notice adequate when it listed only aggravating circumstances and provided no evidentiary detail).
>
> This Court respectfully disagrees with *Glover*. Mr. Gooch has already received full discovery from the Government, as contemplated and required by Rule 16 of the Federal Rules of Criminal Procedure; that discovery yielded well over 100 compact discs' worth of information. **Mr. Gooch is not really asking for the underlying factual basis for each gateway factor-he already has all the facts-but, instead, for how the Government plans to use the evidence it has amassed. The Government has no obligation to give him a preview of its evidentiary presentation**.

8

*United States v. Gooch*, No. 04-128-23(RMC), 2006 WL 3780781, *21 (D.C. Dist. Dec. 20, 2006) (emphasis added).[5]

Defendant, like Gooch and Glover before him, is not seeking the factual basis for aggravating factors so he can prepare his defense. He has that information in the Notice of Intent, the outline, and the comprehensive discovery he has already received. Rather, it appears Defendant seeks to learn in detail "how the Government plans to use the evidence it has amassed." As the Courts have repeatedly made clear, the United States has no obligation to preview its evidentiary presentation, and this Court should request the request.

### B. Defendant's request is unduly burdensome to the United States

In addition to being contrary to the prevailing law, Defendant's request is unrealistic. Jury selection is eleven months away, and the penalty phase is further still. Undersigned counsel has not yet identified its penalty phase exhibits, and it is unreasonable to expect that they would have. If the Court orders the United States to identify the evidence it will use next fall, or later, undersigned counsel will have to set aside its ongoing investigation and pre-trial litigation to prepare a complete order of proof for the penalty phase trial. Presumably, the consequences of providing anything less would be dire: if Defendant successfully obtains an order for notice of specific evidence,

---

[5] The *Gooch* court required disclosure of additional information about victim-impact evidence, but noted the United States did not need to provide "'a revelation of evidentiary detail or the . . . theory of its case.'" *Id*. at *23 (quoting *Bin Laden*, 126 F. Supp. 2d at 304-05).

9

he will no doubt move to bar the United States from introducing anything it fails to identify.

Requiring undersigned counsel to identify evidence they will present more than a year from now will distract counsel for the United States from necessary and appropriate efforts to prepare this case while simultaneously laying the groundwork for a legally baseless effort to forestall any development of the United States' evidence. The Court should not unfairly disadvantage the United States and its attorneys in the name of providing unjustified and unnecessary notice of specific evidence to the defense.

### C. Conclusion

Neither the Constitution nor the FDPA require the United States to preview its evidentiary presentation for capital defendants. Based on the forgoing reasoning and authority, the United States respectfully urges this Court to join the overwhelming majority of those that have rejected similar request and to deny Defendant's Motion.

WHEREFORE, the Defendant's Second Motion to Compel (Docket 239) should be DENIED without a hearing.

Respectfully Submitted,

BRYAN SCHRODER
UNITED STATES ATTORNEY

*/s/ James B. Nelson*
JAMES B. NELSON
Trial Attorney
United States Department of Justice

*/s/ Frank V. Russo*
FRANK V. RUSSO
Assistant United States Attorney

*/s/ William A. Taylor*
WILLIAM A. TAYLOR
Assistant United States Attorney

*/s/ Karen E. Vandergaw*
KAREN E. VANDERGAW
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
JAMES B. NELSON
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov