BRYAN SCHRODER
United States Attorney

FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN VANDERGAW
Assistant U.S. Attorneys

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
Email: william.taylor@usdoj.gov
Email: karen.vandergaw@usdoj.gov

JAMES B. NELSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Rom 625
Washington, DC 20004
Email: james.nelson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br><br>JOHN PEARL SMITH, II,<br><br>    Defendant. | No. 3:16-cr-00086-SLG-DMS<br><br><br><br>**OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT ANCHORAGE CORRECTIONAL COMPLEX FROM VIDEOTAPING CONFIDENTIAL ATTORNEY CLIENT AND DEFENSE TEAM VISITS. (Doc. 241)** |

COMES NOW Plaintiff United States of America, by and through the undersigned counsel, and hereby responds to the defendant's "Motion to Prohibit the Anchorage Correctional Complex from Videotaping Confidential Attorney Client and Defense Team Visits with the Client," filed at docket 241. Therein, the defendant asks for an order from this Court, directed towards the Alaska Department of Corrections ("DOC"), because they "believe" they are being recorded. The Alaska Department of Corrections is a separate sovereign, and is not a party to this case. Thus, this would not be the proper mechanism to bring this grievance. However, to the extent any video or audio exists of attorney-client meetings[1], the United States will not seek out, obtain, or review these items.

**I.       Discussion**

For the second time in this case the defendant requests this Court issue an order directed at a practice of the State of Alaska Department of Corrections.[2] He requests an order for the Alaska DOC to stop video monitoring of attorney-client visits, and an order to stop being audio recorded. However, the defendant fails to articulate under what authority this Court could issue such an order against the executive branch of the State of Alaska, who is not a party to this litigation. "Federalism, central to the constitutional design, adopts the principle that both the National and State Governments have elements of sovereignty the other is bound to respect." *Arizona v. United States*, 567 U.S. 387, 398 (2012).

The United States has no reason to believe these items exist, but in any event agrees not to seek out or obtain them even if they do. Thus, it is not necessary to dive into a complex debate regarding federalism in this context. This suggested solution is in accord with this Court's prior

---

[1] The United States does not have any information on this point one way or another. It is possible that video monitoring of attorney visiting rooms exists for security reasons.
[2] *See* Dkt. 153, requesting this Court to prohibit DOC from inputting defense attorney team visits into the state ACOMS system.

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS          Page 2 of 3

order regarding visitor records at Dkt. 161. There, this Court again simply ordered the members of the prosecution team not access the visitor logs, and any references in the logs to defense team visits would be redacted by the USMS before being received by the prosecution team.[3]

**II. Conclusion**

Because the State of Alaska is not a party to this litigation, and the United States agrees not to seek out these items if they do exist, this Court should deny the motion filed at Dkt. 241 as moot.

RESPECTFULLY SUBMITTED this 10th day of December 2018, in Anchorage, AK.

BRYAN SCHRODER
UNITED STATES ATTORNEY

*/s/ William A. Taylor*
WILLIAM A. TAYLOR
Assistant United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on December 10, 2018,
A copy of the foregoing was served via email on:

Mark Larranaga
Steven M. Wells
Suzanne Lee Elliott

s/William A. Taylor
WILLIAM A. TAYLOR
Assistant United States Attorney

---

[3] Dkt. 161 "The Court finds that Mr. Smith's motion to restrict access to visitor logs or records of the defense team is well taken. However, records of these visits are kept by Alaska Department of Corrections and information regarding professional visits are co-mingled with records of non-professional visits. IT IS THEREFORE ORDERED that if the Department of Justice has a need to review the non-professional visitor logs for Mr. Smith, the Marshals shall redact from the visitor logs any discussion of professional visits from the material that is provided to the Department of Justice. The Marshals shall not disclose in any way to the Department of Justice any professional visitors, their identity, duration of visits, or reason for visits."

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS    Page 3 of 3
Case 3:16-cr-00086-SLG   Document 246   Filed 12/10/18   Page 3 of 3