BRYAN SCHRODER
United States Attorney
FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN VANDERGAW
Assistant U.S. Attorneys

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
Email: william.taylor@usdoj.gov

JAMES B. NELSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Rom 625
Washington, DC 20004
Email: james.nelson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>JOHN PEARL SMITH, II,<br><br>              Defendant. | No. 3:16-cr-00086-SLG<br><br>NOTICE OF POTENTIAL ISSUES FOR DECEMBER 11, 2018, STATUS CONFERENCE |

COMES NOW the United States of America, by and through undersigned counsel, and hereby notifies the Court of potential issues to be addressed at the status conference later today.

From the United States' perspective, it will raise two discrete issues. First, on December 7, 2018, the United States received purported notice of the defendant's potential non-Fed. R. Crim. P. 12.2 expert witnesses, in accordance with the Court's pre-trial scheduling order. The notice lists eight potential experts, but identifies only two. Of those two, only statements of qualifications have been provided, but no opinions are provided. The other six list areas of expertise but no names; instead, it simply states "pending funding approval." Presumably, the defendant has identified these experts, but takes the position that notice of these experts is not necessary until the Court approves funding for these experts. This is unusual, to say the least.

Similarly unusual is the United States' discovery that various members of the defense team have apparently been depositing money on the commissary account of the defendant. The deposits, totaling $720, are in varying amounts, beginning in July 2017 and continuing through November 2018. The United States has raised its concern about these deposits with the defense team, which has declined to share the purpose behind the deposits. Rule 1.8 of the Alaska Rules of Professional Conduct limits the purposes for

*U.S. v. Smith*
3:16-cr-00086-SLG  Page **2** of **4**
Case 3:16-cr-00086-SLG   Document 248   Filed 12/11/18   Page 2 of 4

which an attorney may provide financial assistance to a client. It provides, in relevant part:

> Rule 1.8. Conflict of Interest: Current Specific Rules
> . . . .
> (e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that: (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and (2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

The commentary to this rule makes clear the basis for this limitation, at least in the civil context:

> Lawyers may not subsidize lawsuits or administrative proceedings brought on behalf of their clients, including making or guaranteeing loans to their clients for living expenses, because to do so would encourage clients to pursue lawsuits that might not otherwise be brought and because such assistance gives lawyers too great a financial stake in the litigation. These dangers do not warrant a prohibition on a lawyer lending a client court costs and litigation expenses, including the expenses of medical examination and the costs of obtaining and presenting evidence, because these advances are virtually indistinguishable from contingent fees and help ensure access to the courts. Similarly, an exception allowing lawyers representing indigent clients to pay court costs and litigation expenses regardless of whether these funds will be repaid is warranted.

Perhaps the money advanced the defendant falls outside these prohibitions, but the record should be clarified in this respect. For example, if the defendant is convicted and later asserts, in a collateral attack motion, that

*U.S. v. Smith*
3:16-cr-00086-SLG                    Page **3** of **4**
Case 3:16-cr-00086-SLG   Document 248   Filed 12/11/18   Page 3 of 4

he only followed the advice of counsel because they were depositing money on his commissary account, the record should be clear that this was not the purpose of these deposits.

To be clear, the purpose of this request is not to cast aspersions or make accusations of unethical conduct against the defense team, but rather to protect the record. There likely is a reasonable and legal explanation for these deposits. However, counsel for the United States has never come across this practice, nor can it discern any basis to keep the justification for these deposits secret and hidden from public view.

RESPECTFULLY SUBMITTED this 11th day of December 2018, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Frank V. Russo
FRANK V. RUSSO
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2018,
a copy of the foregoing was served
electronically on:

Counsel of Record

s/ Frank V. Russo
Office of the U.S. Attorney

*U.S. v. Smith*
3:16-cr-00086-SLG  Page **4** of **4**
Case 3:16-cr-00086-SLG   Document 248   Filed 12/11/18   Page 4 of 4