BRYAN SCHRODER
United States Attorney
FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN VANDERGAW
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
Email: william.taylor@usdoj.gov
Email: karen.vandergaw@usdoj.gov

JAMES B. NELSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Rom 625
Washington, DC 20004
Email: james.nelson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-00086-SLG-DMS |
| Plaintiff, | ) | |
| vs. | ) | |
| JOHN PEARL SMITH, II, | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL BRIEFING
TO GOVERNMENT'S OPPOSITION TO MOTION TO PROHIBIT
ANCHORAGE CORRECTIONAL COMPLEX FROM VIDEOTAPING
CONFIDENTIAL ATTORNEY CLIENT AND DEFENSE TEAM VISITS
(Doc. 241)**

Background

The defendant is requesting that the State of Alaska Department of Corrections depart from its uniform security protocol of videotaping attorney visits. This request is tantamount to requesting an injunction against a non-party: the State of Alaska, which has not had an opportunity to be heard. (Dkt 241). At this Court's invitation at the hearing on December 11, 2018, the United States submits this additional information regarding the practices at the Anchorage Correctional Complex ("ACC"). Undersigned counsel has contacted the ACC security sergeant to obtain the details of the security in the visiting rooms at ACC. It appears ACC has two different visiting areas. One is a secure, non-contact visiting room. This room has a type of physical barrier with glass between the inmate and the visitor. There is no video or audio monitoring in these rooms. The second area is a contact visiting area, where a visitor and the inmate can have direct contact. This area is monitored and recorded by video. <u>There is no audio recording</u>. Defendant argues this practice is unlawful and asks the Court to order that the ACC change this practice in the above-captioned case.

//

//

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS  Page 2 of 5
Case 3:16-cr-00086-SLG   Document 260   Filed 12/18/18   Page 2 of 5

## Legal Authority

Prison regulations are valid if they are reasonable. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. In our view, such a standard is necessary if prison administrators ..., and not the courts, [are] to make the difficult judgments concerning institutional operations." *Turner v. Safley*, 482 U.S. 78, 89 (1987) (internal quotation and citation omitted)

The Court in *Turner* went on to note, "several factors are relevant in determining the reasonableness of the regulation at issue." *Id*. at 2262. "First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." *Id.* (internal quotation omitted). "A second factor relevant in determining the reasonableness of a prison restriction, as *Pell* shows, is whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* "A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

## Argument

In the present case, any monitoring of defendant's attorney visits cannot be analyzed in a vacuum. The defendant's request must be reviewed for reasonableness in the context of his criminal history and the facts of this case. Smith has three prior

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS          Page 3 of 5
Case 3:16-cr-00086-SLG   Document 260   Filed 12/18/18   Page 3 of 5

convictions for escape. This Court has made a determination that full restraints are appropriate when he is in the courtroom. (Dkt. 148). Thus, the question is not whether all video monitoring would be inappropriate, but whether the monitoring of John Pearl Smith would be so. Again, the United States has agreed not to access these videos.

There are numerous reasons to monitor contact visits, which are illustrated by various examples throughout the country. For instance, female public defenders in Chicago filed a lawsuit against Cook County alleging they failed to protect them from inmates who expose themselves during jail visits and in holding cells.[1] There are incidents of inmates attacking their own defense attorneys.[2] Cook County jail was sued by a defense attorney who was attacked by his client. Among the allegations is that staff failed to monitor the inmate.[3] In Arizona, a defense attorney assaulted his own client while visiting him in custody.[4] Even the Bureau of Prisons federal regulations only limit "auditory supervision"[5] of attorney-client visits, and only permit a "degree of privacy."[6]

## Conclusion

On balance, the government's concession that it will not access or seek out these items provides a sufficient safeguard for the attorney-client relationship. As noted, there is an unmonitored non-contact room available for attorney visits, which counsel can access. There are sound policy reasons for ACC's monitoring procedures, as illustrated

---

[1] Attachment 1
[2] Attachment 2
[3] Attachment 3
[4] https://www.youtube.com/watch?v=PKHKUYYlJYg
[5] 28 C.F.R. § 543.13(e)
[6] 28 C.F.R. § 543.13(b)

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS           Page 4 of 5
Case 3:16-cr-00086-SLG   Document 260   Filed 12/18/18   Page 4 of 5

by attachments 1, 2, and 3. These reasons are amplified in the case at bar, which involves a defendant who has been thrice-convicted of escape, and who the United States alleges "has planned to escape from pre-trial detention in this matter." Notice of Intent to Seek the Death Penalty, Docket 168, p. 4. Accordingly, the defendant's motion should be denied.

RESPECTFULLY SUBMITTED this 18th day of December, 2018, in Anchorage, AK.

BRYAN SCHRODER
UNITED STATES ATTORNEY

*/s/ William A. Taylor*
WILLIAM A. TAYLOR
Assistant United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on December 18, 2018,
A copy of the foregoing was served via email on:

Mark Larranaga
Steven M. Wells
Suzanne Lee Elliott

s/William A. Taylor
WILLIAM A. TAYLOR
Assistant United States Attorney

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS      Page 5 of 5
Case 3:16-cr-00086-SLG   Document 260   Filed 12/18/18   Page 5 of 5