BRYAN SCHRODER
United States Attorney
FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN VANDERGAW
Assistant U.S. Attorneys

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
Email: william.taylor@usdoj.gov
Email: karen.vandergaw@usodj.gov

JAMES B. NELSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Rom 625
Washington, DC 20004
Email: james.nelson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-00086-SLG-DMS |
| Plaintiff, | ) | |
| vs. | ) | |
| JOHN PEARL SMITH, II, | ) | |
| Defendant. | ) | |

**REPLY TO DEFENDANT'S RESPONSE (Doc. 266) TO THE GOVERNMENT'S SUPPLEMENTAL BRIEFING AND RENEWED MOTION TO IMMEDIATELY PROHIBIT THE ANCHORAGE CORRECTIONAL COMPLEX FROM MONITORING AND VIDEOTAPING CONFIDENTIAL ATTORNEY CLIENT AND DEFENSE TEAM VISITS WITH THE CLIENT (Doc. 260)**

COMES NOW, the United States of America, by and through undersigned counsel, and replies to the Defendant's Response to the Government's Supplemental Briefing and Renewed Motion to Immediately Prohibit the Anchorage Correctional Complex from Monitoring and Videotaping Confidential Attorney Client and Defense Team Visits with the Client filed as Document 266.[1]

Both parties seem to have stated their position on this subject in several motions, and the government will not rehash those again here. It continues to rely upon the arguments filed at Dockets 260 and 246.

Furthermore, to alleviate defense concerns, Smith has been moved to SeaTac pending trial, where he may meet with necessary experts under Bureau of Prisons protocol, rather than the Alaska Department of Corrections procedures which he assails. It is the government's position that Smith can telephone in to the regular status conferences, as they are not a "critical stages" of the proceedings requiring his personal presence. Indeed, there appears to be authority for excluding the defendant from these conferences altogether. *See United States v.* McChesney, 871 F.3d 801, 808 (9th Cir.

---

[1] The United States did not believe it was allowed to reply to the defendant's "Response", but within the Response is a "Renewed Motion". The Defendant does not oppose the filing of this brief government reply.

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS            Page 2 of 3
Case 3:16-cr-00086-SLG   Document 279   Filed 01/09/19   Page 2 of 3

2017) (defendant had no right to be present during three preliminary scheduling and procedural issue telephone calls).

Accordingly, the United States believes that the defendant's telephonic presence more than satisfies any due process concerns. Indeed, the fact that two of the defendant's three attorneys, as well as his mitigation specialist, are based in Seattle, is reason to continue his detention down there. Telephonic hearings are commonplace in the district and the defendant will still be present with at least one of his attorneys, so attorney–client communications will not be compromised. Further, it will ameliorate the concerns the defendant raises in his motion at docket 266. Defense counsel have been consulted about the defendant's telephonic appearance at future status hearings, and are considering their position.

RESPECTFULLY SUBMITTED this 8th day of January 2019, in Anchorage, AK.

BRYAN SCHRODER
United States Attorney

*/s/ William Taylor*
WILLIAM TAYLOR
Assistant United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on January 8, 2019,
A copy of the foregoing was served electronically on:

Mark Larranaga
Steven M. Wells
Suzanne Lee Elliott

s/William A. Taylor
WILLIAM A. TAYLOR
Assistant United States Attorney

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS                     Page 3 of 3
Case 3:16-cr-00086-SLG   Document 279   Filed 01/09/19   Page 3 of 3