THE HONORABLE SHARON L. GLEASON

Law Office of Suzanne Lee Elliott
Suite 1300 Hoge
705 Second Ave.
Seattle WA 98104
Suzanne-elliott@msn.com
206-623-0291

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PEARL SMITH, II,<br><br>Defendant. | No. 3:16-cr- 00086-SLG-DMS<br><br>MOTION TO DISMISS COUNTS 1,9,13 BECAUSE THE ROBBERIES DID NOT AFFECT INTERSTATE COMMERCE |

## I. MOTION

Motion to dismiss counts 1, 9, and 13 because the charged robberies did not affect interstate commerce. Smith makes this motion under the Commerce Clause, Article 1, Section 8, Clause 3, and the Fifth Sixth and Eighth Amendments to the United States Constitution.

## II. FACTS RELATED TO THE MOTION

In Counts 1, 9 and 13, Smith is charged with three separate Hobbs Act robberies. All three robberies occurred within that State of Alaska and the discovery provided by the Government makes it clear that none had any direct relation to interstate commerce.

MOTION TO DISMISS COUNTS 1, 9,&13-
COMMERCE CLAUSE - 1

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS
Case 3:16-cr-00086-SLG Document 288 Filed 01/16/19 Page 1 of 4

## III. ARGUMENT

In *Taylor v. United States*, 136 S. Ct. 2074, 2080, 195 L. Ed. 2d 456 (2016), a seven-member majority of the Court upheld the appellant's conviction under the Hobbs Act for "commit[ting] a robbery that targets a marijuana dealer's drugs or drug proceeds." The Court noted that in *Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), it held the Commerce Clause gives Congress authority to regulate the national market for marijuana, including the authority to proscribe the purely intrastate production, possession, and sale of this controlled substance. That Court reasoned that because Congress may regulate these intrastate activities based on their aggregate effect on interstate commerce, it follows that Congress may also regulate intrastate drug theft.

As for a Hobbs Act robbery in *Taylor*, the Court said:

> The case now before us requires no more than that we graft our holding in *Raich* onto the commerce element of the Hobbs Act. The Hobbs Act criminalizes robberies affecting "commerce over which the United States has jurisdiction." § 1951(b)(3). Under *Raich*, the market for marijuana, including its intrastate aspects, is "commerce over which the United States has jurisdiction." It therefore follows as a simple matter of logic that a robber who affects or attempts to affect even the intrastate sale of marijuana grown within the State affects or attempts to affect commerce over which the United States has jurisdiction.

*Taylor* at 2080.

This case demonstrates why this Court should reject the majority opinion in *Taylor* and adopt the dissenting opinion. The defense understands that this Court is bound by controlling United States Supreme Court precedent but makes this argument in order to preserve this issue on review.

MOTION TO DISMISS COUNTS 1, 9,&13-
COMMERCE CLAUSE - 2

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

That is because Justice Thomas dissented calling *Taylor*'s holding a further extension of "expansive, flawed commerce-power precedents," and warned of the "dangerous step" towards allowing "Congress [to] accumulate the general police power that the Constitution withholds." *Taylor* at 2082, 195 L. Ed. 2d 456 (2016). First, he argued that it must be both necessary and proper in order to regulate interstate commerce. Second, he contended that a local robbery bears no direct relation to interstate commerce. Finally, he recognized that the majority's decision allows for Congress to usurp states' general police powers.

As Justice Thomas points out, "robbery is not commerce" because it does involve buying or selling goods. There is no evidence of that kind of commercial activity in the robberies charged in this case. This was a purely intra-State crime. The alleged robberies here do not bear a "direct relation" to the regulation of interstate commerce at all. *Taylor*, at 2084. And, as argued in Smith's Motion to dismiss under the 10th Amendment, the prosecutor's decision to bring these charges in federal court usurps the State of Alaska's general police powers.

Finally, even if this Court does not dismiss these counts, it should later instruct the jury that the Government "must prove, beyond a reasonable doubt, that the defendant's robbery itself affected interstate commerce." *Taylor* at 2085 (Thomas, J. dissenting).

### IV. CONCLUSION

Justice Thomas called *Taylor* a "dangerous" step. *Id.* at 2089. Like Justice Thomas, this Court should find that *Taylor* construes the Hobbs Act in a way that conflicts with the Constitution, with Alaska precedent, and with longstanding protections for the accused. Smith asks this Court to dismiss Counts 1, 9 and 13.

COMMERCE CLAUSE - 3

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2086

*U.S. v. SMITH*, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG  Document 288  Filed 01/16/19  Page 3 of 4

DATED this 16th day of January 2019.

/s/Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104
Phone (206) 623-0291
Fax (206) 623-2186
Email: Suzanne-elliott@msn.com

/s/StevenWells
Steven M. Wells P.C.
431 West 7th Ave. Suite 107
Anchorage AK 99501

/s/ Mark Larranaga
Walsh & Larranaga
705 Second Ave. Suite 501
Seattle WA 98104

**CERTIFICATE OF SERVICE**

I, SUZANNE LEE ELLIOTT, certify that on January 16th 2019, filed the foregoing document with the United States District Court's Electronic Case Filing (CM/ECF) system, which will serve one copy by email on Assistant United States Attorneys FRANK V. RUSSO, WILLIAM A. TAYLOR, JAMES NELSON AND KAREN VANDERGAW.

/s/ Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104
Phone: (206) 623-0291
Fax: (206) 623-2186
Email: suzanne-elliott@msn.com

MOTION TO DISMISS COUNTS 1, 9,&13-
COMMERCE CLAUSE - 4

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 288   Filed 01/16/19   Page 4 of 4