# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

### ORDER RE: SECOND MOTION TO COMPEL THE GOVERNMENT TO PROVIDE MORE DEFINITE STATEMENT AS TO ALLEGED NON-STATUTORY AGGRAVATING FACTORS

Before the Court at Docket 239 is Defendant John Pearl Smith II's Second Motion to Compel the Government to Provide More Definite Statement as to the Evidence and Information it Intends to Provide as to the Alleged Non-Statutory Aggravating Factors. This motion incorporated Mr. Smith's earlier motion to compel, filed under seal.[1] The Government filed an opposition,[2] and Mr. Smith filed a reply to the opposition.[3]

Both parties cited to a variety of rulings on this issue in other capital cases across the country.[4] After reviewing those cases and taking into consideration the need to balance the identified interests of the parties, this Court elects to exercise its inherent case management authority to compel the Government to provide a more definite

---

[1] Docket 216.

[2] Docket 243.

[3] Docket 245.

[4] These cases refer to the requested statement as a "proffer," an "informational outline," a "bill of particulars," or an "outline of the evidence."

statement on certain topics so as to enable the Defense and the Court to assess the relevancy, admissibility, and reliability of this evidence.[5] While the Government need not provide notice of the specific evidence it intends to introduce or of the Government's theories, additional notice of certain specific acts is warranted to allow for defense preparation and to reduce the need for a mid-trial continuance after the Government's penalty-phase presentation.[6] Accordingly, Mr. Smith's motion at Docket 239 is hereby GRANTED IN PART as follows:

By **July 1, 2019**, the Government shall produce an Informational Outline to the Defense related to the non-statutory aggravators as described below. By **July 21, 2019**, Mr. Smith shall file any motions addressing the Informational Outline. This timeline is intended to allow the Government sufficient time to determine which acts it will present at the penalty phase; to accord to the defense a meaningful opportunity to review, investigate, and challenge those acts; and to provide sufficient time for the Court to hold any necessary evidentiary hearings regarding the acts' reliability, sufficiency, and admissibility.

The Informational Outline shall contain each of the following:

---

[5] *See* 18 U.S.C. § 3593(c) (any relevant information may be presented at the sentencing phase so long as it is not more prejudicial than probative); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (heightened degree of reliability required in capital cases).

[6] *See Gray v. Netherland*, 518 U.S. 152, 167–68 (1996) (acknowledging that while the government need not give notice of its specific evidence, a capital defendant must have an opportunity to contest the government's penalty-phase evidence).

Case No. 3:16-cr-086-SLG-1, *United States v. Smith*
Order Re: Second Motion to Compel the Government to Provide More Definitive Statement as to Alleged Non-statutory Aggravating Factors
Page 2 of 4
Case 3:16-cr-00086-SLG   Document 295   Filed 01/18/19   Page 2 of 4

1. **Future Dangerousness:** A comprehensive list of each act and characteristic alleged that the Government intends to introduce to prove future dangerousness.[7]

2. **Unadjudicated Acts of Violence:** A comprehensive list of each unadjudicated act of violence the Government intends to introduce.[8] The list need not include notice of specific witnesses or exhibits.[9]

3. **Potential for Rehabilitation:** A comprehensive list, by date and description, of each act by Mr. Smith "while in custody" that the Government intends to introduce to demonstrate he has "low potential for rehabilitation."

4. **Victim Impact:** (1) A list of the personal characteristics of the victims that the Government intends to prove; (2) identities of the testifying individuals the Government intends to present; (3) the particularized categories of injury, harm, and loss that it intends to present during the penalty phase; and (4) the documentary items listed in Paragraph 13 of the Government's September 7, 2018 letter.

To the extent any of the above information has been provided to the Defense in discovery, the Informational Outline may simply cite to the specific Bates pages in

---

[7] *See United States v. Lee*, 274 F.3d 486, 489 (8th Cir. 2001) (detailing notice provided regarding the future dangerousness aggravating factor).

[8] *See United States v. Kaczynski*, No. CR S-96-256, 1997 WL 34626785 at *19 (E.D. Cal. Nov. 7, 1997) (District Court exercising inherent authority to order more specific notice of unadjudicated misconduct evidence despite FDPA not explicitly requiring such notice).

[9] *See Lee*, *supra* note 7, at 495–96 (capital defendant had no right to advance notice of the specific evidence the government would use to prove aggravating factors); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) (Government not required to provide notice of specific evidence of aggravating factors).

Case No. 3:16-cr-086-SLG-1, *United States v. Smith*
Order Re: Second Motion to Compel the Government to Provide More Definitive Statement as to Alleged Non-statutory Aggravating Factors
Page 3 of 4
Case 3:16-cr-00086-SLG   Document 295   Filed 01/18/19   Page 3 of 4

discovery that are responsive to each item on the list. The order does not preclude the Government from seeking to admit evidence regarding acts or items not disclosed in the Informational Outline. However, if the Government seeks to admit such additional evidence, the Government must make a good faith showing as to why the act or item was not disclosed in the Informational Outline, and the evidence should be promptly disclosed to the Defense.

IT IS SO ORDERED.

DATED this 18th day of January, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-086-SLG-1, *United States v. Smith*
Order Re: Second Motion to Compel the Government to Provide More Definitive Statement as to Alleged Non-statutory Aggravating Factors
Page 4 of 4

Case 3:16-cr-00086-SLG   Document 295   Filed 01/18/19   Page 4 of 4