## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JOHN PEARL SMITH, II,

        Defendant.

Case No. 3:16-cr-00086-SLG-1

### ORDER REGARDING MOTION TO DISMISS COUNTS 1, 9, and 13

    Before the Court at Docket 288 is Defendant John Pearl Smith, II's Motion to Dismiss Counts 1, 9, 13 Because the Robberies Did Not Affect Interstate Commerce. The Government filed an opposition.[1] Mr. Smith did not file a reply.

    The Superseding Indictment charges Mr. Smith with three Hobbs Act robberies, Counts 1, 9, and 13.[2] The Hobbs Act criminalizes robberies affecting "commerce over which the United States has jurisdiction."[3] Mr. Smith asserts that "[a]ll three robberies occurred within [the] State of Alaska and the discovery provided by the Government makes it clear that none had any direct relation to interstate commerce."[4] Mr. Smith acknowledges that Supreme Court precedent is to the contrary, but he "makes this argument in order to preserve this issue on review."[5]

---

[1] Docket 317.

[2] Docket 102 (First Superseding Indictment).

[3] 18 U.S.C §1951.

[4] Docket 288 at 1.

[5] Docket 288 at 2.

As Mr. Smith and the Government recognize, this Court is bound by the Supreme Court's reasoning and holdings in *Gonzales v. Raich*[6] and *Taylor v. United States*.[7] *Raich* held that the aggregate effects of intrastate production, possession, and sale of marijuana on interstate commerce triggered Congress's authority under the Commerce Clause to regulate purely intrastate drug activities.[8] *Taylor* extended that holding to the commerce element of Hobbs Act robberies.[9] Because the United States has jurisdiction over intrastate drug activities, robberies affecting intrastate possession and sale of drugs affect commerce regulated by the Hobbs Act.[10] Accordingly, robberies affecting intrastate drug activities violate the Hobbs Act.[11]

In light of the foregoing, IT IS ORDERED that the motion at Docket 288 is DENIED.

DATED this 20th day of February, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] 545 U.S. 1 (2005).

[7] 136 S. Ct. 2074 (2016).

[8] 545 U.S. at 19, 32–33.

[9] 136 S. Ct. at 2077.

[10] *Taylor*, 136 S.Ct. at 2077.

[11] *Taylor*, 136 S.Ct at 2080.

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order on Motion to Dismiss Counts 1, 9, 13 (Hobbs Act)
Page 2 of 2