# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

JOHN PEARL SMITH, II,

        Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER RE: MOTION TO STRIKE ALL STATUTORY AND NON-STATUTORY AGGRAVATING FACTORS BECAUSE THEY WERE NOT FOUND BY THE GRAND JURY

Before the Court at Docket 289 is Defendant John Pearl Smith, II's Motion to Strike All Statutory and Non-Statutory Aggravating Factors Because They Were Not Found by the Grand Jury. The Government filed an opposition.[1] Mr. Smith did not file a reply.

Mr. Smith asserts that "all of the Statutory and Non-Statutory Aggravating Circumstances are contained in [Docket] 168, entitled Notice of Special Findings, signed by two Assistant United States Attorneys. None of these aggravating circumstances were submitted to, nor were they found by, the Grand Jury."[2] Mr. Smith asserts that the Supreme Court's decision in *Hurst v. Florida*[3] requires that a jury find each fact necessary to impose a sentence of death. Mr. Smith interprets *Hurst* to mean that all aggravating

---

[1] Docket 318.

[2] Docket 289 at 1–2.

[3] 136 S.Ct. 616 (2016).

factors are elements of the offense that must be submitted to and weighed by the grand jury.[4]

The Government responds that the *Hurst* decision is not as broad as Mr. Smith maintains, and that *Hurst*'s requirement for jury fact-finding as to a defendant's eligibility for the death penalty is already built into the Federal Death Penalty Act: "the FDPA provides for the jury to have the ultimate discretion in determining a sentence—the exact remedy that the *Hurst* Court required of the state of Florida."[5]

## DISCUSSION

The Grand Jury in this case issued a First Superseding Indictment that includes a "Notice of Special Findings." The Notice states that "[t]he Grand Jury further finds" and lists several threshold intent factors and five statutory aggravating factors.[6] These five statutory aggravators are the same statutory aggravators listed in the Notice of Intent to Seek the Death Penalty.[7] The statutory aggravating factors noticed in this case were submitted to and found by the Grand Jury.[8]

---

[4] Docket 289 at 5.

[5] Docket 318 at 3.

[6] Docket 102 at 13–15.

[7] Docket 168 at 3–4.

[8] The FPDA is silent as to the role of the grand jury in capital cases. *See* 18 U.S.C. § 3591 *et. seq.*; *United States v. Sampson*, 486 F.3d 13, 20 (1st Cir. 2007) (explaining history of FDPA and why it "makes no mention of the grand jury"). The Supreme Court has never directly addressed whether aggravating factors must be presented to a grand jury. However, the Government here acknowledges that statutory aggravating factors must be "presented to the grand jury for inclusion in the indictment . . . ." Docket 315 at 2–3.

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Strike all Statutory and Non-Statutory Factors Because They Were Not Found by the Grand Jury
Page 2 of 5

In contrast, the First Superseding Indictment does not contain the non-statutory aggravating factors noticed by the Government in its Notice of Intent.

The FDPA sets forth a specific procedure that a jury must follow in reaching a decision about whether to impose the death penalty. If a defendant is found guilty in the guilty-not guilty phase of trial, the trial moves into the penalty phase. The penalty phase consists of *eligibility* and *selection*.

In the eligibility portion, the jury considers three factors: whether the defendant was at least 18 years old at the time of the offense, whether the defendant had at least one of four enumerated mental states (referred to as gateway or threshold intent factors), and whether at least one statutory aggravating factor exists.[9] These three factors must be found beyond a reasonable doubt.[10] The jury must unanimously agree as to which threshold intent factor(s) and which statutory aggravating factor(s) exists.[11] If, and only if, the jury finds these three factors beyond a reasonable doubt does the defendant become eligible for the death penalty.[12] At that point, the maximum penalty the defendant can receive is the death penalty.

---

[9] *United States v. Mitchell*, 502 F.3d 931, 973 (9th Cir. 2007) (citing relevant portions of the FDPA).

[10] *United States v. Mitchell*, 502 F.3d 931, 973 (9th Cir. 2007); 18 U.S.C. § 3591(a)(2); 18 U.S.C. § 3593(c).

[11] *United States v. Mitchell*, 502 F.3d 931, 973 (9th Cir. 2007); 18 U.S.C. § 3593(d) ("A finding with respect to any aggravating factor must be unanimous.").

[12] *United States v. Mitchell*, 502 F.3d 931, 973 (9th Cir. 2007); *Ring v. Arizona*, 536 U.S. 584, 609 (2002) (extending *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to capital sentencing and holding that Sixth Amendment requires jury, not sentencing judge, to find any aggravating factor "necessary for imposition of the death penalty").

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Strike all Statutory and Non-Statutory Factors Because They Were Not Found by the Grand Jury
Page 3 of 5

In the selection portion of the penalty phase, the jury considers whether aggravating factors outweigh the mitigating factors[13] so as to warrant a punishment of death.[14] It is in this selection portion that the jury—which has already determined that the defendant is eligible for the death sentence—considers non-statutory aggravating factors. "The non-statutory aggravating factors, although relevant to determining whether a jury *decides* to impose the death penalty, do not make a defendant statutorily eligible for any sentence that could not be otherwise imposed in their absence. They are neither sufficient nor necessary under the FDPA for a sentence of death."[15] Because non-statutory aggravating factors do not increase the maximum punishment, they are not elements of the offense and the government need not submit them to the grand jury or charge those factors in the indictment.[16]

---

[13] Mitigating factors may be found "by 1 or more members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such factor established . . . regardless of the number of jurors who concur that the factor has been established." 18 U.S.C. § 3593(d). Defendants bear the burden of proving mitigating factors by a preponderance of the information. 18 U.S.C. § 3593(c).

[14] *United States v. Mitchell*, 502 F.3d 931, 973 (9th Cir. 2007). If the jury finds no mitigating factors, it considers whether the aggravating factors alone justify a death sentence. 18 U.S.C. § 3593(e).

[15] *United States v. Brown,* 441 F.3d 1330, 1368 (11th Cir. 2006) (internal quotation omitted; emphasis in original); *see also United States v. Mitchell*, 502 F.3d 931, 979 (9th Cir. 2007) ("A non-statutory aggravating factor by itself cannot trigger death eligibility.").

[16] *United States v. Mitchell*, 502 F.3d 931, 979 (9th Cir. 2007); *see also United States v. Fell*, 531 F.3d 197, 238 (2d Cir. 2008) ("The Supreme Court's distinction between eligibility and selection has led lower courts to conclude that only those factors which comprise death eligibility—intent and statutory aggravation—must be included in the indictment because those factors must be found before imposition of the maximum authorized penalty."); *United States v. LeCroy*, 441 F.3d 914, 922 (11th Cir. 2006); *United States v. Higgs*, 353 F.3d 281, 298–99 (4th Cir. 2003); *United States v. Bourgeois*, 423 F.3d 501, 507–08 (5th Cir. 2005); *United States v. Purkey*, 428 F.3d 738, 749–50 (8th Cir. 2005) (all concluding that non-statutory aggravating factors do not need to be presented to grand jury).

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Strike all Statutory and Non-Statutory Factors Because They Were Not Found by the Grand Jury
Page 4 of 5

*Hurst v. Florida* does not change this outcome. *Hurst* found Florida's death penalty sentencing scheme violated the Sixth Amendment because it did not require a jury to find each fact necessary to impose the death sentence.[17] Unlike Florida's sentencing scheme, the FDPA requires the jury to find the facts necessary to make the defendant death-penalty eligible.[18] Thus, any aggravating factors that expose Mr. Smith to the death penalty must be found by the jury, negating any *Hurst* violation.

In light of the foregoing, IT IS ORDERED that the motion at Docket 289 is DENIED.

DATED this 19th day of February, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] 136 S.Ct. 616, 620–22 (2016).

[18] 18 U.S.C. § 3593.

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Strike all Statutory and Non-Statutory Factors Because They Were Not Found by the Grand Jury
Page 5 of 5