# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

JOHN PEARL SMITH, II,          Case No. 3:16-cr-00086-SLG-1

               Defendant.

## ORDER RE: MOTION TO STRIKE NON-STATUTORY AGGRAVATORS

Before the Court at Docket 292 is Defendant John Pearl Smith, II's Motion to Strike All Non-Statutory Aggravating Factors in Their Entirety. The Government filed an opposition.[1] Mr. Smith did not file a reply.

Mr. Smith's facial challenge to the Federal Death Penalty Act (FDPA) consists of three arguments: First, he maintains that the plain text of the FDPA does not authorize the Government "to utilize non-statutory aggravating factors in pursuit of a death sentence."[2] Second, he asserts that the FDPA's "standardless procedure creates an impermissible risk that the death penalty will be imposed arbitrarily and capriciously," in violation of the Eighth Amendment and Fourteenth Amendment.[3] Third, he argues that

---

[1] Docket 315.

[2] Docket 292 at 5.

[3] Docket 292 at 8.

"permitting the Justice Department to insert non-statutory aggravating factors that are necessary elements to the charged crime violates the ex post facto clause."[4]

## I. The text of the FDPA does not prohibit the use of non-statutory aggravating factors.

Mr. Smith asserts that the plain language of the FDPA prohibits non-statutory aggravating factors. Specifically, he claims that "§ 3592(c) of the [FDPA] contradicts § 3591(a) of the statute."[5] 18 U.S.C. § 3591(a) states that a defendant may be sentenced to death "after consideration of the factors set forth in section 3592. . . ." Mr. Smith maintains that because section 3592 only sets forth statutory aggravating factors, section 3591(a) limits the Government to those statutory factors, and non-statutory factors are not permitted.[6] In contrast, section 3592(c) states that a jury "may consider whether any other aggravating factor for which notice has been given exists," without limitation on the type of aggravating factor. Although not expressly argued, Mr. Smith presumably asserts that the specific limitation in section 3591—"after consideration of the [statutory] factors set forth in section 3592"—nullifies the broader provision in section 3592(c).

The Government does not address Mr. Smith's textual argument but emphasizes that non-statutory aggravators have been upheld by the Supreme Court and circuit courts.[7]

---

[4] Docket 292 at 12.

[5] Docket 292 at 6.

[6] Docket 292 at 6–7.

[7] Docket 315 at 4–6 (citing *Simmons v. South Carolina*, 512 U.S. 154 (1994); *Zant v. Stephens*, 462 U.S. 862 (1983); *Barclay v. Florida*, 463 U.S. 939 (1983) (Stevens, J., concurring); *United States v. Bolden*, 545 F.3d 609 (8th Cir. 2008); *United States v. Robinson*, 367 F.3d 278 (5th Cir. 2004); and *United States v. Higgs*, 353 F.3d 298 (4th Cir. 2003)).

Courts that have considered this exact argument have concluded that it is without merit.[8] In *United States v. Llera Plaza*, the district court determined that although section 3591(a) "affirmatively directs the sentencer to include statutory factors in its calculus . . . it does not prohibit the sentencer from including non-statutory factors as well—or for that matter, mitigating factors. Simply because consideration of one type of factor is mandated does not mean that consideration of other types of factors is precluded."[9] This distinction between mandatory consideration of statutory factors and non-mandatory consideration of non-statutory factors is bolstered by the FDPA's requirement that before a defendant becomes eligible for the death penalty, the jury must find at least one statutory aggravating factor beyond a reasonable doubt.[10] In contrast, the jury could impose the death penalty without finding any non-statutory factors.[11]

Further, interpreting section 3591(a) to exclude any consideration of non-statutory factors would nullify section 3592(c)'s permission to consider "whether any other aggravating factor for which notice has been given exists." Statutes "should not be construed so as to render any provision of that statute meaningless or superfluous."[12]

---

[8] *See United States v. George*, No. CR 17-201, 2019 WL 343186, at *2 (E.D. La. Jan. 28, 2019) (listing cases so holding).

[9] 179 F. Supp. 2d 444, 459 (E.D. Penn. 2001).

[10] *Id.*

[11] 18 U.S.C. § 3593(d).

[12] *Llera Plaza*, 179 F. Supp. 2d at 459 (citing *Beck v. Prupis*, 529 U.S. 494, 506 (2000)); *see also Robinson*, 367 F.3d at 293 (defendant's "tortured reading" of FDPA ignored rules of statutory construction: "When the statute is read as a coherent whole, the two provisions are not in tension, because § 3592 adequately 'sets forth' the non-statutory aggravating factors by providing that the jury may consider them.").

In *United States v. Cheever*, the district court pointed to other portions of the FDPA that presume the use of non-statutory aggravating factors in a capital sentencing. Section 3593(a) "expressly mentions victim impact evidence . . . . Since this aggravating factor is not expressly enumerated in section 3592(c), it is obvious that section 3593(a) contemplates the use of what is generally referred to as non-statutory aggravating factors."[13] Similarly, section 3593(d) requires special findings "identifying any aggravating factor factors set forth in section 3592 found to exist *and any other aggravating factor for which notice has been provided under subsection (a)* found to exist."[14]

Mr. Smith maintains that the FDPA's provision for appellate review reinforces that non-statutory aggravators may not be considered by a jury because the provision "makes reference only to aggravating factors considered by the jury under § 3592."[15] The FDPA provides that "[t]he court of appeals shall address . . . whether the evidence supports the special finding of the existence of an aggravating factor required to be considered under section 3592."[16] However, the appellate review is not as narrow as Mr. Smith suggests: The FDPA "provides *unlimited* review for the appellate court"[17] because it requires the appellate court to "review the entire record in the case" and "address all substantive and

---

[13] 423 F. Supp. 2d 1181, 1208 (D. Kan. 2006).

[14] *Id.* (emphasis in original); *see also United States v. Umana*, 707 F. Supp. 2d 621, 630 (W.D. N.C. 2010) (rejecting defendant's identical argument because sections 3592(c) and 3593(d) authorize jury to consider non-statutory aggravating factors).

[15] Docket 292 at 7 n. 3 (citing 18 U.S.C. § 3595).

[16] 18 U.S.C. § 3595(c)(1).

[17] *United States v. Frank*, 8 F. Supp. 2d 253, 271 (S.D. N.Y. 1998) (emphasis in original) (holding the FDPA provides meaningful appellate review of death sentences).

procedural issues raised on the appeal of a sentence of death."[18]   The appellate court may remand a case for two enumerated reasons or if the trial "involved any other legal error requiring reversal of the sentence . . . ."[19]   Although review of the statutory aggravating factors is mandated, nothing prevents an appellate court from also reviewing non-statutory aggravating factors.

The reasoning of *Llera Plaza* and *Cheever* is persuasive.  The FDPA, read in whole, contemplates that the jury may consider non-statutory aggravating factors for which the Government has given notice.[20]

## II.     The FDPA's procedure does not create an impermissible risk that the death penalty will be imposed arbitrarily and capriciously.

Mr. Smith next asserts that allowing the use of non-statutory aggravating factors authorizes "the Government to unilaterally expand the list of aggravating factors on a case-by-case basis . . . ." despite the FDPA's lack of guidance in selecting these factors.[21]   Mr. Smith maintains that this "injects impermissible randomness into the process" in violation of the Eighth Amendment's requirement that capital sentencing decisions be

---

[18] 18 U.S.C. § 3595(b), (c)(1).

[19] 18 U.S.C. § 3595(c)(2)(c).

[20] *Cf. United States v. Mitchell*, 502 F.3d 931, 980 (9th Cir. 2007) (summarily stating that "the FDPA authorizes consideration of non-statutory aggravating factors" although not considering textual argument; *Babbitt v. Calderon*, 151 F.3d 1170, 1178 (9th Cir. 1998), *as amended* Aug. 27, 1998 (considering California state sentencing and noting that "[n]othing in the Constitution limits the consideration of nonstatutory aggravating factors").

[21] Docket 292 at 8.

made using clear and defined standards to avoid arbitrary and capricious application of the death penalty.[22]

The Government responds that "non-statutory aggravators are not required to narrow the class of murderers eligible for the death penalty . . . . Non-statutory aggravators individualize the selection of the appropriate sentence by calling the jury's attention to the individualized circumstances of the crime and character of the defendant."[23]

The Supreme Court has recognized that there is some incongruity between the need in the eligibility phase to limit and guide the jury's discretion to avoid arbitrary death sentences and the need in the selection phase to give the jury as much relevant information as possible so that it makes an individualized determination of the appropriate penalty.[24] The factors used in the eligibility phase—the gateway intent and statutory aggravating factors—"perform the constitutional narrowing function"[25] by "fulfill[ing] the role of limiting and guiding a jury's discretion in making the eligibility decision."[26] Once a defendant has been found eligible for the death penalty, the Constitution's narrowing requirement has been met.[27]

---

[22] Docket 292 at 7–9.

[23] Docket 315 at 7.

[24] *Tuilaepa v. California*, 512 U.S. 967, 973 (1994).

[25] *Brown v. Sanders*, 546 U.S. 212, 216 n. 2 (2006).

[26] *United States v. Allen*, 247 F.3d 741, 757 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953 (2002).

[27] *Brown v. Sanders*, 546 U.S. at 216.

Non-statutory aggravating factors are used only in the selection portion of capital sentencing, after a defendant has already been found eligible for the death penalty.[28] They "are not intended to limit or guide the jury's discretion."[29] The selection portion of capital sentencing emphasizes "an *individualized* determination on the basis of the character of the individual and the circumcenters of the crime."[30] At this stage, "the sentencer may be given unbridled discretion in determining whether the death penalty should be imposed."[31] Non-statutory aggravating factors are thus solely used to determine who amongst death-eligible defendants should be sentenced to the death penalty. Accordingly, the Supreme Court has permitted the use of non-statutory aggravating factors to promote individualized sentencing.[32]

However, non-statutory aggravators are not entirely unregulated. The Ninth Circuit has recognized that "there are a number of limitations on the government's power to pursue non-statutory aggravators."[33] The selection factors must still meet procedural and constitutional requirements before they may be considered by a jury.[34] The Government

---

[28] 18 U.S.C. § 3593(e); *Mitchell*, 502 F.3d at 979.

[29] *United States v. George*, No. CR 17-201, 2019 WL 343186, at *2 (E.D. La. Jan. 28, 2019) (citing *Allen*, 247 F.3d at 747).

[30] *Tuilaepa v. California*, 512 U.S. 967, 972 (1994) (emphasis in original).

[31] *Id.* at 979–80 (internal quotation omitted)*; Mitchell*, 502 F.3d at 977 ("once [defendant] became death eligible, all of the aggravating factors—statutory and non-statutory alike—and all of the mitigating factors were thrown into the pot to be weighed by the jury as it saw fit.").

[32] *Zant v. Stephens*, 462 U.S. 862, 878–79 (1983) ("[T]he Constitution does not require the jury to ignore other [non-statutory] possible aggravating factors in the process of selecting, from among that class [of persons eligible for the death penalty], those defendants who will actually be sentenced to death.").

[33] *Mitchell*, 502 F.3d at 979.

[34] *Tuilaepa*, 512 U.S. at 973.

must give advance notice of the factors it intends to try and prove in the sentencing phase.[35]  The factors are invalid if they are unconstitutionally vague.[36]  They also cannot be so overbroad that a jury could find the factor applies to every defendant eligible for the death penalty.[37]  A factor must be relevant and can be excluded "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[38]

If the Government selects non-statutory aggravating factors that violate these requirements, they may be struck from the notice of intent.  The federal government does not have unlimited authority to create and present non-statutory aggravating factors.[39]

### III.    The use of non-statutory aggravating factors in the Notice of Intent does not violate the *Ex Post Facto* Clause.

Mr. Smith next asserts that non-statutory aggravating factors are elements of the charged homicides, and "permitting the Justice Department to insert . . . necessary elements to the charged crime violates the ex post facto clause."[40]  Mr. Smith maintains that non-statutory aggravators are functionally elements of a capital crime, and thus they

---

[35] 18 U.S.C. § 3593(a).

[36] *Tuilaepa*, 512 U.S. at 972.

[37] *Arave v. Creech*, 507 U.S. 463, 474 (1993)); *cf. Jones v. United States*, 527 U.S. 373, 401 (1999) (plurality opinion) (noting that Supreme Court has not considered what it means for a selection factor, rather than an eligibility factor, to be overbroad).

[38] *United States v. Bin Laden*, 126 F. Supp. 2d 290 (S.D. N.Y. 2001); 18 U.S.C. § 3593(c).

[39] *See United States v. Jones*, 132 F.3d 232, 239 (5th Cir. 1998) ("the prosecution does not have *carte blanche* in devising non-statutory aggravating factors").

[40] Docket 292 at 12.  The *Ex Post Facto* Clause is found at Article I, § 9, clause 3 of the Constitution ("No bill of Attainder or ex post facto Law shall be passed.").

violate the *ex post facto* clause by changing the definition of the crime or increasing the punishment. He relies on the Supreme Court's opinions in *Apprendi v. New Jersey*[41], *Ring v. Arizona*[42], and *Hurst v. Florida*.[43] The Government responds that "[a]ggavating factors, whether statutory or non-statutory in nature, are neither 'separate penalties or offenses,' nor 'elements of any offense.'"[44] Thus they do not retroactively change the definition of the alleged crimes or increase their punishment.[45]

The *Ex Post Facto* Clause is triggered by laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."[46] Here, the crime of using a firearm during and in relation to a crime of violence resulting in murder—alleged in counts 3 through 6—and the crime of using a firearm during and in relation to a drug trafficking crime resulting in murder—alleged in counts 7 and 8—are defined in 18 U.S.C. § 924(c),(j) and 18 U.S.C. § 1111. These crimes are punishable by death pursuant to 18 U.S.C. § 924(j).

The "elements" that expose a capital defendant to the death penalty are those elements listed in the substantive statute along with one gateway/threshold intent factor

---

[41] 530 U.S. 466, 490, 494 (2000) (holding that any fact that increases the penalty beyond the statutory maximum is functionally an element of a greater offense and must be submitted to a jury and proved beyond a reasonable doubt).

[42] 536 U.S. 584 (2002) (applying *Apprendi* to capital sentencings).

[43] 136 S. Ct. 616 (2016) (invalidating Florida's capital sentencing scheme because it did not require jury findings to impose death penalty).

[44] Docket 315 at 10. However, the Government has also stated that the eligibility factors (threshold intent and statutory aggravators) "are functionally equivalent to elements of an offense" for the purposes of being included in an indictment. Docket 315 at 2–3.

[45] Docket 315 at 10.

[46] *Collins v. Youngblood*, 497 U.S. 37, 41 (1990).

and one statutory aggravating factor.[47]  Only if the jury finds each of those factors beyond

a reasonable doubt is the defendant eligible for the death penalty.[48]  Non-statutory

aggravating factors, although defined after the commission of the crime, do not alter the

definition of the crime or increase the possible punishment and thus do not violate the *Ex*

*Post Facto* Clause.[49]  *Hurst* did not change these aspects of the FDPA:  *Hurst* did not

involve an *ex post facto* claim, it did not alter the holdings of *Apprendi* or *Ring*, and it did

not change non-statutory aggravators into functional elements of a capital crime.  Rather,

*Hurst* held that Florida's state death penalty scheme violated the Sixth Amendment right

to a jury trial.[50]  Under the state statute, a jury would issue an advisory sentence, but a

judge would make the findings of fact required to impose the death penalty.[51]

---

[47] *Cheever*, 423 F. Supp. 2d at 1207–08 ("[E]ven accepting for sake of argument defendant's conclusion that *Ring* created a new offense of federal capital murder . . . the 'elements' of such a crime would at most include one of the gateway intent factors and one statutory aggravating factor.").  The jury must also find that the defendant was at least eighteen years old at the time of the offense.  18 U.S.C. § 3591(a).

[48] 18 U.S.C. §§ 3591, 3593; *Mitchell*, 502 F.3d at 979.

[49] *See Higgs*, 353 F.3d at 322 ("[N]onstatutory aggravating factors and mitigating factors are weighed by the jury to make the individualized determination to impose the death sentence upon a defendant who has already been found eligible. They do not increase the possible punishment or alter the elements of the offense."); *Allen*, 247 F.3d at 759 ("proposing nonstatutory aggravating factors to the jury does not in any way alter the definition of the underlying crime for which Allen was convicted, nor does it increase the punishment to which Allen is subjected"); *see also United States v. George*, No. CR 17-201, 2019 WL 343186, at *4 n. 17 (E.D. La. Jan. 28, 2019) (listing cases rejecting argument that selection of non-statutory factors after the crime has been committed violates *Ex Post Facto* Clause).

[50] 136 S. Ct. 616, 624 (2016).

[51] *Id.* at 620.

In light of the foregoing, IT IS ORDERED that the motion at Docket 292 is DENIED.

DATED this 27th day of March, 2019, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE