# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>JOHN PEARL SMITH, II,<br><br>                Defendant. | Case No. 3:16-cr-00086-SLG-1 |

### ORDER REGARDING MOTION TO DISMISS COUNTS 3, 4, 5, 6, 11, AND 15: HOBBS ACT CRIMES OF VIOLENCE

Before the Court at Docket 300 is Defendant John Pearl Smith, II's motion to dismiss counts 3, 4, 5, 6, 11, and 15. Mr. Smith's motion is grounded in his assertion that Hobbs Act robberies are not "crimes of violence" as defined in 18 U.S.C. § 924(c)(3). The Government filed an opposition.[1] Mr. Smith did not file a reply.

The First Superseding Indictment alleges three Hobbs Act robberies: Counts 1, 9, and 13.[2] Count 1 forms the basis for Counts 3, 4, 5, and 6, which charge use of a firearm in relation to a crime of violence resulting in murder.[3] Counts 9 and 13 allege different Hobbs Act robberies and respectively form the bases for Counts 11 and 15, which allege use of a firearm in relation to a crime of violence.[4] Thus, if the Hobbs Act robberies in

---

[1] Docket 333.

[2] Docket 102. As relevant here, all three counts allege in part that "the defendant knowingly and unlawfully attempted to take from the person and presence of another, by means of actual and threatened force and violence, controlled substances and/or proceeds from their sale . . . ."

[3] Docket 102 (First Superseding Indictment).

[4] Docket 102 (First Superseding Indictment).

Counts 1, 9, and 13 are not "crimes of violence," there is no predicate foundation for Counts 3, 4, 5, 6, 11, and 15.

Felonies can qualify as a "crime of violence" in two ways. First, if the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[5] This is known as the force clause (also called the elements clause). Second, a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[6] This is known as the residual clause.

Mr. Smith asserts that a Hobbs Act robbery is not a crime of violence under either clause. He contends that it is not a crime of violence under the force clause because (1) "its extensive definition of 'fear' does not constitute the threatened use of force" and (2) "the Hobbs Act defines 'threatened force' so expansively that it includes implied threats of force."[7] He contends that the residual clause does not apply because that clause is unconstitutionally vague.[8]

**I.    Hobbs Act robberies are crimes of violence under the force clause.**

In *United States v. Howard*, an unpublished opinion, the Ninth Circuit held that a Hobbs Act robbery is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), the force clause.[9] Similar to Mr. Smith, the defendant in *Howard* argued that Hobbs Act

---

[5] 18 U.S.C. § 924(c)(3)(A).

[6] 18 U.S.C. § 924(c)(3)(B).

[7] Docket 300 at 5–6.

[8] Docket 300 at 3–4.

[9] 650 Fed. Appx. 466, 468 (9th Cir. 2016) (as amended June 24, 2016).

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crime of Violence
Page 2 of 7

robberies are not categorically crimes of violence because they can be committed by placing someone in "fear of injury," which does not necessarily involve "the use, attempted use, or threaten use of physical force."[10] The Ninth Circuit rejected this argument. Although *Howard* is an unpublished opinion, it relied on two published Ninth Circuit opinions, *United States v. Selfa*[11] and *United States v. Mendez*.[12]

In *Selfa*, the court interpreted an analogous federal bank robbery statute that may be violated by willful intimidation.[13] The *Selfa* Court reasoned that a crime committed by "intimidation"—taking an action that willfully puts a "reasonable person in fear of bodily harm"—meets the requirement of a "threatened use of physical force."[14] The *Howard* Court found that "willfully putting a reasonable person in fear of bodily harm" was similar to the Hobbs Act's requirement of "willfully placing a victim in fear of injury."[15] Therefore, the Hobbs Act language also met the requirement of a "threatened use of physical force."[16] Accordingly, Hobbs Act robberies qualify as crimes of violence under the force clause because they require a threatened use of physical force.[17]

---

[10] *Id.*

[11] 918 F.2d 749 (9th Cir. 1990).

[12] 992 F.2d 1488, 1489 (9th Cir. 1993). District courts within the Ninth Circuit have relied on *Howard* to hold that Hobbs Act robberies are crimes of violence. *See, e.g.*, *United States v. Richardson*, 2017 WL 3896307 (E.D. Cal. 2017).

[13] 918 F.2d 749 (9th Cir 1990).

[14] *Id.* at 751.

[15] 650 Fed. Appx. at 468.

[16] *Id.*

[17] *Id.*

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crime of Violence
Page 3 of 7

In *United States v. Mendez*, the Ninth Circuit considered whether a conspiracy to commit a Hobbs Act robbery is categorically a "crime of violence."[18] Although the court decided *Mendez* under the residual clause and specifically "[did] not address whether conspiracy to rob in violation of § 1951 is a 'crime of violence' under [the elements clause]" the court noted in passing that a completed Hobbs Act robbery "indisputably qualifies as a crime of violence."[19] Mr. Smith maintains that "*Mendez* is no longer good law" and bases this argument on language from decisions in 2013 and 2014.[20] After those decisions, however, the Ninth Circuit in 2016 has cited *Mendez* for the proposition that a Hobbs Act robbery is a crime of violence.[21]

---

[18] 992 F.2d 1488, 1491 (9th Cir. 1993).

[19] 992 F.2d 1488, 1491 (9th Cir. 1993).

[20] Docket 300 at 5 (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) and *United States v. Chandler*, 743 F.3d 648, 658 (9th Cir. 2014 (Bybee, J., concurring) (*vacated*, 135 S. Ct. 2926 (2015) (vacating and remanding in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

Mr. Smith's reliance on these cases is misplaced. *Moncrieffe* requires a court "to presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized . . . ." 133 S. Ct. at 1684. A Hobbs Act robbery requires non-consensual taking, which implicitly threatens violence and physical force. Thus, the "least serious act" proposed by Mr. Smith—putting someone in fear of future injury to their property—is the non-consensual taking that threatens the violence.

In *Chandler*, Judge Bybee focused on the inchoate nature of a *conspiracy* to commit robbery. In criticizing *Mendez*'s holding related to conspiracy to commit robbery, he noted that "the risk of serious physical harm posed by conspiracy to commit robbery—*Mendez* notwithstanding—is substantially different from the risk of serious harm posed by robbery" and that "[t]here is little doubt that robbery poses a 'serious potential risk of physical injury to another' at the time it is committed." *Chandler*, 743 F.3d at 661–62 (Bybee, J., concurring).

[21] *United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016). District courts in the Ninth Circuit have cited *Mendez* for this proposition even more recently. *See, e.g.*, *United States v. Canfield*, 323 F. Supp. 3d 1155, 1161 (D. Mont. 2018); *United States v. Juarez*, Case No. 2:11-CR-91JCM, 2018 WL 2339072 (D. Nev. May 23, 2018). Some have expressly found that *Mendez* is still good law. *See United States v. Lynch*, 268 F. Supp. 3d 1099, 1108 (D. Mont. 2017) ("Its manner of analysis may have been incomplete or even incorrect, but it is not so clearly incomplete or incorrect that this Court is bound to overlook it.").

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crime of Violence
Page 4 of 7

The Court finds that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)'s force clause because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[22] In doing so, the Court agrees with other circuits[23] and with other Ninth Circuit district courts[24] that agree with *Howard*'s conclusion.

## II. The Court does not need to consider whether Hobbs Act robberies are crimes of violence under the residual clause.

In *Johnson v. United States*, the Supreme Court considered the constitutionality of the definition of a "violent felony" as used in the Armed Career Criminal Act (ACCA).[25]

---

[22] 18 U.S.C. § 924(c)(3)(A).

[23] *See United States v. Buck*, 847 F.3d 267, 275 (5th Cir.), *cert. denied sub nom. Allen v. United States*, 137 S. Ct. 2231, and *cert. denied*, 138 S. Ct. 149 (2017), *reh'g denied*, 138 S. Ct. 536, (2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019) (Hobbs Act's reference to actual or threatened force or violence "would appear, self-evidently, to satisfy" the standard needed for a crime of violence under § 924(c)(3)(A)."); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018), *petition for cert. filed* (Oct. 12, 2018) (No. 18-6302); *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir.) ("A conviction under § 1951(b)(1) requires a finding of 'actual or threatened force, or violence, or fear of injury, immediate or future.' Section 1951(b)(1) clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)."), *cert. denied*, 137 S.Ct. 2230 (2017); *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir.), *rev'd on other grounds*, 138 S.Ct. 126 (2017); *United States v. Robinson*, 844 F.3d 137, 140−44 (3d Cir. 2016) *cert. denied*, 138 S.Ct. 215 (2017); *In re St. Fleur*, 824 F.3d 1337, 1340−41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016), *cert. denied*, 137 S.Ct. 1124 (2017). *Buck*, *Hill*, and *Gooch* all cite *Howard* for its holding that a Hobbs Act robbery is a crime of violence under the force clause.

[24] *See, e.g.*, *Gaybor v. United States*, No. CR-01-01136-PHX-SMM, 2018 WL 4519200 (D. Ariz. May 9, 2018), *report and recommendation adopted sub nom Gaybor v. USA*, No. CR-01-01136-PHX-SMM, 2018 WL 4510556 (D. Ariz. Sept. 19, 2018); *United States v. Esteban*, No. CR 02-00540 SOM, 2017 WL 4969329, at *7 (D. Haw. Oct. 31, 2017); *United States v. Richardson*, No. 1:97-CR-05129-LJO, 2017 WL 3896307 (E.D. Cal. Sept. 6, 2017); *United States v. Lasich*, No. 3:02-CR-00305-BR, 2018 WL 3614024, at *4 (D. Or. July 27, 2018); *United States v. Campos*, No. 2:08-CR-06088-EFS-1, 2016 WL 4771077, at *1 (E.D. Wash. Sept. 13, 2016).

[25] 135 S. Ct. 2551, 2556–58 (2015). The ACCA provides that a court must impose a mandatory minimum of fifteen years to life if a defendant has three prior convictions for a "violent felony or

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crime of Violence
Page 5 of 7

The ACCA's definition of "violent felony" includes a residual clause: "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."[26] The Supreme Court held that this residual clause was unconstitutionally vague in violation of due process, reasoning that it left too much uncertainty as to how to estimate and measure the risk posed by a crime and how must risk was required to be a "violent felony."[27] In *Sessions v. Dimaya*, the Supreme Court applied *Johnson* to the Immigration and Nationality Act's definition of an aggravated felony and found that it, too, was unconstitutionally vague.[28]

Relying on *Johnson* and *Dimaya*, Mr. Smith contends that the residual clause of the Hobbs Act is unconstitutionally vague. However, the Court need not decide whether the reasoning of *Johnson* and *Dimaya*[29] extends to the residual clause of the Hobbs Act since the Court has already determined that a Hobbs Act robbery is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3).

---

serious drug offense, or both." 18 U.S.C. § 924(e)(1).

[26] 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

[27] *Johnson*, 135 S. Ct. at 2556–58.

[28] *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

[29] The Fifth Circuit has expressly found that *Dimaya* is not applicable to the force/elements clause: "*Dimaya* only addressed, and invalidated, a residual clause mirroring the residual clause in § 924(c); it did not address the elements clause. Whatever arguments may be made opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of [circuit precedent]." *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018), *cert. granted*, 139 S. Ct. 782 (2019).

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crime of Violence
Page 6 of 7

In light of the foregoing, IT IS ORDERED that the motion at Docket 300 is DENIED.

DATED this 1st day of April, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 2016-cr-00086-SLG, *United States v. Smith*
Order Re: Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crime of Violence
Page 7 of 7