# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN PEARL SMITH, II,

    Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER RE: MOTION TO STRIKE VICTIM IMPACT EVIDENCE

Before the Court at Docket 362 is Defendant John Pearl Smith, II's Motion to Strike Victim Impact Evidence under the Eighth and Fourteenth Amendments. The Government filed an opposition.[1] Mr. Smith did not file a reply.

The Government has indicated that it will seek to introduce victim impact evidence if a penalty phase is needed in Mr. Smith's trial.[2] Specifically, the Government seeks to introduce evidence that Mr. Smith "caused injury, harm, and loss to Ben Gross's and Crystal Denardi's family and friends as evidence by the impact of their death on her [sic] family and friends."[3]

The Supreme Court, in *Payne v. Tennessee*, held that the Eight Amendment does not generally prohibit the use of victim impact evidence in capital sentencing.[4] Prior to

---

[1] Docket 378.

[2] Docket 168 at 5 (Notice of Intent to Seek a Sentence of Death).

[3] Docket 168 at 5 (Notice of Intent to Seek a Sentence of Death).

[4] 501 U.S. 808, 827 (1991).

*Payne,* victim impact evidence was prohibited unless it related directly the circumstances of the crime[5] and prosecutors could not argue victim impact to the jury.[6]

The *Payne* Court considered a Tennessee double-homicide capital case where a victim-impact witness testified about the effect of the loss of his mother and sister on a young boy, who survived the same attack.[7] The prosecution referenced this testimony in its closing arguments.[8] The Court reasoned that prohibiting victim impact evidence "unfairly weighted the scales in a capital trial; while virtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce concerning his own circumstances . . . ."[9] The Court found that "[v]ictim impact evidence is simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question, evidence of a general type long considered by sentencing authorities . . . . In the majority of cases, and in this case, victim impact evidence serves entirely legitimate purposes."[10] As stated by the Supreme Court in a later case, "[t]he Eighth Amendment . . . permits capital sentencing juries to consider evidence relating to the victim's personal characteristics and the emotional impact of the murder on the

---

[5] *Booth v. Maryland*, 482 U.S. 496 (1987).

[6] *South Carolina v. Gathers*, 490 U.S. 805 (1989).

[7] *Payne v. Tennessee*, 501 U.S. 808, 814–15 (1991).

[8] *Payne v. Tennessee*, 501 U.S. 808, 815–16 (1991).

[9] *Payne v. Tennessee*, 501 U.S. 808, 822 (1991).

[10] *Payne v. Tennessee*, 501 U.S. 808, 825 (1991).

victim's family in deciding whether an eligible defendant should receive a death sentence."[11]

After *Payne*, in 1994 Congress authorized the use of victim impact evidence as part of the Federal Death Penalty Act's penalty-phase scheme:

> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information.[12]

Mr. Smith recognizes that *Payne* is controlling precedent but maintains that it was wrongly decided and should be overturned.[13] The Government agrees that *Payne* is controlling and emphasizes that both *Payne* and the FDPA allow introduction of victim impact evidence.[14] This Court is bound by the Supreme Court's reasoning and holding in *Payne* and its progeny, which allow victim impact evidence.[15]

Although the Government may introduce victim impact evidence in a variety of ways,[16] it is not without limitations. "Victim impact evidence gives a 'quick glimpse' of the

---

[11] *Jones v. United States*, 527 U.S. 373, 395 (1999).

[12] 18 U.S.C. § 3593(a)(2).

[13] Docket 362 at 2, 6.

[14] Docket 378 at 2–4.

[15] *See, e.g.*, *Jones v. United States*, 527 U.S. 373, 395 (1999); *Bosse v. Oklahoma*, 501 U.S. 808 (2016) (per curiam).

[16] The Ninth Circuit recently held that victim impact evidence is not limited to "evidence of a victim's personally characteristics . . . to the extent those characteristics influenced, and thus reveal something about, the relationship the victim had with his or her family."[16] The language of 18 U.S.C. § 3593(a)(2) "is illustrative, not exhaustive" and thus did not "prohibit evidence of a victim's professional accomplishments or value to the community." *United States v. Mikhel*, 889 F.3d 1003, 1052 (9th Cir. 2018), *cert. petition docketed*, Feb. 7, 2019. *But see United States v. Fields*, 516 F.3d 923, 946–47 (10th Cir. 2008) (prohibiting victim impact evidence about

victim's life and of his 'uniqueness as an individual human being.'"[17]  Victim impact evidence may not include "characterizations and opinions from a victim's family members about the crime, the defendant, and the appropriate sentence."[18]  The Court also acts as a gatekeeper to ensure that victim impact evidence does not violate due process by being "so unduly prejudicial that it renders the trial fundamentally unfair"[19] and to ensure that its probative value is not outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury.[20]

In light of the foregoing, IT IS ORDERED that the motion at Docket 362 is DENIED.  However, Mr. Smith may file motions *in limine* relating to specific victim impact evidence that he maintains should be limited or excluded.

DATED this 1st day of April, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

"impersonal utilitarian" losses to co-workers or "generalized notions of social value" to the community at large).

[17] *United States v. Mikhel*, 889 F.3d 1003, 1052 (9th Cir. 2018) *cert. petition docketed*, Feb. 7, 2019) (quoting *Payne v. Tennessee*, 501 U.S. 808 at 822–23 (1991)).

[18] *Bosse v. Oklahoma*, 501 U.S. 808 (2016) (per curiam) (holding that *Payne* did not alter the preexisting prohibition on this type of improper victim impact evidence).

[19] *Payne v. Tennessee*, 501 U.S. 808, 825 (1991).

[20] 18 U.S.C. § 3593(c).