## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JOHN PEARL SMITH, II,

        Defendant.

Case No. 3:16-cr-00086-SLG-1

**ORDER RE: MOTION TO STRIKE THE NOTICE OF INTENT TO SEEK THE DEATH PENALTY AS ARBITRARY AND CAPRICIOUS**

    Before the Court at Docket 365 is Defendant John Pearl Smith, II's Motion to Strike the Notice of Intent to Seek the Death Penalty as Arbitrary and Capricious under the Fifth, Sixth , and Eighth Amendments. The Government filed an opposition.[1] Mr. Smith did not file a reply.

    Mr. Smith sets out three arguments: First, he maintains that the death penalty is unconstitutional because history shows "it operates in an arbitrary, capricious, irrational, and discriminatory manner."[2] Second, he asserts that the death penalty is cruel and unusual in light of evolving standards of decency in which the acceptance of the death penalty is diminishing.[3] Third, he argues that the complexity of the Federal Death Penalty

---

[1] Docket 382.

[2] Docket 365 at 3.

[3] Docket 365 at 43.

Act (FDPA) prevents jurors from understanding the penalty phase process and their role in the process, thus leading to unguided and unprincipled verdicts.[4]

### I. **Mr. Smith has not shown that the death penalty operates in an arbitrary and capricious manner.**

Mr. Smith's first argument focuses on a statistical analysis of the frequency with which the death penalty is sought and imposed. He maintains that its irregular use by the federal government, geographic disparities, and disproportionate application to minorities or cases with white or female victims renders the death penalty arbitrary, capricious, irrational, and discriminatory.[5] Mr. Smith asserts the following statistics in support of his argument: The Department of Justice (DOJ) has authorized seeking the death penalty in approximately 14 percent of eligible federal cases, and approximately two percent of all death-penalty eligible defendants actually received a death sentence.[6] Approximately 80 percent of the federal defendants authorized for the death penalty by the DOJ are racial minorities.[7] Almost two-thirds of federal death penalty jury verdicts have come from southern states, particularly states in the Fifth and Eighth Circuits.[8] Defendants found guilty of murdering Caucasian female victims are "substantially more likely to face the death penalty and be sentenced to death than those who kill non-whites and males."[9]

---

[4] Docket 365 at 52–53.

[5] Docket 365 at 3–42.

[6] Docket 365 at 11. According to Mr. Smith, juries imposed the death penalty in approximately one-third of capital trials. Docket 365 at 12.

[7] Docket 365 at 31.

[8] Docket 365 at 26–27.

[9] Docket 365 at 38.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Strike the Notice of Intent to Seek the Death Penalty as Arbitrary and Capricious
Page 2 of 6
Case 3:16-cr-00086-SLG   Document 419   Filed 04/22/19   Page 2 of 6

Although the Government does not present any contradicting statistics, it asserts that these numbers do not support any of Mr. Smith's claims and are insufficient to satisfy the high burden of showing a discriminatory intent or effect.[10]

That the DOJ rarely seeks the death penalty does not support Mr. Smith's motion. In *Gregg v. Georgia*, the Supreme Court rejected a claim that Georgia's death penalty scheme was unconstitutional because "the state prosecutor has unfettered authority to select those persons whom he wishes to prosecute for a capital offense and to plea bargain with them."[11] In *United States v. Mitchell*, the Ninth Circuit held that although "federal executions are rare," the FDPA is not unconstitutional.[12]

That federal capital prosecutions occur in a variety of factual scenarios and result in various sentences also does not support Mr. Smith's motion. In *McKlesky v. Kemp*, the Supreme Court considered a claim that the death penalty imposed in McKlesky's case was disproportionate to sentences given in other murder cases.[13] In rejecting this claim, the Court held that "[t]he Constitution is not offended by inconsistency in results based on the objective circumstances of the crime. Numerous legitimate factors may influence the

---

[10] Docket 382 at 17–22.

[11] 428 U.S. 153, 199 (1976); *see also Proffitt v. Florida*, 428 U.S. 242, 254 (1976) (argument that "the prosecutor's decision whether to charge a capital offense in the first place" rendered Florida's death penalty unconstitutional represented "a fundamental misinterpretation" of Supreme Court precedent and rejecting such argument).

[12] *United States v. Mitchell*, 502 F.3d 931, 983 (9th Cir. 2007) (citing *Gregg v. Georgia*, 428 U.S. 153, 187 (1976). *See also Boyer v. Chappell*, 793 F.3d 1092, 1105 (9th Cir. 2015) (prosecutorial discretion to seek the death penalty in state court does not render it unconstitutional).

[13] 481 U.S. 279, 307 (1987).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Strike the Notice of Intent to Seek the Death Penalty as Arbitrary and Capricious
Page 3 of 6

Case 3:16-cr-00086-SLG   Document 419   Filed 04/22/19   Page 3 of 6

outcome of a trial and a defendant's ultimate sentence, even though they may be irrelevant to his actual guilt."[14]

Finally, the alleged geographic, racial, and victim-based discrepancies also do not support Mr. Smith's motion. The Ninth Circuit considered similar arguments in *United States v. Mitchell*.[15] As in *Mitchell*, Mr. Smith "makes no effort to explain in what manner race has infected the FDPA sentencing process. His related claim regarding disproportionate impact relies solely on statistical data and is, without more, likewise insufficient."[16]

### II. The Supreme Court has held that the death penalty is a constitutional punishment for intentional murder.

Mr. Smith's second argument—that evolving standards of decency render the death penalty cruel and unusual in violation of the Eighth Amendment—is foreclosed by the Supreme Court's decision in *Gregg v. Georgia*[17] and the Ninth Circuit's decision in *United States v. Mitchell*.[18] *Gregg* expressly held that capital punishment is not a *per se* violation of the Eighth Amendment in cases of intentional murder.[19] In *Mitchell*, the Ninth

---

[14] *McCleskey*, 481 U.S. at 307.

[15] 502 F.3d 931, 982 (2007).

[16] *Id.* (citing *McCleskey,* 481 U.S. at 292 ("[T]o prevail under the Equal Protection Clause, McCleskey must prove that the decisionmakers in *his* case acted with discriminatory purpose."); *Harris v. Pulley,* 885 F.2d 1354, 1374–77 (9th Cir.1988)).

[17] 428 U.S. 153 (1976). As explained by the Second Circuit, "[t]he joint opinion of Justices Steward, Powell, and Stevens in *Gregg v. Georgia* . . . subsequently has been recognized as the controlling opinion of the Court." *United States v. Aquart*, 912 F.3d 1, 48–49 n. 33 (2d Cir. 2018) (citing *Johnson v. Texas*, 509 U.S. 350, 360 (1993)).

[18] 502 F.3d 931 (9th Cir. 2007).

[19] 428 U.S. 153, 187 (1976).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Strike the Notice of Intent to Seek the Death Penalty as Arbitrary and Capricious
Page 4 of 6
Case 3:16-cr-00086-SLG   Document 419   Filed 04/22/19   Page 4 of 6

Circuit found "unavailing" the argument "that capital punishment is incompatible with society's values or otherwise categorically violates the Eighth Amendment."[20] More recently, in *Glossip v. Gloss*, a majority of the Supreme Court affirmed that "it is settled that the death penalty is constitutional."[21] The Ninth Circuit has emphasized that "[w]hether contemporary values dictate a different answer today is for the Supreme Court to decide.'"[22] This year, in *Bucklew v. Precythe*, a majority of the Supreme Court reaffirmed that "[t]he Constitution allows capital punishment."[23]

### III. The jury is presumed to follow instructions from the court regarding its role under the FPDA.

Mr. Smith's third argument is that the complexity of the FDPA's penalty phase scheme "creates an unreasonable risk that jurors will misunderstand their role and their assignments" in violation of the Eighth Amendment.[24] Mr. Smith essentially maintains that jurors will not be able to follow the Court's instructions regarding the varying burdens of proof and unanimity requirements, the differences between mental state, aggravating, and mitigation factors, and the weighing test to determine the appropriate sentence.[25] To

---

[20] 502 F.3d at 982.

[21] 135 S.Ct. 2726, 2732 (2015).

[22] *Mitchell*, 502 F.3d at 982.

[23] 139 S. Ct. 1112, 1122 (2019) (citing *Glossip v. Gloss*, 135 S.Ct. at 2731–33 and *Baze v. Rees*, 553 U.S. 35, 47 (2008)).

[24] Docket 365 at 53.

[25] Docket 365 at 52.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Strike the Notice of Intent to Seek the Death Penalty as Arbitrary and Capricious
Page 5 of 6
Case 3:16-cr-00086-SLG   Document 419   Filed 04/22/19   Page 5 of 6

support this, he cites to a number of capital jury studies finding that capital juries misunderstand the penalty-phase process.[26]

There is an "almost invariable assumption of the law that jurors follow their instructions."[27] Considering jury instructions in death penalty cases, the Supreme Court has held that instructions are constitutional when they "are phrased in conventional and understandable terms"[28] and do not have a "reasonable likelihood" of misleading the jury into giving a death sentence.[29] This Court intends to diligently work with the parties to craft jury instructions that accurately state the law in a manner understandable to the jury and that comply with the Supreme Court's guidance regarding capital jury instructions.[30]

In light of the foregoing, IT IS ORDERED that the motion at Docket 365 is DENIED.

DATED this 22nd day of April, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[26] Docket 365 at 53–57.

[27] *Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

[28] *Tuilaepa v. California*, 512 U.S. 967, 976 (1994).

[29] *See Boyde v. California*, 494 U.S. 370, 386 (1990) (discussing capital jury instructions regarding mitigation). *See also United States v. Llera Plaza*, 179 F. Supp. 2d 444, 450 (E.D. Pa. 2001) (cited studies "do not establish that the concepts of aggravating and mitigating factors as used in the FDPA bear such a degree of intrinsic incomprehensibility as to render them incapable of clarification through adequate jury instructions"); *see also United States v. Roof*, 225 F. Supp. 3d. 413, 315 n. 2 (D. S.C. 2016) (listing district court capital case decisions rejecting similar claims of juror confusion).

[30] *See, e.g.*, *Penry v. Johnson*, 532 U.S. 782 (2001) (addressing constitutional concerns regarding clarity of capital jury instructions); *Simmons v. South Carolina*, 512 U.S. 154, 170 (1994) (addressing substance of capital jury instructions related to future dangerousness).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Strike the Notice of Intent to Seek the Death Penalty as Arbitrary and Capricious
Page 6 of 6
Case 3:16-cr-00086-SLG   Document 419   Filed 04/22/19   Page 6 of 6