# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>JOHN PEARL SMITH, II,<br><br>                  Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING MOTION FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS

Before the Court at Docket 466 is defendant John Pearl Smith's Motion for Disclosure of the Remaining Grand Jury Transcripts, Including the Written and Oral Instructions Given to the Grand Jury. The government filed a response in opposition at Docket 510.[1] Mr. Smith filed a reply at Docket 513.

Mr. Smith contends that he should be provided "any remaining undisclosed grand jury transcripts and written and oral instructions given to the grand jurors" in order to determine whether the Grand Jury was instructed on the elements of Hobbs Act robbery or on the elements of Hobbs Act extortion.[2] Mr. Smith asserts that it is possible that the government instructed the Grand Jury using elements applicable to Hobbs Act extortion,

---

[1] The government also filed a Motion to Strike at Docket 473, which the Court denied at Docket 501. The Court ordered the government to "submit to the Court for *in camera* review only the Grand Jury transcripts that contain the oral instructions given to the Grand Jury relating to the elements of Hobbs Act robberies and any written instructions (including PowerPoints) given to the Grand Jury relating to the elements of Hobbs Act robberies . . . ."). Docket 501 at 3.

[2] Docket 466 at 1–4; Docket 513 at 1–2.

although he was indicted for Hobbs Act robberies.[3]  The government responds that "[t]here is no possible injustice here, because the charging language of Count One confirms the title of that charge—the grand jury heard evidence that Defendant committed Hobbs Act robbery, as defined in Section 1951(b)(1), and found probable cause to believe that he committed the crime."[4]  Mr. Smith replies that the language in the First Superseding Indictment is irrelevant because "[i]f the Grand Jury was instructed only on the elements of robbery by extortion, then the citation to robbery by force in the Superseding Indictment is wrong."[5]

The Federal Rules of Criminal Procedure provide that a "court may authorize disclosure . . . of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."[6] However, grand jury proceedings are afforded a high level of secrecy.[7]  The Ninth Circuit has set forth "[t]he standards the district court should follow when lifting the secrecy of grand jury proceedings . . . ."[8]  First, the desired material will avoid a possible injustice, second, that the need for disclosure is greater than the need for continued secrecy, and

---

[3] Docket 466 at 2.

[4] Docket 510 at 5.

[5] Docket 513 at 1.

[6] Fed. R. Crim. P. 6(e)(1)(E)(i), (ii).

[7] *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781 (9th Cir. 1982) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 447 U.S. 211, 218 (1979)) ("'[T]he proper functioning of our grand jury system depends on the secrecy of grand jury proceedings.'").

[8] *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion for Disclosure of Grand Jury Instructions
Page 2 of 5

third, that only the relevant parts of the transcripts should be disclosed.[9]  Generally, a party seeking disclosure of grand jury transcripts must demonstrate a particularized need for the disclosure that outweighs the policy favoring grand jury secrecy.[10]  The government asserts that Mr. Smith has not shown "a particularized need for production of secret grand jury material."[11]

It appears that the government has already disclosed a significant portion of the Grand Jury transcripts to the defense, and those documents are governed by a protective order.[12]  Mr. Smith's current motion is not seeking transcripts of the testimony of witnesses before the Grand Jury, for which the need for secrecy would be paramount. Instead, Mr. Smith is seeking transcripts of the instructions given to the Grand Jury by the government, particularly those instructions related to the Hobbs Act.  Although "[t]he proceedings before the grand jury are secret, the ground rules by which the grand jury conducts those proceedings are not."[13]  Other Ninth Circuit district courts have concluded that "[t]he legal instructions given to the grand jury regarding the charges on which they are deliberating are a part of the 'ground rules' by which the grand jury conducts its proceedings.  The instructions do not reveal the substance of the grand jury's deliberative

---

[9] *Id.*

[10] *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995) (opinion withdrawn in part on other grounds on rehearing, 116 F.3d. 840 (9th Cir. 1997) (citing *Dennis v. United States*, 384 U.S. 855, 870 (1966) and *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)).

[11] Docket 510 at 5.

[12] Docket 466 at 2.

[13] *United States v. Alter*, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion for Disclosure of Grand Jury Instructions
Page 3 of 5

process or other information that would compromise the secrecy that Rule 6 seeks to protect."[14]

The Court finds that there is a "possible injustice" if the First Superseding Indictment in this case reflects Hobbs Act charges for which the Grand Jury was not properly instructed—particularly because four of the capital counts in this case are premised on an underlying Hobbs Act robbery[15]—and that there is a lessened need for continued secrecy because the materials are limited to the instructions given by the government. The Court has completed an *in camera* review of the relevant portion of the Grand Jury transcript and related PowerPoint slides and finds that the transcript and related slides do not disclose the grand jury's deliberations or other information that Rule 6 is designed to protect.

In light of the foregoing, IT IS ORDERED that the motion at Docket 466 is granted in part and denied in part. The government shall disclose to the defense the portion of the Grand Jury transcript dated March 21, 2017 beginning at 1:25 p.m. that was submitted for *in camera* review as well as the first seven PowerPoint slides only that were provided to the Court for *in camera* review **within one week** of the date of this order.[16] Apart from

---

[14] *United States v. Belton*, 2015 WL 1815273 at *3 (N.D. Cal. 14-cr-00030-JST, Apr. 21, 2015); *United States v. Diaz*, 236 F.R.D. 470, 477–78 (N.D. Cal. No. CR-05-00167-WHA June 30, 2006) (finding instructions given to the grand jury "do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings. Furthermore, disclosure of jury procedures and responsibilities poses no security threat to past, current or prospective jurors."); *see also United States v. Fuentes*, 2008 WL 2557949 at *4 (E.D. Cal. CR.S-07-0248-WBS (June 24, 2008) (concluding that "the defendants are entitled to the transcript of the instructions and charges to the grand jury" even without a showing of particularized need).

[15] Docket 102, Counts 3–6 (First Superseding Indictment).

[16] The seven PowerPoint slides to be produced begin with the slide titled "Charges" and end with the slide titled "Felon in Possession (Count 17)."

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion for Disclosure of Grand Jury Instructions
Page 4 of 5

that disclosure, the government need not provide "any remaining undisclosed grand jury transcripts" or the remaining PowerPoint slides.  In order to ensure a complete record, the government shall file *ex parte* and under seal a copy of all of the materials that were provided to the Court for *in camera* review.

DATED this 13th day of September, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion for Disclosure of Grand Jury Instructions
Page 5 of 5