# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>JOHN PEARL SMITH, II,<br><br>              Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION TO PRECLUDE MENTAL HEALTH DEFENSE OR EVIDENCE DURING THE GUILT PHASE OF TRIAL**

Before the Court at Docket 497 is the government's Motion to Preclude Defendant from Raising a Mental Health Defense or Presenting Evidence Related to his Mental Health During the Guilt Phase of Trial. Defendant John Pearl Smith, II, responded in opposition at Docket 508. The government replied at Docket 512.

Federal Rule of Criminal Procedure 12.2 requires that if the defendant intends to raise an insanity defense or introduce expert testimony relating to his mental condition, he must notify the government "in writing within the time provided for the filing of a pretrial motion or at any later time the court sets . . . ." Here, the deadline for Mr. Smith to file Rule 12.2 notices relating to the guilt phase of his capital trial was August 1, 2019.[1] The government seeks an order prohibiting Mr. Smith from raising an *Atkins* claim or a mental health defense or from presenting mental health evidence in the guilt phase of his capital trial because the defense did not file a Rule 12.2 notice by the August 1, 2019 deadline.[2]

---

[1] Docket 420 (scheduling order).

[2] Docket 497 at 5–6.

Mr. Smith acknowledges that he has not filed a Rule 12.2 notice regarding the guilt phase of trial, but maintains that "counsel would be duty-bound to bring [an *Atkins*] claim to the Court's attention if facts present themselves" and that "[c]ounsel will continue to bring newly discovered issues to this Court if the Sixth Amendment requires them to do so."[3] The government replies that Mr. Smith should be "bound by his decision" that mental health "defenses are not justified. He should not be given an opportunity to assert otherwise at a later date."[4]

"Rule 12.2 is designed to insure that both the defendant and the Government have ample opportunity to investigate the facts" related to a Rule 12.2 notice.[5] The Advisory Committee Notes state that the objective of this rule is to provide the government "time to prepare to meet the issue, which will usually require reliance upon expert testimony."[6] Thus, Rule 12.2's focus is on preventing the need "for a continuance in the middle of a trial, thus unnecessarily delaying the administration of justice."[7]

The defense did not provide any applicable notice by the August 1, 2019 deadline. The Court intends to enforce its pretrial deadlines.[8] Accordingly, the defense shall not

---

[3] Docket 508 at 2, 5.

[4] Docket 512 at 2–3.

[5] *United States v. Winn*, 577 F.2d 86, 89 (9th Cir. 1978).

[6] Advisory Committee Notes to Fed. R. Crim. P. 12.2.

[7] Advisory Committee Notes to Fed. R. Crim. P. 12.2.

[8] *Cf. United States v. Ornelas*, 906 F.3d 1138, 1150 (9th Cir. 2018), *cert. denied sub nom. Moreno Ornelas v. United States*, 139 S. Ct. 2638, 204 L. Ed. 2d 286 (2019) (finding no error in the district court excluding a late-noticed defense witness, as the court "simply enforce[d] the [district court's] earlier pretrial order setting disclosure deadlines") (alterations in original, internal quotations omitted).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Preclude Mental Health Defense or Evidence During the Guilt Phase of Trial
Page 2 of 3

introduce a mental health defense or mental health evidence during the guilt phase of trial. However, the defense may by motion seek to revisit this order by demonstrating good cause for permitting a late filing.[9]

In light of the foregoing, IT IS ORDERED that the motion at Docket 497 is granted.

DATED this 13th day of September, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Crim. P. 12.2(a), (b) ("the court may, for good cause, allow the defendant to file the notice late . . .").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Preclude Mental Health Defense or Evidence During the Guilt Phase of Trial
Page 3 of 3