# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

### *EX PARTE* ORDER REGARDING MOTIONS FOR RULE 17(C) SUBPOENA FOR AST POLICIES

Before the Court at Docket 522 is defendant John Pearl Smith, II's *ex parte* Motion for a Rule 17(c) Subpoena. This motion seeks authority to issue a Rule 17(c) subpoena to the Alaska State Troopers "to obtain written copies of their policies and procedures regarding eyewitness identifications and photographic lineups . . . as well as any internal memoranda, correspondence and proposed revisions in response to the [*State v. Young*] decision."[1]

The Court has previously set out the standard for Rule 17(c) subpoenas in its *Ex Parte* Order Regarding Motions for Rule 17(c) Subpoenas to Law Enforcement Agencies.

---

[1] Docket 522 at 1 (*ex parte*). In *State v. Young*, 374 P.3d 395, 399, 405 (Alaska 2016), the Alaska Supreme Court held that "the current test for the admissibility of eyewitness identification evidence does not adequately protect the right to due process under the Alaska Constitution." *Young* did not expressly alter any law enforcement procedures that must be followed during a photo lineup, but it did amend the test to be applied by Alaska state courts when deciding the admissibility of eyewitness identification. 374 P.3d at 406–09.

Having reviewed the current motion, the Court finds that the defense has made a sufficient showing pursuant to *Nixon* to support the issuance of a Rule 17(c) subpoena and to allow pretrial production to the defense. First, at least some of the materials sought are relevant: The defense states that in June 2016 an eyewitness to the shootings was shown a photo lineup to determine if he could identify the shooter. Presumably, he identified Mr. Smith.[2] The photo lineup procedures used by the Alaska State Troopers at that time are relevant as to whether the eyewitness may have been improperly influenced in making his identification of Mr. Smith. If those procedures were altered after the Alaska Supreme Court issued *Young*, this could further support a defense argument that the procedures employed may been unnecessarily suggestive or may have resulted in an unreliable identification. However, Mr. Smith has not shown why Alaska State Troopers lineup procedures in place prior to June 2016 are relevant.

Second, the Alaska State Troopers policies in effect in June 2016 are likely admissible as public records in order to challenge the adequacy of the photo lineup used to identify Mr. Smith and, in turn, to challenge the accuracy of the eyewitness's identification.[3] Finally, the requested materials are specifically identified. The requested subpoena seeks "[p]olicies and procedures regarding out of court eyewitness identifications from 2010 to the present, including any revisions, corrections or amendments, as well as internal memoranda and correspondence regarding the *Young*

---

[2] Mr. Smith's motion fails to state whether the eyewitness identified Mr. Smith in the photo lineup, but the Court presumes the eyewitness selected Mr. Smith. Had he not, the defense would not be filing this motion. If the Court is incorrect, the defense shall immediately notify the Court and correct its filing.

[3] *See* Evid. Rule 803(8).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
*Ex Parte* Order Re: Motions for a Rule 17(c) Subpoena for AST Policies
Page 2 of 3
Case 3:16-cr-00086-SLG   Document 538   Filed 10/15/19   Page 2 of 3

decision and [its] effect on eyewitness identifications conducted prior to the issuance of the *Young* decision."[4]  As noted *supra*, the Court finds that these records are relevant if they are limited to the records from June 2016 to the present.

Mr. Smith has made an insufficient showing that disclosing to the government the existence of the requested subpoena related to Alaska State Trooper identification policies will unfairly reveal defense trial strategy.  If the defense intends to use expert testimony to challenge the identification of Mr. Smith at trial, it is required to disclose this to the government well in advance of trial.  The Court will issue the subpoena *ex parte* at this time but intends to make the order public **14 days from the date of issuance** unless prior to that date the defense files a motion that persuades the Court to keep the order *ex parte*.

In light of the foregoing, IT IS ORDERED that the motion at Docket 522 is granted in part and denied in part.  The Clerk of Court shall prepare an *ex parte* Rule 17(c) subpoena to the Alaska State Troopers for the following records:

> Policies regarding "photo array" procedures in place from June 2016 to present, including any revisions, corrections, or amendments, as well as internal memoranda and correspondence regarding the *Young v. State* decision (374 P.3d 395 (Alaska 2016)) and its effect on eyewitness identifications conducted prior to the issuance of the *Young* decision.

This order will be made public in **14 days** unless the Court orders otherwise.

DATED this 15th day of October, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] Docket 522-1 at 2.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
*Ex Parte* Order Re: Motions for a Rule 17(c) Subpoena for AST Policies
Page 3 of 3
Case 3:16-cr-00086-SLG   Document 538   Filed 10/15/19   Page 3 of 3