BRYAN SCHRODER
United States Attorney
FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN E. VANDERGAW
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: william.taylor@usdoj.gov
Email: karen.vandergaw@usodj.gov

JAMES D. PETERSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Email: james.d.peterson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-00086-SLG-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN PEARL SMITH, II, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNEMNT'S MOTION TO COMPEL MITIGATING FACTORS**

NOW COMES the United States of America, by Bryan Schroder, United States Attorney for the District of Alaska, and Frank V. Russo, William A. Taylor, and Karen E.

Vandergaw, Assistant United States Attorneys, and Department of Justice Trial Attorney James D. Peterson, and pursuant to the Court's Amended Scheduling Order (Docket 420) respectfully moves the Court *in limine* for an order compelling the defendant to disclose his mitigating factors not later than February 7, 2020.

To achieve individualized capital sentencing, the Eighth Amendment permits broad consideration of the defendant's character, background, and record as well as the circumstances of the offense. *See Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). The defendant has great latitude in presenting such information in mitigation. 18 U.S.C. § 3592(a); *Skipper v. South Carolina*, 476 U.S. 1, 4 (1986). In fact, the Supreme Court has "made clear that in order to achieve 'such heightened reliability,' more evidence, not less, should be admitted on the presence of aggravating and mitigating factors[.]" *United States v. Fell*, 360 F.3d 135, 143 (2d Cir. 2004) (citing *Gregg v. Georgia*, 428 U.S. 153, 203-04 (1976)); *accord United States v. Mitchell*, 502 F.3d 931, 980 (9th Cir. 2007).

The Federal Death Penalty Act (the "FDPA") requires the United States to give notice of aggravating factors a reasonable time before trial. 18 U.S.C. § 3593(a). Admittedly, the FDPA does not impose a reciprocal duty on the defense in regard to mitigating factors. However, the FDPA expressly provides that the United States has a right to rebut mitigators: "The government and the defendant shall be permitted to rebut any information received at the [penalty phase] hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the

US v. John Pearl Smith, II
3:16-cr-00086-SLG-DMS         Page **2** of **6**

Case 3:16-cr-00086-SLG   Document 574   Filed 11/04/19   Page 2 of 6

existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c).

If the United States has insufficient time to investigate the defense's mitigation theories, the right of rebuttal becomes meaningless. However, the Court can ensure timely disclosure through an exercise of its inherent authority: "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. Proc. 57(b). Under this authority, courts have required disclosure of mitigation in other federal capital cases. S*ee United States v. Wilson*, 493 F. Supp.2d 464, 466 (E.D.N.Y. 2007) (holding "in order for the Government to have the 'fair opportunity' [of rebuttal] required by statute, it is necessary that the Government have notice of the mitigating factors that Wilson intends to prove.");[1] *United States v. Catalan Roman*, 376 F. Supp.2d 108, 114-15 (D. P.R. 2005); *United States v. Taveras*, 2006 WL 1875339, *8-9 (E.D.N.Y. Jul 5, 2006); *United States v. Roof*, No. 2:15-cr-00472-RMG, at ECF No. 281 (D.S.C. July 26, 2016); *United States v. Tsarnaev*, 2014 U.S. Dist. LEXIS 134596, 2014 WL 4823882, at *5 (D. Mass. Sept. 24, 2014); *United States v. Sampson*, No. 1:01-cr-10384-LTS, at ECF No. 1319 (D. Mass. Mar. 19, 2014); *United States v. Christensen*, Case No. 17-cr-20037-JES-JEH (C.D. Ill., May 3, 2019) Doc. 325; *see also United States v. Lujan*, Case No. 05-CR- 924 (Docket Entry 1212) (D.N.M. May 18,

---

[1] The court later struck factors for which Wilson failed to give timely notice. *See United States v. Wilson*, 493 F. Supp.2d 520, 524 (E.D.N.Y. 2007) (exempting factors for which the defense had good cause for non-disclosure and those that did not prejudice the government).

2011) (requiring disclosure between the eligibility and selection segments of the penalty trial); *but see United States v. Watland*, Case No. 1:11-cr-00038 (Docket Entry 1435) (D. Co. Jan. 6, 2014) (requiring pretrial disclosure of the defendants penalty phase witness list, but allowing defendant to withhold mitigating factors until the beginning of the penalty phase); *United States v. Council*, 2018 U.S. Dist. LEXIS 74271 (D. S.C. May 2, 2018) (denying government's motion for disclosure of mitigating factors); *United States v. Con-ui*, No. 3:13-cr-00123-ARC, at ECF No. 1157, 2017 U.S. Dist. LEXIS 84831 (M.D. Pa. June 2, 2017) (same); *United States v. McCluskey*, 2013 WL 12329717 (D.N.M. July 2, 2013) (same before guilty verdict). In this case, the court should exercise its inherent authority to compel the defendant to provide pretrial disclosure of his proposed mitigating factors. Such disclosures are necessary to effectuate the Government's right of rebuttal. The Government has provided notice of the aggravating factors that it intends to prove at trial as well as voluminous discovery.

The Government requests that this Court require the defendant to provide notice of the mitigating factors he intends to present. The defendant has already had more than a year to construct his legal and factual responses to the case in aggravation. *See* Doc. 168. Denying the United States' motion will limit its preparation to a matter of hours or days. Such an inequitable playing field threatens to skew the penalty phase evidence. *See Michigan v. Lewis*, 500 U.S. 145, 152 (1991) (stating that notice requirements enhance the fairness of the adversary system); *Catalan Roman*, 376 F. Supp.2d at 114 (holding

"that the adequate preparation eased by early disclosure will contribute to the truth seeking process, resulting in a more reliable sentencing determination").

Disclosure of such factors in this case will also eliminate any unwarranted surprise. *See Williams v. Florida*, 399 U.S. 78, 82 (1970) (holding that a criminal trial is not a "poker game in which the players enjoy an absolute right always to conceal their cards until they are played"). Of course, timely disclosure will also alleviate any risk of delay that may be caused by non-disclosure. Among other things, disclosure of proposed mitigators will permit efficient litigation of their legality and propriety under the FDPA.

//

//

//

//

//

//

//

//

//

//

//

//

//

Defendant may argue that the United States' motion exceeds the Court's powers under Rule 57, because the request is inconsistent with 18 U.S.C. §§ 3432 and 3593(a). However, a careful reading of those statutes shows that they are silent on the issue of when the defense should provide discovery. As noted, federal courts have repeatedly relied upon Rule 57 to grant discovery requests similar to this one.

WHEREFORE, the United States respectfully moves the Court for an order compelling the defendant to disclose his mitigating factors.

Respectfully Submitted,

BRYAN SCHRODER
UNITED STATES ATTORNEY

*/s/ James D. Peterson*
JAMES D. PETERSON
Trial Attorney
United States Department of Justice

**CERTIFICATE OF SERVICE**
I hereby certify that on November 4, 2019,
a copy of the foregoing was served
electronically on:

Mark Larranaga
Steven M. Wells
Suzanne Lee Elliott

/s/ James D. Peterson
United States Department of Justice