# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHN PEARL SMITH, II,<br><br>          Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING MOTION TO DISMISS COUNTS 1, 3, 4, 5, 6, 9, 11, 13, and 15

Before the Court at Docket 523 is defendant John Pearl Smith, II's Motion to Dismiss Counts 1, 9, 13 and those Counts that Depend Upon the Claim that Smith Committed [] Hobbs Act Robberies—Counts 3, 4, 5, 6, 11, and 15. The government responded in opposition at Docket 524. Mr. Smith replied at Docket 527 and filed supplemental materials at Docket 529. On November 18, 2019, the Court heard oral arguments on the motion. After oral arguments, Mr. Smith submitted supplemental authority at Docket 593, to which the government replied at Docket 594.

Mr. Smith has been charged with three counts of Hobbs Act robbery (Counts 1, 9, and 13) and six counts that are based on a requisite crime of violence, which here are the Hobbs Act robberies (Counts 3, 4, 5, 6, 11, and 15).[1] Mr. Smith's

---

[1] Docket 102 (First Superseding Indictment).

motion asserted that the grand jury was not properly instructed on the elements of Hobbs Act robbery and instead was instructed on the elements of Hobbs Act extortion. Specifically, Mr. Smith maintained that the government conflated the elements of Hobbs Act robbery and extortion and incorrectly instructed the grand jury as to the elements of extortion while asking for an indictment for robbery.[2]

In the course of further briefing and argument on the motion, the defense focus has instead shifted to asserting that the grand jury was inadequately instruction on the elements of a Hobbs Act robbery.[3]

As relevant here, there are three differences between the definition of a Hobbs Act robbery and the grand jury instruction in this case. First, the grand jury instruction did not require a finding that the obtaining of property occurred from the person or in the presence of a third person, instead requiring that the property be obtained "from another." Second, the grand jury instruction did not expressly require the obtaining of property to occur against the person's will, instead requiring that the property be obtained "without that person's consent." Third, the

---

[2] Docket 523 at 2–5. Mr. Smith initially maintained that he was actually indicted for Hobbs Act extortion because obtaining property "from another without that person's consent" was "a verbatim recitation of the elements of extortion . . . ." Docket 523 at 4. At oral argument, defense counsel conceded that this was an error and acknowledged that extortion requires obtaining property *with* the person's consent.

[3] Docket 593 at 1 (asserting that the government edited the Tenth Circuit pattern instruction on Hobbs Act robbery "and gave only a portion of elements of either Hobbes [sic] Act Robbery or Hobbes [sic] Act Extortion").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 2 of 8

grand jury instruction did not require a fear of injury, instead requiring "wrongful use of actual or threatened force, violence or fear."

At oral argument, the defense acknowledged that each of the Hobbs Act robbery counts in the First Superseding Indictment in this case adequately pleads a Hobbs Act robbery. Thus, the question is not whether the First Superseding Indictment is flawed; the issue is whether there was a flaw in the grand jury proceeding that led to the First Superseding Indictment, specifically whether the three deviations in the instructions from the statutory definition of Hobbs Act robbery warrant dismissal of the First Superseding Indictment.[4] An erroneous charge to the grand jury is not a structural error that necessarily requires dismissal of the indictment.[5] Rather, for grand jury instructional errors that are "brought to the district court's attention 'prior to the conclusion of the trial,' dismissal of the

---

[4] *United States v. Du Bo*, 186 F.3d 1177, 1180 n. 1 (9th Cir. 1999) ("The standard for reviewing flaws in the indictment should not be confused with the standard for reviewing flaws in the grand jury proceeding which led to the indictment. Errors in the grand jury indictment procedure are subject to harmless error analysis unless the structural protections of the grand jury have been compromised as to render the proceedings fundamentally unfair.") (internal quotation omitted); *People of Territory of Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) ("The standard for determining whether error in the grand jury proceedings justifies dismissal of the indictment differs when it is considered prior to or after the conclusion of a trial. When the trial judge considers the issue prior to the conclusion of the trial, the inquiry is whether the defendant has been prejudiced by the error.") (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)).

[5] *United States v. Navarro*, 608 F.3d 529, 539 (9th Cir. 2010) (citing Federal Rule of Criminal Procedure 52(a)).

[5] Docket 527 at 3.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 3 of 8

indictment 'is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations.'"[6] The standard "requires the defendant to suffer prejudice."[7]

### I.     "From the person or in the presence of another"

Mr. Smith asserts that "the Government's instruction leaves out the requirement that the victim of the robbery or another person must be present at the time of the robbery."[8] A Hobbs Act robbery requires that property be taken "from the person or in the presence of another," but the grand jury was instructed only that it must find that property was "obtained from another." At least one Ninth Circuit district court has found that failing to allege that property was taken from the person or in the presence of another contradicted a claim of Hobbs Act robbery,[9] and another has described it as a "crucial element."[10]

---

[6] *United States v. Navarro*, 608 F.3d at 539 (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)). In *Navarro*, a district judge who charged the grand jury erroneously informed the grand jury that the prosecutor was required to present to the grand jury any exculpatory evidence. Although this was an erroneous charge to the grand jury, it was not a structural error that required reversal of subsequent conviction. *Id.* at 537–39.

[7] *Id.* at 539.

[8] Docket 527 at 3.

[9] *Sea-Land Serv., Inc. v. Atl. Pac. Int'l, Inc.*, 57 F. Supp. 2d 1048, 1052–53 (D. Haw. 1999).

[10] *United States v. Lettiere*, 2018 WL 3429927 at * 3 (D. Mont. July 16, 2018).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 4 of 8

However, Mr. Smith has not pointed to any evidence from the grand jury proceedings or elsewhere in the record that demonstrates that the government's failure to instruct on this element substantially influenced the grand jury's decision to indict him for the Hobbs Act robberies. The deviation between the grand jury instruction and the Hobbs Act robbery statute is harmless.

## II. "Against the person's will"

Mr. Smith asserts that the grand jury instructions are flawed because they only require that the property be taken "without consent" instead of expressly requiring the obtaining of property to occur "against the person's will" as required by the Hobbs Act.[11] The government responds that the critical distinguishing element between robbery and extortion is consent, and thus "the United States clearly instructed the grand jury correctly when it directed that in order to find the defendant culpable for robbery, the property must have been taken *without* consent."[12]

The Ninth Circuit Model Criminal Jury Instructions mirror the Hobbs Act statutory language by defining robbery as an unlawful taking from a person "against his will."[13] However, the parties have acknowledged that the Tenth

---

[11] Docket 527 at 2–3.

[12] Docket 524 at 3 (emphasis in original).

[13] Ninth Circuit *Manual of Model Criminal Jury Instructions* 8.143A (2019); *see also* Third Circuit *Model Criminal Jury Instructions* 6.18.1951-1 (using "against his will" in Hobbs Act robbery instructions); Sixth Circuit *Pattern Jury Instructions* 17.03 (2019) (same); Seventh Circuit *Pattern Criminal Jury Instructions of the Seventh Circuit* at 542 (2012 ed., updated 2018) (same); Eighth

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 5 of 8

Circuit's model jury instruction for Hobbs Act robbery uses the phrase "without that person's consent."[14] Other federal courts have used phrasing similar to "without consent" when discussing Hobbs Act robbery.[15] The Supreme Court has stated that "[a]s used in the Hobbs Act, the phrase 'with his consent' is designed to distinguish extortion ('obtaining of property from another, *with his consent*,') from robbery ('obtaining of personal property from the person or in the presence of another, *against his will*,')."[16]

The Court finds that in the context of the grand jury instructions given in this case, the phrase "without that person's consent" is not so dissimilar from the meaning of "against the person's will" that it would have "substantially influenced the grand jury's decision to indict" or that it "raises grave doubt that the decision to indict was free from the substantial influence" of such deviation from the statutory language. As such, the deviation was harmless.

---

Circuit *Manual of Model Criminal Jury Instructions* 6.18.1951A (2017) (same); *Eleventh Circuit Pattern Jury Instructions, Criminal Cases* O70.3 (2019) (same).

[14] Tenth Circuit *Criminal Pattern Jury Instructions* 2.70 (2011 ed., updated 2018); Dockets 593, 594.

[15] *See, e.g.*, *United States v. Zhou*, 428 F.3d 361, 371 (2d Cir. 2005) ("this element of consent is the razor's edge that distinguishes extortion from robbery"); *United States v. Richardson*, 2017 WL 3896307 (E.D. Cal. Sept. 6, 2017) ("Hobbs Act robbery by definition requires non-consensual taking . . . ."); *United States v. Lettiere*, 2018 WL 3429927 at *4 (D. Mont. July 16, 2018 (considering whether a jury was instructed on robbery or extortion and describing "with his consent" and "against his will" as two sides of a "razor's edge").

[16] *Ocasio v. United States*, 136 S. Ct. 1423, 1435 (2016) (internal citations omitted, emphases in original).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 6 of 8

### III. "Fear of injury"

The third difference between the statutory language of the Hobbs Act and the grand jury instructions is that the grand jury instruction did not require a fear of injury, instead requiring only "wrongful use of actual or threatened force, violence or fear." As one district court has noted, "[f]ear without the follow-up, 'of injury,' suggests extortion, not robbery" and the use of the word "'wrongful' is crucial in distinguishing legal from illegal inducements in extortion."[17]

However, the First Superseding Indictment charges Mr. Smith with Hobbs Act robberies as follows: "the defendant knowingly and unlawfully attempted to take from the person and presence of another, *by means of actual and threatened force and violence* . . . ."[18] Thus, although the grand jury was instructed with the "fear" alternative, it indicted Mr. Smith only based on "actual or threatened force or violence."[19] The government's failure to instruct the grand jury as to "fear of injury" was thus harmless because the grand jury did not rely on "fear" to return its indictment.

Dismissal of the First Superseding Indictment would be "appropriate only if it is established that the violation substantially influenced the grand jury's decision

---

[17] *United States v. Lettiere*, 2018 WL 3429927, at *4 (D. Mont. July 16, 2018).

[18] Docket 102 (Counts 1 and 13) (emphasis added). Count 9 uses identical language except that it alleges a completed taking instead of an attempted taking.

[19] Docket 102 (Counts 1, 9, and 13) ("by means of actual and threatened force and violence").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 7 of 8

to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations."[20] The Court finds that although the Hobbs Act robbery instructions given to the Grand Jury deviated from the statutory language of the Hobbs Act, Mr. Smith has not shown how these deviations "substantially influenced" the decision to indict Mr. Smith; nor has he demonstrated a "grave doubt" that the grand jury's indictment was substantially influenced by the deviations. Thus, Mr. Smith has not shown that his Fifth Amendment rights were violated during the grand jury proceedings. Additionally, because Mr. Smith was indicted for Hobbs Act robberies, the robberies constitute the predicate crimes of violence to support Counts 3, 4, 5, 6, 11, and 15.[21]

In light of the foregoing, IT IS ORDERED that the motion to dismiss at Docket 523 is denied.

DATED this 10th day of December, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[20] *United States v. Navarro*, 608 F.3d 529, 539 (9th Cir. 2010) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

[21] *See* Docket 396 (Order Regarding Motion to Dismiss Counts 3, 4, 5, 6, 11, and 15: Hobbs Act Crimes of Violence).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re: Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15
Page 8 of 8