# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN PEARL SMITH, II,

    Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER REGARDING MOTION TO STAY FURTHER PROCEEDINGS PENDING APPEAL

Before the Court at Docket 616 is defendant John Pearl Smith, II's Motion to Stay Further Proceedings Pending Appeal. The government responded in opposition at Docket 621. Mr. Smith replied at Docket 625.

On December 10, 2019, the Court issued an order denying Mr. Smith's Motion to Dismiss Counts 1, 3, 4, 5, 6, 9, 11, 13, and 15.[1] On December 13, 2019, Mr. Smith filed an interlocutory appeal of the order with the Ninth Circuit.[2] On December 17, 2019, the Ninth Circuit issued an order setting forth the briefing schedule for the interlocutory appeal.[3] Mr. Smith seeks to have the Court stay all

---

[1] Docket 607.

[2] Docket 611.

[3] Docket 614. The government indicates that it has filed a motion to dismiss the interlocutory appeal for lack of jurisdiction and a motion for emergency consideration of the motion to dismiss in the Ninth Circuit. Docket 621 at 2.

proceedings in his case until the Ninth Circuit has resolved the interlocutory appeal.

Mr. Smith asserts that because he has "a right not to be tried," the "divestiture rule" has caused this Court to lose jurisdiction to proceed until the appeal is resolved.[4] The "right not to be tried" derives from *Abney v. United States*, where the defendants claimed that a retrial of their case after appeal violated their double jeopardy rights.[5] After the trial court denied the defendants' double-jeopardy motion to dismiss, the defendants filed an interlocutory appeal, and the government responded by challenging the appealability of the trial court's order. When the case reached the Supreme Court, the Court considered whether the trial court's denial of the defendants' motion to dismiss was so collateral to and independent of the case itself that the reviewing court could consider it before the entire case was adjudicated.[6] The Supreme Court reasoned that "the very nature of a double jeopardy claim is such that it is collateral to, and separable from the principal issue at the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged. [T]he defendant makes no challenge

---

[4] Docket 616 at 3. The "divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (citing *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980) and *United States v. Hitchmon*, 602 F.2d 689, 691–92 (5th Cir. 1979) (en banc)).

[5] 431 U.S. 651, 655 (1977).

[6] *Abney*, 431 U.S. at 658–59.

whatsoever to the merits of the charge against him . . . [r]ather he is contesting the very authority of the Government to hale him into court to face trial on the charge against him. The elements of that claim are completely independent of his guilt or innocence."[7] The Court also reasoned that the defendants' double jeopardy rights would be "significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence" because the Double Jeopardy Clause "is a guarantee against being twice put to trial for the same offense."[8]

Here, Mr. Smith contends that the Grand Jury—which returned an indictment charging Hobbs Act robbery—was not instructed on the elements of a Hobbs Act robbery and instead was instructed with "an edited definition of a Hobbs Act extortion . . . ."[9] Mr. Smith bases his claim of a right not to be tried on his contention that "the Grand Jury did not indict him for a death qualifying offense . . because they were never instructed on the definition of a Hobbes [sic] Act robbery."[10] This is a claim regarding the underlying proceedings preceding the return of the indictment, not a claim that the government cannot bring Mr. Smith to trial. For as Mr. Smith recognizes, the Grand Jury returned an indictment that adequately sets forth Hobbs Act robbery charges: "[T]he question is not whether

---

[7] *Abney*, 431 U.S. at 659 (internal citations omitted).

[8] *Abney*, 431 U.S. at 660–61 (footnote omitted).

[9] Docket 616 at 2–3.

[10] Docket 616 at 4.

the First Superseding Indictment is flawed; the issue is whether there was a flaw in the grand jury proceedings that led to the First Superseding Indictment."[11] The Court has determined that there was no meaningful flaw in the grand jury proceedings; even if there were a meaningful flaw, it would not have risen to the level of a structural error or one that might trigger the divestiture rule.[12] Accordingly, the Court finds that Mr. Smith's interlocutory appeal does not involve an *Abney*-like claim and thus does not divest the Court of its jurisdiction while the interlocutory appeal is pending before the Ninth Circuit.

In the alternative, Mr. Smith contends that even if the divestiture rule does not apply, "a stay in this case would be vital to the conservation of scarce judicial resources"[13] and that "the Court cannot finalize the jury questionnaire, decide motions in limine, finalize instructions and hear any additional pretrial legal challenges" until the interlocutory appeal is resolved.[14] The Court does not intend on commencing the trial until the Ninth Circuit has resolved the interlocutory appeal; but as the Ninth Circuit has noted, the risk of irreparable harm to the defendant "is not as vitally involved when only pre-trial hearings proceed in the

---

[11] Docket 607 at 3.

[12] *United States v. Navarro*, 608 F.3d 529, 538 (9th Cir. 2010); *see also United States v. Harmon*, 833 F.3d 1199, 1204 (9th Cir. 2016) ("In the grand jury context, the only identified structural error to date is discrimination on account of race or sex in the selection of grand jurors.").

[13] Docket 616 at 5.

[14] Docket 625 at 2.

district court rather than the trial itself."[15] Notably, Mr. Smith's Motion to Dismiss concerned nine counts of the 17-count First Superseding Indictment. Thus, even if the Ninth Circuit determines that the Motion to Dismiss should have been granted, Mr. Smith is still facing trial on eight charges, including two capital murder counts.[16] Although Mr. Smith maintains that "the question of whether Smith has actually been indicted for a capital crime remains unclear," he is facing two capital murder charges for which he has been indicted—Counts 7 and 8—regardless of the outcome of the interlocutory appeal.[17] There is nothing in the proposed jury questionnaire that is unique to the counts challenged in the Motion to Dismiss, the instructions likely will not be finalized until trial is underway, and many additional pretrial legal issues that will need to be determined at some point can and should be addressed at this time irrespective of the pending interlocutory appeal. The Court expects the parties to continue diligently preparing for trial to commence in June 2020, a trial which has already been continued several times. Additionally, as Mr. Smith has recently pointed out, "trial remains six months away."[18] It is premature to stay the pretrial proceedings at this time.

---

[15] *Id.* at 851; *see also United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009) (rejecting jurisdictional argument regarding double jeopardy claim).

[16] *See* Docket 102 (First Superseding Indictment) and Docket 168 (Notice of Intent to Seek a Sentence of Death). Counts 7 and 8 charge Mr. Smith with use of a firearm during and in relation to a drug trafficking crime that resulted in murder. Mr. Smith's Motion to Dismiss did not relate to either Count 7 or Count 8.

[17] *See* Docket 168 (Notice of Intent to Seek a Sentence of Death).

[18] Docket 624 at 2.

In light of the foregoing, IT IS ORDERED that the Motion to Stay at Docket 616 is denied without prejudice to renew in May 2020.

DATED this 6th day of January, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE