**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN PEARL SMITH, II, <br><br> Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING TRIAL PROCEDURES

Before the Court at Docket 573 is the government's Motion Relating to Trial Procedures. Defendant John Pearl Smith, II responded at Docket 597. Mr. Smith requested an evidentiary hearing.[1] The Court finds that an evidentiary hearing is not necessary, except as to the issue of the necessary level of physical restraints.

### I. Trifurcation of trial proceedings

The government asks that the trial only be bifurcated into the guilt phase and the sentencing phase instead of trifurcating the trial into a guilt phase, an eligibility phase, and a selection phase.[2] Mr. Smith asks the Court to "hold any ruling on this issue in abeyance until such time as the Government provides its information outline and until Smith determines whether a motion to trifurcate is justified."[3] The

---

[1] Docket 597 at 1.

[2] Docket 573 at 8–9.

[3] Docket 597 at 7.

Court will not rule on the issue at this time, although as a courtesy to the parties the Court notes that having reviewed the government's recently filed Informational Outline, it is inclined to trifurcate the trial and has the authority to do without a motion from one of the parties.[4]  Trifurcation appears the best way to distinguish for the jury its role in the eligibility phase (considering intent and threshold statutory aggravators) from its role in the selection phase (individualized determination based on finding and weighing of aggravating and mitigating factors).  It also helps "[e]nsure that the jury's findings as to intent and the statutory factors w[ill] not be influenced by exposure to the separate and unrelated non-statutory factors and information."[5]

## II. References to the "guilt phase" of trial

Although the Court and parties have routinely referred to the first phase of trial as the "guilt phase," the Court finds that the use of that term before the jury risks implying that the Court and parties presuppose Mr. Smith's guilt. Accordingly, when the jury is present the Court, parties, and witnesses shall refer to the first phase as the "trial phase."

---

[4] The guilt phase of trial will itself be split into the presentation of evidence on Counts 1–16, followed by the presentation of evidence on Count 17 after the jury returns its verdicts on Counts 1–16.  Docket 410 (Order bifurcating Count 17).

[5] *See, e.g.*, *United States v. Madison*, 337 F. Supp. 3d. 1186 (M.D. Fla. 2018) (finding that the prejudicial nature of victim impact and domestic violence evidence anticipated in the selection phase "carries a high, if not insurmountable, risk that will unfairly skew [the eligibility] finding.").

### III. Display of victim photographs

The parties agree that spectators should not display photographs of the victims in the courtroom while the jury trial is in session.[6] The Court orders that spectators shall not show photographs or other depictions of the victims—whether as posters, buttons, or other displays—in the courtroom or anywhere at the federal building property—beginning the first day of jury selection and continuing throughout the duration of all phases of trial.[7] Either party may object to and bring to the Court's attention any spectator behavior at trial.

### IV. Right of victims' families to be present

The government seeks to have the victim's family members be present in the courtroom throughout the trial.[8] Mr. Smith takes no position on this issue.[9] There is no evidence in the current record before the Court "that testimony by the victim[s] would be materially altered if the victim[s] heard other testimony" given at trial.[10] Accordingly, the victims' family members may be present during any portion of the trial that is open to the public, except as may be otherwise ordered.

---

[6] Docket 573 at 10; Docket 597 at 1.

[7] *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district.").

[8] Docket 573 at 9–10.

[9] Docket 597 at 1.

[10] 18 U.S.C. § 3771(a)(3).

## V. Physical restraint of Mr. Smith during trial

As noted in the Court's order regarding jury selection procedures, the Court will address the issue of the appropriate level of physical restraints at a hearing on **March 2, 2020, at 1:00 p.m.**[11]

## VI. Retaining alternate jurors after conclusion of the guilt phase

The government asserts that the Court should retain the alternate jurors after the guilt phase in case substitution is needed during the penalty phase.[12] Mr. Smith responds that this is allowed by Federal Rules of Criminal Procedure, and he does not appear to object to the retention of the alternate jurors though the penalty phase.[13] The Court will order that the alternate jurors seated for the guilt phase will be retained through the penalty phase, although they will not participate in any deliberations unless they replace a juror.

## VII. Application of the Confrontation Clause during the penalty phase

The government and Mr. Smith disagree as to the extent that the Confrontation Clause applies to capital sentencing.[14] Mr. Smith appears to desire to challenge the government's aggravating evidence piecemeal after it reviews the government's Informational Outline.[15] Accordingly, the Court declines to rule on

---

[11] Docket 620.

[12] Docket 573 at 13–14.

[13] Docket 597 at 6 (citing Fed. R. Crim. P. 24(c)(3)).

[14] Docket 573 at 14–17; Docket 597 at 6.

[15] Docket 597 at 6.

the scope of applicability of the Confrontation Clause to capital sentencing at this time.[16] Either party may file a separate motion regarding this issue prior to the sentencing phase of trial.

In light of the foregoing, IT IS ORDERED that the motion at Docket 573 is granted in part and denied in part as set forth above.

DATED this 14th day of January, 2020, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
UNITED STATES DISTRICT JUDGE

---

[16] The unsettled issue of the scope of the application of the Confrontation Clause during capital sentencing proceedings further supports trifurcation of the trial. *Compare United States v. Mills*, 446 F. Supp. 2d 1115, 1131 (C.D. Cal. 2006) ("[T]he Confrontation Clause applies to the selection phase and at least part of the eligibility phase of capital sentencing.") *with United States v. Fields*, 483 F.3d 313, 337 (5th Cir. 2007) (holding that "the Confrontation Clause is inapplicable to the presentation of testimony relevant only to the [jury's] selection decision") *and United States v. Umana*, 750 F.3d 320 (4th Cir. 2014) ("[T]he Confrontation Clause does not preclude the introduction of hearsay statements during the sentence selection phase of capital sentencing."); *see also United States v. Fell,* 531 F.3d 197, 239 (2d Cir. 2008) (trifurcated capital trials allow the district court "to delineate clearly between the applications of the Confrontation Clause in the eligibility and selection phases").