# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN PEARL SMITH, II,<br><br>        Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING AUTOMATIC DISQUALIFICATION BASED ON FELON STATUS

Before the Court at Docket 635 is Defendant John Pearl Smith, II's Motion to Prohibit the Jury Clerk from Automatically Disqualifying Jurors Who Answer "Yes" to Question 6 on the Summons. The government did not file a response.

Last week, the Court mailed 1,200 summonses to prospective jurors in this case. The mailings each included the standard Juror Qualification Questionnaire created by the Administrative Office of the United States Courts. Question 6 of the Juror Qualification Questionnaire asks prospective jurors: "Have you ever been convicted of or sentenced for a state or federal crime for which punishment could have been more than one year in prison or jail (a felony)?"[1] If a prospective juror answers "yes" to Question 6, he or she is asked in Question 7 "Was your right to

---

[1] Docket 619-2 at 2. This question is intended to address the provision in the Jury Selection and Service Act that disqualifies from jury service any person who "has a charge pending against him for the commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his civil rights have not been restored." 28 U.S.C. § 1865(b)(5).

serve on a jury restored?"[2]  The form informs prospective jurors that "[o]ne is disqualified from jury service only for criminal offenses punishable by imprisonment for more than one year, but it is the maximum penalty, and not the actual sentence, which controls."[3]

Procedurally, the Jury Clerk has been designated the primary responsibility for reviewing prospective jurors' returned Qualification Questionnaires and is authorized to disqualify prospective jurors if they answer "yes" to Question 6 and "no" to Question 7.[4]  The Jury Clerk's determination is to be based "solely on the basis of information provided on the juror qualification form and other competent evidence . . . ."[5]  In this case, the Jury Clerk's disqualification of potential jurors based on the answers to Questions 6 and 7 is scheduled to occur prior to the Court's distribution of the returned Qualification Questionnaires to the parties.[6]

Mr. Smith "asks this Court to order the Jury Clerk to keep individuals in the venire even if they have answered 'yes' to question 6 on the Juror Summons and Qualification."[7]  Mr. Smith reasons that "prospective jurors who have been

---

[2] Docket 619-2 at 2.

[3] Docket 619-2 at 2.

[4] District of Alaska Jury Plan § 3.04(a)(5) (approved Feb. 2019) (granting the Jury Clerk authority—through the Chief Judge—to determine the qualification status of prospective jurors); 28 U.S.C. § 1865(b)(5).

[5] District of Alaska Jury Plan § 6.04; 28 U.S.C. § 1865(a).

[6] Docket 620 at 2 n. 4 (Omnibus Order Regarding Jury Selection Procedures).

[7] Docket 635 at 1.

convicted of an Alaskan state offense . . . may not be aware that their civil rights have been restored."[8] This is because Alaska state law provides that a person convicted of a felony is disqualified from serving as a juror only until they have completed their sentence, including the completion of any term of probation or parole.[9] Mr. Smith maintains that because the restoration of jury-service rights occurs automatically, prospective jurors with prior felony convictions might not be aware that their rights were restored upon their completion of probation or parole, and thus might answer Question 7 ("Was your right to serve on a jury restored?") incorrectly. Mr. Smith also asserts that because "racial and ethnic minorities in Alaska . . . are overrepresented in the criminal justice system," the Jury Clerk's automatic disqualification of potential jurors who answer "yes" to Question 6 and "no" to Question 7 "would undoubtedly negatively impact the number of minority jurors who reach the pool of qualified jurors."[10]

---

[8] Docket 635 at 3.

[9] Pursuant to Alaska Statute § 33.30.241(b), (c), "[a] person who is convicted of a felony is disqualified from serving as a juror until the person's unconditional discharge. In this section unconditional discharge has the meaning given in AS 12.55.185." Alaska Statute § 12.55.185(18) defines "unconditional discharge" as "mean[ing] that a defendant is released from all disability arising under a sentence, including probation and parole."

The Court of Appeals of Alaska has interpreted this definition "in accordance with the statute's plain meaning. So interpreted, unconditional discharge requires completion of any sentence of imprisonment, discharge from parole or probation, and release from any other restriction directly imposed as part of the judgment of conviction. Restoration of collaterally affected rights or privileges is not required." *Singleton v. State*, 921 P.2d 636, 638 (Alaska Ct. App. 1996) (footnote omitted).

[10] Docket 635 at 4; Docket 635-1.

The Court has reviewed Mr. Smith's motion and exhibits and finds that the State of Alaska's automatic restoration of jury-service rights after unconditional discharge following a felony conviction may cause some prospective jurors with prior felony convictions to incorrectly answer Question 7.[11] Particularly in this capital case, and in light of the defense's unopposed motion, a prospective juror who answers "yes" to Question 6 and "no" to Question 7 will not be automatically disqualified based solely on their responses to those questions.

By a separate order, the Chief Judge of the District of Alaska has appointed the undersigned as the supervising judge for purposes of implementing all aspects of the Jury Plan in this case.[12]

In light of the foregoing, IT IS ORDERED that the motion at Docket 635 is granted as follows:

---

[11] It is also possible that the wording of Question 6 may cause some potential jurors with prior convictions to misunderstand the nature of their conviction. *See United States v. Schmidt*, 742 F. Supp. 2d 1071 (D. S.D. 2010). In *Schmidt*, a prospective juror had answered "no" to both Questions 6 and 7, implying that he did not have a prior felony conviction and that his civil rights had not been restored. He was then seated as a juror. During trial, the parties discovered that the juror had multiple state felony convictions. The court questioned the juror, who explained that he knew of his convictions but that he had been sentenced to less than one year and thus believed the correct answer to Question 6 was "no." Although that juror's civil rights had in fact been restored and he was eligible to serve as a juror, the defendant moved for a new trial on the basis that the juror had provided false answers on the questionnaire.

The district court found that the juror had not been dishonest but had made an "innocent mistake" in understanding Question 6 to ask whether he *actually* had been sentenced to more than one year in prison instead of whether his convictions *could have* resulted in a sentence of more than one year. The court noted that "jurors are not necessarily experts in English usage. Called as they are from all walks of life, many may be uncertain as to the meaning of terms which are relatively easily understood by lawyers and judges." *Schmidt*, 742 F. Supp. 2d at 1075–76 (quoting *McDonough Power Equip. v. Greenwood*, 464 U.S. 548 555 (1984)).

[12] Docket 658.

(1) The Jury Clerk shall identify and maintain a separate list of the prospective jurors who answered "yes" to Question 6, but shall not disqualify any prospective juror based solely on that response;

(2) Each party may file with the Court under seal any "competent evidence" regarding the eligibility of prospective jurors who answer "yes" to Question 6 by **February 24, 2020**;

(3) The status of each of these prospective jurors will be addressed at the **March 2, 2020** hearing; and

(4) If the Court is unable to determine the eligibility of a prospective juror from the Qualification Questionnaire and any submitted evidence, a party may ask the Court to inquire as to a specific prospective juror's restoration status by including this topic in the party's proposed voir dire due **May 14, 2020**.[13]

DATED this 28th day of January, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *Cf. Coughlin v. Tailhook Ass'n*, 112 F.3d 1052 (9th Cir. 1997) (holding that the participation of a felon-juror who is statutorily disqualified from serving "is not an automatic basis for a new trial" and that defendant must still show that the juror's participation resulted in bias or prejudice).