# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

## ORDER REGARDING MOTION TO DISMISS: ATTEMPTED HOBBS ACT ROBBERY

Before the Court at Docket 623 is Defendant John Pearl Smith, II's Motion to Dismiss Counts 3, 4, 5, 6, Because *Attempted* Hobbes [sic] Act Robbery is Not a Crime of Violence. The government responded in opposition at Docket 630. Mr. Smith replied to the opposition at Docket 637.

Count 1 of the First Superseding Indictment charges Mr. Smith with an attempted Hobbs Act robbery.[1] Counts 3, 4, 5, and 6 charge Mr. Smith with use of a firearm to commit murder during and in relation to a crime of violence.[2] The "crime of violence" underlying Counts 3, 4, 5, and 6 is the attempted Hobbs Act robbery alleged in Count 1.[3] Accordingly, if an attempted Hobbs Act robbery is not

---

[1] Docket 103 at 3 (citing 18 U.S.C. § 1951(a)).

[2] Docket 103 at 4–6 (citing 18 U.S.C. § 924(c)(1), (j)(1)).

[3] Docket 103 at 4–6.

a crime of violence, it cannot serve as the predicate crime underlying the capital murder charges in Counts 3, 4, 5, and 6. As relevant here, a "crime of violence" is defined as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[4] This definition is interchangeably referred to as the "force clause" or the "elements clause" of 18 U.S.C. § 924(c).[5]

Mr. Smith asserts that—when considered using the categorical approach—attempted Hobbs Act robbery has no element of "the use, attempted use, or threatened use of physical force against the person or property of another," and thus it cannot constitute a "crime of violence."[6] Mr. Smith maintains that the elements of attempted Hobbs Act robbery are only that "(1) he had the intent to commit robbery, and (2) he took a substantial step towards committing the robbery" and does not require actual use of force, violence, or intimidation.[7]

The government responds that "the plain language of the elements clause defining crime of violence . . . means 'an offense that is a felony and—has as an element the use, *attempted* use, or threatened use of physical force against the person or property of another . . . .'"[8]

---

[4] 18 U.S.C. § 924(c)(3)(A).

[5] *United States v. Fultz*, 923 F.3d 1192, 1194 n. 1 (9th Cir. 2019).

[6] Docket 623 at 2–3.

[7] Docket 623 at 2 (citing *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995)).

[8] Docket 630 at 5 (quoting 18 U.S.C. § 924(c)(3)(A)) (emphasis in government's response).

Although the Ninth Circuit has not yet opined on whether an attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s force clause, other circuits and other district courts within the Ninth Circuit have held that attempted Hobbs Act robbery does constitute a crime of violence.[9] Those courts have looked to the plain language of § 924(c) and found that "[f]rom a plain reading of the elements of attempted Hobbs Act robbery, it is clear that such offense 'has as an element, the use, attempted use, or threatened use of force,' and therefore, by its elements, attempted Hobbs Act robbery meets the definition of a crime of violence."[10] As stated by the Eleventh Circuit, "the definition of a crime of violence in § 924(c)(3)(A) equates the use of force with attempted force, and the text of § 924(c)(3)(A) makes clear that actual force need not be used for a crime to qualify" as a crime of violence.[11]

---

[9] *See United States v. Ai Le*, 2019 WL 3772821 at * 5 (E.D. Cal. Aug. 9, 2019) ("Attempted Hobbs Act robbery is also widely recognized as a crime of violence under the force clause."); *United States v. Reid*, 2019 WL 2599975 at *5 (E.D. Cal. June 25, 2019), report and rec. adopted, No. 2:99-CR-0358 GEB AC, 2019 WL 3254087 (E.D. Cal. July 19, 2019) ("Numerous courts have concluded from this statutory language that the attempted commission of any offense that would constitute a crime of violence under § 924(c) also itself constitutes a crime of violence."; *United States v. Johnson*, 2018 WL 3518448 at *4 (D. Nev. July 19, 2018) ("All other courts that have decided this issue agree that if completed Hobbs Act robbery is a crime of violence, then so is attempted Hobbs Act robbery.").

Although the Ninth Circuit has not addressed whether an attempted Hobbs Act robbery is a crime of violence, it has held that other attempt crimes qualify as crimes of violence. *See United States v. Studhorse*, 883 F.3d 1198 (9th Cir. 2019) (state attempted murder); *United States v. Fitzgerald*, 935 F.3d 814 (9th Cir. 2019) (state attempted battery); *cf. United States v. Begay*, 934 F.3d 1033 (9th Cir. 2019) (holding that federal second degree murder is not a crime of violence).

[10] *United States v. Haas*, 2019 WL 4859006 at *3 (D. Nev. Oct. 1, 2019).

[11] *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018), *cert. denied* 139 S. Ct. 1394 (2019) (partially overruled on other grounds); *see also Hill v. United States*, 877 F.3d 717 (7th

The Court agrees with those district courts and circuit courts that the Hobbs Act is a divisible statute, meaning that the Court considers only the portion of the Hobbs Act that sets forth the elements of robbery when applying the categorical approach.[12] Applying the modified categorical approach, the Court also agrees with those other courts that attempted Hobbs Act robbery qualifies as a crime of violence because this offense has as an element the use, *attempted use*, or threatened use of force. "Presumably, if Congress did not intend for attempt offenses to be classified as crimes of violence, it would not have included such language in the statute."[13] Moreover, "even if the completed substantial step falls short of actual or threatened force, the robber has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed."[14]

Mr. Smith also contends that "[t]he question of whether an attempt qualifies as a crime of violence is similar to the question of whether a conspiracy qualifies

---

Cir. 2017); *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016) (as amended June 26, 2017).

[12] *See, e.g.*, *United States v. St. Hubert*, 909 F.3d 335, 348 (11th Cir. 2018), *cert. denied* 139 S. Ct. 1394 (2019) (partially overruled on other grounds) (finding Hobbs Act to be a divisible statute); *United States v. Johnson*, 2018 WL 3518448 at *3 (D. Nev. July 19, 2018) (same).

[13] *United States v. Hass*, 2019 WL 4859066 at * 3 (slip copy) (D. Nev. Oct. 1, 2019).

[14] *United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), *cert. denied* 139 S. Ct. 1394 (2019) (partially overruled on other grounds). *But see United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019) (Pryor, J., dissenting from denial of rehearing en banc) ("[T]he panel's transformation of an attempted offense into an attempt to commit each element of the offense does not align with the actual elements of an attempt offense. So it is incorrect to say that a person necessarily attempts to use physical force within the meaning of § 924(c)'s elements clause just because he attempts a crime that, if completed, would be violent.") (internal citation omitted).

as a crime of violence."[15]  Comparing the plain language of § 924(c), however, demonstrates that attempt and conspiracy are treated differently under that section of the statue:

> Attempted Hobbs Act robbery would in fact qualify as a crime of violence because the force clause explicitly encompasses *attempted* use of physical force; by contrast, conspiracy is not specifically covered by Section 924(c)'s force clause—the force clause only covers use, attempted use, or threatened use of physical force. That omission of conspiracy is significant. Consequently, it appears that Congress intended for crimes such as conspiracy to commit Hobbs Act robbery—which involve a substantial *risk* that physical force would be used in the course of committing the offense—to be covered by the residual clause, not the force clause.[16]

However, the Supreme Court has held that the residual clause is unconstitutional due to vagueness.[17]

Finally, Mr. Smith points to *United States v. Dominguez*, a case pending before the Ninth Circuit Court of Appeals in which a Ninth Circuit panel is considering whether an attempted Hobbs Act robbery constitutes a crime of violence.[18]  The Court has reviewed the *Dominguez* briefing filed in the Ninth Circuit and listened to the oral argument held on December 10, 2019.  At oral argument, Judge Nguyen acknowledged that the most difficult issue in the case is

---

[15] Docket 637 at 2.

[16] *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1050–51 (N.D. Cal. 2016) (emphases in original).

[17] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[18] Docket 623 at 2; *see also United States v. Dominguez*, Ninth Circuit Case No. 14-10268 (argued and submitted Dec. 10, 2019).

whether an attempted Hobbs Act robbery constitutes a crime of violence.[19] Like Mr. Smith, the defendant in *Dominguez* argued that all that is needed to prove an attempt crime is an "attempt to commit a target crime and a substantial step to commit it" and thus it does not require "an element of threatened, attempted, or actual use of force."[20] However, due to the current caselaw that has analyzed this issue and the current lack of binding precedent from the Ninth Circuit, the Court is not persuaded by the defendant's arguments in *Dominguez*.

In light of the foregoing, IT IS ORDERED that the motion to dismiss at Docket 623 is DENIED without prejudice to renew after the Ninth Circuit issues its mandate in *United States v. Dominguez*.

DATED this 6th day of February, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] Audio recording of Dec. 20, 2019 oral argument, *United States v. Monico Dominguez* (Case No. 14-10268) (available at www.ca9.uscourts.gov/media/view.php?pk_id=0000034855).

[20] Audio recording of Dec. 20, 2019 oral argument.