BRYAN SCHRODER
United States Attorney
FRANK V. RUSSO
WILLIAM A. TAYLOR
KAREN E. VANDERGAW
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
Email: william.taylor@usdoj.gov
Email: karen.vandergaw@usodj.gov

JAMES D. PETERSON
Trial Attorney, Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Email: james.d.peterson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-00086-SLG-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN PEARL SMITH, II, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
OR ARGUMENT CONCERNING CIVIL LAWSUITS DISCUSSING
THE CRIMES CHARGED**

NOW COMES the United States of America, by Bryan Schroder, United States Attorney for the District of Alaska, and Frank V. Russo, William A. Taylor, and Karen E. Vandergaw, Assistant United States Attorneys, and Department of Justice Trial Attorney James D. Peterson, and pursuant to the Court's Third Amended Scheduling Order (Docket 647) respectfully moves the Court *in limine* to preclude the defendant from introducing any evidence or argument suggestive of contributory negligence in civil lawsuits that have been, or may be, filed relating to the facts and circumstances surrounding the crimes charged.

At some point after the defendant was charged, the government became aware that Richard Beck and the Estate of Crystal Denardi filed a civil lawsuit against the Estate of Ben Gross claiming Gross was negligent in not informing them that he was allegedly aware that he was in danger of an imminent attack. All of the facts concerning the murder, and those involved, will necessarily be admitted into evidence at the trial. The civil lawsuit, and circumstances surrounding the lawsuit as it relates to any suggestion of contributory negligence is irrelevant to the criminal proceedings and should be excluded at any phase of trial.

## I.    PROCEDURAL BACKGROUND

On or about March 22, 2017, a federal grand jury returned the First Superseding Indictment charging Smith with capital eligible offenses. Doc. 102. On or about June 19, 2018, the government provided notice of an intent to seek the death penalty. Doc. 168. On January 14, 2020, the Court issue its Third Amended Scheduling order requiring

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS          Page 2 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 2 of 8

the parties to file any motions *in limine* for both the guilt and penalty phases regarding all evidence disclosed to date. ECF No. 647.

On June 4, 2018, Richard Beck filed a lawsuit against the Estate of Ben Gross claiming negligence. *See* Exhibit A. On June 5, 2018, Richard Beck and the Estate of Crystal Denardi filed an amended complaint against the Estate of Ben Gross claiming negligence. *See* Exhibit B. The lawsuit identifies Smith as the murderer of Mr. Gross and Ms. Denardi, and as the individual who shot Mr. Beck. See Exhibit B. The lawsuit seeks $100,000 from the Estate of Mr. Gross based upon a claim of negligence in that, it is alleged, Mr. Gross did not notify Mr. Beck or Ms. Denardi that "he was in imminent fear of being attacked" by Smith. *See* Exhibit B. The remaining claims relate to the allegation of negligent failure to notify.

## II.    LEGAL ARGUMENT

The mere fact of the filing of a lawsuit by the victims of a crime committed by the defendant against another victim of the defendant is not relevant or probative of any issues to be litigated in the criminal trial, at the guilt phase or at sentencing. First, as it relates to the guilt or trial phase, contributory negligence is not a defense to murder. Second, as it relates to any potential penalty phase, a claim of contributory negligence does not relate to the defendant's background, record, or character, or the circumstances of the offense and as such is not admissible.

Several courts have considered the admissibility of claims of negligence in the context of Federal Death Penalty Act (FDPA) cases and have ruled that information inadmissible. In *United States v. Williams*, Cr. No. 06-00079 JMS/KSC, 2014 U.S. Dist.

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS            Page 3 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 3 of 8

LEXIS 73589 (D. Haw., May 30, 2014), the Court considered the government's motion *in limine* to preclude the defendant from presenting as mitigating factors the alleged culpability of a non-party, the U.S. Army, in failing to take action to protect the victim despite alleged notice of her abuse as outlined in a civil lawsuit. *Id*., at *11. In precluding the information from the civil lawsuit, the Court held:

> In sum, the court finds that any alleged negligence by the U.S. Army in failing to take action as to Talia Williams' abuse does not constitute a mitigating factor in considering Defendant's sentence. Stated differently, Defendant has not met the low threshold of relevance satisfied by evidence which tends logically to prove or disprove some fact or circumstance which a factfinder could reasonably deem to have mitigating value. Instead, the U.S. Army's alleged negligence in not properly assessing, evaluating, or investigating abuse of Talia Williams has no bearing on Defendant's background, record, or character, or any other circumstance of the offense.

*Id*. The Court also precluded the defendant from raising issues in the civil lawsuit in other aspects of the trial. The Court precluded the use of the information or evidence holding "Statements or allegations that Tarshia Williams made in pleadings in her civil action are not 'judicial admissions' for present purposes in this criminal action." Id., at *17.

In *United States v. Cramer*, Case No. 1:16-CR-26 (E.D. TX), the District Court considered the government's motion *in limine* to preclude evidence of a civil lawsuit filed by the victim's estate against the federal government for negligence. The government contended that statements and pleadings in the civil case brought by estate were "irrelevant, immaterial, and would confuse the jury." *Cramer*, Case No. 1:16-CR-26 (E.D. TX, Feb. 1, 2018) ECF No. 347, attached as Exhibit C. The Court agreed, holding:

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS          Page 4 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 4 of 8

> The court agrees that any reference to the civil lawsuit, as well as any pleadings and motions submitted in that case, are irrelevant and immaterial and would confuse the jury. See FED. R. EVID. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); *id*. 402 ("Irrelevant evidence is not admissible."). The allegations in the civil and criminal cases are vastly different. The civil case alleged that the negligence of BOP officials caused Johns's death, while the instant criminal prosecution alleges that Defendants murdered, and conspired to murder, Johns with premeditation and malice aforethought.

*Id*., at 7.

The evidence that the victims Mr. Beck and Ms. Denardi sued victim Mr. Gross because he allegedly failed to warn them of his fear of defendant Smith, and Smith's allegedly imminent and deadly attack is not relevant to the issues in the criminal case. Courts considering the issue have also rejected the admissibility of contributory negligence claims in homicide cases. In *United States v. Two Shields*, 613 F.Supp.2d 1160, 1172 (N.D. 2009) the District Court rejected the defendant's claim that his lawyer was ineffective for not raising a contributory negligence claim in his murder case. In that case, the defendant severely beat his victim. The victim then appeared at his sister's house and was subsequently transported to a hospital. Despite the hospital's efforts, the victim died twelve hours after he was admitted. During treatment, the victim suffered complications and the hospital discovered that there was blood in the tracheostomy tube they had inserted to treat the victim. The defendant claimed that his lawyer was deficient for failing to establish that the hospital caused the victim's death. In rejecting that claim, the District Court held:

> In the absence of a statute expressly dealing with the effect of the medical treatment of an alleged homicide victim's wound, an accused who has inflicted

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS  Page 5 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 5 of 8

upon the victim an injury calculated to destroy or endanger life cannot exonerate himself . . . and . . . avoid the natural consequences flowing from the injury by showing that the victim's life might have been saved by more skillful medical treatment. 40 Am. Jur. 2d Homicide § 18; *see United States v. Guillette*, 547 F.2d 743, 749 (2d Cir. 1976) (holding that when intervening events such as negligent medical treatment "are foreseeable and naturally result from a perpetrator's criminal conduct, the law considers the chain of legal causation unbroken and holds the perpetrator criminally responsible for the resulting harm"). "The negligent treatment or neglect of an injury will not excuse a wrongdoer unless the treatment or neglect was the sole cause of death." 40 Am. Jur. 2d Homicide § 18; *see Garcia v. Mathes*, 474 F.3d 1014, 1017- 18 (8th Cir. 2007) (applying Iowa law and holding that "for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the sole proximate cause of death") (emphasis in original) (quotation omitted).

*Id.*, at 1172.

Moreover, any such evidence is also unduly prejudicial. Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403 precludes admission of evidence if its probative value is substantially outweighed by the considerations recited in the rule. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see also United States v. Franco*, No. CR 08-0730 WHA, 2011 U.S. Dist. LEXIS 146997 (N.D. CA, Dec. 21, 2011) (defense motion *in limine* to preclude mention of civil lawsuit granted); *but see United States v. Yang*, Case No. 16-CR-00334-LHK, 2019 U.S. Dist. LEXIS 185537 (N.D. CA, Oct. 25, 2019) (motion *in limine* to preclude mention of civil lawsuit denied because may be relevant to bias of witness against defendant).[1]

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS  Page 6 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 6 of 8

Here, Rule 403 strongly weighs against allowing evidence of the allegations of, or remedies sought by, any civil lawsuit from being introduced at trial. Any such civil suit would seek different relief, assert causes of action predicated upon different legal theories than those at issue in the criminal case, involve different evidentiary burdens, and provide for defenses that are not be available to Smith in a criminal case. Permitting evidence regarding a civil suit would create a risk of prejudice. Jurors may (incorrectly) conclude that Mr. Gross was negligent and that somehow that lessens or mitigates Smith's guilt or culpability. Similarly, such evidence is likely to confuse and mislead the jury.

WHEREFORE, the United States respectfully moves the Court, for an order precluding Smith from introducing evidence or argument concerning the civil suit filed by Richard Beck and the Estate of Crystal Denardi as it relates to any claim, or suggestion, of negligence at trial or sentencing.

Respectfully Submitted,

BRYAN SCHRODER
UNITED STATES ATTORNEY

*/s/ James D. Peterson*
JAMES D. PETERSON
Trial Attorney
United States Department of Justice

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS    Page 7 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 7 of 8

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2020,
A copy of the foregoing was served via the
CM/ECF system on:

Mark Larrañaga
Steven M. Wells
Suzanne Lee Elliott

*/s/ James D. Peterson*
JAMES D. PETERSSON
Trial Attorney
United States Department of Justice

*US v. John Pearl Smith II*
3:16-cr-00086-SLG-DMS          Page 8 of 8
Case 3:16-cr-00086-SLG   Document 709   Filed 02/25/20   Page 8 of 8