Curtis Martin
Attorney at Law
263 S. Alaska St.
Palmer, AK 99645
Phone: (907) 746-9800
Fax: (907) 746-9802
Email: curt@curtmartinlaw.com

Filed in the Trial Courts
State of Alaska Third Judicial District
At Palmer

JUN 04 2018

By_____ Clerk of the Trial Courts
_____AM_____ Deputy

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT PALMER

RICHARD LANE BECK,

                    Plaintiff,

v.

THE ESTATE OF BEN GABRIEL
GROSS,

                    Defendant.

Case No.: 3PA-18- 1757 CI

## COMPLAINT

COMES NOW Plaintiff Richard Lane Beck through his attorney, The Law Offices of

Curtis W. Martin, and hereby complains and alleges as follows:

<u>JURISDICTION AND VENUE</u>

1.    At all times relevant herein, the Plaintiff was a resident of the Third Judicial

District, State of Alaska.

2.    Upon information and belief, at all times relevant herein, the Defendant

was a resident of the Third Judicial District, State of Alaska.

3.    The act giving rise to this cause of action occurred in the Third Judicial District of

Alaska.

4.    The Court has subject matter jurisdiction over this action.

Curtis Martin
Attorney at Law
263 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

BECK v. ESTATE OF BEN GROSS
Complaint
3PA-18-_____CI

Page 1

Case 3:16-cr-00086-SLG   Document 709-1   Filed 02/25/20   Page 1 of 4

5. The Court has personal jurisdiction over the parties to this action.

6. Venue is proper in this Court.

## ALLEGATIONS

7. On or about June 5, 2016 Ben Gross, Crystal Denardi and Richard Beck were shot by John Pear Smith II at Ben Gross' home. Gross and Denardi were fatally shot by Smith, Beck was shot twice at close range and survived.

8. Prior to the shooting, Gross confided in other associates that he was in imminent fear of being attacked and asked that he be provided with a pistol. The confidants left Gross's home in search of a weapon to provide to Gross. At no time did Gross tell Denardi or Beck that he, Gross, was in imminent fear of attack.

9. On the date of June 5, 2016 Smith entered onto the property of Gross specifically the shop building, where Gross, Denardi and Beck were at, by kicking in the door and shooting two (2) rounds of a .22 caliber revolver into the ceiling of the shop.

10. Smith, as he entered and shot two rounds yelled, "hands up, don't move, and no one gets hurt". At that point Gross, Denardi and Beck were 20 plus feet away from the front door where Smith had entered the building.

11. At Smith's entrance, Gross, who had a beer in his hand, instantly charged Smith while throwing the beer at Smith. Smith shot Gross repeatedly and killed Gross before Gross could get to Smith.

12. Smith then shot Denardi in the head killing her instantly.

irtin
at Law
aska St
K

-9800
-9802

13.     Smith then turned the gun on Beck and shot him in the chest knocking Beck down, when Beck attempted to get up, and while on all fours, Smith shot Beck in the back of the head.

14.     Beck was able to flee the building and survived.

15.     Gross failed to notify Denardi and Beck of the imminent attack. Gross aggravated the situation and made a bad situation worse by attacking Smith and inciting Smith to shoot and kill Gross. Smith was left with two witnesses of Gross's murder (Beck and Denardi), because Gross exacerbated the situation, Smith had to get rid of the two witnesses. Gross' actions and inactions caused Beck to be shot twice and Denardi to be shot and killed, by charging Smith and throwing a beer can at Smith.

## FIRST CAUSE OF ACTION
### Count I-Negligence

16.     Paragraphs 1 through 15 are incorporated herein by reference.

17.     The Defendant's conduct amounted to negligence.

18.     The Defendant's negligence caused serious bodily injury to the Plaintiff.

19.     Defendant is liable to Plaintiff for his negligence.

20.     Plaintiff is not guilty of any comparative fault or contributory negligence.

## SECOND CAUSE OF ACTION
### Count II- Intentional Infliction of Emotional Distress

21.     Paragraphs 1 through 20 are incorporated herein by reference.

22.     The Defendant's conduct amounted to negligence.

23.     The Defendant's intentional conduct caused emotional distress and injury to Plaintiff.

24.     Defendant is liable to Plaintiff for his intentional acts.

## THIRD CAUSE OF ACTION
### Count III -Negligent Infliction of Emotional Distress

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     The Defendant's conduct amounted to negligence.

27.     The Defendant's negligent conduct caused emotional distress and injury to the Plaintiff.

28.     Defendant is liable to Plaintiff for his negligence.

29.     That the Defendant is liable to Plaintiff for past and or future: medical expense, wage loss, diminished earning capacity, pain, suffering, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, the exact amount to be set by the trier-of-fact.

## PRAYER FOR RELIEF

WHEREFORE, having fully pled Plaintiff's complaint, Plaintiff requests a judgment against Defendant for an amount in excess of $100,000.00 to be established by the trier-of-fact, plus prejudgment interest, post judgment interest, costs and Rule 82 attorney's fees as provided by law, and such other relief as the court deems just.

DATED this _4_ day of June, 2018.

_____
Curtis Martin, Esq. ABA # 0311060
Attorney for Plaintiff, Richard Beck

s Martin
ney at Law
. Alaska St
er, AK
5
746-9800
746-9802

BECK v. ESTATE OF BEN GROSS
Complaint
3PA-18-_____CI

Page 4