THE HONORABLE SHARON GLEASON

Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
Phone (206) 623-0291
Fax (206) 623-2186
Email: suzanne-elliott@msn.com

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PEARL SMITH, II,<br><br>Defendant. | No. 3:16-cr-0086-SLG-DMS<br><br>EXPEDITED MOTION TO VACATE THE REMAINDER OF THE DATES SET FORTH AT DKT.420, INCLUDING THE TRIAL DATE AND RESET THIS MATTER FOR A STATUS CONFERENCE ON JULY 1, 2020<br><br>**ORAL ARGUMENT REQUESTED** |

## I. MOTION

In light of a deadly pandemic the world has not seen in more than 100 years – a pandemic that has tanked the financial markets, killed 3,500 people in Italy, closed schools and gyms, restaurants and bars statewide in Washington, California and other states, sent Navy medical ships towards areas where hospitals are in danger of being overwhelmed, prompted the construction of hospital tents on Seattle area soccer fields, closed our normally friendly border with Canada, prompted Congress to pass an enormous bi-partisan relief package and prohibited gatherings of more than 10 people – the United States government has gone to historic lengths to ensure the safest possible outcome for a country that has seen grocery stores cleaned out of food, toilet paper and sanitary wipes and soap. Governments have ordered some communities to shelter in place and have condemned young people for gathering in crowds. Public service announcements have urged "social distancing," and people now walk in their neighborhoods at a safe distance from each other, when they walk in their neighborhoods at all. All of these precautions have been

MOTION TO VACATE - 1

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 1 of 17

1  taken because the Covid-19 virus has proven itself far more contagious and virulent than
2  the seasonal flu that itself kills thousands of people a year.
3  　　　　In this motion the defense presents the legal, and perhaps more important moral,
4  reasons why a continuance of this case should be granted. The defense points out that that
5  balance here is between preserving this court's docket as opposed to Mr. Smith's right to a
6  fair trial and the health and safety of hundreds of other people.  As detailed below, this
7  motion establishes that the defense team's duty to be effective under the Sixth Amendment
8  in the next crucial eight weeks in the runup to trial would also force the team to put itself,
9  its clients, and the community in danger of a contamination that our government has urged
10 us to take drastic steps to avoid. While the legal requirements of capital case preparation
11 call for face-to-face visits, significant client contact, and investigations into a population so
12 gripped in panic that the airline industry has shut down, the moral obligation of forcing the
13 team to risk passing along the virus to those subjected to such visits and contacts is even
14 more compelling than their legal duty. This Court should grant the motion and set a status
15 date two months hence, so that all parties might have a better sense of the course of this
16 lethal virus.
17 　　　　In short, , John Pearl Smith, by and through his counsel, Suzanne Lee Elliott, Steve
18 Wells and Mark Larranaga, asks this Court to vacate the remainder of the dates in Dkt.
19 420, the amended scheduling order, and set the matter on for a status conference on July 1,
20 2020.  This motion is made under the Sixth and Fourteenth Amendments and in the
21 interests of the health and safety of the defense team, the citizens of Alaska and in the
22 many states where defense witnesses are living, and vulnerable federal and state inmates.
23 　　　　Despite all of the above, the Government has chosen to object.

MOTION TO VACATE - 2

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 2 of 17

## II. FACTS

On March 11, 2020, the World Health Organization declared a world pandemic due to the spread of the novel coronavirus, COVID-19. WHO Director-General's Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening- remarks-at-the-media-briefing-on-covid-19 11-march-2020. At the time the pandemic was declared, there were 118,000 cases in 114 countries. Id. 4,291 people had died. By March 17, 2020, that number increased to 179,111 confirmed cases in 158 countries. Coronavirus disease 2019 (COVID-19) Situation Report – 57 (March 17, 2020), https://www.who.int/docs/default- source/coronaviruse/situation-reports/20200317-sitrep-57-covid- 19.pdf?sfvrsn=a26922f2_4 (last checked March 18, 2020). 7, 426 people had died. The numbers change by the hour, and every single expert who has spoken publicly has stated that the situation will become more dire in the coming months.

The Centers for Disease Control (CDC) reports 4,226 confirmed cases in 53 US jurisdictions with 75 deaths as of March 17, 2020. CDC, Coronavirus Disease 2019 COVID-19 (March 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in- us.html (last checked March 18, 2020). The number is quickly rising. President Trump declared a National State of Emergency on March 13, 2020. Brooke Singman, Trump Declares National Emergency Over Coronavirus, Enlists Private Sector (March 13, 2020), https://www.foxnews.com/politics/trump-declares-national-emergency-coronavirus (last checked March 18, 2020).

The United States Judiciary predicts a three-month disruption of our nation's courts due to the virus. Jacqueline Thomsen, Predicting 3- Month Interruption Over COVID-29, Judiciary Requests $7 Million in Emergency Funds (March 17, 2020, 2:50 PM), https://www.law.com/nationallawjournal/2020/03/17/predicting-3-month-interruption-

MOTION TO VACATE - 3

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 3 of 17

over-covid-19-judiciary-requests-7-million-in- emergency-funds/?kw=Predicting (last checked March 18, 2020).

Courts around the country and within the State of Alaska have implemented procedures designed to limit in-person contact and encourage remote working. See generally, Coronavirus and Court Leadership, https://www.tncourts.gov/Coronavirus (last checked March 18, 2020) (collecting orders and resources). The Seattle area has been the epicenter of the United States outbreak, and for that reason, at least one federal court has specifically barred those from Seattle from entering.

> In addition, the Court has weighed the right of the public to open access to the court against the need to protect the safety of the public, including the health of all those entering and working in the court. Therefore, persons who have traveled to any of the following countries or cities within the previous 14 days SHALL NOT COME TO COURT: ***China, Iran, Italy, Japan, South Korea or the Seattle / Tacoma area***.

Exhibit 1. However, other areas of the country (such as the Bay Area and New Rochelle, New York) are now suffering from similar numbers of infected people as Seattle.

Given the number of members of the defense team from Seattle, it is relevant to note that the Western District of Washington has stricken all jury trials up to June 1, 2020. Exhibit 2. The United States Supreme Court has extended deadlines. Exhibit 3. Because there was no uniformity of practice in Washington, the Washington State Supreme Court entered a sweeping state-wide order yesterday. Exhibit 4. These decisions are in line with decisions by courts across the country where judges are making thoughtful decisions about limiting trials and general access to the court system.

The CDC guidelines call for social distancing and limiting domestic travel to avoid spread of the virus. CDC, Implementation of Mitigation Strategies for Communities with Local COVID-19 Transmission, https://www.cdc.gov/coronavirus/2019-ncov/downloads/community-mitigation-strategy.pdf (last checked March 18, 2020).

MOTION TO VACATE - 4

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 4 of 17

Everyone, even those without the virus, have a role to play in flattening the curve. Maria Goody, Flattening a Pandemic's Curve: Why Staying Home Can Save Lives (March 13, 2020, 7:21 PM), https://www.npr.org/sections/health-shots/2020/03/13/815502262/flattening-a-pandemics-curve-why-staying- home-now-can-save-lives (last checked March 18, 2020).

Dr. Anthony Fauci, director of the National institute of Allergy and Infectious Diseases, advises that Americans "should be prepared to hunker down significantly more than we as a country are doing." Allan Smith, Fauci: Americans are "Going to Have to Hunker Down Significantly More" to Fight the Coronavirus (March 15, 2020) https://www.nbcnews.com/politics/meet-the-press/fauci-americans-are-going-have-hunker-down-significantly-more-fight-n1159381 (last checked March 18, 2020).

As the White House announced on March 16, 2020, the WHO and CDC agree that the number of COVID-19 cases is far greater than currently reported because of testing and reporting delays, strict criteria for testing, and other considerations. Every report of infection numbers lags by several days. Moreover, Surgeon General Jerome Adams confirmed on March 16, 2020 that the United States has the same number of cases that Italy had 2 weeks ago. Italy currently has the second most cases in the world (after China), and its entire population is now in quarantine.

On March 19, 2020, the California ordered all of its residents to "stay at home" until further notice. https://www.forbes.com/sites/rachelsandler/2020/03/19/california-announces-statewide-stay-at-home-order/#17a256193d3b. *All* members of Mr. Smith's mitigation team (and at least two experts) reside in California. It is still possible that the State of Washington will issue a similar order.

MOTION TO VACATE - 5

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 5 of 17

At least one other federal district court has continued a capital trial with the agreement of the DOJ. This order is significant, as it is the only federal capital case scheduled to go to trial before this case, and it had been scheduled to begin one month from the date of this filing. In that case, Judge Broderick continued the trial indefinitely, even though jury questionnaires had been completed. As noted above, the Government agreed to continue that matter.[1] We ask that that this court set an expedited hearing on this motion and enter a swift decisions so that, should this Court deny this motion, the defense can immediately seek further review.

## II. ARGUMENT

### A. LEGAL STANDARDS

It goes without saying that counsel cannot locate any case addressing a motion to continue an upcoming capital trial because a global pandemic will deny the capital defendant a fair trial and expose hundreds of other people to a deadly virus. The lack of precedent itself speaks to the urgency of the instant request.

Under ordinary circumstances Courts in this Circuit must consider the four-factor inquiry set out in *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985) when evaluating a requested continuance. See *United States v. Kloehn*, 620 F.3d 1122, 1125 (9th Cir. 2010) (district court abused its discretion in refusing to grant a continuance even though it was requested in the middle of trial). First, the court considers the extent of the defendant's diligence in his efforts to ready his defense prior to the date set for hearing. Second, the court considers how likely the needs can be met if the continuance is granted.

---

[1] *United States v. Saipov* #17-cr-00722: Docket Text: ENDORSED LETTER as to Sayfullo Habibullaevic Saipov addressed to Judge Vernon S. Broderick from David Patton, Esq. dated March 13, 2020 re: We write seeking a continuance of the trial date, and the government does not oppose our request. ENDORSEMENT: The April 20, 2020, trial date is vacated, and adjourned sine die. The parties are directed to provide the Court with a joint letter providing an update on or before April 2, 2020, including proposed trial dates. The current

MOTION TO VACATE - 6

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 6 of 17

Third, the court considers the extent to which granting the continuance would inconvenience the court and the opposing party, including its witnesses. Finally, the court must consider the extent of harm the defendant might suffer because of the district court's denial. This is a highly fact-intensive inquiry and the weight accorded to each factor may vary from case to case. *United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). The Court must also weigh whether the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.18 U.S.C.A. § 3161 (West)

All of these factors – and some unique to the pandemic - compel vacating the scheduling order and adjourning further proceedings until July 1, 2020.

B.  THE DEFENSE CAN NO LONGER HAVE VISITS WITH MR. SMITH TO PREPARE FOR TRIAL.

This factor alone is a basis to vacate the Amended Scheduling Order in this case. ABA Guideline 10.5(c), a benchmark for Sixth Amendment performance standards, states:

> Counsel at all stages of the case should engage in a continuing interactive dialogue with the client concerning all matters that might reasonably be expected to have a material impact on the case, such as:
> 1. the progress of and prospects for the factual investigation, and what assistance the client might provide to it;
> 2. current or potential legal issues;
> 3. the development of a defense theory;
> 4. presentation of the defense case;
> 5 potential agreed-upon dispositions of the case;
> 6. litigation deadlines and the projected schedule of case-related events; and
> 7. relevant aspects of the client's relationship with correctional, parole or other governmental agents (e.g., prison medical providers or state psychiatrists).

deadline for pre-trial submissions and the March 31, 2020 final pre-trial conference are adjourned sine die. APPLICATION GRANTED. SO ORDERED: (Signed by Judge Vernon S. Broderick on 3/18/2020)(bw)

MOTION TO VACATE - 7

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 7 of 17

Legal visits at the FDC have been suspended for 30 days by order of the Federal Bureau of Prisons.[2] According to news reports from New Rochelle, NY, a single lawyer infected more than 100 people, becoming the modern equivalent of "Typhoid Mary."[3] The defense attorneys and the experts are extraordinarily dangerous to our clients. *We* are COVID-19 transmission vectors: *we* expose our incarcerated clients to the virus. The risk of an outbreak in a prison facility is set forth in Ex. 5 the declarations of Dr. Jamie Meyer, Yale University, Jonathan Louis Golob, Univ. of Michigan, and Professor Chris Beyer, Epidemilogist, John Hopkins Univ, filed March 19, 2020 in FLSD.[4] The defense team believes that, until testing is widely available, it is irresponsible and unethical of us to bring the virus into a prison where "social distancing" is impossible and medical care, if available, is substandard. Of course, it also goes without saying that the defense team[5] is also exposed to the virus: entering a prison full of guards and inmates or doing the necessary community investigations is dangerous to those conducted by and subjected to those meetings.

---

[2] Inmate transfers between institutions has been forbidden by the BOP. Even so, moving Mr. Smith would not cure this problem. Virtually every other prison or jail nationwide, including the Anchorage DOC, have banned or restricted visitation, both social and legal.

[3] Mary Mallon (September 23, 1869 – November 11, 1938), also known as Typhoid Mary, was an Irish cook believed to have infected 51 people, three of whom died, with typhoid fever, and the first person in the United States identified as an asymptomatic carrier of the disease.[1] Because she persisted in working as a cook, by which she exposed others to the disease, she was twice forcibly isolated by authorities, and died after a total of nearly three decades in isolation

[4] If the Court wishes to hear from an expert rather than relying on the declarations the defense will make efforts to find a qualified expert and make that person available.

[5] Several defense experts and Ms. Elliott are – because of their age alone – are in the CDC's definition of the "vulnerable" population. Unless this Court vacates the trial date, in the next 8 weeks in the run up to trial, Ms. Elliott and the experts will be forced to defy the advice /order - of every single medical expert in the world – to abandon social distancing and any self-isolation and proceed to the jail to meet with Mr. Smith. While, as noted above, we are the biggest risk to the health of inmates at the FDC, it is not fair to require defense counsel to risk exposure *from* inmates and staff at the FDC or the Anchorage Correctional Complex. ***Only the defense team is being asked to risk exposure in order to prepare for trial.*** .

MOTION TO VACATE - 8

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 8 of 17

Given the risks that visits pose to the health of the institution, it is unclear whether the institution will allow any visits with Mr. Smith between now and April 13, 2020. As of today, it appears virtually certain that the ban on visitation will be extended. This leaves Mr. Smith and the defense team with the inadequate alternative of phone contact. Mr. Smith is permitted to use the attorney-client phone in his unit, but he must share that phone with more than 100 other inmates. When he has access to the phone, counsel accepts his calls and speak with him. But, because many other inmates need the phone too, those calls are not lengthy. Even if there were lengthy calls or video chats permitted, the trial preparation required now cannot be completed "remotely." The protective orders in place prohibit us from sending discovery, sealed pleadings and jury materials to Mr. Smith by mail. As a result, Mr. Smith would not have any documents in front of him to review with counsel. Even if he did, however, such an alternative would be ineffective. A direct face-to-face conversation ensures that proper attention is being paid to the subject matter and builds confidence in the outcome. No experienced capital lawyer would agree to conduct important business with a client over the telephone.

During the time from now to April 13th, the Amended Scheduling Order provides that the completed juror questionnaires will be provided to counsel, counsel will review them and, one week later, defense counsel must provide this court with a list of "for cause" strikes. Based upon the length of the questionnaire and the number of prospective jurors, that will be about 5,000 pages of material to review. This cannot be done over the phone.

On April 8, 2020, the Government must provide Jencks Act materials. Obviously counsel does not know the nature and amount of material the Government will provide that day. These materials must be reviewed with the client. This cannot be done over the phone.

MOTION TO VACATE - 9

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

On March 23, 2020, jury instructions are due. Mr. Smith is entitled to review those instructions and discuss them with his counsel. This cannot be done over the phone.

On April 7, 2020 the Court plans to hold a hearing on the juror challenges. It is not clear that FDC SeaTac will permit Mr. Smith and counsel to appear by phone from within the institution. This is not only dependent on the current visiting policy but also on availability of staff to supervise the visiting room. Counsel from Seattle will not be able to travel to Anchorage on that day. [6]

On April 24, 2020, the parties must exchange exhibit witness lists. Counsel will be required to review these with Mr. Smith. It is unclear if the current ban on legal visits will be lifted by then. This cannot be done over the phone.

On May 1 and 18, 2020, the Court intends to hold pretrial conferences. Counsel and the client will not be able to attend in person unless the CDC has lifted social distancing policies, travel restrictions from infected areas have been eased and no member of the defense team has tested positive, become ill or been exposed to a person who has tested positive.

Sometime before May 1, 2020, Mr. Smith will need to be moved to Alaska – assuming the BOP has resumed transfers between institutions. Moving Mr. Smith exposes him and the law enforcement personnel required to make the transfer to infection. At the ACC West there will be a risk of new exposure – both to Mr. Smith and/or to the inmates of the ACC West. Experts and counsel will be required to travel from Seattle to Anchorage (if permitted), exposing everyone they come in contact with to infection. Their visits to the ACC West will expose the visitors and/or the staff and inmates to infection.

---

[6] Medical professionals in Alaska have argued that the state should restrict travel from the outside to Alaska because travelers arriving from the "outside" bringing the virus to Alaska.
https://www.adn.com/opinions/2020/03/19/were-the-directors-of-alaskas-emergency-rooms-its-time-to-shut-down-nonessential-air-travel/

MOTION TO VACATE - 10

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 10 of 17

The scheduled trial would gather more than 200 jurors for orientation on May 24, 2020 in a courtroom already packed with court staff, the government attorneys and representatives, or more court personnel, numerous Court security officers and U.S. Marshals. Assuming that the current CDC recommendations are not expanded, which at this point appears unlikely, this will be just 10 days after group gatherings of more than 10 will be permitted; ***and that assumes the virus will be under control by then, an assumption virtually all health experts disagree with***. Unless testing is expanded immediately, this Court will have no way of determining who among those people gathered has been infected with the virus but is asymptomatic.

B. THE IMPACT ON JURY SELECTION HAS ALREADY BEEN NEGATIVE AND THERE IS SIMPLY NO WAY TO DETERMINE WHAT OTHER NEGATIVE IMPACTS WILL ARISE BETWEEN NOW AND JUNE 1.

This Court has already canceled the requirement that jurors appear on March 23, 24 and 25 to complete the questionnaire. The Court then mailed the questionnaires before providing any opportunity for the parties to review and object to the questionnaire.

Concern over COVID-19 has caused the District of Alaska to place restrictions on visitors to the courthouse until it is determined that it is safe to remove these restrictions. When this Court mailed the jury questionnaire, it directed potential jurors to contact the Court with questions or concerns. We are unaware of how many jurors may have already contacted the court. While counsel understand the work and expense that has gone into the jury process already, it would be irresponsible and unethical to continue with any further time and expense in jury selection going forward when there is still so much uncertainty about when the medically mandated precautions will be lifted.

In addition, all hardship questions were answered well before the virus and its deadly nature were known to the potential jurors. While it seems much more likely that all people are potentially in danger from the virus, there is no doubt that those with underlying

MOTION TO VACATE - 11

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 11 of 17

illnesses (illnesses that might not have been reported in questionnaires) may now feel a legitimate hardship.

Currently jurors must report on May 24, 2020, for orientation. There is simply no reasonable way to determine how many jurors will appear that day.[7] Because nearly every other court in the country to consider the issue has stricken their jury trial dates, there is no guidance on what to do if jurors are required to appear before the virus runs its course. Presumably all jurors who have recently been exposed, ill or who tested positive should testing become more available, will not be permitted to enter the courthouse on May 24, 2020 for orientation. This will be subsequent to further reduction of the potential jury pool due to challenges for cause. And the number will likely be further reduced by persons who simply do not want to be in close contact with other jurors, court staff, inmates and the defense team (particularly those from Seattle) and, thus, do not appear. In short, there is simply no way of knowing how many healthy, qualified jurors will be available for selection between June 1 and July 1, 2020. And, of course, there is no way to ensure that the jurors that do appear are kept healthy.

Smith objects to proceeding when there is a likelihood that the available healthy qualified jurors is so small as to eliminate his right to a jury from a fair cross section of the community.

C. APART FROM MEETING WITH THE CLIENT, THE VIRUS HAS NEGATIVELY IMPACTED THE ABILITY OF DEFENSE TEAM MEMBERS ABILITY TO DO THEIR JOBS IN OTHER WAYS.

Some of the additional impacts on the defense preparation for trial will be discussed in the redacted portion below because it reveals information the Government is

---

[7] In some courts, the first reaction was to excuse all jurors over 60. But it appears that approach has been abandoned because, nationwide, courts have closed. And, that does nothing to protect any other participant in the proceedings who is over 60 or is medically vulnerable. In addition, Smith objects to any blanket exclusions of any prospective class of jurors who are otherwise legally qualified to serve.

MOTION TO VACATE - 12

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 12 of 17

not entitled to. But even if the defense team is healthy, any one of the team could be asymptomatic carriers or could fall ill in the next eight weeks.

These interviews cannot be conducted over the phone. The standard for any capital investigation is one-on-one, in person interviews with witnesses. See e.g. *Lord v. Wood*, 184 F.3d 1083 (9th Cir. 1999) (reversing because defense counsel did not personally interview critical witnesses). [8] This duty conflicts with the ethical duty of team members (particularly those from the high-impact urban areas) to avoid initiating contact with others during this period. It is simply morally irresponsible to unknowingly expose a witness to a fatal disease. And in some cases, the team member may be unaware that the witness has an underlying condition that makes him more vulnerable to the virus[9].

D. ACCORDING TO THE EXPERTS, THERE IS LITTLE GUIDANCE ON WHEN THE PANDEMIC WILL SUBSIDE.

The best guess, and it is only a guess, is that matters may begin to return to normal in the lower 48 this summer. https://www.washingtonpost.com/health/2020/03/19/coronavirus-projections-us/. Alaska appears to be about 3 weeks behind the Seattle area in terms of exposures. But by July 1, 2020 the parties *may* be able to safely pick a new trial date. The Court should schedule a telephonic status conference on that date.

---

[8] "We would nevertheless be inclined to defer to counsel's judgment if they had made the decision not to present the three witnesses after interviewing them in person. Few decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial. A witness's testimony consists not only of the words he speaks or the story he tells, but also of his demeanor and reputation. A witness who appears shifty or biased and testifies to X may persuade the jury that not-X is true, and along the way cast doubt on every other piece of evidence proffered by the lawyer who puts him on the stand. But counsel cannot make such judgments about a witness without looking him in the eye and hearing him tell his story." *Id.* at 1095

[9] The wife of a lawyer in Ms. Elliott's office suite is ill and has tested positive. Her husband is "presumptively positive." When Ms. Elliott learned of this fact on Monday, she contacted her primary care physician and explained that she had contact with the husband. In light of this upcoming trial, she asked to be tested to ensure the safety of persons she might be in contact with. But testing is not available to an otherwise healthy person.

MOTION TO VACATE - 13

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 13 of 17



REDACTED PORTION

MOTION TO VACATE - 14

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 14 of 17

8. [redacted]

MOTION TO VACATE - 15

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 15 of 17

[lines 1–10: redacted]

### III. CONCLUSION

While continuing any trial should not be done lightly, the defense urges this Court to recognize that these are not ordinary times. Legally, the continued preparation and trial of this case cannot be conducted without violating Mr. Smith's Sixth Amendment right to counsel and his Fourteenth Amendment right to a fair trial. Morally, forcing this case to trial under the instant dire circumstances will jeopardize the health and safety of all participants, their families, and those with whom they interact.

Signed this 20th day of March 2020.

/s/Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104
Phone (206) 623-0291
Fax (206) 623-2186
Email: Suzanne-elliott@msn.com

MOTION TO VACATE - 16

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 16 of 17

**CERTIFICATE OF SERVICE**

I, SUZANNE LEE ELLIOTT, hereby certify that on March 20th, 2020, I filed foregoing document with the United States District Court's Electronic Case Filing (CM/ECF) system, which will serve one copy by email on Assistant United States Attorneys FRANK V. RUSSO, WILLIAM A. TAYLOR, JAMES B. NELSON and KAREN VANDERGAW.

/s/ Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104
Phone: (206) 623-0291
Fax: (206) 623-2186
Email: suzanne-elliott@msn.com

MOTION TO VACATE - 17

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

Case 3:16-cr-00086-SLG   Document 779   Filed 03/20/20   Page 17 of 17