# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

## SEALED ORDER REGARDING MOTION TO EXCLUDE EXPERT TESTIMONY BY INVESTIGATING OFFICERS OR AGENTS

Before the Court at Docket 687 is defendant John Pearl Smith, II's sealed Motion to Exclude any "Expert Testimony" by Any of the Investigating Officers or Agents. The government filed a partial opposition under seal at Docket 798. Mr. Smith filed a reply under seal at Docket 834.

Mr. Smith seeks an order "preclud[ing] the Government from offering any 'expert' testimony from any fact investigator in this case."[1] Mr. Smith points to several examples of what he maintains is improper expert testimony by lay witnesses: DEA Agent Burke's testimony at a pretrial hearing regarding the sufficiency of legal admonitions given to a cooperating inmate and Agent King's testimony before the Grand Jury (1) that Mr. Smith could not legally possess a firearm;[2] (2) regarding the habits of robbers; and (3) stating his conclusion as to

---

[1] Docket 687 at 1.

[2] The government's response does not specifically address the admissibility of Agent King's

handwriting comparisons.[3] The government has indicated that it "has no intention of introducing at trial the witness's opinions referenced by the defendant" in the defense motion and does not oppose Mr. Smith's motion seeking to exclude the specific examples of agent testimony.[4] The government has also indicated that none of its noticed expert witnesses will also be fact witnesses.[5]

However, should either party identify witnesses who they seek to have testify both as a lay witness and as an expert witness, that party shall give notice to the Court and the opposing party outside of the presence of the jury and prior to the witness testifying. Federal Rule of Evidence 702 provides that a person "qualified as an expert by knowledge, skill, experience, training or education" may provide expert testimony if he or she has "scientific, technical, or other specialized knowledge."[6] In determining whether expert testimony is admissible, a court considers whether the proposed witness is qualified to offer expert testimony, whether the witness has applied reliable principles, and whether the witness's

---

opinion that Mr. Smith could not legally possess a firearm. However, the determination of whether a prior conviction qualifies as a felony is for the Court to make. It is also the province of the Court to instruct the jury as to whether a prior conviction is a felony. *See* Ninth Circuit *Manual of Model Criminal Jury Instructions* § 8.65A. Thus, there is no need for testimony from any witness as to whether Mr. Smith could legally possess a firearm. Moreover, the felon in possession charge (Count 17) has been bifurcated from Counts 1–16. Docket 410.

[3] Docket 687 at 1–2.

[4] Docket 798 at 2, 6–7 (under seal).

[5] Docket 798 at 3 (under seal).

[6] Fed. R. Evid. 702(a).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Motion to Exclude Expert Testimony by Investigating Officers or Agents
Page 2 of 4
Case 3:16-cr-00086-SLG   Document 860   Filed 04/16/20   Page 2 of 4

testimony may help the jury understand evidence or determine a fact at issue in the case. The proponent of the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.[7] Even though "district courts are not required to consider all (or even any) of [the *Daubert*] factors . . . [they] do not have 'discretion to abandon the gatekeeping function' altogether."[8]

The Ninth Circuit has expressed "concern[] that a case agent who testifies as an expert received 'unmerited credibility' for lay testimony."[9] However, "the use of case agents as both expert and lay witnesses is not so inherently suspect that it should be categorically prohibited" so long as the trial court makes clear to the jury that the case agent is testifying in dual roles.[10] In this case, it is not apparent whether any investigating officer or agent will be qualified as an expert in any particular area. However, if the Court finds an investigating officer or agent to be so qualified, the Court will give the jury a cautionary instruction as to how to evaluate the officer/agent's dual-role testimony and will consider bifurcating that

---

[7] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n. 10 (1993); *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

[8] *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) (quoting *Kumho Tire, Ltd. v. Carmichael*, 526 U.S. 137, 158–59 (1999)).

[9] *United States v. Freeman*, 498 F.3d 893, 903 (9th Cir. 2007) (quoting *United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2003)).

[10] *Id.* at 904. *See also United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2019) (listing ways to mitigate dangers of a case agent testifying as an expert witness).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Motion to Exclude Expert Testimony by Investigating Officers or Agents
Page 3 of 4
Case 3:16-cr-00086-SLG   Document 860   Filed 04/16/20   Page 3 of 4

witness's testimony.[11]  The defense may raise Confrontation Clause challenges at trial as it sees warranted.

In light of the foregoing, IT IS ORDERED that the motion at Docket 687 is GRANTED as to testimony on the topics identified in the defense's motion by DEA Agent Burke and Agent King.  The motion is also GRANTED to the extent that neither party shall seek to introduce "expert" testimony in violation of the Federal Rules of Evidence, *Daubert* and its progeny, or the Confrontation Clause.  Should either party seek to introduce expert evidence from an investigating officer or agent, it must first make a motion to do so outside the presence of the jury and provide the Court with the witness's *curriculum vitae* or other exemplar of the witness's knowledge, skill, experience, training or education and any relevant report(s) so that the Court may exercise its gatekeeping function.

DATED this 16th  day of April, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[11] *See* Ninth Circuit *Manual of Model Criminal Jury Instructions* 4.15 (Dual Role Testimony); Docket 798 at 4.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Motion to Exclude Expert Testimony by Investigating Officers or Agents
Page 4 of 4
Case 3:16-cr-00086-SLG   Document 860   Filed 04/16/20   Page 4 of 4