# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JOHN PEARL SMITH, II,<br><br>               Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING MOTION TO PRECLUDE PROPOSED EXPERT ROBERT BLOOM

Before the Court at Docket 764 is the government's Motion *In Limine* to Preclude Expert Testimony Regarding Credibility of Cooperating Witnesses. Mr. Smith did not file a response. The government filed a sealed notice asking the Court "to apply the local rules and find that the government's non-opposed motions in limine are well taken," including the motion *in limine* at Docket 764.[1] The local rules state that "the failure to respond to a non-dispositive motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken."[2]

The government asserts that the defense's proposed expert witness, professor Robert Bloom, should not be permitted to testify "about incentives for

---

[1] Docket 859 at 3.

[2] D. Ak. L. Civ. R. 7.1(h); D. Ak. L. Crim. R. 1.1(b).

snitches and cooperating witnesses . . . to aid the jury by giving a thorough background that they may determine the credibility of cooperating witnesses."[3]

"An expert witness is not permitted to testify about a witness's credibility or to testify in such a manner as to improperly buttress [or attack] a witness's credibility."[4] Based on the government's representations regarding Mr. Bloom's proposed testimony, the defense appears to be offering him to help the jury assess the credibility of cooperating witnesses. The Court finds the government's motion objecting to such expert testimony to be well taken.[5] In light of the foregoing, IT IS ORDERED that the motion at Docket 764 is GRANTED.

DATED this 27th day of April, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[3] Docket 764 at 2 (quoting defendant's expert disclosure letter).

[4] *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989); see also *United States v. Allen*, 716 F.3d 98, 105-06 (4th Cir. 2013) (applying prohibition to testimony regarding credibility of cooperating witnesses in general).

[5] *See Nimely v. City of New York*, 414 F. 3d 381, 398 (2d Cir. 2005) (holding "that expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under [Evidence] Rule 702").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proposed Expert Robert Bloom
Page 2 of 2
Case 3:16-cr-00086-SLG   Document 870   Filed 04/27/20   Page 2 of 2