# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

JOHN PEARL SMITH, II,

              Defendant.

Case No. 3:16-cr-00086-SLG-1

## SEALED OMNIBUS ORDER REGARDING IMPEACHMENT OF GOVERNMENT WITNESSES WITH PRIOR CONVICTIONS

This order addresses 24 sealed motions *in limine* filed by the government regarding impeachment of government witnesses with the witnesses' prior criminal convictions.

Impeachment of a witness with evidence of a prior criminal conviction is governed by Federal Rule of Evidence 609. Rule 609 provides that a party may attack a witness's character for truthfulness with evidence of a criminal conviction when the conviction was punishable by death or imprisonment for more than one year or the crime of conviction required an element of "a dishonest act or false statement."[1] In determining whether the conviction involved a dishonest act or false statement, courts look only to the elements of the crime "irrespective of whether the witness exhibited dishonesty or made a false statement in the process

_____

[1] Fed. R. Evid. 609(a).

of the commission of the crime of conviction."[2] "Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2)."[3] The party seeking to introduce a conviction for the purposes of impeachment bears the burden of demonstrating that the conviction involved fraud or deceit.[4]

Regardless of whether the conviction was for a felony or for a crime involving a dishonest act or false statement, if the conviction or release from imprisonment resulting from the conviction (whichever is later) occurred more than 10 years prior, evidence of conviction is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[5] These are "onerous standards for admission,"[6] and the party seeking to introduce the conviction for the purposes of impeachment bears the burden of demonstrating that the standards have been met.[7] However, "[t]he probability that prior convictions of an ordinary government witness will be unduly prejudicial is low in most criminal cases. Since the behavior of the witness is not the issue in dispute

---

[2] Fed. R. Evid. 609, 2006 Amendment Committee Notes.

[3] *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982).

[4] *Id.* (citing *United States v. Smith*, 551 F.2d 348, 364 n. 28 (D.C. Cir. 1976)).

[5] Fed. R. Evid. 609(b). The proponent of the evidence must also give written notice of its intent to use the conviction to impeach a witness. Fed. R. Evid. 609(b)(2).

[6] *United States v. Prigge*, 830 F.3d 1094, 1096 n. 3. (9th Cir. 2016).

[7] *United States v. Cavender*, 578 F.2d 528, 530 (4th Cir. 1978).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 2 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 2 of 25

in most cases, there is little chance that the trier of fact will misuse the convictions offered as impeachment evidence as propensity evidence. Thus, trial courts will be skeptical when the government objects to impeachment of its witnesses with prior convictions."[8]

Regardless of the age of the conviction, the conviction must also be admissible pursuant to Federal Rule of Evidence 403. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

"[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility."[9] Accordingly, the impeaching party may not inquire into facts underlying a witness's conviction without first obtaining permission from the Court outside the presence of the jury. If a witness admits his/her conviction(s), the questioning party shall not introduce a copy of the relevant judgment(s) into evidence without first making application to the Court outside the presence of the

---

[8] Fed. R. Evid. 609. Notes of Advisory Committee on Rules—1990 Amendment.

[9] *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (internal quotations and citations omitted).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 3 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 3 of 25

jury.[10]  As to each witness, if a party seeks to question a witness about misconduct such as violations of conditions on pretrial release, sanctions or misconduct while in custody, or probation violations, the party must first make application to the Court outside the presence of the jury.

## Docket 730: Andrew Wodkowski

The government seeks a ruling that Mr. Wodkowski's 2015 felony conviction for a controlled substance crime is admissible to impeach him.[11]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[12]  At this time, the Court finds that the 2015 felony conviction is admissible to impeach Mr. Wodkowski in that it meets the criteria set forth in Rule 609 and is not excludable pursuant to Rule 403.  The Court also finds that Mr. Wodkowski's 2015 misdemeanor conviction for driving without a license is not admissible to impeach him.  If Mr. Smith seeks to impeach Mr. Wodkowski with any other convictions, he must first make application to the Court outside the presence of the jury.

---

[10] *Cf.* Fed. R. Evid. 609. Notes of Advisory Committee on Rules—1990 Amendment ("The amendment does not contemplate that a court will necessarily permit proof of prior convictions through testimony, which might be time-consuming and more prejudicial than proof through a written record.").

[11] Docket 730 at 4.

[12] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 4 of 25

**Docket 731: Richard Beck[13]**

Mr. Beck has numerous convictions ranging in dates from 1985 through 2015.[14] The parties disagree as to the admissibility of Mr. Beck's 2008 felony controlled substance conviction.[15] According to the government, Mr. Beck "appears to have finished his sentence in or about January 2010."[16]

More than 10 years have passed since Mr. Beck's release from imprisonment for his controlled substance conviction, so the conviction must meet the second test under Rule 609(b) to be admissible. The Court finds that Mr. Beck's 2008 drug conviction has some probative value because the duration of his substance abuse history could impact the jury's assessment of the accuracy of his testimony; he is the lone eyewitness to the homicides; and he is expected to testify about speaking with Mr. Smith about the homicides. The Court also finds that Mr. Beck's controlled substance conviction will likely have little prejudicial effect because the jury will also be hearing Mr. Beck "admit to being a drug user at the time of the murders"[17] and will likely hear evidence of the presence of controlled

_____

[13] The defense has filed a separate motion *in limine* related to Mr. Beck (Docket 761), which the Court will address in a separate order.

[14] Docket 731 at 4.

[15] Docket 835 (Mr. Smith's response); Docket 852 (government's reply).

[16] Docket 731 at 5.

[17] Docket 731 at 5.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 5 of 25

substances at the residence where the homicides occurred and where Mr. Beck was present. Because the conviction will likely have minimal prejudicial effect, its probative value substantially outweighs that limited prejudicial effect. Moreover, the 12-year-old conviction is not far removed from the 10-year threshold, making its probative value somewhat greater. Accordingly, the 2008 felony controlled substance conviction is admissible to impeach Mr. Beck pursuant to Rule 609 and it is not excludable pursuant to Rule 403.

At this time, the Court finds that Mr. Beck's other convictions—all misdemeanors that appear unrelated to controlled substances—are not admissible to impeach Mr. Beck. If Mr. Smith seeks to impeach Mr. Beck with any other convictions or with evidence of probation violations, he must first make application to the Court outside the presence of the jury.

## Docket 732: Gordon Carvalho

The government seeks a ruling that Mr. Carvalho's six felony convictions from 2006—for which he was released from custody in 2015—are admissible to impeach him. The government also seeks a ruling that Mr. Carvalho's 2018 felony firearm conviction and circumstances of his cooperation related to this case are also admissible to impeach him.[18] At this time, the Court finds that those seven convictions, and the circumstances of Mr. Carvalho's cooperation in this case, are

---

[18] Docket 732 at 5.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 6 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 6 of 25

admissible to impeach Mr. Carvalho pursuant to Rule 609 and are not excludable pursuant to Rule 403.

The parties disagree as to whether Mr. Carvalho's 2004 state felony conviction for Tampering with Physical Evidence is admissible to impeach him.[19] The government maintains that the conviction is not admissible "because (1) it falls outside the 10 year scope of admissibility . . . and (2) is not a crime that involves dishonesty."[20] It is irrelevant whether the crime involves dishonesty because, according to the government, it is a felony.[21] However, neither party has provided the Court with specific facts or circumstances in order for the Court to determine whether the conviction's probative value substantially outweighs its prejudicial effect. At this time, the Court will grant the motion and preclude any reference before the jury to the 2004 Tampering with Physical Evidence conviction, without prejudice to the defense seeking reconsideration of the admissibility of the conviction upon a showing of specific facts and circumstances. If Mr. Smith seeks to impeach Mr. Carvalho with the 2004 conviction or any other conviction, he must first make application to the Court outside the presence of the jury.

---

[19] Docket 836 (Mr. Smith's response); Docket 853 (government's reply).

[20] Docket 853 at 2.

[21] Docket 732 at 5; Fed. R. Evid. 609(a)(1) ("[F]or a crime that, in the convicting jurisdiction, was punishable by . . . imprisonment for more than one year, the evidence . . . must be admitted[.]").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 7 of 25

### Docket 733: Jace Fesler

The government seeks a ruling that Mr. Fesler's 2017 felony conviction for attempted burglary and his 2013, 2014, and 2015 misdemeanor convictions involving giving false information to police are admissible to impeach him.[22]   Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[23]   At this time, the Court finds that Mr. Fesler's 2017 felony conviction for attempted burglary and his 2013, 2014, and 2015 misdemeanor convictions involving giving false information to police are admissible to impeach him in that they meet the criteria set forth in Rule 609 and are not excludable pursuant to Rule 403.   If Mr. Smith seeks to impeach Mr. Wodkowski with any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 734: Jason Hall

The parties agree that Mr. Hall's federal felony drug conspiracy crime, for which he is awaiting sentencing, is admissible to impeach him.[24]   The government seeks a ruling that "Hall's conviction, potential sentencing range, cooperation

---

[22] Docket 733 at 5.

[23] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[24] Docket 837 (Mr. Smith's response); Docket 855 (government's reply).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 8 of 25

agreement, and the benefits he may receive are all admissible impeachment material."[25]  At this time, the Court finds that Mr. Hall's guilty plea, sentencing range, cooperation agreement, and potential benefits are admissible to impeach him and are not excludable pursuant to Rule 403.  The Court also finds that Mr. Hall's 1992 misdemeanor conviction and 1996 criminal charges that did not result in a conviction are not admissible to impeach him pursuant to Rule 609.  If Mr. Smith seeks to impeach Mr. Hall with any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 735:  Rebekah Holland

The government asserts that neither of Ms. Holland's misdemeanor convictions for graffiti are admissible to impeach her.[26]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[27]  At this time, the Court finds that neither misdemeanor graffiti conviction is admissible to impeach Ms. Holland.  If Mr. Smith seeks to impeach Ms. Holland with these or any other convictions, he must first make application to the Court outside the presence of the jury.

---

[25] Docket 855 at 2.

[26] Docket 735 at 4–5.

[27] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 9 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 9 of 25

## Docket 736:  Jennifer Smith

The government asserts that neither of Ms. Smith's misdemeanor convictions (for assault and operating a vehicle without insurance) are admissible to impeach her.[28]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[29]  At this time, the Court finds that neither misdemeanor conviction is admissible to impeach Ms. Smith.  If Mr. Smith seeks to impeach Ms. Smith with these or any other convictions, he must first make application to the Court outside the presence of the jury.

## Docket 737:  Jacob Wodkowski

The government seeks a ruling that Mr. Wodkowski's 2011, 2013, and 2016 felony convictions for controlled substance crimes are admissible to impeach him.[30]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[31]  At this time, the Court finds that Mr. Wodkowski's 2011, 2013, and 2016 felony convictions for controlled substances crimes are admissible to impeach him in that they meet the criteria set forth in Rule

---

[28] Docket 763 at 4.

[29] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[30] Docket 737 at 5.

[31] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 10 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 10 of 25

609 and are not excludable pursuant to Rule 403.  If Mr. Smith seeks to impeach Mr. Wodkowski with any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 738:  Joel Reinoehl

Mr. Reinoehl appears to have numerous prior convictions.[32]  The government seeks a ruling that Mr. Reinoehl's 2006 and 2018 federal felony convictions are admissible to impeach him.[33]  Mr. Reinoehl was released from custody for the 2006 conviction in 2015.[34]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[35]  At this time, the Court finds that Mr. Reinoehl's 2006 and 2018 federal felony convictions are admissible to impeach him in that they meet the criteria set forth in Rule 609 and are not excludable pursuant to Rule 403.  If Mr. Smith seeks to impeach Mr. Reinoehl with any other convictions, he must first make application to the Court outside the presence of the jury.

---

[32] Docket 738 at 4–6.

[33] Docket 738 at 6.  The government acknowledges that Mr. Reinoehl is cooperating with the government in his most recent case in order to seek a reduced sentence.  Docket 738 at 6.

[34] Docket 738 at 5.

[35] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 11 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 11 of 25

### Docket 739: Kevin Ricker

The government seeks a ruling that Mr. Ricker's 2013 federal felony convictions for drug conspiracy and felon in possession are admissible to impeach him.[36] Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[37] At this time, the Court finds that Mr. Ricker's 2013 federal felony convictions are admissible to impeach him in that they meet the criteria set forth in Rule 609 and are not excludable pursuant to Rule 403. If Mr. Smith seeks to impeach Mr. Ricker with any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 740: Shantell Foltz

The government seeks a ruling that Ms. Foltz's 2014 convictions for misdemeanor false information and felony theft are admissible to impeach her.[38] Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[39] At this time, the Court finds that Ms. Foltz's 2014 convictions are admissible to impeach her in that they meet the criteria

---

[36] Docket 739 at 6.

[37] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[38] Docket 740 at 5.

[39] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 12 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 12 of 25

set forth in Rule 609 and are not excludable pursuant to Rule 403. If Mr. Smith seeks to impeach Ms. Foltz with any other convictions, he must first make application to the Court outside the presence of the jury.

## Docket 741: Morgan Jett

The government seeks a ruling that Mr. Jett's 2019 felon in possession conviction and 2017 felony convictions for weapons and controlled substances are admissible to impeach him.[40] At this time, the Court finds that Mr. Jett's 2019 and 2017 felony convictions are admissible to impeach him pursuant to Rule 609 and are not excludable under Rule 403.

The parties disagree as to the admissibility of Mr. Jett's 2007 state misdemeanor conviction for Making a False Report.[41] This conviction may carry probative value because, in this case, Mr. Jett "drafted and saved, but did not send, an email to an ATF agent to share his suspicions" that Mr. Smith had committed the homicides.[42] The Alaska state crime of Making a False Report may be committed in a number of different ways, each of which requires the making of a false statement, and thus falls within Rule 609(a)(2).[43] However, because the

---

[40] Docket 741 at 5.

[41] Docket 838 (Mr. Smith's response); Docket 856 (government's reply).

[42] Docket 741 at 4.

[43] Alaska Statute 11.56.800 (False information or report) provides that

> (a) A person commits the crime of false information or report if the person knowingly

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 13 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 13 of 25

conviction occurred more than 10 years ago, the issue is whether the conviction's probative value substantially outweighs its prejudicial effect pursuant to Rule 609(b)(1). However, neither party has provided the Court with the requisite "specific facts and circumstances."[44] At this time, the Court will grant the motion and preclude any reference at trial to the 2007 Making a False Report conviction, without prejudice to the defense seeking reconsideration of the admissibility of the conviction upon a showing of specific facts and circumstances. If Mr. Smith seeks to impeach Mr. Carvalho with the 2004 conviction or any other conviction, he must first make application to the Court outside the presence of the jury.

---

(1) gives false information to a peace officer
   (A) with the intent of implicating another in an offense; or
   (B) concerning the person's identity while the person is
     (i) under arrest, detention, or investigation for a crime; or
     (ii) being served with an arrest warrant or being issued a citation;
(2) makes a false report to a peace officer that a crime has occurred or is about to occur;
(3) makes a false report or gives a false alarm, under circumstances not amounting to terroristic threatening in the second degree under AS 11.56.810, that a fire or other incident dangerous to life or property calling for an emergency response has occurred or is about to occur;
(4) makes a false report to the Department of Natural Resources under AS 46.17 concerning the condition of a dam or reservoir; or
(5) gives false information to a public employee relating to a person's eligibility for a permanent fund dividend under AS 43.23 and the false information does not also violate AS 11.56.205.

[44] Fed. R. Evid. 609(b)(1).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 14 of 25

## Docket 742: Donald Kendricks

Mr. Kendricks has numerous convictions ranging from 1986 through 2019 charges that are pending sentencing.[45] The government seeks a ruling that Mr. Kendricks' 2011 felony conviction for robbery and his two 2019 controlled substance felonies pending sentencing are admissible to impeach him.[46] At this time, the Court finds that Mr. Kendrick's 2011 and 2019 felonies are admissible to impeach him pursuant to Rule 609 and that they are not excludable under Rule 403.

The parties disagree as to the admissibility of Mr. Kendricks' 2002 and 2003 state misdemeanor convictions for False Information and Making a False Report.[47] As the government acknowledges, the convictions involved dishonest acts or false statements that fall within Rule 609(a)(2).[48] However, because the convictions occurred more than 10 years ago, the issue is whether the convictions' probative value substantially outweigh their prejudicial effect pursuant to Rule 609(b)(1). The parties have not supplied the Court with sufficient information for the Court to determine whether "specific facts and circumstances" warrant a finding that the

---

[45] Docket 742 at 5–7.

[46] Docket 742 at 7.

[47] Docket 839 (Mr. Smith's response); Docket 857 (government's reply).

[48] Docket 742 at 8.   Alaska Statute 11.56.800 is set forth at n. 43, *supra.*

.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 15 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 15 of 25

convictions' probative value substantially outweighs their prejudicial effect.[49]  On the current record before the Court, Mr. Kendrick's False Information and Making a False Report convictions are not admissible to impeach him.  The Court will therefore grant this portion of the motion without prejudice to the defense to file additional information about these convictions and seek reconsideration.  If Mr. Smith seeks to impeach Mr. Kendricks with the 2002 or 2003 convictions, or any other convictions apart from the 2011 and 2019 felonies, he must first make application to the Court outside the presence of the jury.

### Docket 743: Cassie Schaefer[50]

Ms. Schaefer appears to have one prior conviction, a 2010 state misdemeanor conviction for Issuing a Bad Check.[51]  The parties disagree as to the admissibility of this conviction.[52]  Although Mr. Smith asserts that Ms. Schaeffer "forged checks that had been stolen and did not belong to her," Mr. Smith has not supplied any evidence to support this assertion.[53]  The only information provided to the Court is that the conviction was for Issuing a Bad Check.  It appears that

---

[49] Fed. R. Evid. 609(b)(1).

[50] The defense has filed a separate motion *in limine* related to Ms. Schaefer (Docket 762), which the Court will address in a separate order.

[51] Docket 743 at 4.

[52] Docket 840 (Mr. Smith's response); Docket 858 (government's reply).

[53] Docket 840 at 6.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 16 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 16 of 25

Alaska state crime can be committed in different ways, not all of which necessarily would involve "dishonest acts."[54]  Thus, the Court cannot determine that this conviction involved dishonest acts or false statements so as to fall within Rule 609(a)(2).  Moreover, because the conviction occurred just over 10 years ago, a separate issue is whether the conviction's probative value substantially outweighs its prejudicial effect pursuant to Rule 609(b)(1).  However, the parties have not supplied the Court with the requisite "specific facts and circumstances."[55]  On the current record before the Court, Ms. Schaefer's Issuing a Bad Check conviction is not admissible to impeach her.  The Court will grant this portion of the motion without prejudice to the defense filing additional information about Ms. Schaefer's conviction and seek reconsideration.  If Mr. Smith seeks to impeach Ms. Schaefer with this or any other conviction, he must first make application to the Court outside the presence of the jury.

---

[54] Alaska Statute 11.46.280 (Issuing a bad check) provides in relevant part as follows:

(a)     A person commits the crime of issuing a bad check if the person issues a check knowing that it will not be honored by the drawee.

 (b)     In a prosecution under this section, it is prima facie evidence that the drawer knew the check would not be honored by the drawee if
(1) payment of the check was refused by the drawee for lack of funds upon presentation within 30 days after issue, and the drawer failed to make full satisfaction of the amount due within 15 days after notice of dishonor was deposited as first class mail, addressed to the drawer at the address appearing on the dishonored check or the drawer's last known address; or
(2) the drawer had no account with the drawee at the time the check was issued.

[55] Fed. R. Evid. 609(b)(1); AS 11.46.280.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 17 of 25

## Docket 744:  Kristopher Simpson

The government seeks a ruling that Mr. Simpson's 2014 felony conviction for vehicle theft is admissible to impeach him.[56]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[57] At this time, the Court finds that Mr. Simpson's 2014 felony vehicle theft conviction is admissible to impeach him in that it meets the criteria set forth in Rule 609 and is not excludable pursuant to Rule 403.  If Mr. Smith seeks to impeach Mr. Simpson with any other convictions, he must first make application to the Court outside the presence of the jury.

## Docket 745:  Michael Barry

The government asserts that neither of Mr. Barry's convictions (1993 false information to police misdemeanor and 2017 marijuana misdemeanor) are admissible to impeach him.[58]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[59]  At this time, the Court finds that neither of Mr. Barry's misdemeanor convictions are admissible to

---

[56] Docket 744 at 5.

[57] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[58] Docket 745 at 4–5.

[59] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 18 of 25

impeach him pursuant to Rule 609.  If Mr. Smith seeks to impeach Mr. Barry with these or any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 746:  Brian Long

The government seeks a ruling that Mr. Long's 2017 conviction for child pornography, "potential sentencing range, cooperation agreement, and the benefits he received" are admissible to impeach Mr. Long.[60]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[61]  At this time, the Court finds that Mr. Long's 2017 conviction, sentencing range, cooperation agreement, and benefits received are admissible to impeach him and that are not excludable pursuant to Rule 403.  If Mr. Smith seeks to impeach Mr. Long with any other information related to this conviction, or with any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 747:  Jesse Hoag

The government seeks a ruling that Mr. Hoag's 2016 felony conviction for felon in possession, his "cooperation agreement, and his actions while cooperating

---

[60] Docket 746 at 5.

[61] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 19 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 19 of 25

with the government are admissible to impeach him, including his failure to appear and positive drug test."[62] Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[63] At this time, the Court finds that Mr. Hoag's 2016 felon in possession conviction, his cooperation agreement, and his related actions are admissible to impeach him and that they are not excludable pursuant to Rule 403. If Mr. Smith seeks to impeach Mr. Hoag with any other information related to this conviction, or with any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 748: Jim Clawson

The government asserts that neither of Mr. Clawson's convictions (2004 controlled substance misdemeanor and 2009 controlled substance felony) are admissible to impeach him.[64] Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[65] At this time, the Court finds that neither of Mr. Clawson's convictions are admissible to impeach him pursuant to Rule 609. If Mr. Smith seeks to impeach Mr. Clawson with these

---

[62] Docket 747 at 5.

[63] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[64] Docket 748 at 5.

[65] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 20 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 20 of 25

or any other convictions, he must first make application to the Court outside the presence of the jury.

## Docket 749:  Kenyon Ahern

The government seeks a ruling that Mr. Ahern's 2016 felony controlled substance conviction and 2016 false information conviction are admissible to impeach him.[66] Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[67]  At this time, the Court finds that Mr. Ahern's 2016 controlled substance and false information convictions are admissible to impeach him in that they meet the criteria set forth in Rule 609 and are not excludable pursuant to Rule 403.  If Mr. Smith seeks to impeach Mr. Ahern with any other convictions, he must first make application to the Court outside the presence of the jury.

## Docket 750:  Megan Soczka

The government asserts that none of Ms. Soczka's misdemeanor convictions (ranging from 2013–2019) are admissible to impeach her.[68]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr.

---

[66] Docket 749 at 5.

[67] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[68] Docket 750 at 5.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 21 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 21 of 25

Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[69]  At this time, the Court finds that none of Ms. Soczka's misdemeanor convictions are admissible to impeach her pursuant to Rule 609.  If Mr. Smith seeks to impeach Ms. Soczka with these or any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 751:  Stacy Burks

The government asserts that Ms. Burks' 2013 misdemeanor conviction for theft is not admissible to impeach her.  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[70]  At this time, the Court finds that Ms. Burks' misdemeanor conviction is not admissible to impeach her pursuant to Rule 609.  If Mr. Smith seeks to impeach Ms. Burks with this or any other convictions, he must first make application to the Court outside the presence of the jury.

### Docket 752:  Teri Davis

The government asserts that Ms. Davis has no prior convictions.[71]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr.

---

[69] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[70] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[71] Docket 752 at 4.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 22 of 25

Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[72]  If Mr. Smith seeks to impeach Ms. Davis with any conviction he must first make application to the Court outside the presence of the jury.

### Docket 753:  Travis Peck

The government seeks a ruling that Mr. Peck's 2018 felony theft conviction is admissible to impeach him.[73]  Mr. Smith did not file a response to the government's motion. In a notice to the Court, Mr. Smith maintains that the motion "need[s] no response" and seeks to have the Court defer a ruling until trial.[74]  At this time, the Court finds that Mr. Peck's 2018 felony conviction is admissible to impeach him in that it meets the criteria set forth in Rule 609 and is not excludable pursuant to Rule 403.  If Mr. Smith seeks to impeach Mr. Peck with any other convictions, he must first make application to the Court outside the presence of the jury.

### CONCLUSION

In light of the foregoing, the Court orders as follows:

- The motion at Docket 730 is GRANTED.

---

[72] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

[73] Docket 753 at 5.

[74] Docket 841 (Notice Re: Government Motions in Limine and Defense Responses).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 23 of 25

- The motion at Docket 731 is GRANTED IN PART AND DENIED IN PART as discussed *supra.*

- The motion at Docket 732 is GRANTED without prejudice to the defense to seek reconsideration of the admissibility of the 2004 Tampering with Physical Evidence conviction, as discussed *supra.*

- The motion at Docket 733 is GRANTED.

- The motion at Docket 734 is GRANTED.

- The motion at Docket 735 is GRANTED.

- The motion at Docket 736 is GRANTED.

- The motion at Docket 737 is GRANTED.

- The motion at Docket 738 is GRANTED.

- The motion at Docket 739 is GRANTED.

- The motion at Docket 740 is GRANTED.

- The motion at Docket 741 is GRANTED WITHOUT PREJUDICE TO SEEK RECONSIDERATION as discussed *supra.*

- The motion at Docket 742 is GRANTED WITHOUT PREJUDICE TO SEEK RECONSIDERATION as discussed *supra.*

- The motion at Docket 743 is GRANTED WITHOUT PREJUDICE TO SEEK RECONSIDERATION as discussed *supra.*

- The motion at Docket 744 is GRANTED.

- The motion at Docket 745 is GRANTED.

- The motion at Docket 746 is GRANTED.

- The motion at Docket 747 is GRANTED.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 24 of 25

- The motion at Docket 748 is GRANTED.

- The motion at Docket 749 is GRANTED.

- The motion at Docket 750 is GRANTED.

- The motion at Docket 751 is GRANTED.

- The motion at Docket 752 is DENIED AS MOOT as there is nothing for the Court to decide.

- The motion at Docket 753 is GRANTED.

IT IS SO ORDERED.

DATED this 8th day of May, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Omnibus Order Re Impeachment of Government Witnesses with Prior Convictions
Page 25 of 25

Case 3:16-cr-00086-SLG   Document 880   Filed 05/08/20   Page 25 of 25