**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

**ORDER RE GRAND JURY SUBPOENA**

At Docket 722 defendant John Pearl Smith, II, filed a Motion to Prohibit the Government from Continuing to Violate State Confidentiality Rules and Statutes and to Exclude the Government's Dissemination and Use of Any Evidence It Has Acquired in Violation of Those Provisions. The government responded to the motion at Docket 759; the defense filed a sealed reply at Docket 777. The Court will address the merits of the motion in a separate order to be issued in due course. The instant order is directed to the government with respect to the manner in which it obtained certain records from McLaughlin Youth Center.

Based on the Court's review of the parties' filings on this topic, it appears that on March 14, 2017, the government obtained a subpoena *duces tecum* from the District Court directed to McLaughlin Youth Center (McLaughlin).[1] The

---

[1] Docket 759-1. It is unclear from the Court's record the date on which the government requested the subpoena be issued by the Court.

subpoena directed McLaughlin to provide certain records regarding Mr. Smith to the Grand Jury on March 21, 2017. Alternatively, McLaughlin's record custodian could mail the documents to the U.S. Attorney's Office along with an Affidavit of Compliance attesting to the documents' authenticity.[2] The Grand Jury convened on March 21, 2017, as scheduled and returned the First Superseding Indictment in this case on that date.[3] There is no indication in the record before the Court that McLaughlin's records were presented to the Grand Jury or used in any manner by the Grand Jury. The Government has provided the defense with only the first page of McLaughlin's Affidavit of Compliance with the Grand Jury Subpoena. That page does not indicate the date on which it was signed. Nor does it indicate the date on which the U.S. Attorney's Office received the documents; the government has not provided that information to either the defense or the Court.[4]

Mr. Smith was arraigned on the First Superseding Indictment on March 23, 2017.[5] The following day, March 24, 2017, the Court directed the parties to confer and propose to the Court a discovery plan and pretrial motion schedule.[6] A

---

[2] Docket 759-1 at 4-6.

[3] The First Superseding Indictment is dated March 21, 2017, and was filed on March 22, 2017. Docket 102 at 15.

[4] Docket 777-3 at 1; Docket 777-4 at 1.

[5] Docket 107 (Minute Entry).

[6] Docket 106. The government's opposition incorrectly states that the Court's March 24, 2017 order directed the government to disclose defendant's prior record. In actuality, that order simply directed the parties to meet and confer, and "propose a date for each of the following deadlines, or indicate that a particular deadline is unnecessary or premature to establish at this time." *See* Docket 106 at 1.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Grand Jury Subpoena
Page 2 of 4
Case 3:16-cr-00086-SLG   Document 883   Filed 05/15/20   Page 2 of 4

scheduling conference was held on May 9, 2017; thereafter, on May 15, 2017, the Court entered a Trial and Pretrial Deadlines Scheduling Order.[7] That order, based on the parties' representations at the status conference, states that "Defendant's prior record as described in Fed. R. Crim. P. 16(a)(1)(D) was disclosed on May 1, 2017."[8] In the current motion practice, the government has indicated that it provided the defense with copies of Mr. Smith's juvenile court records, as well as copies of the incident reports for those crimes, on August 16, 2017.[9]

Although the reach of the Grand Jury is broad and it operates with great independence, "the powers of the grand jury are not unlimited and are subject to the supervision of a judge."[10]

Based on the foregoing, the Court directs the government to file a response to the following questions **within seven days of the date of this order**:

1. When were McLaughlin's records received by the U.S. Attorney's office? (Please attach to your response the completed proof of service of the subpoena and the complete Affidavit of Compliance of McLaughlin's records custodian).

2. Were the McLaughlin records requested by the Grand Jury?

3. Were the McLaughlin records presented to the Grand Jury?

---

[7] Docket 125.

[8] Docket 125 at 1.

[9] Docket 759 at 4.

[10] *Branzburg v. Hayes*, 408 U.S. 665, 688 (1972).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Grand Jury Subpoena
Page 3 of 4
Case 3:16-cr-00086-SLG   Document 883   Filed 05/15/20   Page 3 of 4

4. Was Mr. Smith's juvenile record presented in any manner as evidence to the Grand Jury?

5. Was the sole or predominant purpose of the McLaughlin subpoena to obtain evidence to present to the Grand Jury or was it to obtain evidence for trial preparation?

6. When were the McLaughlin records provided to the defense?

7. Is there a Department of Justice policy that addresses the purpose and use of grand jury subpoenas? If so, please provide a copy of that policy.

IT IS SO ORDERED this 15th day of May, 2020.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Grand Jury Subpoena
Page 4 of 4
Case 3:16-cr-00086-SLG   Document 883   Filed 05/15/20   Page 4 of 4