# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>     v.<br><br>JOHN PEARL SMITH, II,<br><br>                   Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## SEALED ORDER REGARDING GOVERNMENT WITNESS CASSIE SCHAEFFER

Before the Court at Docket 762 is defendant John Pearl Smith, II's sealed Motion[] in Limine Related to Cassie Schaeffer. The government filed a sealed opposition at Docket 801. Mr. Smith filed a sealed reply at Docket 827.

Ms. Schaeffer was Mr. Smith's girlfriend at the time of the homicides.[1] Mr. Smith seeks an order prohibiting the government from introducing testimony from Ms. Schaeffer that she and Mr. Smith engaged in sexual activity shortly after he allegedly committed the homicides on the grounds that it is irrelevant and more prejudicial than probative.[2] The government responds that Ms. Schaeffer's "testimony is necessary to establish the timeline of events that occurred after the murders" and, as to the potential penalty phase of trial, "is supportive of

---

[1] Docket 801 at 2.

[2] Docket 762 at 1.

aggravating factors and the jury should consider it when deciding whether to impose a death sentence."[3]

Evidence of Ms. Schaeffer and Mr. Smith's sexual activity shortly after he alleged committed the homicides is relevant in the guilt phase of trial, as "it has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence."[4] According to the government, Ms. Schaeffer drove Mr. Smith to the scene of the homicides and picked him up after he had killed the two victims. Ms. Schaeffer then allegedly drove Mr. Smith to a location in the woods where Mr. Smith buried the firearm used in the homicides, then drove him to Nancy Lake where they engaged in sexual activity.[5] At some point, Mr. Smith told Ms. Schaeffer to turn off her cell phone so that its location could not be traced.[6] Because Ms. Schaeffer will presumably be establishing a timeline of events that occurred immediately before and after the homicides, it is relevant to the extent that a description of Mr. Smith's activities on the day of the homicides is probative of the manner in which he purportedly planned and executed the homicides. Moreover, a complete inclusion of Mr. Smith and Ms. Schaeffer's activities prevents the jury from having a distorted account of Mr. Smith's activities on the

---

[3] Docket 801 at 2.

[4] Fed. R. Evid. 401.

[5] Docket 801 at 2–3.

[6] Docket 801 at 4–5.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Government Witness Cassie Schaeffer
Page 2 of 4
Case 3:16-cr-00086-SLG   Document 897   Filed 05/28/20   Page 2 of 4

day of the homicides. In addition, the sexual activity is relevant to the nature and context of the relationship between Ms. Schaeffer and Mr. Smith around the time of the homicides.[7]

The evidence is not excludable in the guilt phase pursuant to Federal Rule of Evidence 403; its probative value is not substantially outweighed by a danger of unfair prejudice or any other basis for exclusion in Rule 403. Although the evidence is unfavorable to Mr. Smith and may portray him negatively, this alone does not establish a danger of unfair prejudice.[8] However, as the government has acknowledged, the evidence must not be emphasized for improper purposes during the guilt phase.[9]

In the potential penalty phase of trial, evidence of Ms. Schaeffer and Mr. Smith's sexual activity shortly after he alleged committed the homicides is "information [that] may be presented as to any matter relevant to the sentence. . . ."[10] The government has given notice of non-statutory aggravating factors it intends to present if there is a penalty phase, including that Mr. Smith "through his actions and statements, demonstrated an utter lack of remorse over having

---

[7] *See United States v. Basham*, 561 F. 3d 302, 327 (4th Cir. 2009).

[8] *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir. 1998) (noting that "all unfavorable evidence about a defendant" results in some prejudice but does not necessarily amount to "unfair prejudice").

[9] *See* Docket 801 at 6.

[10] 18 U.S.C. § 3593(c).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Government Witness Cassie Schaeffer
Page 3 of 4
Case 3:16-cr-00086-SLG   Document 897   Filed 05/28/20   Page 3 of 4

committed the offense."[11] Mr. Smith's alleged actions almost immediately after the homicides are bases for the jury to determine whether Mr. Smith exhibited contrition.[12] The specific evidence of sexual activity between Ms. Schaeffer and Mr. Smith is not evidence whose "probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[13]

In light of the foregoing, IT IS ORDERED that the motion at Docket 762 is DENIED.

DATED this 28th day of May, 2020, at Anchorage, Alaska.

s/ Sharon L. Gleason<br>
UNITED STATES DISTRICT JUDGE

---

[11] Docket 168 at 4 (Notice of Intent to Seek a Sentence of Death); 18 U.S.C. § 3593(c) ("The government may present any information relevant to an aggravating factor for which notice has been provided . . . .")

[12] Mr. Smith contends that "the Government has not retained any expert who would directly connect sexual activity after a homicide with 'lack of remorse.'" Docket 827 at 4. Mr. Smith has not cited, and the Court has not found, any statute or case requiring an expert to explain what constitutes a "lack of remorse."

[13] 18 U.S.C. § 3593(c).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Government Witness Cassie Schaeffer
Page 4 of 4
Case 3:16-cr-00086-SLG   Document 897   Filed 05/28/20   Page 4 of 4