# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN PEARL SMITH, II,<br><br>        Defendant. | Case No. 3:16-cr-00086-SLG-1 |

### SEALED ORDER REGARDING GOVERNMENT WITNESS RICHARD BECK

Before the Court at Docket 761 are defendant John Pearl Smith, II's sealed Motions in Limine Related to Richard Beck. The government filed a sealed opposition at Docket 799. Mr. Smith filed a sealed reply at Docket 829, which incorporated his briefing at Docket 820.

Mr. Beck is the lone eyewitness to the killings of the two victims in this case. Mr. Smith seeks an order prohibiting the government from educing testimony from Mr. Beck as to four subjects: (1) Mr. Beck's photo-lineup identification of Mr. Smith; (2) Mr. Beck's identification of Mr. Smith's voice; (3) Mr. Beck's observations of Mr. Smith during the homicides; and (4) Mr. Beck's pending civil lawsuit against the estate of one of the victims.

## I. Mr. Beck's photo-lineup identification of Mr. Smith

Three days after the homicides, Mr. Beck identified Mr. Smith in a photographic lineup shown to him by an Alaska State Trooper.[1] Mr. Smith now seeks to have this identification excluded from trial. However, Mr. Smith merely asserts that "[t]he Alaska State Troopers have not adopted the best practices for showing photo line-ups" and that "[i]t is apparent that the AST did not follow best practices when it conducted an identification procedure in this case."[2] Mr. Smith does not develop any argument as to why the procedure used by the Alaska State Trooper was unduly suggestive or why the totality of the circumstances surrounding the identification made the identification unreliable.[3] On the current record before the Court, this portion of the motion is DENIED.

## II. Mr. Beck's identification of Mr. Smith's voice

Mr. Smith contends that the Court should prohibit the introduction of Mr. Beck's testimony that he is "100% certain" that the voice he heard from the shooter during the homicides is Mr. Smith's voice, which he also heard during a recorded phone call that took place after the shootings.[4] Mr. Smith's does not develop this argument, merely asserting that Mr. Beck did not identify any matching

---

[1] Docket 761 at 3; Dockets 799-1, 799-2; Docket 820 at 1.

[2] Docket 820 at 2–3.

[3] *See Perry v. New Hampshire,* 565 U.S. 228,232 (2012).

[4] Docket 761 at 3.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Government Witness Richard Beck
Page 2 of 7
Case 3:16-cr-00086-SLG   Document 901   Filed 06/01/20   Page 2 of 7

characteristics of the voices, that the shooter wore a mask, and that the shooter did not speak much during the homicides.[5] These are all facts that the defense may inquire about during its cross-examination of Mr. Beck. However, Mr. Smith has not identified any basis for exclusion of the proposed testimony. This portion of the motion is DENIED.

### III. Mr. Beck's observations during the homicides

Mr. Smith challenges the admissibility of three statements Mr. Beck has made regarding his observations during the homicides.

First, Mr. Beck testified at the grand jury that the suspect "did not appear to be bothered by the fact that they had just killed somebody."[6] This statement is not relevant in the guilt phase of trial because whether the assailant appeared "bothered" does not have "any tendency" to make a fact of consequence in the guilt phase of trial "more or less probable than it would be without the evidence."[7] Accordingly, it is not admissible in the guilt phase.[8] The government asserts that the testimony is relevant because Mr. Smith's "demeanor was strikingly similar" during the three separate robberies charged in the First Superseding Indictment.[9]

---

[5] Docket 761 at 4.

[6] Docket 761 at 4.

[7] Fed. R. Evid. 401.

[8] Fed. R. Evid. 402.

[9] Docket 799 at 5.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Government Witness Richard Beck
Page 3 of 7
Case 3:16-cr-00086-SLG   Document 901   Filed 06/01/20   Page 3 of 7

However, the government has not provided the Court with any proposed testimony or records to support that assertion. On the record currently before the Court, the proposed testimony is not relevant in the guilt phase of trial. This portion of the motion is GRANTED as to the guilt phase of trial, without prejudice to the government asking the Court to revisit this ruling outside the presence of the jury at trial.

However, in the potential penalty phase of trial, whether Mr. Smith "did not appear to be bothered by the fact that [he] had just killed somebody" is "information [that] may be presented as to any matter relevant to the sentence. . . ."[10] The government has given notice of non-statutory aggravating factors it intends to present if there is a penalty phase, including that Mr. Smith "through his actions and statements, demonstrated an utter lack of remorse over having committed the offense."[11] Mr. Smith's purported behavior immediately after one of the homicides is a basis for the jury to determine whether Mr. Smith exhibited contrition. The specific statement regarding the shooter's display of emotions, or lack thereof, immediately after one of the homicides is not information whose "probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or

---

[10] 18 U.S.C. § 3593(c).

[11] Docket 168 at 4 (Notice of Intent to Seek a Sentence of Death); 18 U.S.C. § 3593(c) ("The government may present any information relevant to an aggravating factor for which notice has been provided . . . .")

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Government Witness Richard Beck
Page 4 of 7
Case 3:16-cr-00086-SLG   Document 901   Filed 06/01/20   Page 4 of 7

misleading the jury."[12]  This portion of the motion is DENIED as to the possible penalty phase of trial.

Second, Mr. Beck would testify that the assailant said "that's number 27. He didn't need to die" after shooting one of the victims.[13]  As Mr. Smith recognizes, Mr. Beck "may testify to any statements he recalls from the incident."[14]  This statement is not hearsay because it is a statement of a party opponent.[15]  However, neither party has addressed the Rule 403 implications of this proposed testimony. The Court declines to undertake a Rule 403 analysis of this evidence without more context and without considering Mr. Beck's testimony as a whole. Therefore, this portion of the motion is GRANTED without prejudice to the government to seek to have the statement admitted at trial when Mr. Beck has testified in its case-in-chief, with such application to be made outside the presence of the jury.

Third, Mr. Beck would testify that, as to the assailant, "you could tell this fucker had killed someone before."[16]  Mr. Smith maintains that this conclusion is prejudicial speculation on Mr. Beck's part and that there "is absolutely no proof that Smith ever killed anyone before" the date of the homicides.[17]  The government

---

[12] 18 U.S.C. § 3593(c).

[13] Docket 761 at 4.

[14] Docket 761 at 5.

[15] Fed. R. Evid. 801(2)(A).

[16] Docket 761 at 4.

[17] Docket 761 at 5; Docket 829 at 2.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Government Witness Richard Beck
Page 5 of 7
Case 3:16-cr-00086-SLG   Document 901   Filed 06/01/20   Page 5 of 7

responds that Mr. Beck's proposed testimony "is highly relevant as it sets the scene for why the surviving victims . . . behaved in the manner they did *** [T]his type of testimony does not purport to speculate on what the speaker was thinking."[18] The Court finds that this proposed testimony is lay witness opinion testimony pursuant to Rule 701 because it is rationally based on Mr. Beck's perception, would appear to be helpful to clearly understanding Mr. Beck's testimony, and is not based on specialized knowledge. However, as with the statement discussed above, the Court cannot make a Rule 403 analysis of the statement without more context and without considering Mr. Beck's testimony as a whole. Accordingly, this portion of the motion is GRANTED without prejudice to the government to seek to have the statement admitted at trial when Mr. Beck has testified in its case-in-chief, with such application to be made outside the presence of the jury.

**IV.    Mr. Beck's pending civil lawsuit against the estate of one of the victims**

This subject is briefed more thoroughly in the government's Motion in Limine to Preclude Evidence or Argument Concerning Civil Lawsuits Discussing the Crimes Charged[19] and Mr. Smith's response in opposition to that motion.[20] The Court will address this portion of Mr. Smith's current motion in a separate order.

---

[18] Docket 799 at 6.

[19] Docket 709.

[20] Mr. Smith's response in opposition is at Docket 818. The government filed a reply at Docket 846.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Government Witness Richard Beck
Page 6 of 7

In light of the foregoing, IT IS ORDERED that the motion at Docket 761 is GRANTED IN PART and DENIED IN PART as outlined above.

DATED this 1st day of June, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Government Witness Richard Beck
Page 7 of 7
Case 3:16-cr-00086-SLG   Document 901   Filed 06/01/20   Page 7 of 7