# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

**ORDER REGARDING MOTION TO RECONSIDER ORDER AT DOCKET 897**

Before the Court at Docket 912 is defendant John Pearl Smith, II's sealed Motion to Reconsider the Order at Dkt. 897. No response from the government is requested.[1]

The order at Docket 897 denied Mr. Smith's motion *in limine* related to government witness Cassie Schaeffer, who was Mr. Smith's girlfriend at the time of the homicides. The order addressed certain anticipated testimony of Ms. Schaeffer and its admissibility in both the guilt and potential penalty phases of trial. Mr. Smith asserts that the order "includes manifest errors of law" and should be reconsidered.[2] At this time on the current record before the Court, and for the reasons stated in the order at Docket 897, the Court disagrees with Mr. Smith's

---

[1] Ak. L. Cr. R. 47.1(g)(3) ("No response to a motion for reconsideration may be filed unless requested by the court.").

[2] Docket 912 at 1.

assertion that "there is no connection between the proposed evidence and the charged crime"[3] or that the proposed evidence should be excluded pursuant to Federal Rule of Evidence 403. The Court finds no manifest error of law and denies the motion to reconsider.

It bears noting that the Court does not have nearly the same amount of information about this case as the parties. Other than an infrequent *in camera* review of certain documents in this matter, the Court knows far less about the potential evidence. It is the responsibility of the parties to adequately present in their filings sufficient factual context relevant to the motion. The Court "is handicapped in any effort to rule on subtle evidentiary questions outside a factual context."[4] Accordingly, "[a]s the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions in limine are 'subject to change when the case unfolds, particularly if the actual testimony differs from what was expected.'"[5] As such, the Court's rulings on motions *in limine* are preliminary determinations on the admissibility of the evidence under Evidence Rule 104.[6] The Court intends to "exercise sound judicial discretion to alter a

---

[3] Docket 912 at 4.

[4] *Luce v. United States*, 469 U.S. 38, 41 (1984)

[5] *Colon v. Porliar*, No. 09-CV-1006 MAD, 2012 WL 3241466, at *1 (N.D.N.Y. Aug. 7, 2012) (quoting *Levitant v. City of New York Human Res. Admin.*, 2011 WL 795050, at *1 (E.D.N.Y. 2011))(quoting *Luce,* 469 U.S. at 41 ("[o]wing to its preliminary nature, an *in limine* ruling "is subject to change when the case unfolds'"); *see also Odgen v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) ("All rulings on motions in limine are preliminary evidentiary rulings, not final.").

[6] *See Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at *1 (S.D.N.Y. 2008).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Reconsider Order at Docket 897
Page 2 of 3
Case 3:16-cr-00086-SLG    Document 913    Filed 06/18/20    Page 2 of 3

previous *in limine* ruling" as appropriate before or during trial, but will require each application to revisit the Court's *in limine* rulings to be made outside the presence of the jury.[7]

In light of the foregoing, the motion to reconsider at Docket 912 is DENIED.

DATED this 18th day of June, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[7] *Luce*, 469 U.S. at 41.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Reconsider Order at Docket 897
Page 3 of 3
Case 3:16-cr-00086-SLG   Document 913   Filed 06/18/20   Page 3 of 3