# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN PEARL SMITH, II,

    Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER REGARDING VIOLATION OF STATE CONFIDENTIALITY RULES

Before the Court at Docket 722 is defendant John Pearl Smith, II's Motion to Prohibit the Government from Continuing to Violate State Confidentiality Rules and Statutes and to Exclude the Government's Dissemination and Use of Any Evidence It Has Acquired in Violation of Those Provisions. The government responded in opposition at Docket 759. Mr. Smith filed a sealed reply at Docket 777. After reviewing these filings, the Court issued an order "to the government with respect to the manner in which it obtained certain records from McLaughlin Youth Center."[1] The government then filed a sealed sur-reply to Mr. Smith's reply and response to the Court's order at Docket 898. Mr. Smith filed a response to the government's sur-reply at Docket 911.

---

[1] Docket 883.

The motion relates to Mr. Smith's juvenile court records and related documents from Mr. Smith's juvenile delinquency proceedings that the government has discovered to Mr. Smith. When Mr. Smith initially filed the motion, he did not know how the government had acquired the documents. The government's opposition to the motion explained that the documents had been acquired through a Grand Jury subpoena that the government obtained and served on the McLaughlin Youth Center.[2] The filings related to this motion raise two separate issues: whether the government violated Alaska state privacy laws pertaining to juveniles and whether the government inappropriately used a Grand Jury subpoena to acquire the contested documents.

## I.  Violation of Alaska State Law

Mr. Smith complains that "[t]he Government has been seeking to obtain information about Mr. Smith's juvenile history that is confidential and protected under Alaska law."[3] This information includes juvenile court records, agency records, and information gathered during conversations with Mr. Smith's former juvenile probation officers.[4] Mr. Smith asserts that "[t]he Government's inspection of Alaska juvenile court documents and the probation officers' conduct in revealing

---

[2] *See* Docket 759-1 (Grand Jury Subpoena).

[3] Docket 722 at 1.

[4] Docket 722 at 2.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 2 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 2 of 9

information deemed confidential violates Alaska law."[5] Mr. Smith seeks an order excluding "any evidence gathered in violation of Alaska law," prohibiting the government from disclosing any such evidence, and prohibiting the government from gathering any further juvenile information or records in violation of Alaska's statutes and state court rules.[6]

The government responds that "[t]he Supremacy Clause, as well as other relevant federal law, authorizes the disclosure of state juvenile court records," that exclusion of the evidence is not an appropriate remedy because there is no constitutional violation, and that Mr. Smith has waived his right to object because "Smith has waited more than two years to raise any objection and has benefited from any disclosure . . . ."[7]

As a preliminary matter, the Court finds that Mr. Smith has not waived his objection to the gathering, use, and distribution of the contested information. The fact that Mr. Smith has, in prior state court proceedings, referenced and disclosed some of his juvenile conduct or that the documents were discovered to the defense more than thirty months prior to the filing of the instant motion does not waive Mr.

---

[5] Docket 722 at 2.

[6] Docket 722 at 3–4. Mr. Smith alleges that the government violated Alaska's state Delinquency Court Rule that provides: "The court records of a juvenile delinquency proceeding are confidential . . . . Information may not be released and access to the records may not be permitted except as authorized by statute or upon court order for good cause shown . . . ." Docket 722 at 2 (emphasis omitted) (quoting Alaska Del. Court R. 27).

[7] Docket 759 at 2–3.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 3 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 3 of 9

Smith's right to object to the government's anticipated evidence in this case. Nor does it relieve defense counsel of their obligation to provide effective assistance of counsel by raising non-frivolous issues in pre-trial motions.

The Court does not need to determine whether the government violated Alaska state law in gathering and distributing Mr. Smith's juvenile court information. Even if Mr. Smith is correct in his assertion that the government violated a state statute, "there is no basis for transforming the statute into an exclusionary rule."[8] The Ninth Circuit "prohibits judicial creation of a remedy for a statutory violation when the statute itself already articulates the remedy."[9] Here, Mr. Smith maintains that the government and state probation officers have violated Alaska Statute 47.12.300, which makes state juvenile court records confidential.[10] The government responds by citing to Alaska Statute 47.12.310(b)(1), which applies to juvenile records maintained by state agencies, and which the government interprets to "require[] these records to be released to [a] federal agency

---

[8] *United States v. Feng*, 277 F.3d 1151, 1154 (9th Cir. 2002).

[9] *United States v. Smith*, 196 F.3d 1034, 1040 (9th Cir. 1999) (citing *United States v. Frazin*, 780 F.2d 1461, 1466 (9th Cir. 1986)).

[10] Docket 722 at 3. AS 47.12.300(e) falls within the chapter governing delinquent minors and provides that "[t]he court's official records prepared under this chapter and not made public under this section are confidential and may be inspected only with the court's permission and only by persons having a legitimate interest in them." *See also McCoy v. State*, 80 P.3d 751, 754 (Alaska App. 2002) (holding that "a presentence investigator in an adult criminal case may review and use the materials found in the defendant's juvenile court files (including the juvenile probation officer's files) without first obtaining case-specific permission from the superior court.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 4 of 9
Case 3:16-cr-00086-SLG Document 914 Filed 06/23/20 Page 4 of 9

conducting an investigation."[11]  Both statutes, however, provide identical mechanisms for enforcing their provisions: "A person who discloses confidential information in violation of this section is guilty of a class B misdemeanor."[12]  The proper remedy for any violation of either state statute would be a state court prosecution of the individuals whose conduct violated the statute.[13]

Moreover, the Court finds that any violation of the Alaska state statutes regarding Mr. Smith's juvenile records, whether court records or agency records, does not significantly affect Mr. Smith's rights.  The degree of infringement by the government and probation officers was minimal, because it is highly likely that this Court or the state Superior Court would have granted a request or motion from the government to inspect Mr. Smith's juvenile records for the purposes of prosecuting a federal capital case.[14]

---

[11] Docket 898 at 12.  AS 47.12.310(b)(1) provides that "[a] state or municipal agency employee shall disclose . . . information regarding a case to a federal, state, or municipal law enforcement agency for a specific investigation being conducted by that agency."  *See also* 7 Alaska Admin. Code § 54.450, which provides that the "Division may disclose to an out-of-state government agency with juvenile justice functions information that has a direct bearing on an investigation or judicial proceeding in which the conduct or custody of a juvenile is at issue."

[12] AS 47.12.300(h); AS 47.12.310(k).

[13] *See Smith*, 196 F.3d at 1040 (noting that "the appropriate manner to enforce the statute would be to prosecute the prosecutors who granted immunity to Thomason.  It would not be to exclude Thomason's testimony").  Notably, if the applicable statutes were violated here, it would appear that they were violated in the first instance not by the federal government that was seeking the records and information, but by the agencies and individuals who disclosed the records and information to the government.

[14] *See* AS 47.12.300(e) (allowing inspection of confidential records "with the court's permission" by "persons having a legitimate interest in them").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 5 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 5 of 9

## II.     Improper Use of a Grand Jury Subpoena

In Mr. Smith's reply he contends that "he is seeking to suppress presentation of the information received [by the government] as a result of the improper Grand Jury subpoena at the criminal trial."[15] The government responds that "Smith lacks standing to challenge the records obtained by the subpoena, which was issued to the McLaughlin Youth Center, and not to him or any entity he controls."[16] In a similar, albeit not identical, situation where an indictment had already been returned, the Ninth Circuit (without expressly addressing standing) permitted a criminal defendant to challenge the government's use of a Grand Jury subpoena to a third party on the grounds that the subpoena was an improper effort to conduct pretrial discovery.[17] Accordingly, the Court finds that Mr. Smith has standing to challenge the use of the Grand Jury subpoena to gather his statutorily protected records even though the subpoena was not directed at him.

Having reviewed each party's submissions, it appears that the Grand Jury subpoena issued to the McLaughlin Youth Center may have been sought for a purpose unrelated to whether there was probable cause that Mr. Smith committed the crimes charge in the First Superseding Indictment. The role of a Grand Jury is to make "an ex parte investigation to determine whether a crime has been

---

[15] Docket 777 at 9.

[16] Docket 898 at 9.

[17] *United States v. Star*, 470 F.2d 1214, 1217 (9th Cir. 1972).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 6 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 6 of 9

committed and whether criminal proceedings should be instituted against any person. The Grand Jury's investigative power must be broad if its public responsibility is adequately to be discharged."[18] Here, the government's primary purpose in obtaining the Grand Jury subpoena was not to assist in presenting the case to the Grand Jury in furtherance of the Grand Jury's investigation, but instead was (1) to comply with Department of Justice requirements and procedures used to determine whether a local case will be authorized to proceed as a capital case and (2) to "have a record of how and when the records were obtained,"[19] even though the record demonstrates that the government and its agents neglected to maintain complete records of how and when the materials were obtained.[20] The Court is not persuaded that Mr. Smith's juvenile records would bear any relevance to any of the elements contained in the crimes charged in the First Superseding Indictment.[21] To the extent the government contends that it needed the materials to present aggravating factors to the Grand Jury, this argument is belied by the fact that the materials were never presented to the Grand Jury and instead were kept in the physical possession of an investigating agent for approximately three

---

[18] *United States v. Calandra*, 414 U.S. 338, 343–44 (1974); *see also United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991) (characterizing the Grand Jury as "an investigatory body").

[19] Docket 898 at 4–5; 898-1 at 3.

[20] *See* Docket 898-2 at 2–3, ¶¶ 4, 5, 7 (Declaration of SA Michael T. Burke).

[21] *But see* Docket 898 at 21 ("The information [obtained from McLaughlin] was clearly relevant to the defendant's ability to form the *mens rea* to complete a capital crime.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 7 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 7 of 9

months immediately after they were obtained.[22] Moreover, such an assertion is at odds with the government's previous assertion to this Court that "non-statutory aggravating factors need not be charged in the Indictment."[23] However, on the record currently before the Court, the Court cannot concretely conclude that the government sought the Grand Jury subpoena issued to McLaughlin Youth Center for an improper purpose or that government agents acted in bad faith.[24] Moreover, even if there was a misuse of the subpoena, the Court finds that any such conduct would not warrant the suppression of the evidence that was received, particularly given the lack of prejudice to the defendant in this case.[25]

Finally, Mr. Smith requests that the Court "prohibit further dissemination and [juvenile probation officer] interviews . . . because the Government has failed to provide any argument why it is entitled to get this information from witnesses in violation of Alaska state law."[26] Again, the disclosure of information by state juvenile probation officers is done at their own risk of violating Alaska state privacy

---

[22] Docket 898 at 15; Docket 898-1 at 2; Docket 898-2 at 2–3, ¶¶ 4, 6.

[23] Docket 318 at 7.

[24] *See generally In re Grand Jury Proceedings, Hergenroeder*, 555 F. 2d 686 (9th Cir. 1977) ("In this circuit the supervision of the grand jury by the district court is more narrowly construed.").

[25] *See supra*, note 14 and accompanying text. *See United States v. Beatty*, 470 F.2d 1214, 1217 (9th Cir. 1972) (condemning prosecutor's conduct of subpoenaing witness before Grand Jury "for the sole purpose of learning the names of any alibi witnesses" defendant might use at trial, but finding no prejudice because the individuals that were identified did not testify at trial, and upholding denial of motion to suppress any evidence obtained from the Grand Jury testimony).

[26] Docket 777 at 16.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 8 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 8 of 9

laws, which is a crime and punishable as such. The government should also take care in how it disseminates Mr. Smith's protected records and how it obtains protected juvenile communications. The Court need not determine whether the Supremacy Clause or a law enforcement privilege allows the government to disregard state confidentiality statutes and obtain and disseminate documents and information protected by state law.[27] Based on the Court's review of the parties' extensive filings, the Court is not persuaded that an order directing the government as to how it shall manage the dissemination of Mr. Smith's protected records and information is warranted.

In light of the foregoing, IT IS ORDERED that the motion at Docket 722 is DENIED.

DATED this 23rd day of June, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[27] *Cf. In re Grand Jury Subpoena*, 198 F. Supp. 2d 1113, 1115–17 (D. Alaska 2002) (holding that state confidentiality laws give way to power of grand jury pursuant to Supremacy Clause of Constitution).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Violation of State Confidentiality Rules
Page 9 of 9
Case 3:16-cr-00086-SLG   Document 914   Filed 06/23/20   Page 9 of 9