# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN PEARL SMITH, II,<br><br>    Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING BEYOND A REASONABLE DOUBT STANDARD DURING PENALTY PHASE "WEIGHING"

Before the Court at Docket 701 is the government's Motion *in Limine* to Preclude Argument or Instruction that Beyond a Reasonable Doubt Standard Applies to Penalty Phase Weighing. Defendant John Pearl Smith, II, responded in opposition at Docket 792. The government replied at Docket 831.

The government seeks an order precluding the defense "from arguing or instructing the jury that the beyond a reasonable doubt standard applies to weighing factors in any penalty phase proceeding."[1] The government relies on the Ninth Circuit's decision in *United States v. Mitchell*[2] and the decisions of six other circuits that have "rejected that argument that a jury must make its selection-phase decision under [18 U.S.C.] § 3593(e) by applying a beyond a reasonable doubt

---

[1] Docket 701 at 2.

[2] 502 F.3d 931, 993–94 (9th Cir. 2007).

standard."[3] Mr. Smith acknowledges the holding in *Mitchell* but asserts that the analysis in *Mitchell* and other decisions is flawed and that the decisions "have been effectively abrogated by the Supreme Court's more recent decision in *Hurst v. Florida*."[4] Mr. Smith maintains that the jury should be instructed that it must find beyond a reasonable doubt that aggravating factors outweigh mitigating factors before it can impose the death sentence.[5]

Pursuant to the Federal Death Penalty Act (FDPA), if a jury finds a defendant guilty of a death-penalty eligible crime, the trial then proceeds to the penalty phase. During the eligibility portion of the penalty phase, the jury considers three factors.[6] If the jury finds each of the three factors have been proven beyond a reasonable doubt, the defendant becomes eligible for the death penalty.[7] In that event, the trial then proceeds to the selection portion of the penalty phase. During the selection phase, the government presents information in support of aggravating factors and the defense may present information in support of mitigating factors.

---

[3] Docket 701 at 2 (citing *United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007)).

[4] Docket 792 at 2–4 (citing *Hurst v. Florida*, 136 S. Ct. 616 (2016)).

[5] Docket 792 at 5–6.

[6] The three factors are whether the defendant was at least 18 years old at the time of the offense, whether the defendant had at least one of four enumerated mental states (referred to as gateway or threshold intent factors), and whether at least one statutory aggravating factor exists. *See United States v. Mitchell*, 502 F.3d 931, 973 (9th Cir. 2007) (citing 18 U.S.C. §§ 3591(a), 3592(c)).

[7] *Id.*; 18 U.S.C. §§ 3591(a)(2), 3593(c); *see also Ring v. Arizona*, 536 U.S. 584, 609 (2002) (extending *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to capital sentencing and holding that Sixth Amendment requires jury, not sentencing judge, to find any aggravating factor "necessary for imposition of the death penalty").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Beyond a Reasonable Doubt Standard During Penalty Phase Weighing
Page 2 of 6
Case 3:16-cr-00086-SLG   Document 920   Filed 07/29/20   Page 2 of 6

The government must prove aggravating factors to a unanimous jury beyond a reasonable doubt, while the defense must prove any mitigating factors by a preponderance of the information to at least one juror.[8] After aggravators and mitigators are found to exist, the jury

> shall consider whether all of the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.[9]

It is this weighing process that is at the center of the instant motion.

In *United States v. Mitchell*, the Ninth Circuit considered the unpreserved question of "whether aggravators outweigh mitigators and the question whether death is justified . . . [must] be proved beyond a reasonable doubt."[10] The Ninth Circuit concluded that "the weighing step is an 'equation' that 'merely channels a jury's discretion by providing it with criteria by which it may determine whether a sentence of life or death is appropriate.'"[11] The Ninth Circuit emphasized that the defense had presented no persuasive argument as to "how a beyond-reasonable-doubt standard could sensibly be superimposed upon this process, or why it must be in order to comport with due process, or to make his death sentence reliable,

---

[8] 18 U.S.C. § 3593(c), (d).

[9] 18 U.S.C. § 3593(e).

[10] 502 F.3d at 993.

[11] *Id.* (quoting *Kansas v. Marsh*, 548 U.S. 163, 177 (2006)).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Beyond a Reasonable Doubt Standard During Penalty Phase Weighing
Page 3 of 6
Case 3:16-cr-00086-SLG   Document 920   Filed 07/29/20   Page 3 of 6

or to comply with the Sixth Amendment."[12] *Mitchell* thus addressed the exact issue raised by the government in its motion and rejected the applicability of the beyond-a-reasonable-doubt standard to the weighing process.

Mr. Smith contends that in *Hurst v. Florida*,[13] the Supreme Court effectively abrogated *Mitchell* by treating the weighing determination as being covered by *Ring v. Arizona* and *Apprendi v. New Jersey* and thus requiring that the weighing determination be made beyond a reasonable doubt.[14] In *Hurst*, the Supreme Court held that Florida's state death penalty scheme violated the Sixth Amendment because it "required the judge alone to find the existence of an aggravating circumstance" necessary for the imposition of a death sentence.[15] As this Court has previously observed, the FDPA differs from the Florida scheme because federal law requires the jury to find all of the facts necessary to make a defendant death-penalty eligible (the eligibility-phase findings).[16] But the weighing provision of the FDPA does not require any fact-finding:

---

[12] *Id.; see also United States v. Williams,* 18 F.Supp.3d 1065, 1077 (D. Haw. 2014) (concluding that in *Mitchell,* the Ninth Circuit "unequivocally rejected the defendant's argument that *Apprendi* and its progeny required a jury to make its decision weighing the factors finding beyond a reasonable doubt").

[13] 136 S. Ct. 616 (2016).

[14] Docket 792 at 4–5. In *Apprendi v. New Jersey*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). *Ring v. Arizona* applied this holding to capital sentencing. 536 U.S. 584, 609 (2002).

[15] 136 S. Ct. at 624.

[16] Docket 352 at 5.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Beyond a Reasonable Doubt Standard During Penalty Phase Weighing
Page 4 of 6
Case 3:16-cr-00086-SLG   Document 920   Filed 07/29/20   Page 4 of 6

> What § 3593(e) requires is a determination of *the sentence itself* . . . . [The jury] only needed to decide, pursuant to the weighing of factors described in the statute, that such a sentence was "just[]." And in making that moral judgment, the jury did not need to be instructed as it if were making a finding of fact.[17]

Because no fact finding occurs during the weighing process, *Hurst* is inapplicable.

Moreover, post-*Hurst* the Ninth Circuit has considered whether the weighing process in a state death penalty scheme requires proof beyond a reasonable doubt. In *Ybarra v. Filson*, the defendant was convicted and sentenced pursuant to Nevada's death penalty scheme, which required that "each juror must . . . individually determine that mitigating circumstances, if any exist, do not outweigh the aggravating circumstances."[18] The defendant there raised an argument similar to Mr. Smith's: That *Hurst* transformed Nevada's weighing determination into an element that had to be found beyond a reasonable doubt.[19] In *dicta*, the Ninth Circuit stated that it was

> highly skeptical of this argument. In our view, the weighing determination is more akin to a sentence enhancement than to an element of the capital offense. As such, it is not clear that the Nevada sentencing scheme runs afoul of *Hurst*. And even more fundamentally, it is not clear that *Hurst* actually establishes a new rule of constitutional law at all. Instead, it may be nothing more than a direct application of *Ring*.[20]

---

[17] *United States v. Gabrion*, 719 F.3d 511, 533 (6th Cir. 2013) (emphasis and second alteration in original) (citation omitted) (quoting 18 U.S.C. §§ 3591(a), 3593(e)).

[18] 869 F.3d 1016, 1030 (9th Cir. 2017) (quoting *Servin v. State*, 32 P.3d 1277, 1285 (2001)).

[19] *Id.* at 1030.

[20] *Id.* at 1030–31.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Beyond a Reasonable Doubt Standard During Penalty Phase Weighing
Page 5 of 6
Case 3:16-cr-00086-SLG   Document 920   Filed 07/29/20   Page 5 of 6

In light of the continued validity of *Mitchell* and the Ninth Circuit's post-*Hurst* guidance, the Court concludes that the FDPA's weighing process does not require application of the beyond-a-reasonable-doubt standard. Accordingly, the motion at Docket 701 is GRANTED.

DATED this 29th day of July, 2020, at Anchorage, Alaska.

                                            */s/ Sharon L. Gleason*
                                            UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Beyond a Reasonable Doubt Standard During Penalty Phase Weighing
Page 6 of 6
Case 3:16-cr-00086-SLG   Document 920   Filed 07/29/20   Page 6 of 6