# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN PEARL SMITH, II, <br><br> Defendant. | Case No. 3:16-cr-00086-SLG-1 |

### ORDER REGARDING MOTION TO PRECLUDE EVIDENCE OF PRISON CONDITIONS GENERALLY

Before the Court at Docket 708 is the government's Motion in Limine to Preclude Evidence or Argument Concerning Prison Conditions Generally. Defendant John Pearl Smith, II, responded in opposition at Docket 812. The government replied at Docket 828.

The government seeks an order precluding the defense from presenting information or argument "concerning the conditions of prisons not specific to the defendant's past, present, or future adjustment to confinement."[1] The government does not point to any specific information that it seeks to exclude, instead broadly asserting that "any expert testimony relating to mitigating factors [must] focus on the particular defendant."[2] Mr. Smith responds that in addition to the government

---

[1] Docket 708 at 2.

[2] Docket 708 at 5 (citing *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982)).

not identifying "any particular testimony or witness that will be presented at the penalty phase," the government's motion should fail as Supreme Court precedent permits this information because it is potentially mitigating, and because "numerous federal courts have permitted the testimony regarding prison conditions and future dangerousness."[3]

The Court has reviewed the caselaw cited by each party; however, those orders and opinions were reviewing specific proposed or given testimony. Here, there is no specific information before the Court to review.[4] At this time, the Court can only emphasize that during any sentencing phase of trial, any defense information related to federal prisons and the security at federal prisons must either reasonably relate to Mr. Smith's "background, record, or character or any other circumstance of the offense" that mitigates against a death sentence or be rebuttal related to the government's information in support of its claim of Mr. Smith's future dangerousness.[5] Any information must also relate to the type of prison where the Bureau of Prisons would likely house Mr. Smith should the jury impose a life

---

[3] Docket 812 at 1–2.

[4] The Court will be in a better position to delineate the scope of permissible defense expert testimony after the government presents its case regarding future dangerousness. *See, e.g.*, *United States v. Taylor*, 583 F. Supp. 2d 923, 938 (E.D. Tenn. 2008) (highlighting that when considering proposed future dangerousness rebuttal information, "it is important to examine exactly what evidence or information the government presented and not be confused by its allegations or claims"); *United States v. Umana*, Case No. 3:08CR134-RCJ, 2010 WL 1688441 (W.D. N.C. Apr. 26, 2010) (issuing order regarding scope of "generalized prison-security information" after jury had returned guilty verdicts and government had presented future dangerousness information but before defense expert testified in penalty phase).

[5] 18 U.S.C. §§ 3592(a)(8), 3593(c).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence of Prison Conditions Generally
Page 2 of 3

Case 3:16-cr-00086-SLG   Document 921   Filed 07/29/20   Page 2 of 3

sentence. And the less particularized the information is to Mr. Smith, the less likely the Court is to find it admissible. In addition, the Court is in agreement with those decisions that have held that "a defendant may not offer general evidence of prison conditions or security as a stand-alone mitigating factor."[6] As stated by the Eighth Circuit, "[t]he district court need not—and should not—instruct juries that sufficient control in prison is a mitigating factor."[7] However, the government has raised future dangerousness as an aggravating factor in this case and therefore the Court is likely to allow Mr. Smith to present information regarding control systems and other security measures in Bureau of Prisons facilities where he is likely to be housed to rebut that aggravator.[8]

In light of the foregoing, IT IS ORDERED that the motion at Docket 708 is DENIED.

DATED this 29th day of July, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] *United States v. Umana*, 2010 WL 1688441, at *2; *see also United States v. Coonce*, 932 F.3d 623, 639 (8th Cir. 2019) ("[A]llowing control in prison as a mitigating factor is illogical because it results in *rewarding* the most dangerous defendants for their dangerousness simply because they (unlike less dangerous defendants) would be placed in maximum security." (emphasis in original)); *United States v. Johnson*, 223 F.3d 665, 674–75 (7th Cir. 2000) (noting that the defendant "should not have been permitted to present to the jury . . . evidence of the existence of maximum-security federal prisons decked out with control units, in order to establish a mitigating factor"); *Taylor*, 583 F. Supp. 2d at 936 ("General prison security is not a proper mitigating factor . . . .").

[7] *United States v. Coonce*, 932 F.3d 623, 639 (8th Cir. 2019) (holding no abuse of discretion in district court's refusal to instruct the jury that sufficient-control-in-prison information presented to rebut a future dangerousness allegation was also stand-alone mitigating factor).

[8] *See Simmons v. South Carolina*, 512 U.S. 154, 168–69 (1994); *Skipper v. South Carolina*, 476 U.S. 1, 5 n.1 (1986).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence of Prison Conditions Generally
Page 3 of 3
Case 3:16-cr-00086-SLG Document 921 Filed 07/29/20 Page 3 of 3