# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN PEARL SMITH, II, <br><br> Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING MOTION TO PRECLUDE DEATH PENALTY OPINION AND EXECUTION IMPACT TESTIMONY

Before the Court at Docket 707 is the government's Motion *in Limine* to Preclude Evidence or Argument Concerning Capital Punishment Opinion Evidence. Defendant John Pearl Smith, II, responded in partial opposition at Docket 804. The government did not file a reply.

The government's motion and Mr. Smith's response relate to the appropriate scope of testimony regarding witnesses' beliefs about the proper sentence in this case and the impact that Mr. Smith's execution would have on witnesses. The parties agree to three limitations on this type of testimony: First, the parties agree that witnesses may not opine as to their personal opinion about the death penalty in general; second, the parties agree that witnesses may not opine as to whether the jury should impose the death penalty or life in prison as the punishment in this case; third, the parties agree that witnesses may not speculate as to whether Mr.

Smith "would have a positive impact on others" in prison.[1] The Court has reviewed the cited caselaw and agrees that these categories of testimony are prohibited.[2]

Apart from the three categories listed above, the parties disagree as to the appropriate limits on execution impact testimony and future conduct testimony.

## I. Execution impact testimony

"Execution impact testimony" can be defined as testimony "relating to the effect that [a defendant's] execution would have on his family, friends, and other loved ones."[3] The government acknowledges that although there is no federal caselaw, constitutional provision, or statute requiring the admission of execution impact testimony from a defendant's supporters, a district court has the discretion to allow execution impact evidence with appropriate limitations.[4] Indeed, "[p]ermitting execution impact evidence and including related mitigating factors is

---

[1] Docket 707 at 3, 4, Docket 804 at 1–2.

[2] *See generally United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007); *Stenson v. Lambert*, 504 F.3d 873 (9th Cir. 2007); *United States v. Lightly*, 616 F.3d 321 (4th Cir. 2010).

[3] *United States v. Con-Ui*, Case No. 3:13-CR-123, 2017 WL 1410913, at *1 (M.D. Pa. Apr. 20, 2017) (citing *United States v. Taylor*, 583 F. Supp. 2d 923, 944 (E.D. Tenn. 2008)).

[4] Docket 707 at 6–7; *see also United States v. Williams*, 18 F. Supp. 3d 1065, 1071 n.2 (D. Haw. 2014) ("[U]nder *Mitchell*, the court has discretion to allow some such testimony, but with appropriate limitations."); *United States v. Madison*, 337 F. Supp. 3d 1186, 1206 (M.D. Fla. 2018) ("[M]any courts have permitted some form of execution impact testimony as relevant mitigating evidence.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Death Penalty Opinion and Execution Impact Testimony
Page 2 of 7
Case 3:16-cr-00086-SLG   Document 922   Filed 07/29/20   Page 2 of 7

common, if not universal, practice."[5] Here, the government asks the Court to "not exercise its discretion . . . and to prohibit all execution impact evidence."[6]

In *United States v. Mitchell*, the Ninth Circuit reviewed the limitations on execution impact testimony that had been imposed by the district court:

> Section 3593(c)'s standard for admissibility of information in a capital sentencing proceeding is more lenient than the standard for admissibility of evidence under the Federal Rules of Evidence. Information is admissible regardless of admissibility under the Rules, except that in the trial judge's discretion, information "may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." This assures that the jury "not be precluded from considering *as a mitigating factor*, any aspect of a defendant's character or record and any circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Skipper v. South Carolina*, 476 U.S. 1, 4 . . . (1986) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 110 . . . (1982)).
>
> Here the court drew a fine, but appropriate, line for testimony as to whether Mitchell should receive the death penalty. It allowed witnesses to testify regarding their affection for Mitchell and their wish for his life to be spared, but did not allow them to offer an opinion about what they thought the jury's verdict should be. In doing so, the court kept the jury focused on relevant mitigating evidence, *i.e.*, "evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value." *Tennard v. Dretke*, 542 U.S. 274, 284– 85 . . . (2004) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 440 . . . (1990)). Testimony that was adduced from Mitchell's family and teachers about his record and character was relevant mitigating evidence because it had a tendency to show that imposition of the death penalty was not justified. *See* 18 U.S.C. § 3592(a)(8). By the same token, personal opinions about what the verdict should be are

---

[5] *United States v. Sampson*, Case No. 01-10384-LTS, 2016 WL 11573524, at *6 (D. Mass. May 13, 2016).

[6] Docket 707 at 4, 7, 11.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Death Penalty Opinion and Execution Impact Testimony
Page 3 of 7
Case 3:16-cr-00086-SLG   Document 922   Filed 07/29/20   Page 3 of 7

> not probative of any statutory mitigating factor identified in § 3592(a)(1)–(8). *Id.* § 3592(a)(8). The district court had discretion to exclude irrelevant evidence, *see Lockett v. Ohio*, 438 U.S. 586, 605 n.12 . . . (1978), and acted well within it here.[7]

The Ninth Circuit thus construed the execution impact testimony as "relevant mitigating evidence" and, in finding no abuse of discretion, held that the district court had "dr[awn] a fine, but appropriate, line for testimony."[8] Like the *Williams* court in the District of Hawaii, this Court will apply the principles from *Mitchell* and allow the execution impact testimony that was deemed appropriate by the Ninth Circuit and will "ke[ep] the jury focused on relevant mitigating evidence, *i.e.*, 'evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value.'"[9]

The government seeks to have the Court preclude testimony that is a "direct statement[] of love and affection" and maintains that "testimony must identify a defendant's positive character traits, not merely imply that they exist."[10] The Court finds that such a nuanced distinction would be unreasonable and unworkable for

---

[7] 502 F.3d 931, 991 (9th Cir. 2007) (emphasis in original) (footnote omitted).

[8] *Id.*; *see also United States v. O'Reilly*, Case No. 05-80025, 2010 WL 11627650, at *1 (E.D. Mich. June 23, 2010) (citing *Mitchell* and permitting execution impact testimony that defendant's family and friends love him and that a death sentence would have a negative impact on them as "legitimate mitigating evidence").

[9] *Mitchell*, 502 F.3d at 991 (quoting *Tennard v. Dretke*, 542 U.S. 274, 284–85 (2005)).

[10] Docket 707 at 10–11.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Death Penalty Opinion and Execution Impact Testimony
Page 4 of 7
Case 3:16-cr-00086-SLG   Document 922   Filed 07/29/20   Page 4 of 7

lay witnesses in the emotionally charged environment of the sentencing phase and will not preclude "direct statements of love and affection."

Rather, in accordance with *Mitchell,* witnesses may testify that Mr. Smith's "life has value."[11] Witnesses may also testify as to their emotional connection to and affection for Mr. Smith.[12] Witnesses may also give limited testimony about "their wish for his life to be spared," as that is the precise testimony that the Ninth Circuit held was within the "fine, but appropriate line" of permissible execution impact testimony in a capital sentencing trial.[13]

However, a witness may not testify as to the specific impact Mr. Smith's execution would have on that witness, as that would not be relevant towards Mr. Smith's "background, record, or character or any other circumstance of the offense."[14] To the extent it did have any relevance to Mr. Smith's background, character or offense, such relevance would be outweighed by "the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[15]

---

[11] *Williams*, 18 F. Supp. 3d at 1071–72; *cf. O'Reilly*, 2010 WL 11627650, at *1 ("Testimony from his family and friends that they love him, and that a death sentence would have a negative impact on them relates to O'Reilly's character, and shows there is something worthy about O'Reilly as a human being.").

[12] *Mitchell*, 502 F.3d at 991; *Con-Ui*, 2017 WL 1410913, at *3 (allowing defense to present testimony "to demonstrate that Defendant has 'the capacity to be of emotional value to others'" (quoting *Oregon v. Stevens*, 879 P.2d 162, 168 (Or. 1994) (*en banc*)).

[13] *Mitchell*, 502 F.3d at 991; *Williams*, 18 F.Supp.3d at 1071.

[14] 18 U.S.C. § 3592(a)(8).

[15] 18 U.S.C. § 3593(c).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Death Penalty Opinion and Execution Impact Testimony
Page 5 of 7
Case 3:16-cr-00086-SLG   Document 922   Filed 07/29/20   Page 5 of 7

Witnesses will also be precluded from making any generalized plea for sympathy or mercy, because any probative value of such testimony would be "outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[16]

## II. Speculative opinion about future conduct

The government asserts that "speculative opinions about a defendant's future adjustment or potential positive contributions are inadmissible."[17] Mr. Smith seems to maintain that although he cannot elicit testimony as to whether he "would have a positive impact on others" in prison, he should not otherwise be limited in eliciting "'testimony about the future prospects' for Mr. Smith" should he be given a life sentence.[18] The Court will permit the defense to elicit testimony about Mr. Smith's "record and character" that is based on a witness's personal experience, relationship, observations, and evaluation of Mr. Smith.[19] However, in keeping with the Court's ruling that Mr. Smith's former probation officers will not be allowed "to testify as to matters that require speculation into Mr. Smith's future actions,"[20]

---

[16] *Id.*

[17] Docket 707 at 2.

[18] Docket 804 at 2 (quoting Docket 707 at 7, 15–16).

[19] *Mitchell*, 502 F.3d at 991; *Lightly*, 616 F.3d at 364.

[20] Docket 918 at 28 (under seal).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Death Penalty Opinion and Execution Impact Testimony
Page 6 of 7
Case 3:16-cr-00086-SLG   Document 922   Filed 07/29/20   Page 6 of 7

the Court will not allow Mr. Smith's supporters to speculate as to his future conduct in prison.

In light of the foregoing, IT IS ORDERED that the motion at Docket 707 is GRANTED IN PART AND DENIED IN PART as follows: Witnesses shall not testify as to their personal opinion about the death penalty in general. Witnesses shall not testify as to what sentence (the death penalty or life without parole) they think the jury should impose in this case. Witnesses shall not make general pleas for mercy. Witnesses shall not speculate as to how Mr. Smith might behave should he be given a sentence of life without parole. Each party shall notify their witnesses of these limitations, and neither party shall ask questions designed to elicit prohibited testimony.[21] However, witnesses may testify as to Mr. Smith's character, background, and value as a human being, including their emotional connection to and affection for Mr. Smith and the value of his life to them and may testify that they wish for his life to be spared. If the government seeks to introduce information in rebuttal to any such testimony, it shall first raise the issue with the Court outside the presence of the jury.

DATED this 29th day of July, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[21] The Court finds it appropriate to issue an order regarding these limitations and declines Mr. Smith's invitation to "overrule this motion as moot with respect to those matters . . . about which [defense] counsel agrees not to adduce evidence." Docket 804 at 2.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Death Penalty Opinion and Execution Impact Testimony
Page 7 of 7
Case 3:16-cr-00086-SLG   Document 922   Filed 07/29/20   Page 7 of 7