# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JOHN PEARL SMITH, II,

        Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER REGARDING MOTION IN LIMINE TO PRECLUDE EVIDENCE OF CIVIL LAWSUIT

Before the Court at Docket 709 is the government's Motion in Limine to Preclude Evidence or Argument Concerning Civil Lawsuits Discussing the Crimes Charged. Defendant John Pearl Smith, II, responded in opposition at Docket 818. The government replied at Docket 846 and filed a related notice at Docket 908.

In June 2018, Richard Beck and the estate of victim Crystal Denardi filed a civil lawsuit against the estate of victim Ben Gross in Alaska state court.[1] The lawsuit alleged that John Smith shot Beck (who survived), Denardi, and Gross at Gross's home, that Gross was previously "in imminent fear of being attacked," but that Gross did not tell Beck or Denardi that he was in fear of being attacked.[2] The lawsuit also alleged that "Gross aggravated the situation and made a bad situation

---

[1] The lawsuit was originally filed by Beck alone, on June 4, 2018. Docket 709-1. The next day the lawsuit was amended to include the Denardi estate as a co-plaintiff. Docket 709-2.

[2] Docket 709-2 at 2, ¶¶ 7–8.

worse by attacking Smith and inciting Smith" to shoot Beck, Denardi, and Gross and that "because Gross exacerbated the situation, Smith had to get rid of the two witnesses [Beck and Denardi]."[3] The lawsuit sought at least $100,000 for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.[4] In June 2020, the lawsuit was settled and dismissed with prejudice.[5]

The government seeks to preclude Mr. Smith "from introducing any evidence or argument suggestive of contributory negligence" as is alleged in the civil lawsuit because the "civil lawsuit, and circumstances surrounding the lawsuit as it relates to any suggestion of contributory negligence is irrelevant" to either the guilt or penalty phase of trial.[6] Mr. Smith responds that the lawsuit is admissible for two purposes. First, he asserts that it is admissible for impeachment: "Beck's lawsuit and the assertions he makes [in the lawsuit] are admissible impeachment of the Government's case."[7] Mr. Smith maintains that because Mr. Beck "is the sole eyewitness to the alleged homicides," he must be cross-examined for bias or

---

[3] Docket 709-2 at 3, ¶ 15.

[4] Docket 709-2 at 3–4.

[5] Docket 908-1.

[6] Docket 709 at 2. The issue of Beck's lawsuit was also raised in the defense motion *in limine* at Docket 761 and deferred by the Court because of the instant pending motion. *See* Docket 901 at 6 (sealed order regarding motion *in limine* at Docket 761).

[7] Docket 818 at 2.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion *in Limine* to Preclude Evidence of Civil Lawsuit
Page 2 of 7
Case 3:16-cr-00086-SLG   Document 927   Filed 08/20/20   Page 2 of 7

motive.[8]  Second, Mr. Smith contends that the lawsuit is admissible because the lawsuit alleges that "Gross aggravated the situation and made a bad situation worse by attacking Smith and inciting Smith to shoot and kill Gross," thus undermining the government's theory that Mr. Smith acted intentionally and with premeditation.[9]

I. **Use of lawsuit as impeachment**

The government reply acknowledged that "there may exist some impeachment value to some aspects of the lawsuit."[10]  However, once the lawsuit was settled and dismissed, the government appears to have changed its position, asserting that "it appears that when Mr. Beck testifies at trial, any potential bias arising from the pending lawsuit will have been dissipated."[11]  The Court disagrees. For example, as Mr. Smith points out, the fact that Mr. Beck even filed the lawsuit may be relevant impeachment if Mr. Beck testifies that he was a close friend of Mr. Gross.[12]  Thus, the fact that there was a lawsuit may be valid impeachment of Mr. Beck or other witnesses' testimony.

---

[8] Docket 818 at 2, 4 (citing *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999)).

[9] Docket 818 at 2–3 (quoting Docket 709-1 at 1, 3); *see also* Docket 102 at 4–5, 14 (First Superseding Indictment charging that Mr. Smith committed the killings "willfully, deliberately, maliciously, and with premeditation" and special findings that he "intentionally killed" Gross and Denardi).

[10] Docket 846 at 2.

[11] Docket 908 at 2.

[12] *See* Docket 818 at 3–4.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion *in Limine* to Preclude Evidence of Civil Lawsuit
Page 3 of 7
Case 3:16-cr-00086-SLG   Document 927   Filed 08/20/20   Page 3 of 7

However, the Court has no proposed testimony before it with which to compare the allegations in the lawsuit, nor does it have any information regarding the terms of the settlement. The Court does not have enough information to conduct a Rule 403 inquiry (as to the guilt phase) or an inquiry into whether the lawsuit is "information [that] may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury" (as to the sentencing phase).[13] Thus, on the current record, the Court cannot find that the lawsuit is admissible for impeachment, and the Court GRANTS the motion at Docket 709 as it relates to any reference to the lawsuit for impeachment purposes, without prejudice to the defense raising the issue outside the presence of the jury after the testimony of any witness it seeks to impeach with the lawsuit.

## II. Use of lawsuit as substantive evidence

The government maintains that evidence of Mr. Gross's contributory negligence is not proper substantive evidence in the guilt phase of trial and is not proper mitigation evidence in the sentencing phase of trial.[14] In determining this portion of the motion, the Court considers the allegations made by the government in the indictment and notice of intent to seek the death penalty. During the guilt phase, the government will be seeking to prove that—at least as to Counts 3, 5, 7, and 8—Mr. Smith committed the homicides "willfully, deliberately, maliciously, and

---

[13] 18 U.S.C. § 3593(c).

[14] Docket 846 at 2.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion *in Limine* to Preclude Evidence of Civil Lawsuit
Page 4 of 7
Case 3:16-cr-00086-SLG Document 927 Filed 08/20/20 Page 4 of 7

with premeditation."[15] Premeditation is not the same as intent: "Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing . . . must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing."[16] The Ninth Circuit has set out a variety of ways premeditation may be proven through circumstantial evidence and noted that "[w]hether a defendant acted with premeditation is a factual question for the jury to decide."[17] Evidence regarding Mr. Gross's conduct at the scene of the homicides will not be excluded from the guilt phase, as it will be relevant and probative on this topic.[18] But whether any such conduct by Mr. Gross constituted contributory negligence under state tort law is not relevant to this criminal prosecution and should not be argued to the jury.

As to the capital murder counts, during the sentencing (eligibility) phase, the government will be seeking to prove that Mr. Smith "intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal

---

[15] Docket 102; 18 U.S.C. § 1111(a) (requiring premeditation as an element of first-degree murder).

[16] Ninth Circuit *Manual of Model Criminal Jury Instructions* § 8.107 (2019); *accord United States v. Begay*, 673 F.3d 1038, 1042–43, 1046–47 (9th Cir. 2011); *see also Jones v. United States*, 175 F.3d 544, 549 (9th Cir. 1949) ("To speak of premeditation and deliberation which are instantaneous, or which take no appreciable time, is a contradiction in terms.") (quoting *Bullock v. United States*, 122 F.2d 213, 213–14 (D.C. Cir. 1941)).

[17] *Begay*, 673 F.3d at 1043; *see also United States v. Reza-Ramos*, 816 F.3d 1110, 1123–24 (9th Cir. 2016).

[18] It is not clear to the Court whether the government's motion sought to preclude this evidence. *See, e.g.,* Docket 709 at 2 ("All of the facts concerning the murder, and those involved, will necessarily be admitted at trial.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion *in Limine* to Preclude Evidence of Civil Lawsuit
Page 5 of 7
Case 3:16-cr-00086-SLG   Document 927   Filed 08/20/20   Page 5 of 7

force would be used" and "committed the offenses after substantial planning and premeditation to cause the death of a person."[19]  Here again, the Court will not preclude information regarding Mr. Gross's conduct at the scene of the homicides, as it would likely bear on this topic.

When considering the lawsuit as substantive evidence, the Court distinguishes between the facts *underlying* the lawsuit and the fact *of* the lawsuit. It does not appear that the fact that the lawsuit was filed (or later settled) is itself relevant as to whether Mr. Smith acted with the necessary mental states.  But the facts underlying the allegations in the lawsuit appear to be relevant to those issues. And, as noted above, the Court intends to allow evidence and information that is consistent with the allegations contained in the lawsuit as substantive evidence in both the guilt and penalty phases of trial, but will not allow legal arguments that have applicability only in a civil lawsuit.  However, as with impeachment, no evidence has yet been introduced by the government as to the applicable mental states.  Therefore, at this time the Court GRANTS the motion at Docket 709 as it relates to any reference to the civil lawsuit as substantive evidence, without prejudice for the defense to raise the issue outside the presence of the jury after the government has introduced evidence of the requisite mental state.

---

[19] Docket 168 at 2, 3 (government's notice of intent to seek a sentence of death).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion *in Limine* to Preclude Evidence of Civil Lawsuit
Page 6 of 7
Case 3:16-cr-00086-SLG   Document 927   Filed 08/20/20   Page 6 of 7

In light of the foregoing, IT IS ORDERED that the motion at Docket 709 is GRANTED without prejudice.

DATED this 20th day of August, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion *in Limine* to Preclude Evidence of Civil Lawsuit
Page 7 of 7
Case 3:16-cr-00086-SLG   Document 927   Filed 08/20/20   Page 7 of 7