# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>       v.<br><br>JOHN PEARL SMITH, II,<br><br>                 Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING JURY INSTRUCTION ON EFFECT OF SELECTION-PHASE NON-UNANIMITY

Before the Court at Docket 700 is the government's Motion *in Limine* to Preclude Evidence, Argument, or Instruction Encouraging Nullification. Defendant John Pearl Smith, II responded in opposition at Docket 813. The government replied at Docket 848. The government seeks an order precluding the defense "from asking, or arguing, for death penalty nullification, including informing the jury of the consequences of their failure to reach unanimity."[1]

As the First Circuit recently explained, in the selection phase "jurors in a federal capital case cannot recommend that a defendant die unless . . . [they] unanimously find that all the aggravators outweigh any mitigators to justify his getting death. And if they cannot make a unanimous recommendation, the judge steps in and can impose either a life sentence without release or any lesser

---

[1] Docket 700 at 2.

sentence allowed by law."[2] In Mr. Smith's case, if the jury cannot reach a unanimous decision as to the appropriate sentence—the death penalty or life without parole—the parties agree that the Court will sentence Mr. Smith to life without parole. The issue presented by the instant motion is whether this Court should give the jurors an instruction as to the consequences of them being deadlocked in the selection phase—in other words, should the Court tell the jurors that if they fail to reach a unanimous sentencing decision, the Court will impose a life without parole sentence?

I.  **The parties' positions and proposed jury instructions**

The government asserts that capital defendants have "no right to inform the jury of the effect of their failure to reach a unanimous sentencing verdict" and that "any argument that a jury should be informed about the consequences of its failure to reach unanimity . . . is foreclosed by Supreme Court and relevant Circuit court precedent."[3] The government relies primarily on *Jones v. United States*, in which the Supreme Court held that a deadlock-consequences instruction is not constitutionally required by the Eighth Amendment and further declined to exercise its "supervisory powers to require that an instruction on the consequences of

---

[2] *United States v. Tsarnaev*, Case No. 16-6001, 2020 WL 4381578, at *47 (1st Cir. July 31, 2020) (citing *Jones v. United States*, 527 U.S. 373, 376–77 (1999)).

[3] Docket 700 at 2, 11.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 2 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 2 of 13

deadlock be given in every capital case."[4] Accordingly, the government's proposed jury instruction on this topic reads:

> In order to impose a sentence of death or life imprisonment without the possibility of release, all twelve jurors must unanimously agree that a sentence of death or a sentence of life imprisonment without the possibility of release is the appropriate sentence. Only if you are unanimously persuaded that the aggravating factors sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factors alone are sufficient to justify a sentence of death, may you then return a verdict in favor of death.
>
> ***
>
> If, after weighing the aggravating and mitigating factors, you unanimously recommend that a sentence of death shall be imposed, then the Court is required to sentence the defendant to death. If you unanimously recommend that a sentence of life imprisonment without the possibility of release shall be imposed, then the Court is required to sentence the defendant to life imprisonment without the possibility of release.[5]

The government's proposed penalty-phase jury instructions thus contain no information that the default sentence the Court will impose if the jury deadlocks is a life sentence without the possibility of release. The government's proposed penalty-phase verdict form gives the jury two options: (1) death penalty or (2) life imprisonment without the possibility of release.[6]

---

[4] 527 U.S. 373, 382–83 (1999).

[5] Docket 878 at 17–18.

[6] Docket 878-1 at 4.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 3 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 3 of 13

Mr. Smith responds that *Jones* "merely held that capital jurors were not entitled to an instruction as to the consequences of jury deadlock," but that "district courts routinely give" an instruction as to the consequences of selection-phase deadlock.[7] Mr. Smith's relevant proposed jury instructions read:

> The choice between these alternatives is left exclusively to you. In order to impose a sentence of death, all twelve jurors must agree that death is the appropriate sentence. If one or more jurors does not conclude that death is the appropriate sentence, the death penalty will not be imposed. *That is, if you do not unanimously agree on either life without the possibility of release or death, I will sentence John Smith to life imprisonment without possibility of release.* Your decision will be binding on the court, and I will impose sentence on John Smith according to your choice.
>
> ***
>
> Although the choice between life and death is an individual decision, a decision to impose a death sentence on John Smith must be a unanimous one. That means that every juror must individually determine that a sentence of death must be imposed. *If all twelve of you do not reach the individual decision that a sentence of death should be imposed, I will impose a sentence of life without the possibility of release.* Because the death penalty is never required, life without possibility of release is always an acceptable sentence under the law.
>
> ***
>
> If, after weighing the aggravating and mitigating factors, you unanimously determine that a sentence of death shall be imposed, then the court is required to sentence John Smith to death; *otherwise, whether the jury is unanimous for life or not unanimous, the sentence will be life without the possibility of release.*[8]

---

[7] Docket 813 at 2.

[8] Docket 879-9 at 2, 9–10, 14 (emphases added). The first paragraph is taken from the instruction given to the jury in *United States v. Williams*, Case No. 06-00079JMS (D. Haw. June 6, 2014).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 4 of 13

Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 4 of 13

Mr. Smith's proposed penalty-phase jury instructions thus contain three references to the default sentence the Court will impose if the jury cannot reach a unanimous sentencing decision. Mr. Smith's proposed penalty-phase verdict form gives the jury three options: (1) unanimous vote for life imprisonment without the possibility of release, (2) unanimous vote for a sentence of death, or (3) "After due deliberation, we are unable to come to unanimous agreement on the issues of punishment. We understand that the court will impose a sentence of life imprisonment without the possibly of release[.]"[9]

## II. Model Jury Instructions

The government points to the Ninth Circuit's Model Jury Instruction and to the Federal Criminal Pattern Jury Instruction regarding jurors' duty to deliberate.[10] However, these model jury instructions were not drafted to be particular to Federal Death Penalty Act (FDPA) cases. While the Court gives them due consideration, it also takes guidance from the FDPA-specific model jury instructions from the Tenth and Eighth Circuits.

---

[9] Docket 879-10. The proposed verdict form is the same as was given to the jury in *United States v. Williams*, Case No. 06-00079JMS (D. Haw. June 6, 2014). A similar third option was also on the verdict form in *United States v. Sampson*, 335 F.Supp.2d 166, 240 (D. Mass. 2004). The verdict form in *United States v. Anh The Duong*, Case No. CR01-20154-JF (N.D. Cal. 2010) listed the life-sentence option as "we do not unanimously agree that a sentence of death should be imposed. A sentence of life imprisonment without the possibility of release results by law." (available at https://fdprc.capdefnet.org/sites/cdn_fdprc/files/Assets/public/verdict_forms/duong_anh_the_nd_ca_2010_redacted.pdf) (last accessed Aug. 21, 2020).

[10] Docket 700 at 8–9.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 5 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 5 of 13

The Tenth Circuit's instruction on "Sentencing Choices and Responsibility" reads:

> Members of the jury, you have unanimously found the defendant, _____, guilty of _____ as charged in count ___ of the indictment. This offense is punishable by death or by imprisonment for life without possibility of release. The choice between these alternatives is left exclusively to you. Your unanimous decision will be binding on the court, and I will impose sentence on the defendant according to your choice. **If you cannot unanimously agree on the appropriate punishment, I will sentence the defendant to life imprisonment without possibility of release.**[11]

The Tenth Circuit jury instruction committee justified its decision to instruct the jury on the effect of non-unanimity as being "the most straightforward approach":

> As explained in *Jones v. United States*, 527 U.S. 373, 380–81 (1999), if the jury is unable to reach a unanimous verdict, the sentencing determination passes to the court (i.e., the court does not discharge the jury and hold a second sentencing hearing). When the sentencing options are limited to death or life without possibility of release (which is the basic case this set of instructions is drafted to cover), there is only one sentence the court may impose. **Thus, if the jury does not unanimously agree on a death sentence, it has effectively chosen a sentence of life without possibility of release, regardless of whether the jurors unanimously agreed *on that alternative sentence*, and it makes no sense to ask the jury whether they have done so. Therefore these instructions are most naturally written simply to ask the jury whether they have unanimously agreed on a death sentence and, if not, to direct them to indicate that a sentence of life without release should be imposed.** Although a jury need not as a general matter always be told the consequences of their failure to return a unanimous verdict, *Jones*, 527 U.S. at 381–83, in this context it seems to be the most straightforward approach.[12]

---

[11] Tenth Circuit *Criminal Pattern Jury Instructions* § 3.01 (2011 ed., updated Feb. 2018) (boldface emphasis added, italics in original).

[12] Tenth Circuit *Criminal Pattern Jury Instructions*, Comment to § 3.01 (2011 ed., updated Feb.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 6 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 6 of 13

Accordingly, the Tenth Circuit's sample "Special Findings Form" reads: "If you do not unanimously conclude that a sentence of death is justified and therefore must be imposed, sign the verdict for life imprisonment set out in Verdict—Life Imprisonment below, sign the certification in section IV, and notify the court that you have reached a decision."[13] The Tenth Circuit has thus chosen to not even instruct the jury that it must unanimously find that a life sentence is appropriate; the jury need only not reach unanimity that a death sentence is justified in order to trigger a life sentence.

The Eighth Circuit's instruction on "Consequences of Deliberations," citing *Jones* and 18 U.S.C. § 3594, reads:

> If you cannot unanimously agree whether [the defendant] should be sentenced to death or life imprisonment without possibility of release, the court will sentence the defendant to a minimum of life in prison and may sentence the defendant to life imprisonment without the possibility of release. [There is no parole in the federal system.][14]

The Eighth Circuit's sample "Special Verdict Form" requires a "determin[ation], by unanimous vote, that a sentence of death shall be imposed" or a "determin[ation],

---

2018) (italics in original, bold type added).

[13] Tenth Circuit *Criminal Pattern Jury Instructions*, Special Findings Form, part III (2011 ed., updated Feb. 2018).

[14] Eighth Circuit *Model Death Penalty Jury Instructions*, § 12.12 (brackets in original).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 7 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 7 of 13

by unanimous vote, that a sentence of life imprisonment without possibility of release shall be imposed."[15]

Thus, both the Tenth and Eighth Circuits model instructions—the only circuits to have FDPA-specific model jury instructions—propose instructing the jurors as to the effect of non-unanimity in the selection phase.

### III. Circuit and district court guidance

The Ninth Circuit has not considered the issue raised by the instant motion in an FDPA case, but other federal circuits have followed *Jones* to hold that capital defendants are not entitled to a jury instruction on the effect of a selection-phase deadlock.[16] Some district courts have also followed suit.[17]

Other district courts, however, have elected to inform the jury of the consequence of non-unanimity. In *United States v. Sampson*, an FDPA case in

---

[15] Eighth Circuit Model Death Penalty Jury Instructions, § 12.22.

[16] *United States v. Tsarnaev*, Case No. 16-6001, 2020 WL 4381578, at *49 (1st Cir. July 31, 2020); *United States v. Taylor*, 814 F.3d 340, 372 (6th Cir. 2016) (finding no abuse of discretion in district court's refusal to give instruction), *abrogated on other grounds* by *United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020); *United States v. Whitten*, 610 F.3d 168, 203 (2d Cir. 2010); *Belmontes v. Ayers*, 529 F.3d 834, 877 (9th Cir. 2008), *judgment rev'd on other grounds* by *Wong v. Belmontes*, 558 U.S. 15 (2009). *See also United States v. Chandler*, 996 F.2d 1073, 1089 (11th Cir. 1993) (predating *Jones* but reaching the same conclusion).

[17] *See, e.g.*, *United States v. Wilson*, Case No. 04-CR-1016, 2013 WL 3187036, at *4–5 (E.D.N.Y. June 20, 2013); *United States v. Caro*, 483 F.Supp.2d 513, 520–21 (W.D. Va. 2007); *United States v. Richardson*, Case No. 1:08-CR-0139-CC, 2010 WL 11667839, at *10 (N.D. Ga. Sept. 16, 2010) (declining to give instruction in preliminary instructions but not "rul[ing] out the possibility of instructing the jury of the consequence of deadlock during the closing charge"); *United States v. Cramer*, Case No. 1:16-CR-26, 2018 WL 7821097, at *1–2 (E.D. Tex. Apr. 6, 2018) (prohibiting defense counsel from discussing consequence of non-unanimous sentencing decision with jury).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 8 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 8 of 13

the District of Massachusetts, the district court instructed the jury on the consequences of non-unanimity.[18] As recognized by the *Sampson* court, "the Eighth Amendment does not require that the jury be told the consequences of their failure to agree and that the government has a strong interest in a unanimous verdict—one way or the other—in a death penalty prosecution. However, the Supreme Court in *Jones* did not forbid this sort of instruction."[19]

### IV. Consideration of the jury

In *Jones*, an FDPA case, the Supreme Court considered, *inter alia*, "whether petitioner was entitled to an instruction as to the effect of jury deadlock."[20] The Supreme Court held that such an instruction was not constitutionally required, and explained that

> we have long been of the view that "[t]he very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." We further have recognized that in a capital sentencing proceeding, the Government has "a strong interest in having the jury express the conscience of the community on the ultimate question of life or death." We are of the view that a charge to the jury of the sort proposed by petitioner might well have the effect of undermining this strong governmental interest.[21]

---

[18] 335 F.Supp.2d 166 (D. Mass. 2004).

[19] *Id.* at 240 (citing *Jones*, 527 U.S. 373 at 381–82). The First Circuit's recent decision in *United States v. Tsarvaev* does not disrupt the *Sampson* court's reasoning, since the First Circuit merely reiterated the holding of *Jones* and did not prohibit the instruction.

[20] 527 U.S. at 375.

[21] *Jones*, 527 U.S. at 382 (quoting *Allen v. United States*, 164 U.S. 492, 501 (1896); then quoting *Lowenfield v. Phelps*, 484 U.S. 231, 238 (1988)).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 9 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 9 of 13

This Court finds that with appropriate safeguards, an instruction on the effect of non-unanimity will not unreasonably hamper the government's interest in a unanimous jury verdict.[22] The Court intends to place reasonable limits on the defense's ability to argue this issue to the jury and will not overly emphasize the effect of non-unanimity in its instructions to the jury. The Court agrees with the reasoning of the District of Massachusetts, which "chose to inform the jury of the consequences of deadlock for several reasons":

> First, viewing this instruction as part of the overall instructions regarding deliberations, the court believed that the government's interest in a unanimous verdict was adequately protected. Second, informing the jurors of the consequences of deadlock emphasized the individual responsibility of each juror. Ensuring that jurors were cognizant of this responsibility was also an important government interest. Third, the instruction also ensured that jurors undertook their deliberations accurately understanding the consequences of their actions. Declining to instruct the jury on the consequences of a deadlock could result in jurors deliberating based on a misunderstanding of the law rooted in speculation and incorrect assumptions.[23]

To prevent jurors from misunderstanding the law, the *Sampson* court instructed that

> If, after making all reasonable efforts, at the conclusion of your deliberations on a particular count, you have not reached unanimous

---

[22] In *Sampson*, where the instruction was given, the jury returned a unanimous death sentence on two counts. 335 F.Supp.2d at 173. In contrast, in *United States v. Anh The Duong*, Case No. CR01-20154-JF (N.D. Cal. 2010) the instruction was given but the jury did not find that aggravating factors outweighed mitigating factors to justify a death sentence. Verdict form available at
https://fdprc.capdefnet.org/sites/cdn_fdprc/files/Assets/public/verdict_forms/duong_anh_the_nd_ca_2010_redacted.pdf (last accessed Aug. 24, 2020).

[23] *Sampson*, 335 F.Supp.2d at 240–41.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 10 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 10 of 13

agreement on whether the prosecution has proven that the death penalty is justified, you will not be a hung jury. And in contrast to the conventional criminal case, this case will not have to be tried again because the jury did not reach a unanimous verdict. Rather, if you are unable to reach a unanimous verdict on whether the government has proven the death penalty is justified on a particular count, the law provides that I must sentence Mr. Sampson to life in prison without possibility of release on that count, and I will do so.[24]

The jurors seated for this capital trial will be tasked with rendering verdicts on 17 counts, with rendering a forfeiture verdict, with rendering verdict(s) in the eligibility phase, and then, if any guilty verdicts on capital counts are returned, weighing what will likely be numerous aggravating and mitigating factors to render verdict(s) as to whether Mr. Smith will live or die. In the course of this process, the jurors will give up weeks—if not months—of their time; some jurors will have to live in hotels during trial weeks; and some jurors will have to travel long distances from remote parts of Alaska to Anchorage where trial will be held. The realities of trial mean that jurors will likely spend considerable time waiting in the jury room while the Court and parties confer; they will be limited in access to media; and they will be prohibited from speaking with family and friends about the trial. To not inform the jurors of the legal consequence of a deadlocked jury would disrespect their exclusive role in the sentencing process and the sacrifices necessary to exercise

---

[24] *Id.* at 241, n.43.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 11 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 11 of 13

that role.[25]  This information is nothing more than an accurate statement of the law as set forth in the FDPA.[26]

The Court does not view such an instruction as "an open invitation for the jury to avoid its responsibility and to disagree,"[27] for the jurors will be well-instructed that they have a responsibility to try and reach a unanimous sentencing decision. As courts have repeatedly stated, jurors are presumed to follow the instructions that they are given.[28]  The Court has no reason to believe that the jurors in this case will not fulfill their duty to deliberate in an effort to reach unanimity.  Moreover, the Court intends to reasonably restrict legal argument on this topic by counsel.

---

[25] In *Jones*, the Supreme Court wrote that "the proposed instruction has no bearing on the jury's role in the sentencing process.  Rather, it speaks to what happens in the event that the jury is unable to fulfill its role—when deliberations break down and the jury is unable to produce a unanimous sentence recommendation."  527 U.S. at 382.  The Supreme Court was considering whether such an instruction was constitutionally required in light of the role of the jury in FDPA sentencings; this Court views the instruction as appropriate out of respect for the role the jury plays and in the interest of giving the jury the complete legal framework in which it is making its sentencing decision.

[26] 18 U.S.C. §§ 3593(e), 3594.  *But see United States v. Richardson*, Case No. 1:08-CR-0139-CC, 2010 WL 11667839, at *10 (N.D. Ga. Sept. 16, 2010) ("[T]he Government compellingly argues [that] a non-unanimous verdict is not a verdict allowed by the Federal Death Penalty Act.").

[27] *Jones*, 527 U.S. at 384 (quoting *Justus v. Virginia*, 266 S.E.2d 87, 92 (1980)).

[28] *See, e.g.*, *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) (noting that a "crucial assumption underlying that system [of trial by jury] is that juries will follow the instructions given them by the trial judge" and "presum[ing] that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.").  This principle has been recognized in other FDPA cases.  *See United States v. Mitchell*, 502 F.3d 931, 990 (9th Cir. 2007); *United States v. Ciancia*, Case No. 2:13-cr-00902-PSG-1, 2015 WL 13798672, at *1 (C.D. Cal. May 12, 2015); *Duncan v. United States*, Case No. 2:07-cr-00023-EJL, 2019 WL 1320039, at *22 (D. Idaho Mar. 22, 2019).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 12 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 12 of 13

## CONCLUSION

The Court finds that, even though not constitutionally required, it is appropriate to instruct the jury as to the sentence that will be imposed (life without parole) if they cannot reach a unanimous decision as to the appropriate penalty. The Court will include such an instruction in the draft instructions it provides to the parties. At this point, the Court will not rule on the scope of any voir dire or argument it will allow counsel to make as to the effect of non-unanimity.

However, the Court does not find it necessary or appropriate to include a "deadlocked" option on the verdict form. If during penalty-phase deliberations the jury reports that it is unable to come to a unanimous decision, the Court will then consider, with input from the parties, whether an *Allen* charge is appropriate.[29]

In light of the foregoing, IT IS ORDERED that the motion at Docket 700 is DENIED.

DATED this 26th day of August, 2020, at Anchorage, Alaska.

*/s/ Sharon L Gleason*
UNITED STATES DISTRICT JUDGE

---

[29] *See Allen v. United States*, 164 U.S. 492, 501–02 (1896) (approving use of supplemental jury instruction to encourage deadlocked juries to continue deliberations); *Lowenfield v. Phelps*, 484 U.S. 231, 237–41 (1988) (approving *Allen*-type instruction in context of capital sentencing). *See also United States v. Williams*, Case No. 06-00079 JMS/KSC, 2014 WL 2893232 (D. Haw. June 26, 2014) (denying capital defendant's motion for mistrial in selection phase and discussing standards for declaring jury deadlocked).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Jury Instruction on Effect of Selection-Phase Non-Unanimity
Page 13 of 13
Case 3:16-cr-00086-SLG   Document 928   Filed 08/26/20   Page 13 of 13