# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>JOHN PEARL SMITH, II, <br><br>　　　　　Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING UNSWORN ALLOCUTION BEFORE THE JURY

Before the Court at Docket 705 is the government's Motion *in Limine* to Preclude Evidence of Unsworn Allocation before any Capital Jury. Defendant John Pearl Smith, II responded in opposition at Docket 817. The government replied at Docket 847.

The government seeks an order precluding Mr. Smith from making an unsworn allocution to the jury if trial in this case reaches a selection phase.[1] The government advances three arguments in support of its motion: (1) capital defendants have no constitutional right to make an unsworn allocution, (2) the Federal Rules of Criminal Procedure do not allow defendants to make an allocution to the jury, and (3) the Federal Death Penalty Act (FDPA) does not authorize unsworn allocution. Mr. Smith responds that the Constitution, the Federal Rules

---

[1] Docket 705 at 2.

of Criminal Procedure, and the FDPA each authorize unsworn allocutions to the jury in a capital phase of trial.

## I. The constitutional right to present unsworn allocution

The government asserts that "[d]efendants have no right to present unsworn allocution during a capital sentencing trial."[2] The government cites to other circuits that have found no constitutional or statutory right to allocution.[3] Mr. Smith responds that "the Government asks this Court to ignore controlling caselaw from this Circuit."[4] Mr. Smith is correct. In *Boardman v. Estelle*, the Ninth Circuit held "that allocution is a right guaranteed by the due process clause of the Constitution" when a defendant "makes a request that he be permitted to speak to the trial court before sentencing. If the trial court denies that request, the defendant has not received due process."[5]

Although *Boardman* was not a capital case, FDPA cases from the District of Hawaii have applied *Boardman*'s holding in the sentencing phase of capital trials. In *United States v. Chong*, the district court saw "no basis for distinguishing

---

[2] Docket 705 at 2.

[3] Docket 705 at 2 (citing to Fourth, Fifth, Sixth, and Eighth Circuits that have each found no right to allocution in capital sentencing).

[4] Docket 817 at 7.

[5] 957 F.2d 1523, 1529–30 (9th Cir. 1992); *see also United States v. Silva*, 472 F.3d 683, 686–87 (9th Cir. 2007) (citing *Boardman* as holding that "[d]ue process requires that a defendant who seeks to speak must be given such an opportunity before a sentence is imposed").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocation Before the Jury
Page 2 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 2 of 10

[*Boardman*'s] holding from the instant [FDPA] case."[6] The *Chong* Court was concerned that "the fear of cross-examination might compel capital defendants to forego addressing the jury and offering pleas for mercy, expressions of remorse, or some explanation that might warrant a sentence other than death."[7] In *United States v. Williams*, the district court "believe[d] that the prudent approach is to follow *Boardman*," even though *Boardman* was not a capital case.[8]

The government asserts that "reliance on *Boardman*, and correspondingly upon *Williams*, may not be well founded."[9] The government relies on a California district court decision in *Rikard v. Harrington*, which concluded that "it [was] not bound by *Boardman*" on the issue of allocution.[10] The government's interpretation of *Rikard* disregards the context in which it was decided. *Rikard* was a 28 U.S.C. § 2254 habeas corpus case in which the petitioner claimed that the California state court had violated his federal right to allocute at sentencing.[11] Because it was a habeas corpus case governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), the relevant standard was whether the California state court's adjudication of this claim was contrary to or involved an unreasonable application

---

[6] 104 F. Supp. 2d 1232, 1234 (D. Haw. 1999).

[7] *Id.* at 1236.

[8] 18 F. Supp. 3d 1065, 1069 (2014).

[9] Docket 705 at 9.

[10] Case No. 2:07-cv-01867-JKS, 2009 WL 3367442, at *5 (E.D. Cal. Oct. 19, 2009).

[11] *Id.* at *1.

of "clearly established Federal law, *as determined by the Supreme Court of the United States.*"[12] Prior to the enactment of AEDPA, "[a]s the Ninth Circuit did in *Boardman* . . . federal courts could rely on the jurisprudence of the courts of appeal to determine whether the state court decision was in violation of federal law."[13] But the AEDPA altered the definition of "clearly established federal law" by limiting it to law as determined by the Supreme Court. Because the Ninth Circuit, not the Supreme Court, had held that allocution is a constitutionally protected right, reliance on *Boardman* was insufficient to grant relief to the petitioner in *Rikard*.[14] It was in this narrow context that the district court determined that it was not bound by *Boardman*: the *Rikard* Court held that "*Boardman* is no longer controlling *on the issue raised*" in the habeas petition because of the AEDPA standard;[15] it did not hold that *Boardman* was not binding on a district court in this Circuit as to non-AEDPA cases, including federal capital prosecutions.

Because *Boardman* remains the law in the Ninth Circuit, this Court agrees with the District of Hawaii that the prudent approach is to follow *Boardman* and allow Mr. Smith to make an unsworn allocution to the jury as a matter of due process.

---

[12] *Id.* at *4–5 (citing 28 U.S.C. § 2254(d)(1)) (emphasis added).

[13] *Id.* at 4 (internal quotation omitted).

[14] *Id.* at 5.

[15] *Id.* at 4 (emphasis added).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocation Before the Jury
Page 4 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 4 of 10

## II. Rule 32, Federal Rule of Criminal Procedure

The government next contends that Federal Rule of Criminal Procedure 32—which governs allocutions—only permits allocution during "sentencing hearings before the court" and "provides no basis for concluding that defendants enjoy a right to allocute to the jury before it reaches a capital sentencing verdict."[16] Mr. Smith responds that his "right to allocution before a capital sentencing jury is grounded in Rule 32(i)(4)."[17]

Rule 32(i)(4) requires that before imposing sentence, a court must "permit the defendant to speak or present any information to mitigate the sentence." But the rule makes no mention of capital defendants giving unsworn allocutions to the jury.[18] As noted by the District Court of Vermont, "Rule 32 greatly predates enactment of the FDPA so it is unsurprising that the rulemakers did not consider the problem of allocution before a jury in a capital case."[19]

The Court finds that Rule 32 does not authorize a capital defendant to give an unsworn allocution before the jury. However, there is also nothing in Rule 32

---

[16] Docket 705 at 3.

[17] Docket 817 at 2.

[18] FRCP 32(i)(4)(A)(ii); *United States v. Con-ui*, Case No. 3:13-CR-123, 2017 WL 1386202, at *1 (M.D. Penn. Apr. 18, 2017) ("nowhere does Rule 32 grant a defendant a right to allocution before a jury"). *But see Chong*, 104 F. Supp. 2d at 1233 (finding that a capital defendant "possesses a right to allocute under [Rule 32]").

[19] *United States v. Fell*, Case No. 5:01-cr-12, 2017 WL 10809985, at *1 (D. Vermont Feb. 15, 2017).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocation Before the Jury
Page 5 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 5 of 10

that prohibits such an allocution, and Rule 32 cannot override Mr. Smith's constitutional right to allocute.

## III.   The Federal Death Penalty Act and allocution

The government maintains that the FDPA "does not authorize allocution" and that an allocution is not admissible "under the FDPA's evidentiary standard."[20] Mr. Smith responds that his right to allocute is grounded "not only in Rule 32, but in the FDPA itself."[21] The government is correct to the extent that the FDPA does not expressly allow or disallow unsworn allocution.[22]

The government relies on the Sixth Circuit's decision in *United States v. Lawrence* for the premise that there is no FDPA authorization of unsworn allocution.[23] However, *Lawrence* recognized that the FDPA inherently grants district courts the discretion to permit allocution as information relevant to mitigation and only held that the district court's denial of allocution in that case was not an abuse of discretion.[24] The Fourth Circuit has also found that in an FDPA

---

[20] Docket 705 at 4.

[21] Docket 817 at 3.

[22] *See Fell*, 2017 WL 10809985, at *1:

> [T]here is little reason to believe that the omission of a provision governing allocution from the FDPA was a conscious decision to exclude it. Such a backwards way to exclude allocution is hardly consistent with the rest of the FDPA which describes the post-*Furman* death penalty system in a series of affirmative statements. It is more likely that in drafting the FDPA, Congress simply failed to address the question of allocution. In that case, it is up to the courts to develop an appropriate practice.

[23] 735 F.3d 385 (6th Cir. 2013); Docket 847 at 3.

[24] 735 F.3d at 408.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocution Before the Jury
Page 6 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 6 of 10

case, "the decision of whether to allow the [unsworn] allocation fell within the district court's discretion."[25] Numerous district courts presiding over FDPA cases have held that they have the discretion whether to allow unsworn allocution to the jury.[26]

Here, even in the absence of *Boardman*, the Court would exercise its discretion and allow Mr. Smith to make an unsworn allocution before the jury, subject to appropriate limitations. To do otherwise would cause an "'anomalous effect' of prohibiting defendants facing execution from doing what every other criminal defendant is permitted to do (i.e., offering allocution before the entity determining their fate)."[27] The Court can find no compelling "reason why a capital defendant should have a lesser right to explain his position and ask for mercy by being sworn and subject to cross examination than a non-capital defendant, who has an unfettered right to allocute."[28] The government proposes that instead, a

---

[25] *United States v. Caro*, 497 F.3d 608, 635, n.24 (4th Cir. 2010). *Cf. United States v. Hall*, 152 F.3d 381, 398 n.8 (5th Cir. 1998) (abrogated on other grounds by *United States v. Martinez-Salazar*, 528 U.S. 304 (2000) (finding it "at least arguable that the district court may have discretion to admit an unsworn statement of remorse by the defendant" in an FDPA case). *But see United States v. Purkey*, 428 F.3d 738, 761 (8th Cir. 2005) ("As for the FDPA, nowhere does it mention a right to allocution or anything comparable; Mr. Purkey's claimed right on that ground therefore does not exist.").

[26] *See, e.g.*, *Con-ui*, 2017 WL 1386202, at * 1; *United States v. Sampson*, Case No. 01-10384-LTS, 2016 WL 3102003, at *5 (D. Mass. June 2, 2016); *United States v. Wilson*, 493 F. Supp. 2d 509, 511 (E.D.N.Y. 2009); *United States v. Henderson*, 485 F. Supp. 2d 831, 845–47 (S.D. Ohio 2007).

[27] *Sampson*, 2016 WL 3102003, at *6 (quoting *Chong*, 104 F. Supp. 2d at 1234, n.6).

[28] *Chong*, 104 F.Supp.2d at 1236.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocution Before the Jury
Page 7 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 7 of 10

capital defendant "may allocute after the jury makes its sentencing recommendation."[29] This proposal, however, would eviscerate the purpose of an allocution and render the defendant's allocution meaningless, because a "meaningful right to allocution . . . means the right to speak *before* the sentencing decision is made."[30] As recognized by the Sixth Circuit in *Lawrence*, "allowing allocution to mitigate the sentence only before the court, which has no discretion and is obliged to impose sentence in accordance with the jury's recommendation, would seem to be an empty formality."[31]

The FDPA's evidentiary standard permits the exclusion of information "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[32] The government contends that an unsworn allocution would lack "any indicia of reliability" and thus would be "substantially more prejudicial than probative."[33] However, in *United States v. Whitten*, the Second Circuit relied on this FDPA evidentiary standard to hold that the district court had not abused its discretion when it allowed the capital defendant to give a redacted and limited unsworn allocution before the jury.[34] In *Lawrence*, the Sixth

---

[29] Docket 705 at 4.

[30] *Fell*, 2017 WL 10809985, at *2 (emphasis in original).

[31] 735 F.3d at 408 (internal quotations omitted).

[32] 18 U.S.C. § 3593(c).

[33] Docket 705 at 4.

[34] 610 F.3d 168, 196 n.21 (2d Cir. 2010).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocution Before the Jury
Page 8 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 8 of 10

Circuit acknowledged that "although the FDPA does not mention allocution, the probative value of the sound of the defendant's own voice, explaining his conduct and subsequent remorse in his own words, as information relevant to mitigation, can hardly be gainsaid."[35]

Just as the FDPA evidentiary standard may be used to exclude sentencing information, its balancing requirements can also support admission of sentencing information, so "there is nevertheless room for such [allocution] within the permissive confines of the FDPA."[36]

## CONCLUSION

The Court concludes that Mr. Smith has a constitutional right to present an unsworn allocution to the jury. The Court also concludes that, separate from Mr. Smith's constitutional right, it has discretion pursuant to the FDPA to allow Mr. Smith to make an unsworn allocution to the jury so long as its probative value is not outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. In light of the foregoing, IT IS ORDERED that the motion at Docket 705 is DENIED. The Court will allow Mr. Smith, should he so choose, to give an unsworn allocution before the jury, subject to appropriate limitations.

The Court will impose the following limitations on any unsworn allocution that Mr. Smith may elect to present:

---

[35] 735 F.3d at 408.

[36] *Con-ui*, 2017 WL 1386202, at * 1.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocation Before the Jury
Page 9 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 9 of 10

1. The jury will be instructed regarding the nature of allocution.[37]

2. Written advance notice of the proposed allocution to the Court and the government will be required; the government may by motion seek redactions. In an allocution, Mr. Smith may not address the testimony of any witnesses in the case, including members of the victims' family and friends, or any other evidentiary issues.

3. Mr. Smith will be required to remain at the defense table during an allocution.

DATED this 8th day of September, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[37] *See United States v. Wilson*, 493 F.Supp.2d 509, 511 (E.D.N.Y. 2007) (instructing jury "(a) that it will be permitted to consider the allocution in finding whether [the defendant] has established the existence of remorse and (b) that it will be permitted to take into account that the allocution was unsworn and not subject to cross-examination").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Unsworn Allocution Before the Jury
Page 10 of 10
Case 3:16-cr-00086-SLG   Document 932   Filed 09/08/20   Page 10 of 10