# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN PEARL SMITH, II,

    Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER REGARDING RESIDUAL DOUBT

Before the Court at Docket 704 is the government's Motion *in Limine* to Preclude Evidence or Argument Concerning Residual Doubt. Defendant John Pearl Smith, II responded in opposition at Docket 819. The government replied at Docket 844.

"Residual doubt" is a penalty-phase juror's lingering doubt regarding a defendant's guilt, despite having previously found that defendant guilty of a capital crime beyond a reasonable doubt.[1] Studies—and other courts—have recognized that "'[r]esidual doubt' over the defendant's guilt is the most powerful 'mitigating' fact."[2] In the instant motion, the government seeks an order precluding Mr. Smith

---

[1] "Residual doubt" has been described as "a lingering uncertainty about facts, a state of mind that exists somewhere between 'beyond a reasonable doubt' and 'absolute certainty.'" *Franklin v. Lynaugh*, 487 U.S. 164, 188 (1988) (O'Connor, J., concurring).

[2] *United States v. Gonzales*, Case No. 3:02CR7(JBA), 2004 WL 1920492, at *1 n.1 (D. Conn. Aug. 17, 2004) (quoting Stephen P. Garvey, *Aggravation and Mitigation in Capital Cases: What Do Jurors Think?*, 98 Colum. L. Rev. 1538, 1563 (Oct. 1998)); *United States v. Young*, 376 F. Supp. 2d 787, 799 n.10 (vacated by *United States v. Young*, 424 F.3d 499 (6th Cir. 2005))

from discussing residual doubt during voir dire, from introducing evidence of residual doubt in the sentencing phase, from arguing residual doubt to the jury during the sentencing phase, and from having the jury instructed that residual doubt is a mitigating factor.[3]  The government maintains that neither the Constitution nor the Federal Death Penalty Act (FDPA) authorize residual doubt as mitigation.[4]  Mr. Smith responds that the Supreme Court and Ninth Circuit have never resolved this issue, that the FDPA authorizes such a mitigating factor, and that other federal courts have concluded "that residual doubt is a proper mitigating circumstance to place before a jury in a federal capital prosecution."[5]

## I. Neither the Supreme Court nor the Ninth Circuit has held that there is a constitutional right to a "residual doubt" mitigating factor.

The parties both recognize that the Supreme Court has never held that residual doubt is a constitutionally based right.[6]  Moreover, when the Supreme

---

(quoting Bowers, et al., *Foreclosed Impartiality in Capital Sentencing: Jurors' Predispositions, Guilt-Trial Experience, and Premature Decision Making*, 83 Corn. L. Rev. 1476 (1998) for the study's conclusion that "[b]y far, the strongest mitigating factor was lingering doubt"); *Tarver v. Hopper*, 169 F.3d 710, 715–16 (11th Cir. 1999) ("Creating lingering doubt has been recognized as an effective strategy for avoiding the death penalty.").

[3] Docket 704 at 2.

[4] Docket 704 at 2.

[5] Docket 819 at 2–4 (citing *United States v. Davis*, 132 F. Supp. 2d 455 (E.D. La. 2001); *United States v. Honken*, 378 F. Supp. 2d 1040 (N.D. Iowa 2004); *United States v. Honken*, 381 F. Supp. 2d 936 (N.D. Iowa 2006); *United States v. Bodkins*, Case No. CRIM.A.4:04CR70083, 2005 WL 1118158 (W.D. Va. May 11, 2005); and *United States v. Foster*, Case No. CRIM.CCB-02-0410, 2004 WL 868649 (D. Md. Apr. 9, 2004)).

[6] Docket 704 at 3–5; Docket 819 at 2–3.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 2 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 2 of 9

Court has considered residual doubt, "the dicta from these cases provides a strong indication that it would be opposed to residual doubt if it had to make a decision."[7]

In *Franklin v. Lynaugh*, a plurality of the Supreme Court found that its prior jurisprudence did not "suggest that capital defendants have a *right* to demand jury consideration of 'residual doubts' in the sentencing phase."[8] The Supreme Court emphasized that even though a sentencing jury must be allowed to consider, "'*as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense,'" this edict "in no way mandates reconsideration by capital juries, in the sentencing phase, of their 'residual doubts' over a defendant's guilt."[9] *Franklin* specifically addressed jury instructions, highlighting that the Supreme Court had "never held that a capital defendant has a constitutional right to an instruction telling the jury to revisit the question of his identity as the murderer as a basis for mitigation."[10] However, *Franklin* did not conclusively resolve whether the Eighth Amendment requires presenting residual doubt to a sentencing jury as a mitigating factor, because the Supreme Court held that the sentencing scheme in that case was constitutional even if such an Eighth Amendment right existed.[11]

---

[7] *United States v. Rodriguez*, Case No. 2:04-cr-55, 2006 WL 8438030, at *2 (D. N.D. Sept. 9, 2006) (citing *Franklin v. Lynaugh* and *Oregon v. Guzek*, discussed *infra*).

[8] 487 U.S. 164, 173 (1988) (plurality opinion) (emphasis in original) (citing *Lockhart v. McCree*, 476 U.S. 162 (1986)).

[9] *Id.* at 174 (emphasis in original) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982)).

[10] *Id.* at 172–73.

[11] *Id.* at 174.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 3 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 3 of 9

In *Oregon v. Guzek*, the Supreme Court again considered residual doubt and addressed a defendant's ability to present evidence of residual doubt. The Court confirmed that its "previous cases had *not* interpreted the Eighth Amendment as providing a capital defendant the right to introduce at sentencing evidence designed to cast 'residual doubt' on his guilt of the basic crime of conviction."[12] Although the Supreme Court again did not resolve whether such an Eighth Amendment right exists, it suggested that residual doubt may not be relevant in the sentencing phase: "[T]he parties previously litigated the issue to which the evidence is relevant—whether the defendant committed the basic crime. The evidence thereby attacks a previously determined matter in a proceeding at which, in principle, that matter is not at issue."[13] Most recently, in *Abdul-Kabir v. Quarterman*, the Supreme Court yet again noted that it has "never held that capital defendants have an Eighth Amendment right to present 'residual doubt' evidence at sentencing. . . ."[14]

In *Stenson v. Lambert*, a 28 U.S.C. § 2254 habeas corpus case, the Ninth Circuit briefly addressed residual doubt in the context of considering whether the petitioner's trial counsel had been ineffective for conceding guilt during the penalty

---

[12] 546 U.S. 517, 525 (2006) (emphasis in original).

[13] *Id.* at 526.

[14] 550 U.S. 233, 250–51 (2007) (citing *Guzek*, 546 U.S. at 523–27). Currently, "federal courts are split on the issue of whether a defendant may introduce evidence of innocence of a crime of conviction at sentencing." *Holland v. Anderson*, 583 F.3d 267, 281 (5th Cir. 2009).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 4 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 4 of 9

phase of a state capital trial, after the jury had found the defendant guilty.[15] The petitioner asserted that his trial counsel "should have continued to pursue a theory of residual doubt about [the petitioner's] guilt" in the sentencing phase.[16] The Ninth Circuit denied relief, stating that "[t]he Supreme Court has held that residual doubt is not a properly mitigating factor." The Ninth Circuit further found that "*arguing* residual doubt is inconsistent with a capital defendant's conviction in the guilt phase, because sentencing traditionally concerns *how*, not *whether*, a defendant committed the crime. By the time they reach the sentencing phase, the parties already have litigated whether the defendant committed the crime."[17] Thus, the Ninth Circuit expansively interpreted the Supreme Court's cases and telegraphed that not only is the jury not to be instructed on residual doubt as a mitigating factor, but that the defense may not argue it to the jury in the sentencing phase.[18]

---

[15] 504 F.3d 873 (9th Cir. 2007).

[16] *Id.* at 890 (citing *Guzek*, 546 U.S. 517 (2006)).

[17] *Id.* (internal quotations omitted, first emphasis added, remaining emphases in original) (citing *Guzek*, 546 U.S. 517 (2006)).

[18] Other Circuits' decisions appear to allow the defense to argue residual doubt to the jury in the sentencing phase, even though no jury instruction on residual doubt is required. *See, e.g.*, *United States v. Smith*, 904 F.2d 950, 968–69 (5th Cir. 1990), *vacated on other grounds*, 503 U.S. 930 (1992); *Ferrell v. Hall*, 640 F.3d 1199, 1231 (11th Cir. 2011) (recognizing "that 'residual doubt' can be a valid approach" and referring to "residual doubt" arguments as "reasonable" and "perhaps the most effective strategy to employ at sentencing") (internal quotations omitted). *But see Holland v. Anderson*, 583 F.3d 267, 283 (5th Cir. 2009) (recognizing "that the Supreme Court has not recognized a constitutional right to argue 'residual doubt' at sentencing," and thus denying habeas corpus relief).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 5 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 5 of 9

*Stenson* was a § 2254 habeas corpus case, not an FDPA case, and was decided in the context of determining whether the Washington Supreme Court's decision—which had held that trial counsel was not ineffective—was "contrary to, or involved an unreasonable application of" U.S. Supreme Court precedent.[19] However, the Washington Supreme Court had not addressed the petitioner's argument that his trial counsel "should have continued to pursue a theory of residual doubt about [the petitioner's] guilt" in the sentencing phase, so the Ninth Circuit undertook "an independent review of the record" on this issue.[20] In the one paragraph of the *Stenson* decision that is applicable to the instant motion, the Ninth Circuit unconditionally stated that "residual doubt is not a properly mitigating factor" and that "arguing residual doubt is inconsistent with a capital defendant's conviction in the guilt phase. . . ."[21] Nothing in the *Stenson* opinion limits those pronouncements to that particular case or to habeas corpus cases. Accordingly, read together, *Franklin* (jury instructions), *Guzek* (evidence), and *Stenson* (argument) foreclose any sentencing-phase reliance on residual doubt.

//

//

//

---

[19] 504 F.3d at 881 (citing the Anti-Terrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2254(d)(1)).

[20] *Id.* at 890.

[21] *Id*.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 6 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 6 of 9

## II. The FDPA's definition of "mitigating factor" does not encompass residual doubt.

Mr. Smith submits that residual doubt is a mitigating factor allowed by the FDPA. Specifically, Mr. Smith asserts that § 3592(a) of the FDPA implies "that the mitigating factors set out in [§ 3592(a)] are not exclusive and extend even beyond the 'catch-all' set out at 18 U.S.C. § 3592(a)(8)."[22] He points to the introductory clause to the statute, which provides that "the finder of fact shall consider any mitigating factor, including the following" mitigators.[23] Section 3592(a)(8), the "catch-all" provision, states that mitigation can include "[o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." Accordingly, the issues are whether § 3592(a) of the FDPA grants this Court the discretion to allow residual doubt as an aggravating factor, and if it does, whether the Court will exercise that discretion.

The Court considers the FDPA in light of the Supreme Court caselaw at the time it was enacted by Congress in 1994. In *Lockett v. Ohio*, decided in 1978, the Supreme Court defined constitutionally required mitigating factors as "any aspect of a defendant's character or record and any of the circumstances of the offense

---

[22] Docket 819 at 3.

[23] Docket 819 at 3 (citing 18 U.S.C. § 3592(a)); *see also United States v. Davis*, 132 F. Supp. 2d 455, 465 (E.D. La. 2001) ("The broad language 'any mitigating factor' is the overall umbrella, with the limiting language of the Supreme Court's decisions simply a subcategory.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 7 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 7 of 9

that the defendant proffers as a basis for a sentence less than death."[24]  In *Franklin*, discussed *supra*, the Supreme Court in 1988 indicated that residual doubt was not a constitutionally required mitigating factor, specifically referencing *Lockett* and noting that "lingering doubts are not over any aspect of [a defendant's] 'character,' 'record,' or a 'circumstance of the offense.'"[25]  When Congress passed the FDPA in 1994, it used language nearly identical to that in *Lockett*: "Other factors in the defendant's background, record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence."[26]  Thus, when the FDPA was enacted, the Supreme Court's jurisprudence was "well-established": "Congress was thus aware that (1) consideration of residual doubt was not constitutionally compelled and (2) it could authorize consideration of residual doubt if it desired to do so.  Clearly, Congress did not desire to do so."[27]

The Court recognizes that several federal courts have allowed residual doubt as mitigation, although it appears that the majority of courts that have considered the issue disallow residual doubt as a mitigating factor.[28]  Here, even

---

[24] 438 U.S. 586, 604 (1978).

[25] 487 U.S. at 174.

[26] 18 U.S.C. § 3592(a)(8).

[27] *United States v. Eye*, Case No. 05-00344-01, 2008 WL 2121011, at *1–2 (W.D. Mo. May 19, 2008).

[28] *See, e.g.*, *United States v. George*, Case No. 17-201, 2020 WL 4432276, at *7 (E.D. La. July 31, 2020); *United States v. Christensen*, Case No. 17-cr-20037-JES-JEH, 2019 WL 1976442, at *5 (C.D. Ill. May 3, 2019); *United States v. Caro*, 483 F. Supp. 2d 513, 520 (W.D. Va. 2007) (all granting government motion *in limine* regarding residual doubt).  *But see United States v. Davis*, 132 F. Supp. 2d 455 (E.D. La. 2001) (finding that the FDPA did not bar residual doubt as a

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 8 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 8 of 9

if the Court has the discretion pursuant to the FDPA to allow residual doubt as a mitigating factor, it would not exercise that discretion, particularly in light of the Ninth Circuit's statements in *Stenson*. If this case reaches a penalty phase, the jury will have found Mr. Smith guilty of at least one capital offense beyond a reasonable doubt. A residual doubt instruction or argument would invite the jury to require a defendant's guilt to be proven by more than beyond a reasonable doubt in order to impose the death penalty, which the Court declines to do. The Court concurs with the Western District of Missouri's observation that such a "transformation of the burden of proof is contrary to longstanding traditions and principles of our justice system."[29]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 704 is GRANTED.

DATED this 24th day of September, 2020, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

mitigating factor).

[29] *United States v. Eye*, Case No. 05-00344-01, 2008 WL 2121011, at *2 (W.D. Mo. May 19, 2008).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Residual Doubt
Page 9 of 9
Case 3:16-cr-00086-SLG   Document 937   Filed 09/24/20   Page 9 of 9