# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>JOHN PEARL SMITH, II,<br><br>                  Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION TO PRECLUDE MERCY INSTRUCTION**

Before the Court at Docket 706 is the government's Motion *In Limine* to Preclude Evidence or Argument Concerning a Mercy Instruction. Defendant John Pearl Smith, II responded in opposition at Docket 805. The government replied at Docket 849.

The government seeks an order precluding the defense "from introducing an instruction, evidence, or argument that 'death is never required,' i.e. a 'mercy' instruction."[1] Although federal courts often use the terms "death is never required" and "mercy" interchangeably, in this Court's view the terms refer to different jury instructions. A proper "death is never required" instruction tells a capital sentencing jury that federal law does not require it to impose a death sentence even though it has found a defendant guilty of a capital crime, eligible for the death

---

[1] Docket 706 at 2.

penalty, and is weighing the found aggravating and mitigating factors in the selection phase. In contrast, a "mercy instruction" tells a capital sentencing jury that it may consider jurors' sense of mercy during the selection phase, when the jury is determining whether to impose a death sentence or a life sentence on a defendant. Based on the parties' briefing, it appears that the dispute is about a "mercy instruction."[2]

## I. The parties' positions

The parties agree that mercy plays a role at some point in the jury's selection phase deliberative process. They disagree, however, as to when in that process the jury may consider mercy. The government asserts that the jury may consider mercy when it is weighing the found aggravating factors against the found mitigating factors.[3] In contrast, Mr. Smith appears to seek to have the jury instructed that it may consider mercy *after* it has concluded that the aggravating factors sufficiently outweigh the mitigating factors so as to justify the death penalty.[4] Mr. Smith appears to adopt the same argument recently made in the

---

[2] Mr. Smith asks the Court to reserve ruling on the issue of a mercy instruction until the parties have submitted their proposed penalty phase instructions. Docket 805 at 2. The parties have since filed such proposed instructions, which the Court has reviewed.

[3] Docket 706 at 4 ("A sentencing jury may factor in mercy in the context of the balancing process required during the sentencing phase as outlined in 18 U.S.C. § 3593"); Docket 706 at 6 ("Mercy is not precluded from entering into the balance of whether the aggravating circumstances outweigh the mitigating circumstances.").

[4] Mr. Smith's response to the government's motion does not present a clear position on this issue. He cites favorably to cases that both agree with the government's position and to cases that disagree with the government's position. *Compare* Docket 805 at 6 (citing *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001) for the proposition that "[m]ercy is not precluded from
Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 2 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 2 of 10

Eastern District of Louisiana, in which the defendants asserted that "a 'mercy instruction' is an instruction that, even if the jury finds, *after* the weighing process, that a death penalty is justified, the jury is permitted to exercise mercy and impose a life sentence without the possibility of release instead."[5]

Thus, the issue before the Court is not *whether* to instruct the jurors that they may consider mercy, but how to instruct the jurors as to *when* they may consider mercy.[6]

## II. Relevant statutes

The Federal Death Penalty Act (FDPA) sets forth an extensive and specific process that a court and jury must follow during the penalty stage of a capital trial. The instant motion requires interpretation of two sections of the FDPA: Sections 3591(a) and 3593(e)(3). Read together, these sections require that during penalty phase deliberations, a sentencing jury "shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or

---

entering into the balance of whether the aggravating circumstances outweigh the mitigating circumstances"—which is the government's position) *with* Docket 805 at 9 (citing *United States v. Duong*, Case No. 01-CR-20154, Docket 1488 at 15 (N.D. Cal. Dec. 14, 2010) for the proposition that "[e]ven if you have unanimously found that the Aggravating Factors sufficiently outweigh the mitigating factors that a death sentence is justified . . . each of you must still determine whether to in fact impose a death sentence . . . . You may decline to impose a death sentence because of mercy or for any reason you deem to be relevant"—which is directly contrary to the government's position).

[5] *United States v. George*, Case No. 17-201, 2020 WL 4432276, at *14 (E.D. La. July 31, 2020) (emphasis in original).

[6] The parties have each submitted proposed jury instructions on this issue. *See* Docket 878 at 15–18 (government's proposed penalty phase instructions); Docket 879 at 15 (defense's proposed penalty phase instructions).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 3 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 3 of 10

factors found to exist to justify a sentence of death."[7]  Then, "*[b]ased upon this consideration*, the jury by unanimous vote . . . shall recommend whether the defendant should be sentenced to death [or] to life imprisonment without possibility of release."[8]  If, after the jury considers "*the factors set forth in section 3592 [the aggravating and mitigating factors]* in the course of a hearing held pursuant to section 3593, it is determined that imposition of a sentence of death is justified," then the defendant "shall be sentenced to death."[9]  Stated plainly, the deliberating jury must weigh the found aggravating factors against the found mitigating factors—these appear to be the only considerations contemplated by the FDPA.  If the jury unanimously finds, after weighing, that the aggravating factors "are sufficient" to justify a death sentence, then it shall so recommend, and the court will impose such a sentence.[10]

## III.   Statutory interpretation

The Court has reviewed the statutory interpretation analyses made by other federal courts considering a mercy instruction.  In 2001, the Eighth Circuit reviewed sections 3591(a) and 3593(e) and concluded that "[b]ased upon the plain language

---

[7] 18 U.S.C. § 3593(e)(3).  The FDPA also provides that if no mitigating factor is found to exist, the jury shall consider "whether the aggravating factor or factors alone are sufficient to justify a sentence of death."  18 U.S.C. § 3593(e)(3).

[8] 18 U.S.C. § 3593(e)(3) (emphasis added).

[9] 18 U.S.C. § 3591(a) (emphasis added).

[10] 18 U.S.C. § 3594.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 4 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 4 of 10

of the statute, once a jury makes a final, unanimous determination that a sentence of death is justified, then the FDPA requires its imposition."[11] The Eighth Circuit found that it would be inconsistent with the FDPA "as a whole" to instruct the jury that it could determine that the weight of the aggravating factors was sufficient to justify a death sentence, but then use mercy to reject a death sentence.[12] This Court agrees with the Eighth Circuit's statutory interpretation analysis.

In 2003, the Western District of Tennessee considered an FDPA defendant's request for a mercy instruction in *United States v. Haynes*.[13] The District Court undertook an extensive analysis of both the statutory construction of the FDPA and its legislative history. The *Haynes* Court determined that, after the jury has found that certain aggravating factors and mitigating factors are proven, the jury then "must not only weigh the aggravating versus mitigating factors but also determine whether the result, no matter how imbalanced the scale might be, is sufficient to justify a sentence of death."[14] The *Haynes* Court thus expressly differentiated between the result of the weighing process (*i.e.,* that the found aggravating factor(s) outweigh the found mitigating factor(s)) and the subsequent

---

[11] *United States v. Allen*, 247 F.3d 741, 780 (8th Cir. 2001), vacated on other grounds by *Allen v. United States*, 536 U.S. 953 (2002), reaffirmed in *United States v. Ortiz*, 315 F.3d 873 (8th Cir. 2002).

[12] *Id.* at 780–81.

[13] 265 F. Supp. 2d 914 (W.D. Tenn. 2003).

[14] *Id.* at 916.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 5 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 5 of 10

determination of whether that weighing result was sufficient to justify a sentence of death (*i.e.*, that the found aggravating factor(s) *sufficiently outweigh* the mitigating factor(s) *to justify a sentence of death*).[15] The *Haynes* Court found that the FDPA gives jurors discretion—including the discretion to consider mercy—up to the point in the process when it has unanimously determined that the found aggravating factor(s) sufficiently outweigh the found mitigating factor(s) so as to justify a sentence of death.[16] Only once it has determined that does the jury lose discretion to consider mercy. Finally, the *Haynes* Court's review of the legislative history of the FDPA led it to conclude that

> both branches of Congress expressly considered, and ultimately rejected, statutory language which mandates imposition of the death penalty once the jury found that aggravating factors outweigh any mitigating factors. Instead, Congress adopted language allowing juries to exercise discretion to reject imposing a death sentence even if aggravating factors outweighed mitigating factors should this imbalance not be "sufficient" to "justify" a death sentence.[17]

This Court agrees with the *Haynes* Court's reasoning that the FDPA requires the jury to consider whether the found aggravating factor(s) outweigh the found mitigating factor(s), but also separately requires the jury to determine if the result

---

[15] *Id.* ("§§ 3591(a) and 3593(e), when read together, require the jury to 1) weigh or deliberate over the balance of the aggravating versus mitigating factors; and then 2) find whether, based on that weighing process, any imbalance in favor of a death sentence is sufficient to justify the death penalty.").

[16] *Id.* ("[O]nce each juror has decided whether any imbalance is sufficient enough to justify a death sentence, they have 'determined' whether the death sentence, life without parole, or some other sentence shall be imposed and their job is finished.").

[17] *Id.* at 919.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 6 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 6 of 10

of that weighing is sufficient to justify a sentence of death. The jury may consider mercy until it has completed this process, at which point it "shall" recommend a sentence.[18]

In 2010, the Fourth Circuit considered the same issue, noting that "[t]he issue turns on how the decision whether to select the death penalty rather than a life sentence should be made according to 18 U.S.C. §§ 3591 and 3593(e)."[19] The Fourth Circuit took a more simplified approach and reasoned that the phrase "based on this consideration"[20] in § 3593(e) refers to the determination of whether a death sentence is sufficiently justified, and that if such a determination is made, the defendant "shall be sentenced to death."[21] Thus, the Fourth Circuit held that the defense's interpretation of the statutes—that the jury may use mercy to justify a life sentence despite already finding that the aggravating factors sufficiently outweighed the mitigating factors—was "legally incorrect."[22]

---

[18] 18 U.S.C. § 3593(e). Notably, the government's proposed instruction reflects this same analysis, reading in relevant part:

"You are called upon to make a reasoned judgment, based upon all the evidence before you, as to whether the death penalty is the appropriate punishment for the defendant, or whether the defendant should be sentenced to life imprisonment without the possibility of release. Please understand, however, that a sentence of death is never mandatory under the law. Thus, *even if you find that the aggravating factors outweigh any mitigating factor or factors, or in the absence of any mitigating factors, you may still find that the aggravating factors alone are not sufficient to justify a sentence of death* and return a verdict in favor of life imprisonment without the possibility of release." Docket 878 at 18 (emphasis added).

[19] *United States v. Caro*, 597 F.3d 608, 632 (4th Cir. 2010).

[20] 18 U.S.C. § 3593(e).

[21] *United States v. Caro*, 597 F.3d 608, 632–33 (4th Cir. 2010).

[22] *Id.*. *See also United States v. Lighty*, 616 F.3d 321, 367 (4th Cir. 2010) ("Lighty's proposed

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 7 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 7 of 10

The Tenth Circuit does not appear to have addressed this issue; however, it is addressed in the Tenth Circuit's Pattern Jury Instructions for FDPA cases. The jury instructions comment agrees with the Eighth Circuit and the *Hayes* Court's conclusions that the jury's determination that aggravating factor(s) sufficiently outweigh mitigating factor(s) so as to justify a sentence of death cannot be altered by then considering mercy "is strongly supported, if not dictated, by the terms of §3591(a), which states that the defendant '*shall be sentenced to death if*, after a consideration of the factors set forth in section 3592 in the course of a hearing pursuant to section 3593, *it is determined that imposition of a sentence of death is justified.*"[23] The pattern jury instructions thus reflect that the consideration of mercy must be "tied to the weighing process" and "the jury just should not be instructed in a way that suggests that once they have concluded that their discretionary weighing of aggravating and mitigating circumstances directs a death sentence, they retain some last reservoir of essentially undirected discretion to withhold the penalty that they have unanimously found should be imposed under the § 3593(e) scheme."[24]

---

language would have allowed the jury to impose a life sentence after it found the death sentence justified under § 3591. However, under *Caro*, once the jury concludes a death sentence is justified under § 3591, it must impose the death penalty.").

[23] Tenth Circuit *Pattern Crim. Jury Instructions*, Comment to § 3.02 (2018) (emphases in original).

[24] Tenth Circuit *Pattern Crim. Jury Instructions*, Comment to § 3.02 (2018).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 8 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 8 of 10

The Court similarly concludes that the text of the FDPA forecloses instructing jurors that they may consider mercy to alter their determination that the aggravating factors sufficiently outweigh the mitigating factors to justify a sentence of death; accordingly, mercy can only be considered during (1) the weighing process and (2) the determination of whether the outcome of the weighing process sufficiently favors the death penalty so as to justify a sentence of death.[25] This Court disagrees with the jury instruction given in *United States v. Duong*, which told jurors that "[e]ven if you have unanimously found that the Aggravating Factors sufficiently outweigh the Mitigating Factors that a death sentence is justified . . . each of you must still determine whether to in fact impose that sentence."[26]

## IV. A "death is never required" instruction

The Court concludes that a juror is never required to find that aggravating factors sufficiently outweigh mitigating factors as to justify the death penalty and

---

[25] *See Kansas v. Carr*, 136 S. Ct. 633, 642 (2016) ("And of course the ultimate question whether mitigating circumstances outweigh aggravating circumstances is mostly a question of mercy . . . ."). This Court notes that in *United States v. Mikhel*, the Ninth Circuit disallowed a capital defendant from introducing his cousin's plea that the jury be merciful. 889 F.3d 1003, 1062–63 (9th Cir. 2018). In doing so, the Ninth Circuit stated that the cousin's plea for mercy "was essentially an opinion about what the jury's verdict should be" and "did not bear on Mikhel's character, prior record, or the circumstances of his offense." *Id*. at 1063. This Court distinguishes between a witness's plea for mercy, which is addressed in the order at Docket 922, and jurors' considerations of mercy, which are permissible.

[26] Docket 805 at 9 (quoting *United States v. Duong*, Case No. 01-CR-20154, Docket 1488 at 15 (N.D. Cal. Dec. 14, 2010)). *See United States v. Sampson*, 335 F. Supp. 2d 166, 240 (D. Mass. 2004) ("[R]ather then treating the weighing process as a prerequisite to imposing the death penalty based on some additional undefined criteria [such as mercy], the court, in essence, instructed the jurors that the weighing process was the criteria by which they were to determine if death was the appropriate sentence.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 9 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 9 of 10

that a juror may consider mercy during this weighing process.[27] As to the parties' arguments that "death is never required," the Court intends that the jury instructions will clearly convey that a juror is *not required* to find that aggravating factors sufficiently outweigh mitigating factors, even if they have found Mr. Smith guilty of capital murder in the guilt phase of trial and have found him eligible for the death penalty in the eligibility phase of trial and regardless of whatever aggravating and mitigating factors have been found by the jury. The Court reserves ruling on precisely what language it will adopt for this so-called "death is never required" jury instruction and for a "mercy" instruction.

## CONCLUSION

In light of the foregoing, the motion at Docket 706 is GRANTED IN PART and DENIED IN PART as discussed above.

DATED this 7th day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[27] *See United States v. Sampson*, 335 F. Supp. 2d 166, 239 (D. Mass. 2004) ("[T]here are no circumstances in which the law [FDPA] mandates that a juror find that the aggravating factors sufficiently outweigh the mitigating factors to justify a sentence of death . . . .").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Mercy Instruction
Page 10 of 10
Case 3:16-cr-00086-SLG   Document 942   Filed 10/07/20   Page 10 of 10