# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN PEARL SMITH, II,<br><br>    Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING THE LACK OF CAPITAL PUNISHMENT IN ALASKA**

Before the Court at Docket 703 is the government's Motion *in Limine* to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska. Defendant John Pearl Smith, II responded in opposition at Docket 794. The government replied at Docket 843. Mr. Smith filed relevant transcripts under seal at Dockets 795 and 919.

The territory of Alaska abolished the death penalty in 1957, prior to Alaska's statehood.[1] However, the death penalty is lawful within the federal district of Alaska pursuant to the Federal Death Penalty Act (FDPA).[2] The government seeks an order precluding the defense "from introducing any evidence or argument

---

[1] *Green v. State*, 390 P.2d 433, 434 (Alaska 1964) (citing SLA 1957, ch. 132, § 1); SLA 1957, ch. 132, § 1 ("The death penalty is and shall hereafter be abolished as punishment in Alaska for the commission of any crime.").

[2] *See* Docket 397 (Order Regarding Motion to Declare the FDPA Unconstitutional Under the Tenth Amendment).

concerning the lack of capital punishment under state law in Alaska."[3] The government asserts that Alaska's "position against the death penalty is not a proper mitigating factor within the context of the Eighth Amendment or the FDPA."[4] Mr. Smith responds that the motion should be denied because the government used the threat of federal prosecution and the death penalty to pressure Mr. Smith to confess and because he maintains it is relevant mitigating evidence.[5]

## I. The threat of federal prosecution during interviews

The Court has reviewed the provided transcripts and finds that those transcripts do not show that law enforcement officers explicitly threatened Mr. Smith with the death penalty, only that they told him he could be prosecuted federally.[6] However, the context of the June 30, 2016 interview suggests that there was a previous interview at which Mr. Smith was told about the differences between state and federal prosecution. The defense asserts that in that previous interview, law enforcement told Mr. Smith "that the federal system still employs the death penalty" and that a death penalty case "is long and costly."[7] The Court

---

[3] Docket 703 at 2.

[4] Docket 703 at 3. The government also asserts that the "Court should preclude any evidence or arguments relating to the availability and/or application of the death penalty in other states, territories, or countries, as well as public opinion on capital punishment." Docket 703 at 8, n.1. The government raises this issue in a footnote and does not develop any related argument. Because the issue has not been sufficiently briefed, the Court will not address it at this time.

[5] Docket 794 at 1, 2.

[6] Docket 795 (under seal).

[7] Docket 919 at 2 (under seal). The defense indicated in its July 27, 2020 filing that it would

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska
Page 2 of 7

Case 3:16-cr-00086-SLG   Document 948   Filed 10/15/20   Page 2 of 7

assumes for purposes of the instant motion that this is an accurate portrayal of the previous interview. The other mention of the federal death penalty in the transcripts is one line in an interview with Mr. Smith's sister: "And John is probably not going to be around for 30 or 40 years, if he doesn't get the federal death penalty."[8]

Mr. Smith maintains that when the interview "evidence is presented, the jury is going to know that there was a reason the local police were using the threat of federal prosecution with Mr. Smith."[9] Evidence of these interviews may be admissible at trial, and the defense will be allowed to conduct cross-examination of the law enforcement witnesses who conducted the relevant interviews. In the guilt phase of trial and in the context of the interviews of Mr. Smith and his sister, the fact that Alaska does not have a state death penalty would likely be relevant and admissible.[10] However, the Court will at this time preclude any reference in cross-examination in the guilt phase to Alaska's abolition of the death penalty, without prejudice to the defense making application to refer to it outside the presence of the jury.

---

provide the Court with a transcript or disk of this interview. Docket 919 at 1. As of the date of this order, no transcript or disk has been received by the Court.

[8] Docket 919-2 at 2 (under seal).

[9] Docket 794 at 2.

[10] 18 U.S.C. § 3592(a).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska
Page 3 of 7

Case 3:16-cr-00086-SLG   Document 948   Filed 10/15/20   Page 3 of 7

## II. Alaska state law is not a mitigating factor under the Eighth Amendment or the FDPA

A proper mitigating factor, as defined by the FDPA, is one that is enumerated in the FDPA or is a factor "in the defendant's background, record, or character or any other circumstance of the offense that mitigate[s] against imposition of the death sentence."[11] Relevant mitigating evidence, therefore, is "evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value."[12]

The government asserts that Alaska's "position against the death penalty is not a proper mitigating factor within the context of the Eighth Amendment or the FDPA."[13] Mr. Smith responds that the test under the Eighth Amendment is "whether a reasonable juror could rely on the evidence or argument in the weighing of aggravating and mitigating factors"[14] and emphasizes that "the Eighth Amendment sets a 'low threshold' for the type of evidence which a reasonable juror

---

[11] 18 U.S.C. § 3592(a).

[12] *United States v. Mitchell*, 502 F.3d 931, 991 (9th Cir. 2007) (citing *Tennard v. Dretke*, 542 U.S. 274, 284–85 (2004)).

[13] Docket 703 at 3. The government also asserts that the "Court should preclude any evidence or arguments relating to the availability and/or application of the death penalty in other states, territories, or countries, as well as public opinion on capital punishment." Docket 703 at 8, n.1. The government raises this issue in a footnote and does not develop any related argument. Because the issue has not been sufficiently briefed, the Court will not address is at this time.

[14] Docket 794 at 3.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska
Page 4 of 7
Case 3:16-cr-00086-SLG   Document 948   Filed 10/15/20   Page 4 of 7

may consider as mitigating."[15]  Mr. Smith also maintains that Supreme Court and Ninth Circuit precedent supports an expansive view of mitigation evidence.[16]

Although not cited by either party, the Ninth Circuit has addressed an issue quite similar to the one presented here.  In *United States v. Mikhel*, an FDPA defendant had proposed as a mitigating factor that he was "a citizen of Lithuania, a country which has abolished the death penalty," which the district court had rejected.[17]  On appeal, the Ninth Circuit affirmed.  The Circuit Court recognized that "the Eighth Amendment and the FDPA protect the right to present relevant mitigating evidence in capital sentencing proceedings."[18]  However, the Ninth Circuit concluded that "Lithuania's abolition of the death penalty has no bearing on [the defendant's] character, his prior record, or the circumstances of his offense" and thus the proposed factor was irrelevant.[19]  The Ninth Circuit related the issue to the one considered by the Fourth and Sixth Circuits and raised in the instant motion—whether a state's abolition of the death penalty is a relevant mitigating factor in a federal capital prosecution—and quoted the Sixth Circuit's reasoning:

> That Michigan lacks a death penalty . . . has nothing to do with Gabrion's background or character.  It has nothing to do with the

---

[15] Docket 794 at 4 (citing *Tennard*, 542 U.S. at 285).

[16] Docket 794 at 4 (citing *Skipper v. North Carolina*, 476 U.S. 1, 4–5 (1986); *Smith v. Texas*, 543 U.S. 37, 43–44 (2004); and *United States v. Mitchell*, 502 F.3d 931, 991 (9th Cir. 2007)).

[17] 889 F.3d 1003, 1066 (9th Cir. 2018).

[18] *Id.*

[19] *Id.* at 1067.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska
Page 5 of 7
Case 3:16-cr-00086-SLG   Document 948   Filed 10/15/20   Page 5 of 7

reasons why he chose to kill Rachel Timmerman. It has nothing to do with the utter depravity of the manner in which he killed her. And above all it has nothing to do with his culpability for that offense or with any other consideration the Supreme Court has ever flagged as mitigating.[20]

Notably, the Ninth Circuit stated that to hold that it was "relevant mitigating evidence that the defendant would not have been eligible for the death penalty under different law . . . would simply be an invitation to jury nullification."[21]

*Mikhel* differs from the instant issue in that Mikhel's crime and trial occurred in the United States and he sought to present Lithuanian law as a mitigating factor. But that is not very different from the situation here, where Mr. Smith is being tried in federal court and seeks to present Alaska state law as a mitigating factor. Indeed, the *Mikhel* Court's adoption of the Sixth Circuit's reasoning forecloses the issue. This Court is bound by *Mikhel*, and thus finds that Alaska's abolition of the death penalty is not a relevant mitigating factor pursuant to either the Eighth Amendment or the FDPA.

### III.    Instructing the jury as to Alaska's abolition of the death penalty

The Court intends to briefly instruct the prospective jurors during voir dire and the trial jurors at the beginning of the penalty phase that the State of Alaska

---

[20] *Id.* at 1067 (citing *United States v. Higgs*, 353 F.3d 281, 328 (4th Cir. 2003) and citing and quoting *United States v. Gabrion*, 719 F.3d 511, 520–23 (6th Cir. 2013) (en banc) (omission in *Mikhel*).

[21] *Id.* at 1067.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska
Page 6 of 7
Case 3:16-cr-00086-SLG   Document 948   Filed 10/15/20   Page 6 of 7

does not have the death penalty, but that due to this case being brought in federal court federal law controls and allows for the death penalty. Such an instruction is warranted because those prospective jurors who are aware that Alaska does not have a death penalty may otherwise be confused as to why the death penalty is an option in this case.[22] On or before **October 30, 2020**, each party shall file a brief proposed supplemental jury instruction/voir dire statement for the Court to read to the jury regarding the lack of the death penalty in Alaska.

In light of the foregoing, the motion at Docket 703 is GRANTED as set forth herein. The parties shall not reference Alaska's abolition of the death penalty during any stage of trial, including voir dire, unless application is first made outside the presence of the jury.

DATED this 15th day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] *See United States v. Wilson*, Case No. 04-CR-1016 (NGG), 2013 WL 2948034, at *4, n.5 (E.D.N.Y. June 14, 2013) ("Indeed, during voir dire the court encountered numerous jurors who were confused as to why the death penalty is an available option given New York's ban.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Evidence or Argument Concerning the Lack of Capital Punishment in Alaska
Page 7 of 7
Case 3:16-cr-00086-SLG   Document 948   Filed 10/15/20   Page 7 of 7