# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>JOHN PEARL SMITH, II,<br><br>              Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING MOTION TO PRECLUDE EYEWITNESS IDENTIFICATION EXPERT

Before the Court at Docket 717 is the government's Motion *In Limine* to Preclude Expert Testimony Concerning Eyewitness Identification. Defendant John Pearl Smith, II responded in opposition at Docket 820. The government replied at Docket 850.

The defense intends to challenge an eyewitness's identification of Mr. Smith in a photographic lineup.[1] Specifically, the defense has given notice that it intends to call Dr. Geoffrey Loftus as an expert in "eyewitness identification" who "would testify about 'best practices' for conducting eyewitness identifications and the differences between 'best practices' and the identifications that occurred in this case."[2] The government's instant motion seeks an order precluding the defense

---

[1] Docket 820 at 1–2.

[2] Docket 717 at 2–3 (quoting defense letter to government).

"from offering or introducing any expert testimony concerning eye-witness identification and specifically the noticed testimony of defense expert Geoffrey Loftus."[3]

As a preliminary matter, the Court notes that neither party has set forth Dr. Loftus' proposed testimony nor presented any argument as to whether such testimony meets the standards set forth in Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and its progeny.[4] Instead, the parties have focused on whether eyewitness identification experts are categorically permitted or prohibited.

The parties' positions can be quickly summarized: The government contends that the Ninth Circuit "has repeatedly held that expert testimony as to eyewitness identification generally does not help the jury," that the Ninth Circuit "has recognized that expert testimony regarding eyewitness identification is 'strongly disfavored by most courts,'" and that "[t]his is not an 'eye-witness' identification case."[5] Mr. Smith responds that the government's summation of the

---

[3] Docket 717 at 2.

[4] 509 U.S. 579, 592–93 (1993) ("Faced with a proffer of expert scientific testimony, . . . the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." (footnotes omitted)). Thereafter, a court must apply Rule 403 to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Id.* at 595.

[5] Docket 717 at 3–4 (citing *United States v. Langford*, 802 F.2d 1176 (9th Cir. 1986) and *Schroeder v. Premo*, 712 Fed. Appx. 638 (9th Cir. 2017) and citing and quoting *United States v. Labansat*, 94 F.3d 527 (9th Cir. 1996)).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Eyewitness Identification Expert
Page 2 of 5
Case 3:16-cr-00086-SLG   Document 953   Filed 10/30/20   Page 2 of 5

Ninth Circuit's position on eyewitness-testimony experts is "misleading" and outdated and that eyewitness-identification procedures are recognized as being based in scientific knowledge.[6]

The Court has reviewed the Ninth Circuit's opinions related to eyewitness-testimony experts and reaches two conclusions based on this review: First, the Ninth Circuit has not set an almost categorical bar on such testimony as the government seems to maintain; the determination as to whether eyewitness-identification expert testimony should be admitted is particular to the facts of the individual case. Second, the Ninth Circuit has recognized that eyewitness identification has become a focus of academic and scientific study.

As the government recognizes, *United States v. Rincon* (*Rincon II*) appears to be the leading case on this issue in the Ninth Circuit.[7] *Rincon II* examined the proposed expert testimony under the *Daubert* standard and concluded that the district court had not abused its discretion in excluding the testimony.[8] Notably, however, the Ninth Circuit "emphasize[d] that the result that [it] reach[ed] in this case is based upon an individualized inquiry, rather than strict application of the past rule concerning expert testimony on the reliability of eyewitness identification. Our conclusion does not preclude the admission of such testimony when the

---

[6] Docket 820 at 4–6 (discussing case law).

[7] Docket 717 at 4 (citing *Rincon II*, 28 F.3d 921 (9th Cir. 1994)).

[8] *Rincon II*, 28 F.3d at 923.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Eyewitness Identification Expert
Page 3 of 5
Case 3:16-cr-00086-SLG   Document 953   Filed 10/30/20   Page 3 of 5

proffering party satisfies the standard established in *Daubert . . . .*"[9] In its most recent, albeit unpublished, opinion on the issue, the Ninth Circuit found that the district court had not abused its discretion in excluding eyewitness-identification expert testimony, but again stressed that its conclusion was reached "[u]nder the particular facts of this case."[10]

In another recent unpublished decision, the Ninth Circuit has suggested that expert testimony regarding eyewitness identification has become more scientifically based, recognizing that "[t]here is now a robust body of scientific research and evidence that highlights the unique perils of eyewitness identification testimony as 'one of the greatest causes of erroneous convictions.'"[11]

This Court will not categorically exclude expert testimony regarding eyewitness identification, as such an exclusion is not supported by Ninth Circuit precedent.[12] However, the Court will not rule at this time on the admissibility of Dr. Loftus' testimony because the parties have not provided the Court with sufficient information.

---

[9] *Id.* at 926 (internal citation omitted).

[10] *United States v. Cruz-Ramirez*, 782 Fed. Appx. 531, 538 (9th Cir. 2019).

[11] *United States v. Valencia-Cortez*, 769 Fed. Appx. 419, 422 (9th Cir. 2019) (quoting *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 313–45 (3d Cir. 2016)). *Cf. United States v. Felinciano*, Case No. CR-08-0932-01PHX-DGC, 2009 WL 3748588, at *3 (D. Ariz. Nov. 6, 2009) ("There is an increasing body of academic literature concerning the reliability of eyewitness testimony.").

[12] The government repeatedly asserts that "[t]his is not an 'eye-witness' identification case." Docket 717 at 3; Docket 850 at 2–3. Although the government may be correct that most of the evidence implicating Mr. Smith is *not* eyewitness identification evidence, it appears undisputed that the government intends to present the identification of Mr. Smith by an eyewitness.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Eyewitness Identification Expert
Page 4 of 5
Case 3:16-cr-00086-SLG   Document 953   Filed 10/30/20   Page 4 of 5

In light of the foregoing, IT IS ORDERED that the motion at Docket 717 is DENIED.

DATED this 30th day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Eyewitness Identification Expert
Page 5 of 5
Case 3:16-cr-00086-SLG   Document 953   Filed 10/30/20   Page 5 of 5