## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN PEARL SMITH, II,<br><br>    Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION TO PRECLUDE PROPORTIONALITY EVIDENCE OR ARGUMENT**

Before the Court at Docket 702 is the government's Motion *in Limine* to Preclude Proportionality Evidence or Argument. Defendant John Pearl Smith, II responded in opposition at Docket 793. The government replied at Docket 832.

The government seeks an order precluding the defense from comparing Mr. Smith "to other actual or potential capital defendants" during either the guilt or penalty phase of trial.[1] The government asserts that proportionality is not constitutionally required and is not relevant to mitigation, and that if it were relevant, it should be excluded because its probative value would be outweighed by the danger of misleading the jury.[2]

---

[1] Docket 702 at 2.

[2] Docket 702 at 3, 8.

Mr. Smith responds that the government's view of what is relevant to mitigation is too narrow and that comparative proportionality is a proper mitigating factor pursuant to the Constitution and the Federal Death Penalty Act (FDPA).[3] He asserts that the defense could present proportionality information to the jury in a manner that would not confuse the jury.[4]

"Proportionality review refers to the notion that imposition of the death penalty would be 'unacceptable in a particular case because [it is] disproportionate to the punishment imposed on others convicted of the same crime.'"[5] There is no constitutional right to proportionality review.[6] However, there is also no Supreme Court or Ninth Circuit precedent that prohibits a district court from allowing proportionality evidence so long as it meets the FDPA admissibility standards. Accordingly, "[t]his dispute ultimately turns on whether the proffered 'comparative proportionality' evidence is relevant mitigation evidence and admissible under the FDPA."[7] As relevant here, § 3592(a) of the FDPA provides:

---

[3] Docket 793 at 2–3.

[4] Docket 793 at 4.

[5] *United States v. Mitchell*, 502 F.3d 931, 980 (9th Cir. 2007) (quoting *Pulley v. Harris*, 465 U.S. 37, 43 (1984)) (alteration in *Mitchell*). Because Mr. Smith has no co-defendants charged with capital murder, he seeks to compare himself and his case to capital defendants in other, unrelated cases.

[6] *Id.* at 981. *See also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1308 (9th Cir. 1996) ("[T]here is no federal constitutional requirement of an inter-case proportionality analysis of death sentences.").

[7] *United States v. Williams*, 18 F. Supp. 3d 1065, 1073 (D. Haw. 2014) (footnote omitted).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proportionality Evidence or Argument
Page 2 of 7
Case 3:16-cr-00086-SLG   Document 956   Filed 11/02/20   Page 2 of 7

> (a) Mitigating factors.—In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:
>
> ***
>
> (8) Other factors. Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

The government cites to the Ninth Circuit's decision in *United States v. Mitchell* and maintains that the Circuit Court expressly rejected a proportionality argument in that case, where the Circuit described a co-defendant's culpability in a separate double murder as "irrelevant" to determining the defendant's sentence.[8] However, the Circuit's analysis on that point was under the Eighth Amendment, not the FDPA. The government also encourages this Court to adopt the reasoning of the District Court for the District of Hawaii in *United States v. Williams*.[9] The *Williams* Court reviewed each of the mitigating factors set forth in § 3592(a) and concluded that proportionality information was not relevant to any of those mitigating factors.[10] The *Williams* Court specifically noted that "[e]very indication in the statute is [that] all of the examples of mitigating evidence listed in § 3592(a)

---

[8] Docket 702 at 4 (citing *Mitchell*, 502 F.3d at 980); 502 F. 3d at 981 ("Nakai's culpability in a *separate* double murder is irrelevant . . . . As with Nakai, it is irrelevant that Orsinger was also involved in the separate double murder.") (emphasis in original).

[9] Docket 702 at 4–5 (citing *Williams*, 18 F. Supp. 3d at 1072).

[10] 18 F. Supp. 3d at 1074–75.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proportionality Evidence or Argument
Page 3 of 7
Case 3:16-cr-00086-SLG   Document 956   Filed 11/02/20   Page 3 of 7

concern the defendant's background, culpability, or crime."[11]  The *Williams* Court concluded by ruling that "even if it might have some relevance, the [proportionality] evidence proffered by Defendant is likely to confuse and mislead the jury" and thus would be precluded on that basis.[12]

Mr. Smith encourages the Court to follow the reasoning of the District Court for the District of Massachusetts in *United States v. Sampson*.[13]  The *Sampson* Court adopted the statutory interpretation made in *United States v. Davis*, which read § 3592(a) to permit broader mitigation than listed in the enumerated categories.[14]  Specifically, the *Davis* and *Sampson* Courts reasoned that the plain language of § 3595(a) requires the jury to consider *any* mitigating factor.[15]  Those courts reasoned that because § 3595(a) contains the introductory phrase "including the following," the subsequent list thus "is not exclusive, but is instead illustrative."[16]  As relevant to proportionality mitigation, those courts reasoned that "subhead (8) which refers to other factors 'in the defendant's background, record, or character or any other circumstance of the offense' is a sub category of 'any

---

[11] *Id.* at 1074 (quoting *United States v. Gabrion*, 719 F.3d 511, 524 (6th Cir. 2013) (alterations in *Williams*)).

[12] *Id.* at 1076.

[13] Docket 793 at 3–4 (citing *Sampson*, 335 F. Supp. 2d. 166 (D. Mass. 2004)).

[14] 335 F. Supp. 2d at 194–95 (quoting *United States v. Davis*, 132 F. Supp. 2d 455, 463–64 (E.D. La. 2001)).

[15] *Id.* at 194 (citing *Davis*, 132 F. Supp. 2d at 463–64).

[16] *Id.* (quoting *Davis*, 132 F. Supp. 2d at 463–64).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proportionality Evidence or Argument
Page 4 of 7
Case 3:16-cr-00086-SLG   Document 956   Filed 11/02/20   Page 4 of 7

mitigating factor' rather than being the outer boundaries of what may be considered as mitigating."[17]

> This Court has previously held that
>
> [a] proper mitigating factor, as defined by the FDPA, is one that is enumerated in the FDPA or is a factor "in the defendant's background, record, or character or any other circumstance of the offense that mitigate[s] against imposition of the death sentence." Relevant mitigating evidence, therefore, is "evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value."[18]

The Court finds that inter-case proportionality such as proposed by Mr. Smith is not a stand-alone mitigating factor, nor is it information relevant to any mitigating factor. In reaching this conclusion, the Court is persuaded by the reasoning in *United States v. Taylor*.[19] The *Taylor* Court undertook a statutory interpretation analysis of § 3592(a) and found three bases for concluding that the FDPA's list of mitigating factors was not so broad as to allow proportionality information. First, applying the canon of *ejusdem generis*, the *Taylor* Court found that "the description of 'Other factors' [subheading (8)] does not allow for factors of an entirely different nature from the illustrated factors. All the illustrated factors concern the defendant or the circumstances of the offense . . . ."[20] Second, the *Taylor* Court found that

---

[17] *Id.* at 195 (quoting *Davis*, 132 F. Supp. 2d at 463–64).

[18] Docket 948 at 4 (quoting 18 U.S.C. § 3592(a) and *United States v. Mitchell*, 502 F.3d 931, 991 (9th Cir. 2007)).

[19] 583 F. Supp. 2d 923 (E.D. Tenn. 2008).

[20] 583 F. Supp. 2d at 935.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proportionality Evidence or Argument
Page 5 of 7
Case 3:16-cr-00086-SLG   Document 956   Filed 11/02/20   Page 5 of 7

"[i]f the statute permitted other factors beyond what is contained in 'Other factors,' the statute would contain a broader description than what is contained in 'Other factors' . . . thus rendering 'Other factors' superfluous."[21] Finally, the *Taylor* Court reasoned that the statute's use of the word "any" in § 3592(a) "does not indicate Congress intended to greatly expand the definition of mitigating factors over that required by the Constitution . . . . [E]lsewhere the statute makes clear non-relevant information is inadmissible."[22] The *Taylor* Court undertook a thorough review of the FDPA, which this Court finds persuasive.

The Court is also persuaded by the Ninth Circuit's holding that in the Eighth Amendment context, proportionality information is "not relevant."[23] Even if not directly on point, the Circuit Court's holding in *Mitchell* is certainly fully consistent with a holding that proportionality information lacks relevance under the FDPA.

The Court further finds that even if proportionality information might have some relevance, it would likely confuse and mislead the jury, resulting in a series of mini-trials and argument about any disputed facts in the other cases and whether each case was sufficiently similar to be probative.[24]

---

[21] *Id.*

[22] *Id.* (citing 18 U.S.C. § 3593(c)).

[23] *Mitchell*, 502 F. 3d at 980.

[24] 18 U.S.C. § 3593(c).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proportionality Evidence or Argument
Page 6 of 7
Case 3:16-cr-00086-SLG   Document 956   Filed 11/02/20   Page 6 of 7

In light of the foregoing, the motion at Docket 702 is GRANTED. However, if the government opens the door—through statements of counsel or through a witness—by categorizing Mr. Smith or the crimes in relation to other defendants or their crimes (e.g., "the most cold-blooded," "the least remorseful," "the most dangerous," or "the worst crime committed in this district"), the Court may allow the defense to rebut this claim, including by introducing proportionality information. In that event, the defense may make an application to Court to reconsider this order, but shall do so outside the presence of the jury.

DATED this 2nd day of November, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Preclude Proportionality Evidence or Argument
Page 7 of 7
Case 3:16-cr-00086-SLG   Document 956   Filed 11/02/20   Page 7 of 7