# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>JOHN PEARL SMITH, II,<br><br>                  Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION TO STRIKE VICTIM IMPACT EVIDENCE**

Before the Court at Docket 760 is Defendant John Pearl Smith, II's sealed Renewed Motion to Strike Victim Impact Evidence Under the Eighth and Fourteenth Amendments. The government filed a sealed opposition at Docket 802. Mr. Smith filed a sealed reply at Docket 833.

The Court has also reviewed the Government's Supplemental Informational Outline at Docket 690. The government indicates that the Informational Outline includes victim-impact statements by family members and friends of the two victims; at the same time the government acknowledges that certain statements, particularly regarding the nature of the crimes and regarding Mr. Smith, would not be admissible. Moreover, the Supplemental Informational Outline does not contain sufficient information as to the nature of each person's relationship to either Mr. Gross or Ms. Denardi. Accordingly, instead of ruling on specific proposed victim-impact testimony, the Court addresses general principles regarding victim-impact

information so that the parties can anticipate the Court's evidentiary rulings on this information in the event this case proceeds to a penalty phase.

## I. General legal standards

The Eighth Amendment does not preclude victim-impact information being presented to the jury during the penalty phase of a capital trial.[1] The Supreme Court has allowed the government to offer "'a quick glimpse of the life' which a defendant 'chose to extinguish.'"[2] Victim impact information "is generally admissible if it is not 'so unduly prejudicial that it renders the trial fundamentally unfair,' in violation of due process."[3]

The Federal Death Penalty Act (FDPA) also allows for victim-impact information:

> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information.[4]

---

[1] *Payne v. Tennessee*, 501 U.S. 808, 827 (1991).

[2] *Id.* at 822 (quoting *Mills v. Maryland*, 486 U.S. 367, 397 (1988)).

[3] *United States v. Mikhel*, 889 F.3d 1003, 1052 (9th Cir. 2018) (quoting *Payne*, 501 U.S. at 825).

[4] 18 U.S.C. § 3593(a).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 2 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 2 of 13

The FDPA limits victim-impact information by requiring that it be relevant and by requiring that its probative value not be "outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[5]

Thus, while victim-impact information is generally admissible, "there are two checks on potentially unfairly prejudicial victim impact evidence."[6] One is "the defendant's right to due process [protected] by viewing the proffered evidence in the context of all the other evidence in the case and deciding if its admission would contribute to or detract from a trial that is fundamentally fair and allows jurors to base their decisions on reason and reliable evidence rather than passion."[7] The other is the FDPA's requirement that the probative value of sentencing-phase information not be outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.[8]

As other federal courts have noted, a "district court has considerable discretion in controlling the presentation of the information to the jury in both

---

[5] 18 U.S.C. § 3593(a), (c).

[6] *United States v. Sampson*, 335 F. Supp. 2d 166, 187 (D. Mass. 2004).

[7] *Id.* (citing *Payne*, 501 U.S. at 836 (Souter, J., concurring)). *See also United States v. McVeigh*, 944 F. Supp. 1478, 1491 (D. Colo. 1996) (holding allowable scope of victim impact information "is a matter for the court's discretion and must be determined with consideration for the constitutional limitation that the jury must not be influenced by passion or prejudice").

[8] *Sampson*, 335 F. Supp. 2d at 187.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 3 of 13
Case 3:16-cr-00086-SLG    Document 960    Filed 11/05/20    Page 3 of 13

content and form"[9] and "[e]xercising this authority is essential in a capital case."[10] Although appropriate victim-impact information is allowed, it "is the most problematical of all of the aggravating factors and may present the greatest difficulty in determining the nature and scope of the 'information' to be considered."[11]  Thus, "applying [the victim-impact] rules requires a judge, inevitably, to engage in line-drawing."[12]

## II.  The parties' agreements

The parties agree that victim-impact witnesses "may not characterize or give their opinions about the crime, may not characterize or give opinions about the defendant, and may not express an opinion on the appropriate sentence."[13]  The Court has reviewed the relevant caselaw and agrees that it would violate the Eighth Amendment for a victim-impact witness to so testify.[14]  The United States shall direct its witnesses to follow appropriate legal standards.

---

[9] *United States v. George*, Case No. CR 17-201, 2020 WL 4584200, at *10 (E.D. La. Aug. 10, 2020) (internal quotations omitted).

[10] *Sampson*, 335 F. Supp. 2d at 186.

[11] *United States v. McVeigh*, 944 F. Supp. 1478, 1491 (D. Colo. 1996).

[12] *United States v. Savage*, 970 F.3d 217, 300 (3d Cir. 2020).

[13] Docket 802 at 2.  *See also* Docket 760 at 5–6.

[14] *Booth v. Maryland*, 482 U.S. 496, 508 (1987), *overruled on other grounds by Payne v. Tennessee*, 501 U.S. 808 (1991); *Payne*, 501 U.S. at 835 n.1 (Souter, J., concurring) ("This case presents no challenge to the Court's holding in *Booth v. Maryland* that a sentencing authority should not receive a third category of information concerning a victim's family members' characterization of and opinions about the crime, the defendant, and the appropriate sentence.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 4 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 4 of 13

The parties also agree that certain phrases should not be superimposed on any allowed photographs of the two victims in this case.[15] The Court has reviewed the two phrases and finds that they have no probative value and carry a risk of unfair prejudice and thus are excluded pursuant to 18 U.S.C. § 3593(c). The government may label each photograph with the year in which it was taken.

## III. The parties' disagreements

The parties disagree about the following: (1) who may testify as a victim-impact witness (in other words, is the government limited to presenting only family members of the victims?); (2) whether witnesses may testify about the impact of the victim's death beyond the scope of the impact on their family (in other words, can witnesses testify about the victim's contributions to work, the community, and to larger society?); (3) whether victim-impact information must have a nexus to the crime; (4) how much emotion a witness may show during their testimony; (5) how the government may use photographs or slideshows as victim-impact information; (6) whether the government may present cumulative victim-impact information; and (7) whether a victim-impact witness's planned testimony should be reviewed by the Court and the defense prior to the witness testifying.

---

[15] Docket 760 at 10; Docket 802 at 18. The phrases are: "My name is Crystal Star Randi Denardi. I did not disappear. I was present for all of it" and "One week before I was murdered by John Pearl Smith."

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 5 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 5 of 13

## IV. Whether victim-impact information is limited to a victim's family members and the impact on the family

In *United States v. Mikhel*, the Ninth Circuit addressed whether victim-impact information properly includes information concerning a victim's "professional accomplishments or value to the wider community."[16] The Ninth Circuit held that neither the Eighth Amendment nor the FDPA limit victim-impact information to "the relationship the victim had with his or her family."[17] As to the Eighth Amendment, the Ninth Circuit reasoned that the Supreme Court in *Payne v. Tennessee* had found that the government has a "legitimate interest in . . . reminding the sentencer that . . . the victim is an individual whose death represents *a unique loss to society and in particular to his family*."[18] The Ninth Circuit observed that the Supreme Court has never "limited victim-impact evidence to evidence by or about family members."[19] As to the FDPA, the Ninth Circuit reasoned that the FDPA's use of the language "the victim's family" is "illustrative, not exhaustive" and "does not prohibit evidence of a victim's professional accomplishments or value to the community."[20] This Court is bound by *Mikhel* and *Payne* and accordingly will not

---

[16] 889 F.3d 1003, 1052 (9th Cir. 2018).

[17] *Id.* at 1052–53.

[18] *Id.* (quoting *Payne*, 501 U.S. at 825) (omissions and emphasis in *Mikhel*).

[19] *Id.* at 1052.

[20] *Id.* at 1053.

limit victim-impact witnesses to only members of the victims' families and will not limit victim-impact information to only the impact on the victims' families.

However, the Court will require the government to show that each victim-impact witness had a close personal relationship with Ms. Denardi or Mr. Gross at the time of their death. Childhood friends and distant relatives will not be permitted to testify as victim-impact witnesses. Nor will witnesses be permitted to testify about the impact that Ms. Denardi's or Mr. Gross's death has had on other individuals, such as the victims' parents.[21]

## V. Whether the victim-impact information must have a nexus to the crime

Victim-impact information must be relevant to the sentencing decision[22] and it must be "evidence of the specific harm caused by the defendant."[23] Thus, information that is wholly separate from the crime(s) of conviction is likely irrelevant and will not be permitted. The Court is also not inclined to find relevant (1) speculative victim-impact testimony[24]; (2) testimony as to the impact caused by the trial process[25]; or (3) statements by a witness addressed directly to Mr. Smith or

---

[21] *See, e.g.,* Docket 690 at 51 as an example of impermissible testimony ("there will always be a sorrowful note in our hearts knowing her parents are grieving every day that beautiful young lady is gone").

[22] 18 U.S.C. § 3593(a).

[23] *Payne*, 501 U.S. at 825.

[24] *Cf.* Docket 918 at 27–28 (under seal) (precluding proposed testimony that required speculation into Mr. Smith's future actions).

[25] *United States v. McVeigh*, 944 F. Supp. 1478, 1491 (D. Colo. 1996) ("[B]ecause victim impact evidence is relevant only to demonstrate the specific harm caused by a particular crime, it seems clear that the victims' testimony must reflect the harm caused by the criminal conduct,

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 7 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 7 of 13

his defense team.[26] Victim-impact testimony should focus on each victim's "uniqueness as an individual human being" and "the specific harm caused by the crime in question."[27]

## VI. Emotional witnesses

"Victim impact testimony cannot be totally divorced from emotion," and thus, the "presentation of victim impact evidence can be problematic because of the potential for emotional outbursts during the testimony of family members."[28] The Court expects that victim-impact witnesses will find testifying about the loss of their family member or close friend to be a difficult experience that "may generate powerful emotions."[29] The Court intends to give reasonable leeway to victim-impact witnesses because "[i]t cannot be expected that victim impact testimony will be cool and dispassionate."[30] However, there is a difference between the substance of victim-impact testimony being poignant and having an emotional impact and an overly emotional witness whose presentation may become unduly inflammatory. "If a witness becomes overly emotional, the Court will recess the

---

rather than the impact of the trial proceedings.") (internal citations omitted).

[26] *See United States v. Bernard*, 299 F.3d 467, 480 (5th Cir. 2002).

[27] *Payne*, 501 U.S. at 823–25.

[28] *United States v. O'Driscoll*, 203 F. Supp. 2d 334, 340 (M.D. Penn. 2002).

[29] *United States v. Milburn*, Case No. CR 05-00167 WHA, 2008 WL 2557975, at *3 (N.D. Cal. June 24, 2008).

[30] *United States v. Whitten*, 610 F.3d 168, 190–91 (2d Cir. 2010).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 8 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 8 of 13

proceedings in order to allow the witness to regain composure. If requested, the Court may instruct the jury to disregard any inappropriate comments."[31] The government shall instruct its victim-impact witnesses accordingly.

## VII. How the government may use photographs or slideshows as victim-impact information

The government has included in its Informational Outlines two sets of photographs of the victims, one that contains 62 photographs of Mr. Gross and one that contains 110 photographs of Ms. Denardi.[32] The Court does not intend to allow the government to present dozens of photographs of each victim or any video or slideshow set to music. But the government may select a reasonable number of appropriate photographs of each victim, consisting primarily of photographs of the victim as an adult close in age to the age they were when they were killed. The Court may allow one photograph of each victim as a child.[33] Once these photographs are identified to the defense, the defense may raise challenges at that time.[34]

---

[31] *United States v. Lujan*, Case No. CR 05-924 RB, 2010 WL 11546103, at *5 (D. N.M. Nov. 30, 2010).

[32] Docket 690-1, 690-2 (under seal) (photographs of Ben Gross); Docket 627-2, 627-3, 627-4 (under seal) (photographs of Crystal Denardi).

[33] *See Sampson*, 335 F. Supp. 2d at 192 (quoting *Salazar v. State*, 90 S.W.3d 330 (Tex. Crim. App. 2002) ("'[The] prejudicial effect [of the videotape was] enormous because the implicit suggestion is that appellant murdered this angelic infant; he killed this laughing, light-hearted child; he snuffed out the life of a first-grade soccer player and of the young boy hugging his blond puppy dog. The danger of unconsciously misleading the jury [was] high.'") (alterations in *Sampson*). *See also People v. Dykes*, 209 P.3d 1, 47–48 (Cal. 2009) (discussing appropriate victim-impact video).

[34] The deadline for the parties to file their penalty phase witness and exhibit lists is one business

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 9 of 13
Case 3:16-cr-00086-SLG Document 960 Filed 11/05/20 Page 9 of 13

**VIII. Whether the government may present cumulative victim-impact information**

The FDPA provides that during the penalty phase, "information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."[35] As this Court has previously noted, the FDPA's admissibility standard differs from the standard set forth in Federal Rule of Evidence 403. As relevant here, the FDPA—unlike Rule 403—does not expressly provide that information can be excluded if its probative value is outweighed by a danger of "needlessly presenting cumulative evidence."[36] However, even though the FDPA does not expressly allow a trial court to consider cumulativeness, it is a "bedrock" principle that "the trial court, in a capital sentencing proceeding, remains free to consider cumulativeness in assessing evidentiary proffers."[37]

The government cites to *United States v. Dylann Roof* and *United States v. Timothy McVeigh* and notes that in those trials, 20 and 38 victim-impact witnesses testified, respectively.[38] However, those cases were fundamentally different than most FDPA cases due to the "sheer number of actual victims and the horrific things

---

day after the jury returns its guilt-phase verdict, in the event it convicts Mr. Smith of at least one capital-eligible crime. Docket 935 at 5.

[35] 18 U.S.C. § 3593(c).

[36] *Compare* Fed. R. Evid. 403 *with* 18 U.S.C. § 3593(c).

[37] *United States v. Sampson*, 486 F.3d 13, 43 (1st Cir. 2007).

[38] Docket 802 at 4, 12–13.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 10 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 10 of 13

done to them necessarily allow[ed] for the introduction of a greater amount of victim impact testimony in order for the government to show the 'harm' caused by the crime."[39] This Court agrees that because those cases differ greatly from the facts of the instant case, their rulings regarding allowable victim-impact information "should be read with caution."[40] Similarly, Mr. Smith cites to *United States v. Williams*—where only one victim-impact witness testified—but that case also differs from the instant case.[41] A better comparison may be *United States v. Barnette*, an FDPA case with two victims in which a total of seven victim-impact witnesses testified.[42] However, the Court will not at this time set a limit on how many victim-impact witnesses the government may call.[43]

The government maintains that victim-impact testimony can never be cumulative because each victim has suffered his or her own loss.[44] However, the purpose of victim-impact information is to give the sentencing jury "a quick glimpse

---

[39] *United States v. McVeigh*, 153 F.3d 1166, 1221 (10th Cir. 1998).

[40] *Lujan*, 2010 WL 11546103, at *4.

[41] Docket 760 at 12 (citing Case No. 06-00079 (D. Haw.).

[42] 211 F.3d 803, 818 (4th Cir. 2000). *See also Sampson*, 335 F. Supp. 2d at 188–89 (surveying the number of victim-impact witnesses in various FDPA trials).

[43] *See United States v. McCluskey*, Case No. 10-2734 JCH, 2013 WL 12330210, at *5 (D. N.M. June 11, 2013) ("The Court concludes that the proper focus is not on the number of victim impact witnesses per se, but instead on the quantity and quality of victim impact testimony; the issue is whether the evidence becomes so lengthy and cumulative that it confuses the issues or causes unfair prejudice. For these reasons, the Court will not now set a limit on the number of victim impact witnesses; the Court will instead evaluate the issue in context, once the Court has more information about all of the penalty-phase evidence.") (internal citation omitted).

[44] Docket 802 at 19.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 11 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 11 of 13

of the life which [the] defendant chose to extinguish" and to "demonstrat[e] the loss to the victim's family and to society,"[45] not to present an exhaustive list of people who were affected by the victims' deaths. Neither party has addressed the relationship between the FDPA's victim-impact provision and the Crime Victims' Right Act (CVRA).[46] The CVRA provides that a crime victim—defined as "a person directly and proximately harmed as a result of the commission of a Federal offense"—has the right to be "reasonably heard" at a sentencing proceeding.[47] However, the CVRA also authorizes the district court to "fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings" if the court finds that "the number of crime victims makes it impracticable to accord all of the crime victims the rights described."[48]

When challenges to specific witnesses are ripe, the Court will give due consideration as to whether the proposed testimony would be so cumulative that it would violate Due Process or the FDPA and will consider the rights accorded victims pursuant to the CVRA.

---

[45] *Payne*, 501 U.S. at 822 (internal quotations omitted).

[46] 18 U.S.C. § 3771. *Cf.* 18 U.S.C. § 3510(b), (c) (permitting "victims" to attend trial in a capital case and defining "victims" by reference to the Victims' Rights and Restitution Act of 1990); *United States v. Lawrence*, 735 F.3d 385, 439–40 (6th Cir. 2013) (applying the CVRA to a FDPA case).

[47] 18 U.S.C. § 3771(a)(4), (e)(2)(A).

[48] 18 U.S.C. § 3771(d)(2).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 12 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 12 of 13

**IX. Whether victim-impact witnesses' planned testimony should be reviewed by the Court and defense prior to the witness testifying**

The Court does not find it necessary to have the government submit its victim-impact witnesses' testimony in writing to the Court and the defense prior to the witness testifying, just as it does not intend to require the defense to submit its mitigation witnesses' testimony in advance.[49] However, near the time the guilt phase of trial begins, the government should be prepared to provide an updated Informational Outline regarding its expected victim-impact information that describes each witness's relationship to Mr. Gross or Ms. Denardi and outlines the information it anticipates each witness will present.[50] The government is also expected to adequately inform its witnesses as to the guidelines set forth in this order. If the Court determines that victim-impact witnesses are straying from these guidelines, it may alter this ruling to require advanced submission of proposed testimony to the Court.

In light of the foregoing, the motion at Docket 760 is GRANTED IN PART and DENIED IN PART as outlined above.

DATED this 5th day of November, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[49] The Court is requiring that Mr. Smith's *unsworn* allocution be presented to the Court in writing in advance of his allocution to the jury. Docket 932 at 10.

[50] *See Sampson*, 335 F. Supp. 2d at 188.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Strike Victim Impact Evidence
Page 13 of 13
Case 3:16-cr-00086-SLG   Document 960   Filed 11/05/20   Page 13 of 13