UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,          )
                                   )
                  Plaintiff,       )
                                   )  Case Nos.
        vs.                        )  10-03029-01-CR-S-GAF
                                   )  10-03029-02-CR-S-GAF
WESLEY PAUL COONCE, JR. and        )
CHARLES MICHAEL HALL,              )
                                   )
                  Defendants.      )



        TRANSCRIPT OF PROCEEDINGS - VOLUME 21-B
          BEFORE THE HONORABLE GARY A. FENNER
                    MAY 28, 2014
                SPRINGFIELD, MISSOURI

                    APPEARANCES

FOR THE PLAINTIFF:
    MR. RANDALL D. EGGERT
    Assistant United States Attorney
    U.S. Attorney's Office
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806

    MR. JAMES D. PETERSON
    United States Department of Justice-DC
    1331 F Street NW
    Washington, DC 20530


    Proceedings recorded by mechanical stenography, transcript
produced by computer


            KATHERINE A. CALVERT, RMR, CRR
            FEDERAL OFFICIAL COURT REPORTER
          CHARLES EVANS WHITTAKER COURTHOUSE
                400 EAST NINTH STREET
              KANSAS CITY, MISSOURI 64106
                   (816) 512-5741

                        4808

FOR THE DEFENDANT COONCE:
      MR. THOMAS D. CARVER
      MR. SHANE P. CANTIN
      Carver, Cantin & Grantham
      901 St. Louis, Suite 1600
      Springfield, Missouri 65806

      MR. MATTHEW M. RUBENSTEIN
      Capital Resource Counsel Project
      Hosted by the Federal Public Defender
      for the District of Oregon
      101 Southwest Main Street, Suite 1700
      Portland, Oregon 97204

FOR THE DEFENDANT HALL:
      MR. FREDERICK A. DUCHARDT, JR.
      Attorney at Law
      P.O. Box 216
      Trimble, Missouri 64492

      MR. ROBERT D. LEWIS
      Attorney at Law
      435 East Walnut Street
      Springfield, Missouri 65806

      MR. MICHAEL W. WALKER
      Duchardt & Walker, LLP
      5545 North Oak Trafficway, Suite 8
      Kansas City, Missouri 64118

```
                    I N D E X                        Page

                 MAY 28, 2014
```

JOHN WISNER (resumed)
      Cross-examination by Mr. Peterson. . . . . . . . . 4812
      Redirect examination by Mr. Duchardt . . . . . . . 4867

DAVID SCOTT DODRILL
      Direct examination by Mr. Peterson . . . . . . . . 4880
      Cross-examination by Mr. Rubenstein. . . . . . . . 4926
      Cross-examination by Mr. Duchardt. . . . . . . . . 4939

PARK DIETZ
      Direct examination by Mr. Eggert . . . . . . . . . 4943

1   or interview of the individuals that are involved?

2   A       Correct.

3   Q       And so how does that take place?

4   A       So first there's a lot of scheduling that goes on and

5   the schedules often change, then there's negotiation for

6   whether a quiet enough room will be made available by the

7   institution, and arrangements have to be made to gain entry

8   into the institution.

9           And when I'm doing interviews of a defendant, I

10  always try to both video record the evaluation and also audio

11  record it, and I've done that since 1982 for the sake of

12  transparency so that everyone can see the nature of my

13  questions and the answers and what the interaction was like,

14  and also because every interview changes the person who's being

15  interviewed by giving them information or by influencing them

16  in some way; and if I didn't videotape it, then those changes

17  would be secret.  They'd be hidden.  No one would be able to

18  evaluate how the person changed or why.

19          So I've been an advocate since 1982 of all mental

20  health professionals videotaping the interview portions of

21  their evaluations.  This does not apply to psychological

22  testing, which has other considerations, but for the interview

23  portion I think we should all be videotaping it for the sake of

24  transparency and to preserve the integrity of the behavioral

25  evidence because, otherwise, it would be like letting one side

```
 1    fool with the crime scene evidence before the other side could

 2    look at it.  It would tamper with the evidence and I don't

 3    believe in that.

 4    Q       So you make a practice of videotaping every interview

 5    that you conduct in a forensic setting?

 6    A       Every interview of a defendant or of a claimant, yes.

 7    Q       Yes.  And did that happen in this case?

 8    A       It did.

 9    Q       You had an opportunity to interview both defendants,

10    Wesley Coonce and Charles Hall?

11    A       I can't see Mr. Hall right now, but yes.

12    Q       If you would like to stand up.

13    A       I see him.

14    Q       And then after you conducted those interviews, you then

15    completed a report which summarized not only the factual

16    findings and factual observations that had been made by your

17    team of the documents but also your interview as well?

18    A       That's correct.  Though I should add that much of the

19    bulk of the report comes from the summary.  It's the factual

20    basis of the opinions.

21    Q       And the summary, of course, is part of the document

22    that is reviewed by you?

23    A       Yes.

24    Q       And it's actually created under your supervision?

25    A       Correct.
```