# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOHN PEARL SMITH, II, Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION TO ADMIT ACTS OF PRISON MISCONDUCT**

Before the Court at Docket 984 is the government's Motion to Admit Acts of Prison Misconduct in Rebuttal to Defense Third Party Misconduct Evidence/Statistics and Prison Security Evidence. Defendant John Pearl Smith, II responded in opposition at Docket 993. The government replied at Docket 997.

The government seeks an order allowing it to introduce "acts of misconduct by third parties to rebut Smith's proffered and proposed evidence that prison facilities are safe and relatively violence free, as well as the proffered statistics about third party violence in BOP facilities."[1] Mr. Smith responds that "evidence of specific acts of prison misconduct by inmates other than Mr. Smith is irrelevant to the individualized determination of whether or not Mr. Smith will pose a danger of future violence in prison."[2] The government replies that it is entitled to rebut the

---

[1] Docket 984 at 2.

[2] Docket 993 at 2.

defense case if the defense opens the door by "introduce[ing] third-party inmate conduct evidence, or prison security evidence."[3]

As the government acknowledges, its motion is premature.[4] Without knowing with any certainty what information the defense will present in a possible penalty phase of trial, the Court cannot determine the appropriate scope of rebuttal information. Accordingly, the Court denies the motion without prejudice for the government to renew after the defense concludes its selection phase case-in-chief. However, if the defense admits information regarding the security of Bureau of Prison facilities or information to show that inmates in Bureau of Prisons facilities present a low risk of dangerousness, the Court intends to allow the government to rebut that information as required by the Federal Death Penalty Act, which may extend to information regarding specific ats of prison misconduct by inmates other than Mr. Smith.[5]

The motion at Docket 984 is DENIED without prejudice for the government to renew during a potential penalty phase of trial. IT IS SO ORDERED.

DATED this 2nd day of June, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[3] Docket 997 at 3 (citing 1 U.S.C. § 3593(c)).

[4] Docket 997 at 2.

[5] *See* 18 U.S.C. § 3593(c) ("The government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor . . . .").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Admit Acts of Prison Misconduct
Page 2 of 2