# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JOHN PEARL SMITH, II, | Case No. 3:16-cr-00086-SLG-1 |
| Defendant. | |

**ORDER REGARDING BUREAU OF PRISONS STATISTICAL INFORMATION**

Before the Court at Docket 968 is defendant John Pearl Smith's Second Motion to Compel Federal Bureau of Prisons Statistical Information. The government filed a response in opposition at Docket 985. Mr. Smith filed a sealed reply at Docket 992.

In October 2019, the Court ordered the disclosure of specific Bureau of Prisons (BOP) statistics, which included information from January 1, 2009, through December 31, 2018, to the defense.[1] Mr. Smith acknowledges that the government voluntarily provided updated data in August 2020.[2] Mr. Smith's instant motion seeks to again update this data as well as obtain additional BOP statistics, beyond the Court's previous order, requested by his experts to complete their

---

[1] Docket 549 at 6.

[2] Docket 968 at 3.

analysis.[3] He generally seeks six categories of information from the BOP: inmates' demographic information; information regarding inmates' offenses of conviction; housing information; inmates' disciplinary history; inmates' prior criminal history; comparative data for medium FCI, USP, and ADX facilities; and BOP escapes.[4] He asserts that the statistics are "necessary for the defense experts to compare various inmate groups in the BOP to Mr. Smith's history and to support the experts' testimony and conclusions regarding factors associated with violence risk assessment in the BOP as it relates to Mr. Smith."[5]

Mr. Smith is charged with six death-penalty eligible crimes, and the government has alleged that Mr. Smith presents a future danger. Mr. Smith must be permitted to attempt to rebut the allegation that he poses a future danger if he is given a sentence of life in prison.[6] For the reasons this Court set forth in the prior order on BOP information, the Court finds that much of the information sought is material and it is reasonable to require that it be updated at this time. The Court further finds that expanding the information to include information about BOP escapes by LWOP inmates and to include information in the public record that

---

[3] Docket 968 at 3.

[4] Docket 968 at 5 & n.2.

[5] Docket 968 at 5. The government asserts that the instant motion is an improper motion to reconsider because it does not comply with the local rule regarding motions for reconsideration. Docket 985 at 5. Although the government is correct as to certain aspects of the motion, the Court will treat the instant motion as a renewed motion or as a motion to update the prior discovery in light of the lengthy trial continuance occasioned by the COVID-19 pandemic.

[6] 18 U.S.C. § 3593(c).
Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Bureau of Prisons Statistical Information
Page 2 of 5
Case 3:16-cr-00086-SLG   Document 1085   Filed 06/17/21   Page 2 of 5

would be time consuming for the defense to access but should be readily accessible to the BOP is also warranted. Notably, while the government opposes the renewed motion based on materiality, it does not assert that the production of this additional information would be unduly burdensome.

In light of the foregoing and in light of the Court's reasoning set forth in its previous order at Docket 549, IT IS ORDERED that the motion at Docket 968 is GRANTED IN PART and DENIED IN PART. It is granted as to the following information from January 1, 2009, to June 1, 2021, *relating to male inmates sentenced to life without parole*[7] (LWOP inmates), which the Court finds to be material (changes and additions from the prior order are in **bold**):

- Name of inmate
- Register number
- **Date of birth**
- Race/ethnicity
- Education
- Mental health code on admission
- Current mental health code
- Date of homicide (offense of conviction)
- **Brief description of offense of conviction**
- Date entered BOP
- **Custody classification form**
- **A codebook for scoring the variables in the male custody classification form**
- Housing facility, security level, and unit of assignment by date
- Any documents showing Institutional Risk Score, gang affiliation, and/or STG status
- ATI and disciplinary hearing officer reports for 100, 101, and 224

---

[7] There are currently 3,989 federal inmates serving life sentences. Federal Bureau of Prisons, *Sentences Imposed* (available at www.bop.gov/about/statistics/statistics_inmate_sentences.jsp) (last accessed June 14, 2021).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Bureau of Prisons Statistical Information
Page 3 of 5
Case 3:16-cr-00086-SLG   Document 1085   Filed 06/17/21   Page 3 of 5

violations from January 1, 2009 to **June 1, 2021**
- **A chronological disciplinary history including all 100- to 400- level violations (including the prohibited act and disciplinary code, the date of violation, associated ATIs incurred, and the Aid & Abet indicator)**
- **Prior criminal conviction history and what category of crime (e.g., homicide, assault, robbery, property, drug)**
- **Number of prior prison incarcerations (specified as state or federal)**
- **Disciplinary conduct during prior incarcerations**
- Comparative data for medium FCI, USP, ADX facilities from January 1, 2009 to **June 1, 2021**, specifically **guilty findings for all 100- to 400- level disciplinary offenses**, listed by institution and facility (prohibited act and code and ATI) and Injury Assessment for Acts of Inmate Misconduct
- Yearly average daily population for each BOP medium FCI, UPS, and ADX institution, per institution and per year
- **For all male LWOP inmates in medium FCI, UPS, and ADX facilities, escape data from January 1, 2009, to June 1, 2021:**
    - **Name**
    - **Register number**
    - **Prohibited act code for each escape**
    - **Date of each escape incident**
        - **Aid & Abet indicator for each incident**
        - **ATIs 1–3 for each incident**
    - **Inside escape or perimeter escape; if perimeter escape, note if captured or still at large**
    - **Incident Facility and Detail Facility (security level where escape occurred)**
    - **Hearing officer report for each escape or attempted escape**

Mr. Smith requests that the BOP provide the statistics in an Excel spreadsheet "as it has with other requested data."[8] The Court will not order the BOP to produce information in any particular form; however, the data should be produced in Excel

---

[8] Docket 968 at 6.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Bureau of Prisons Statistical Information
Page 4 of 5
Case 3:16-cr-00086-SLG   Document 1085   Filed 06/17/21   Page 4 of 5

format if possible.  Because these materials contain information that implicate privacy concerns of other inmates, they are covered by the protective order at Docket 555.  The BOP shall produce the ordered materials **within 14 days of the date of this order**. The motion at Docket 968 is denied as to all other requests for information from the BOP.  The Court finds that the defense has not demonstrated that the requested information about low-security federal correctional institutions and non-LWOP inmates is material to the defense. The Court also finds that the defense has not demonstrated that all hearing officer reports for all LWOP 100-level disciplinary offenses for LWOP inmates is material to the defense.

DATED this 16th day of June, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Bureau of Prisons Statistical Information
Page 5 of 5
Case 3:16-cr-00086-SLG   Document 1085   Filed 06/17/21   Page 5 of 5