Law Office of Suzanne Lee Elliott
Suite 339
2400 – N.W. 80th St.
Seattle WA 98117
Suzanne-elliott@msn.com
206-623-0291

THE HONORABLE SHARON L. GLEASON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PEARL SMITH, II,<br><br>Defendant. | No. 16-CR-00086 SLG-DMS<br><br>MOTION TO STAY FURTHER PROCEEDINGS PENDING A DECISION IN *UNITED STATES V. TAYLOR*, SUP. CT. #20-1459 |

## MOTION

Comes now John Pearl Smith, II, through counsel and moves to stay further proceedings until the United States Supreme Court issues a decision in *United States v. Taylor*, Supreme Court #20-1459.

## GROUNDS FOR RELIEF

To assert federal jurisdiction on the two charged homicides, the Government posited two theories under 18 U.S.C. §924(c) and (j). In Counts 3, 4, 5 and 6, the Government alleged that Mr. Smith killed C.D. and B.G. during and in relation to a "crime of violence" - the attempted Hobbs Act Robbery charged in Count 1. The Government's

MOTION TO STAY- 1

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 1097   Filed 07/07/21   Page 1 of 5

second basis for federal jurisdiction, set forth in Counts 7 and 8 is the allegation that Mr. Smith was attempting to possess a controlled substance with intent to distribute – as charged in Count 2 - and during that crime he killed C.D. and B.C. Dkt. 102.

On January 1, 2020, Mr. Smith moved to dismiss Counts 3, 4, 5, 6 arguing that an attempted Hobbs Act robbery is not a crime of violence. Dkt. 623. He pointed out that Count 1 of the Superseding Indictment alleges:

> On or about June 5, 2016, within the District of Alaska, the defendant, JOHN PEARL SMITH II, did ***attempt*** to obstruct, delay, and affect commerce and movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, the defendant knowingly and unlawfully ***attempted to*** take from the person and presence of another, by means of actual and threatened force and violence, controlled substances and/or proceeds from their sale, an activity that affects interstate commerce.

Dkt. 102 [Emphasis added]. On February 7, 2020, this Court denied Mr. Smith's motion. Dkt. 672.

On July 2, 2021, the United States Supreme Court granted certiorari in *United States v. Taylor*, #20-1459.[1] The question presented is: "Whether 18 U.S.C. 924(c)(3)(A)'s definition of 'crime of violence' excludes attempted Hobbs Act robbery, in violation of 18 U.S.C. 1951(a)." Mr. Smith's case presents an identical question in Counts 3, 4, 5, and 6.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). It is not unusual for a district court to grant a

---

[1] Decision below published at 979 F.3d 203 (2020).

MOTION TO STAY- 2

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 1097   Filed 07/07/21   Page 2 of 5

stay pending a determinative decision by the United States Supreme Court. See *United States v. Clark*, No. 87 CR. 49 (JFK), 1987 WL 13273, at *1 (S.D.N.Y. June 30, 1987).

Counts 3, 4, 5 and 6 of the indictment are now in doubt. If Mr. Smith were tried and convicted on the present indictment and the Supreme Court later determines an attempted Hobbs Act robbery is not a crime of violence, those four counts would have to be dismissed. And given the substantial prejudice of trying those counts with the remaining 13 counts, any other convictions would have to reversed as well. The jury will have been instructed that Mr. Smith "committed a crime of violence" in the four primary and overlapping homicide counts. Just the multiplicity of counts and the use of the term "crime of violence" demonstrates the unfair prejudice to Mr. Smith if the jury considers the other 13 charges in the Indictment with the four counts now in doubt.

It would waste of scarce CJA and judicial resources and be burdensome to the parties if the Court engaged in additional pretrial proceedings, summoned a jury and took evidence in a lengthy trial where four primary counts are in doubt. If a stay is not granted now, and the Supreme Court determines that attempted Hobbs Act robbery is not a crime of violence, the conclusion of this litigation might be attenuated far beyond the length of any stay. For example, if a defense favorable decision were rendered in *Taylor* during trial, before sentencing or while any conviction were on appeal, a mistrial or new trial would likely be the result. While the defense is mindful of the victim's interest in having trial completed this fall, certainly it would be far more difficult for the victim's families if the matter had to be tried twice. Such a possibility can be avoided by entering a stay now.

If this case proceeded to trial on the present indictment, and Mr. Smith was convicted and sentenced, an appeal would be certain. If the Supreme Court finds that

MOTION TO STAY- 3

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 1097   Filed 07/07/21   Page 3 of 5

attempted Hobbs Act robbery is not a crime of violence, a retrial would also be certain. Thus, there is no set of circumstances where the final resolution of this matter can be made before the Supreme Court renders a decision in *Taylor*.

The Supreme Court's term ends every year by July 1. Mr. Smith is seeking a stay that, at the very latest, will expire by July 1, 2022, by which time the Supreme Court will have decided *Taylor*. Once decided, the Court and the parties can confidently proceed with pretrial preparation with no further uncertainty about the propriety of Counts 3, 4, 5 and 6.[2]

Accordingly, Mr. Smith asks that this Court stay any further proceedings and set the matter for a status conference immediately after any opinion in *Taylor* is issued.

DATED this 7th day of July 2021.

/s/Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
Suite 339
2400 – N.W. 80th Street
Seattle WA 98117
Phone (206) 623-0291
Email: Suzanne-elliott@msn.com

# CERTIFICATE OF SERVICE

I, SUZANNE LEE ELLIOTT, certify that on, I filed foregoing document with the United States District Court's Electronic Case Filing (CM/ECF) system, which will serve one copy by email on Assistant United States Attorneys KAREN VANDERGAW, JAMES KLUGMAN, and CHRISTOPHER D. SCHROEDER.

---

[2] There is no improper strategic reason on Mr. Smith's part in moving for a stay. He brought this issue to the Government and the Court's attention eighteen months ago.

MOTION TO STAY- 4

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG   Document 1097   Filed 07/07/21   Page 4 of 5

/s/ Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
Phone: (206) 623-0291
Email: suzanne-elliott@msn.com

MOTION TO STAY- 5

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS