E. BRYAN WILSON
Acting United States Attorney

KAREN VANDERGAW
A. JAMES KLUGMAN
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (908) 271-5071
Fax: (907) 271-1500
Email: karen.vandergaw@usdoj.gov
Email: james.klugman@usdoj.gov
Email: christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) No. 3:16-cr-00086-SLG <br> ) |
| JOHN PEARL SMITH, II, | ) <br> ) |
| Defendant. | ) <br> ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY [ECF No. 1097]**

This Court should deny defendant John Pearl Smith's request for an indefinite stay of all proceedings. Smith bases this request not on any evidentiary fact at issue in this case, but instead on his hope for a favorable decision from the Supreme Court in *United States*

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG                Page 1 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 1 of 12

*v. Taylor*. Smith acknowledges that this stay could last up to a full year. *See* ECF No. 1097 at 4 ("a stay that, at the very latest, will expire by July 1, 2022"). Smith, however, has not established any of the prerequisites for granting a stay, including a strong showing of a likelihood of success, a probability of irreparable injury, the absence of any substantial injury to the United States, or that the interest of the public favors a stay. Each factor weighs in favor of denying Smith's indefinite and open-ended request for a stay.

Moreover, under Smith's proposal, the parties would not immediately begin trial as soon as the Supreme Court decided *Taylor*, likely in mid-2022. A decision in *Taylor* would simply mean that the Court would lift the stay so that the parties and the Court could then set another trial date, thus prolonging this trial late in 2022 and possibly into 2023. Smith's motion does not establish any factual or legal basis warranting such an extraordinary and unnecessary delay. The United States therefore respectfully asks this Honorable Court to deny the motion.

## **LEGAL STANDARD**

Both the Supreme Court and the Ninth Circuit strongly disfavor long or indefinite stays. "Generally, stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay)).

"Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). To obtain a stay, the movant

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG　　　　　　　　Page 2 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 2 of 12

"must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.*

Because Smith is requesting an indefinite stay, rather than a continuance to a date certain, this Court applies the "traditional test for stays" set forth in *Nken v. Holder*, 556 U.S. 417, 433 (2009). This test considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The party requesting a stay bears the burden of showing that these factors favor a stay. *Id.* at 433-34. "The first two factors… are the most critical." *Id.*

## ARGUMENT

**1. Smith has not made a strong showing that he is likely to succeed on the merits.**

The first factor requires a Smith to show a "reasonable probability" or "fair prospect" of success. *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011). The "mere possibility" of success is insufficient to justify a stay. *Nken* at 434.

Smith makes no attempt to address his likelihood of success in his motion. Instead, Smith simply refers to the fact that the Supreme Court recently granted certiorari in the government's appeal in *United States v. Taylor*, No. 20-1459 regarding an issue similar one Smith has raised in this case. But the mere possibility that the defendant in *Taylor* may prevail does not meet Smith's burden of a strong showing of success here. And there are

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG          Page 3 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 3 of 12

compelling reasons to believe that Smith will not succeed on his claim.

### a. This Court has held in this very case that Attempted Hobbs Act robbery is a crime of violence.

This Court has already resolved this issue against Smith. In January 2020, Smith filed a motion to dismiss Counts 3, 4, 5, and 6, arguing that attempted Hobbs Act robbery was not "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A). ECF No. 623. On February 7, 2020, the Court denied Smith's motion, holding that "attempted Hobbs Act robbery qualifies as a crime of violence because this offense has as an element the use, *attempted use*, or threatened use of force." ECF No. 672 at 4 (emphasis in original).

To be guilty of an attempt crime, the defendant must intend to commit every element of the completed crime. *Id.* An attempt to commit a Hobbs Act robbery must therefore be treated as an attempt to commit every element of Hobbs Act robbery. *Id.* "When the intent element of the attempt offense includes intent to commit violence against the person of another, … it makes sense to say that the attempt crime itself includes violence as an element." *United States v. Dominguez*, 954 F.3d 1251, 1261-62 (9th Cir. 2020) (quoting *United States v. Hill*, 877 F.3d 717, 719 (7th Cir. 2017)).

Hobbs Act robbery is a crime of violence. *See United States v. Dominguez*, 954 F.3d at 1260 (noting that "[a]ll of our sister circuits have considered this question, too, and have held that Hobbs Act robbery is a crime of violence"). To be guilty of an attempt to commit a Hobbs Act robbery, the defendant must therefore have the specific intent to commit a violent crime. *Id.* at 1262. "A criminal who specifically intends to use violence, and then takes a substantial step toward that use, by definition, attempted a violent crime,

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG                        Page 4 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 4 of 12

albeit an uncompleted one." *Id.* "We have 'generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.'" *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016) (quoting *United States v. Riley*, 183 F.3d 1155, 1160 (9th Cir. 1999)); *see also Dominguez* at 1261 ("[W]hen a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence. There are no circuit decisions to the contrary").

This conclusion is consistent with the plain language of § 924(c)(3)(A), which explicitly includes crimes that involve the "attempted use" or "threatened use" of force. "Presumably, if Congress did not intend for attempt offenses to be classified as crimes of violence, it would not have included such language in the statute." ECF No. 672 at 4 (quoting *United States v. Haas*, No. 2:10-cr-00499-LRH, 2019 WL 4859066, at *3 (D. Nev. Oct. 1, 2019)). This Court should continue to adhere to its decision and reject Smith's argument that attempted Hobbs Act robbery is not a crime of violence.

### b. Ninth Circuit precedent establishes that attempted Hobbs Act robbery is a crime of violence.

The Ninth Circuit has also repeatedly rejected similar claims, holding that attempted Hobbs Act robbery is a crime of violence. In his motion to dismiss, Smith directed this Court to *United States v. Dominguez*, a case that was then pending before the Ninth Circuit involving the same issue. ECF No. 623 at 2. The Ninth Circuit eventually held in *Dominguez*, 954 F.3d at 1261-62, that attempted Hobbs Act robbery was indeed a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). The Ninth Circuit reiterated this holding in each successive case raising the same issue, without exception. *See United States v.*

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG  Page 5 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 5 of 12

*Holiday*, 998 F.3d 888, 896 (9th Cir. 2021); *United States v. Hernandez*, 831 F. App'x 300, 301 (9th Cir. 2020); *United States v. Reid*, No. 19-16799, 2020 WL 8918197 (9th Cir. Dec. 11, 2020). Smith cannot establish a strong probability of success in the face of binding decisions from both this Court and the Ninth Circuit rejecting his claim.

### c. The vast majority of courts to have considered this issue have held that attempted Hobbs Act robbery is a crime of violence.

Finally, both the Ninth Circuit's decision in *Dominguez* and this Court's decision in this case reflect the overwhelming majority view. In addition to the Ninth Circuit, the Second, Third, Fifth, Seventh, and Eleventh Circuits have all recognized that attempted Hobbs Act robbery is a crime of violence. *See United States v. McCoy*, 995 F.3d 32, 55-56 (2d Cir. 2021); *United States v. Walker*, 990 F.3d 316, 326-327 (3d Cir. 2021); *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020); *United States v. McCant*, 805 F. App'x 859 (11th Cir. 2020).

The one exception came in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), in which the Fourth Circuit departed from the majority view and held that attempted Hobbs Act robbery was not a crime of violence. To date, no other appellate court has adopted or agreed with the Fourth Circuit's reasoning. The government subsequently appealed the Fourth Circuit's decision in *Taylor* to the Supreme Court, based on what was now a circuit split. On July 2, 2021, the Supreme Court accepted the government's appeal. *See United States v. Taylor*, No. 20-1459. And while neither party can predict what the Supreme Court will do, the fact that the Court accepted an appeal by the government in *Taylor* does not seem to indicate a strong likelihood of success for Smith's position. Smith has thus not

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG        Page 6 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 6 of 12

established a strong showing that he is likely to prevail on a claim this Court, the Ninth Circuit, and the majority of appellate courts have all rejected many times.

## 2. Smith has not shown he will be irreparably injured absent an indefinite stay.

"As to irreparable harm, the standard is even higher. The movant must demonstrate that irreparable harm is probable – as opposed to merely possible – if the stay is not granted; that is, irreparable harm must be 'the more probable or likely outcome.'" *United States v. Mitchell*, 971 F.3d 993, 996 (9th Cir. 2020) (quoting *Leiva-Perez v. Holder*, 640 F.3d at 968)). Smith's motion does not establish that he might suffer any irreparable injury, let alone that such injury is the more likely outcome.

Even assuming that the Supreme Court were to rule against the government in *Taylor* – an outcome Smith makes no attempt to quantify as likely – such a ruling would not affect any of the remaining counts. At that point, Smith's argument would become what the Ninth Circuit has referred to as a claim of "retroactive misjoinder" or "prejudicial spillover." *United States v. Lazarenko*, 564 F.3d 1026, 1043 n. 10 (9th Cir. 2009) (noting that the two terms are closely related and often used interchangeably). "'Retroactive misjoinder' arises where joinder of multiple counts was proper initially, but later developments – such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions – render the initial joinder improper." *Id.* (quoting *United States v. Vebeliunas*, 76 F.3d 1283, 1293-94 (2d Cir. 1996)). Three factors guide this Court's inquiry on prejudicial spillover:

(1) Whether the evidence was so inflammatory that it would cause the jury to

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG   Page 7 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 7 of 12

> convict on the remaining counts;
>
> (2) The degree of overlap and similarity between the dismissed and remaining counts; and
>
> (3) A general assessment of the strength of the government's case on the remaining counts.

*Id.* (citing *Vebeliunas* at 1294). Each factor weighs against Smith's claim of irreparable injury.

### a. There is no inflammatory evidence at issue.

Smith does not identify any evidence that he claims will be inflammatory or inadmissible. This Court has previously held, in denying Smith's Motion to Sever Counts 9-16, that evidence of all three robberies would be admissible even in separate trials to establish Smith's identity as the robber. *See* Dkt. 418 at 7 ("The alleged methods of the robber were consistent over the three robberies and may help establish identity"). If the Court were to dismiss Counts 3-6, all the same evidence would thus be admissible to prove the attempted Hobbs Act robbery charged in Count 1. "Courts have concluded that where the reversed and remaining counts arise out of similar facts, and the evidence introduced would have been admissible as to both, the defendant has suffered no prejudice." *United States v. Rooney*, 37 F.3d 847, 855 (2d Cir. 1994). Nor does Smith argue that the Supreme Court's decision in *Taylor* will affect the admissibility of any evidence in this case. Rather, Smith focuses on the Court's jury instructions – which are not evidence at all.

Even with respect to the instructions, Smith's spillover argument is unpersuasive.

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG          Page 8 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 8 of 12

Counts 11 and 15 also charge Smith with violations of 18 U.S.C. § 924(c) for knowingly using, carrying, or brandishing a firearm "during and in relation to a crime of violence[.]" Dkt. 102 at 8, 10.[1] Smith does not challenge either of those counts. The Court will thus instruct the jury as to a "crime of violence" regardless of the existence of Counts 3 through 6.

### b. The jury will be able to compartmentalize the evidence.

As this Court has previously recognized, the jury will not likely have difficulty separating the evidence of each count:

> "Further, because the robberies occurred on different dates and involved different firearms and different victims, it is unlikely that the jury will confuse what evidence applies to each count; 'the jury can reasonably be expected to compartmentalize the evidence so that evidence of one crimes does not taint the jury's consideration of another crime.'"

ECF No. 418 at 7 (quoting *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (internal quotation omitted)). The jury's ability to compartmentalize the evidence is the "primary consideration" in rejecting a claim of prejudicial spillover. *United States v. Lazarenko*, 564 F.3d at 1043.

This Court will also instruct the jury to consider each count separately. "The trial court's instructions to the jury are a 'critical factor" in this assessment" of preventing

---

[1] Count 11 alleges that Smith knowingly used, carried, and brandished a firearm during and in relation to a Hobbs Act robbery that occurred on May 11, 2016, as charged in Count 9. Dkt. 102 at 7-8. Count 15 alleges that Smith knowingly used, carried, and brandished a firearm during and in relation to a Hobbs Act robbery that occurred in September 2015, as charged in Count 13. *Id*. at 9-10.

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG             Page 9 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 9 of 12

prejudicial spillover. *Lazarenko* at 1043 (quoting *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992)).

### c. The case against Smith is strong.

The government submits that its case against Smith on all of the counts in the indictment is very strong. To the extent that the Court cannot make this determination because the case is still in a pretrial posture, the burden is on Smith to establish irreparable injury.

### 3. An indefinite stay will substantially injure the United States.

Third, an indefinite stay risks substantial injury to the United States' ability to try this case. "As time passes, the prosecution's ability to meet its burden of proof may greatly diminish: evidence and witnesses may disappear, and testimony becomes more easily impeachable as the events recounted become more remote." *Flanagan v. United States*, 465 U.S. 259, 264 (1984); *see also S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980) (en banc) ("If Justice moves too slowly… witnesses may die or move away, memories may fade, or enforcement resources may be diverted"). Fading memories are a particular concern in this case, where more than five years have now passed since the crimes alleged in the indictment.

This harm does not fall equally upon both parties, as it is the prosecution alone that bears the burden of proof. An indefinite stay – one that Smith acknowledges could last up to a full year – will unjustifiably risk jeopardizing the prosecution's ability to present its case to a jury.

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG          Page 10 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 10 of 12

### 4. The public has a strong interest in a timely resolution of this case.

Finally, "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972).

> "[W]hen a crime is committed against a community, the community has a strong collective psychological and moral interest in swiftly bringing the person responsible to justice. Prompt acquittal of a person wrongly accused, which forces prosecutorial investigation to continue, is as important as prompt conviction and sentence of a person rightly accused. Crime inflicts a wound on the community, and that wound may not begin to heal until criminal proceedings have come to an end."

*Flanagan v. United States*, 465 U.S. at 264-65. *See also Hill v. McDonough*, 547 U.S. 573, 584 (2006) ("Both the State and the victims of crime have an important interest in the timely enforcement of a sentence").

As this Court is aware, more than five years have passed since the crimes alleged in the indictment. The families of the victims and the community at large have a significant interest in a timely resolution of these proceedings. That interest would be irrevocably frustrated by an open-ended, indefinite delay of at least a year while Smith hopes for a favorable decision from the Supreme Court in another case.

### CONCLUSION

For the foregoing reasons, the United States submits that all four of the factors this Court considers in deciding whether to grant a stay weigh against Smith's extraordinary request for an indefinite stay of all proceedings in this case for a year. The United States therefore respectfully asks this court to deny Smith's motion.

//

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG            Page 11 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 11 of 12

RESPECTFULLY SUBMITTED July 9, 2021, at Anchorage, Alaska.

                                              E. BRYAN WILSON
                                              Acting United States Attorney

                                              *s/ Christopher D. Schroeder*
                                              CHRISTOPHER D. SCHROEDER
                                              Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021,
a true and correct copy of the foregoing
was served electronically on the following:

Mark A. Larranaga
Suzanne Lee Elliott
Theresa M. Duncan

*s/ Christopher D. Schroeder*
Office of the U.S. Attorney

*U.S. v. John Pearl Smith*
3:16-cr-00086-SLG                Page 12 of 12
Case 3:16-cr-00086-SLG   Document 1101   Filed 07/09/21   Page 12 of 12