Law Office of Suzanne Lee Elliott
Suite 339
2400 – N.W. 80th St.
Seattle WA 98117
Suzanne-elliott@msn.com
206-623-0291

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PEARL SMITH, II,<br><br>Defendant. | No. 16-CR-00086 SLG-DMS<br><br>REPLY TO RESPONSE TO MOTION TO STAY FURTHER PROCEEDINGS PENDING A DECISION IN *UNITED STATES V. TAYLOR*, SUP. CT. #20-1459 |

## REPLY

**1.  THE GOVERNMENT AGREES THIS COURT HAS THE AUTHORITY TO STAY FURTHER PROCEEDINGS.**

This Court has the legal authority to stay further proceedings.

A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*Leyva v. Certified Grocers of California*, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979) (Internal citations omitted).

2. THE GOVERNMENT CITES TO THE INCORRECT LEGAL STANDARD FOR GRANTING A STAY.

The Government cites only to cases that discuss post-trial stays pending appeal or other review. But where "the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (citation omitted).

The decision in *Taylor* is imminent. *Taylor* will be decided less than one year after the current trial date. The Government repeatedly refers to Smith's request as "indefinite." This is simply false. Merriam-Webster states that "indefinite" means "having no exact limits." Smith specifically stated that he was seeking a stay only until the United States Supreme Court decides *United States v. Taylor*, #20-1459. Because that decision will be issued no later than July 1, 2022, he has asked for a stay with very clear limits.

The decision in *Taylor* will dispositive of Counts 3, 4, 5 and 6. If attempted robbery is not a crime of violence, Mr. Smith cannot be found guilty on those counts. It will not matter whether the Government's evidence on those counts is strong or not.

There is no risk to the public welfare. Mr. Smith is in custody and will remain there pending trial. And, a stay would improve the public welfare by avoiding a costly trial, the result of which may have to be reversed when *Taylor* is decided. And, if so, the Government would be in the position of retrying this case when even more time has passed.

REPLY TO RESPONSE TO MOTION TO STAY- 2

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

The Government complains that it will suffer "undue hardship."  But Smith has filed repeated motions challenging the Government's theory that attempted Hobbes Act robbery is a "crime of violence."  It is well aware that these counts are premised on a shaky legal theory. See e.g. Dkts. 333, 364, 422, 466, 523.  If the Government wishes to avoid further delay it can simply dismiss Counts 3, 4, 5 and 6 and proceed on Counts 7 and 8 – the claim that the homicides took place during a "controlled substance offense." The Government conceded at Dkt.432, that if Smith is convicted on all of the homicide counts he cannot be sentence for any more than one count per victim.  Thus, any potential sentence will be unaffected.

On the other hand, if *Taylor* is affirmed and Smith been convicted under the current indictment he will have been substantially prejudiced.  Smith does not agree that the retroactive "misjoinder" test is the appropriate one to apply when assessing prejudice.  If *Taylor* is affirmed, Counts 3, 4, 5 and 6 would not have been "misjoined" for trial.  Rather the jury will have heard evidence and argument on matters that are no longer federal homicide crimes at all.  This is a vastly different situation than those discussed in *United States v. Lazarenko*, 546 F.3rd 1026 (9th Cir. 2009) and *United States v. Vebeliunas*, 76 F.3rd 1283 (2nd Cir. 1996).  In those cases, the jury either acquitted the defendant on some counts or the counts were dismissed at some point during trial.

And those cases did not involve "crimes of violence."  In this case the Government has proposed instructions that repeatedly state that "I" (meaning this Court) "instruct you" (the jury) that attempted Hobbs Act robbery is a "crime of violence."  See e.g. Dkt. 875 at 9.  The Government's argument that a jury will be able to "compartmentalize" or otherwise ignore a statement from a federal district court judge that Mr. Smith has acted with violence in Counts 3, 4, 5 and 6 when considering any other count in the indictment is

REPLY TO RESPONSE TO MOTION TO STAY- 3

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

Case 3:16-cr-00086-SLG   Document 1103   Filed 07/16/21   Page 3 of 8

1   unreasonable. The prejudice of such a statement – if ultimately found improper in *Taylor*

2   – cannot be overstated. Jurors are presumed to follow the court's instructions. *Richardson*

3   *v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Jurors will take this

4   Court at its word when it tells them that the charged robbery means that Mr. Smith acts

5   with violence.

6   3. THE GOVERNMENT'S OPTIMISM THAT THE DISTRICT COURT IN *TAYLOR*

7   WILL BE REVERSED IS MISPLACED.

8        The Government argues that the "vast majority of courts" who have considered the

9   issue have found that attempted Hobbs Act robbery is a crime of violence. But this

10   overstates the case. "Some courts say yes. Some courts say no." *United States v. Halliday*,

11   2021 WL 26095, at *1 (D. Conn. Jan. 4, 2021)(footnotes collecting cases omitted).

12        Three circuits have held that attempted Hobbs Act robbery is a crime of violence

13   under the elements clause. The Ninth Circuit has explained:

14       [A]ttempted Hobbs Act armed robbery is a crime of violence for purposes

15       of § 924(c) because its commission requires proof of both the specific
intent to complete a crime of violence, and a substantial step actually (not

16       theoretically) taken toward its completion. It does not matter that the
substantial step – be it donning gloves and a mask before walking into a

17       bank with a gun, or buying legal chemicals with which to make a bomb –
is not itself a violent act or even a crime. What matters is that the

18       defendant specifically intended to commit a crime of violence and took a
substantial step toward committing it. The definition of 'crime of

19       violence' in § 924(c) (3) (A) explicitly includes not just completed crimes,
but those felonies that have the 'attempted use' of physical force as an

20       element. It is impossible to commit attempted Hobbs Act robbery without
specifically intending to commit every element of the completed crime,

21       which includes the commission or threat of physical violence. 18 U.S.C. §
1951. Since Hobbs Act robbery is a crime of violence, it follows that the

22       attempt to commit Hobbs Act robbery is a crime of violence.

23   *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) (internal case citation

24   omitted); accord *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020); *United*

25   *States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018). (S.D.N.Y. 2020).

REPLY TO RESPONSE TO MOTION TO STAY- 4

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG Document 1103 Filed 07/16/21 Page 4 of 8

1    But in *Taylor*, the Fourth Circuit held that, while substantive Hobbs Act robbery

2    categorically qualifies as a 'crime of violence' under § 924(c) (3) (A), *attempted* Hobbs

3    Act robbery is not.  The Fourth Circuit observed:

4        [A]n attempt to commit a crime of violence need not involve the
         attempted use of physical force. Some crimes of violence can be
5        accomplished merely through the threatened use of force. The crime at
         issue here – attempted Hobbs Act robbery – is just such a crime. But an
6        attempt to threaten force does not constitute an attempt to use force. A
         person who attempts to commit Hobbs Act robbery by passing a
7        threatening note to a store cashier has attempted the planned robbery
         without using or attempting to use physical force. He may case the store
8        that he intends to rob, discuss plans with a coconspirator, and buy
         weapons to complete the job. But none of this conduct involves an attempt
9        to use physical force, nor does it involve the use of physical force or the
         threatened use of physical force. In these circumstances, the defendant has
10       merely taken nonviolent substantial steps toward threatening to use
         physical force. The plain text of § 924(c) (3) (A) does not embrace such
11       activity.

12   *Id*. at 208-9; see also, *Dominguez*, 954 F.3d at 1263 (Nguyen, J. dissenting) (stating it is "a

13   leap of logic" to hold that "when a substantive offense is a crime of violence under 18

14   U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence");

15   *United States v. Cheese*, No. 18-CR-33-2 (NGG), 2020 WL 705217, at *3 (E.D.N.Y. Feb.

16   12, 2020) ("The Government's argument collapses the distinction between acts constituting

17   an underlying offense and acts constituting an attempt of the underlying offense, which

18   does not square with the Supreme Court's decision in *Davis*.").  See also *Halliday*, supra,

19   *FNU LNU (Ramos) v. United States*, 2020 WL 5237798 (S.D.N.Y. 2020); *United States v.

20   Culbert*, 453 F. Supp. 3d 595 (E.D.N.Y. 2020); *Lofton v. United States*, 2020 WL 362348

21   (W.D.N.Y. 2020).

22       An "attempt" crime contains two substantive elements: the intent to commit the

23   underlying crime, and undertaking an overt act that constitutes a substantial step toward

24   completing the offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 107, 127 S.Ct.

REPLY TO RESPONSE TO MOTION TO STAY- 5

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

782, 166 L.Ed.2d 591 (2007); *Braxton v. United States*, 500 U.S. 344, 349, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991). Neither the intent (mens rea) nor the act (actus rea) element categorically requires violence, or even the intent to use violence.

A completed Hobbs Act robbery is a crime of violence and the "the definition of a crime of violence in the use-of-force clause in § 924(c)(3)(A) explicitly includes offenses that have as an element the "attempted use" or "threatened use" of physical force against the person or property of another. It does not necessarily follow, however, that an attempt to commit Hobbs Act robbery is likewise a crime of violence. Rather,

> [t]he only conclusion that logically can be drawn ... is that an attempt to commit an offense having as an element the use, attempted use, or threatened use of physical force necessarily involves, at a minimum, intent to commit that offense, including the offense's use, attempted use, or threatened use of physical force element. But having the intent to commit a crime involving the use of force simply is not the same thing as using, attempting to use, or threatening the use of force.

*Hylor v. United States*, 896 F.3d 1219, 1226 (11th Cir. 2018) (Pryor, J. concurring).

As the Fourth Circuit said in *Taylor*:

> unlike substantive Hobbs Act robbery, attempted Hobbs Act robbery does not invariably require the use, attempted use, or threatened use of physical force. The Government may obtain a conviction for attempted Hobbs Act robbery by proving that: (1) the defendant specifically intended to commit robbery by means of a threat to use physical force; and (2) the defendant took a substantial step corroborating that intent. The substantial step need not be violent. Where a defendant takes a nonviolent substantial step toward threatening to use physical force — conduct that undoubtedly satisfies the elements of attempted Hobbs Act robbery — the defendant has not used, attempted to use, or threatened to use physical force. Rather, the defendant has merely attempted to threaten to use physical force. The plain text of § 924(c) (3) (A) does not cover such conduct.

*Taylor*, 979 F.3d at 208 (internal citation omitted). "Congress could have written the force clause to say that a crime need only have 'as an element an intent to use, attempt to use, or

Case 3:16-cr-00086-SLG   Document 1103   Filed 07/16/21   Page 6 of 8

1   threaten to use physical force," but did not do so. *Halliday*, 2021 WL 26095, at *3.  That is

2   why a conspiracy to commit a Hobbs Act robbery does not qualify as a crime of violence:

3   no matter how venal or dangerous a conspiracy may be, a conspiracy does not require as an

4   elemental matter that anyone use, attempt to use, or threaten to use physical force." *Id*.

5           The United States Supreme Court may well find this reasoning compelling.

6   **4.  THE FACT THAT THE SUPREME COURT ACCEPTED REVIEW OF THE
    GOVERNMENT'S APPEAL IN *TAYLOR* IS NOT A SIGNAL THAT THE COURT
7   WILL REVERSE THE CIRCUIT COURT DECISION.**

8           No outcome can be predicated on the fact that the Court denied review in previous

9   challenges to decisions holding attempted first degree robbery is a crime of violence.

10  Since 1923 the Court has repeatedly stated the "denial of a writ of certiorari imports no

11  expression of opinion upon the merits of the case." *United States v. Carver*, 260 U.S. 482,

12  490 (1923) (Holmes, J.).  Similarly, the fact that the Court finally granted the

13  Government's request for review in *Taylor* does not signal that the Court is going to

14  reverse.   There are a myriad of reasons why the Court grants review of any particular case.

15                                       **CONCLUSION**

16          This Court should grant Mr. Smith's motion to stay.

17

18          DATED this 16th day of July 2021.

19                                              /s/Suzanne Lee Elliott
                                                Law Office of Suzanne Lee Elliott
20                                              Suite 339
                                                2400 – N.W. 80th Street
21                                              Seattle WA 98117
                                                Phone (206) 623-0291
22                                              Email: Suzanne-elliott@msn.com

23

24                                    **CERTIFICATE OF SERVICE**

25

REPLY TO RESPONSE TO MOTION TO STAY- 7

*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 80th Street
Seattle, Washington 98117
(206) 623-0291

Case 3:16-cr-00086-SLG-  Document 1103   Filed 07/16/21   Page 7 of 8

1

I, SUZANNE LEE ELLIOTT, certify that on July 16, 2021, I filed foregoing

2

document with the United States District Court's Electronic Case Filing (CM/ECF)

3

system, which will serve one copy by email on Assistant United States Attorneys KAREN

4

VANDERGAW, JAMES KLUGMAN, and CHRISTOPHER D. SCHROEDER.

5

6                                                    /s/ Suzanne Lee Elliott
                                                     Law Office of Suzanne Lee Elliott
7                                                    Suite 339
                                                     2400 N.W. 80th Street
8                                                    Seattle, Washington 98117
                                                     Phone: (206) 623-0291
9                                                    Email: suzanne-elliott@msn.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPLY TO RESPONSE TO MOTION TO STAY- 8

LAW OFFICE OF SUZANNE LEE ELLIOTT
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
(206) 623-0291

*U.S. v. SMITH,* NO. 3:16-CR-0086-SLG-DMS

Case 3:16-cr-00086-SLG-S Document 1103 Filed 07/16/21 Page 8 of 8