# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

              Plaintiff,

       v.

JOHN PEARL SMITH, II,

              Defendant.

Case No. 3:16-cr-00086-SLG-1

## ORDER REGARDING MOTION TO STAY

Before the Court at Docket 1097 is defendant John Pearl Smith's Motion to Stay Further Proceedings Pending a Decision in *United States v. Taylor*, Sup. Ct. #20-1459. The government responded in opposition at Docket 1101. Mr. Smith replied at Docket 1103.

Mr. Smith seeks an order staying all further proceedings in this case until the Supreme Court issues a decision in *United States v. Taylor*.[1] The issue presented in *Taylor* is "[w]hether 18 U.S.C. 924(c)(3)(A)'s definition of 'crime of violence' excludes attempted Hobbs Act robbery, in violation of 18 U.S.C. 1951(a)."[2] *Taylor* is relevant to this case because Counts 3, 4, 5, and 6 of the First Superseding Indictment charge Mr. Smith with use of a firearm to commit murder

---

[1] The Supreme Court granted a writ of certiorari in *Taylor* on July 2, 2021. ___ S. Ct. ___ (2021), 2021 WL 2742792.

[2] Gov.'s Pet. for a Writ of Certiorari at *1, *United States v. Taylor* (No. 20-1459), 2021 WL 1534460 (Apr. 2021).

during and in relation to a crime of violence.[3]  The "crime of violence" underlying Counts 3, 4, 5, and 6 is the attempted Hobbs Act robbery alleged in Count 1.[4]  Accordingly, if an attempted Hobbs Act robbery is not a crime of violence, it cannot serve as the predicate crime underlying the firearm/murder charges in Counts 3, 4, 5, and 6.[5]

Mr. Smith is charged with 17 counts in total.  Mr. Smith contends that he should not have to go to trial on Counts 3, 4, 5, and 6 until *Taylor* is determined because he would suffer unfair prejudice that would affect all 17 counts: "The jury will have been instructed that Mr. Smith 'committed a crime of violence' in [Counts 3, 4, 5, and 6].  Just the multiplicity of counts and the use of the term 'crime of violence' demonstrates the unfair prejudice to Mr. Smith if the jury considers the other 13 charges in the Indictment with the four counts now in doubt."[6]  He also maintains that he will be prejudiced because "the jury will have heard evidence and argument on matters that are no longer federal homicide crimes at all."[7]  Mr. Smith asserts that if the Supreme Court decides *Taylor* in his favor, "a mistrial or

---

[3] Docket 103 at 4–6 (citing 18 U.S.C. § 924(c)(1), (j)(1)).

[4] Docket 103 at 3 (citing 18 U.S.C. § 1951(a)).

[5] Mr. Smith previously moved to dismiss Counts 3, 4, 5, and 6, contending that attempted Hobbs Act robbery was not a crime of violence for purposes of 18 U.S.C. § 924(c).  Docket 623.  The Court denied the motion.  Docket 672.

[6] Docket 1097 at 3.  *Accord* Docket 1103 at 3–4 (asserting that he will be unfairly prejudiced by the jury being instructed that an attempted Hobbs Act robbery is a "crime of violence" when not all of the charged counts involve a "crime of violence").

[7] Docket 1103 at 3.

a new trial would likely be the result," which would delay resolution of his case for longer than if this Court grants a stay pending a decision in *Taylor*.[8]

The government responds that the Court should deny the instant motion because Mr. Smith has not shown that the factors set forth in *Nken v. Holder* support a stay.[9]   Pursuant to *Nken*, a court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[10]   Mr. Smith replies that the standard set forth in *Nken* applies when considering "post-trial stays pending appeal or other review."[11]   He asserts that the proper considerations for a stay of a case when another court is considering a dispositive issue are "the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment."[12]

---

[8] Docket 1097 at 3–4.

[9] Docket 1101 at 3 (citing 556 U.S. 417, 433 (2009)).

[10] 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[11] Docket 1103 at 2.

[12] Docket 1103 at 2 (quoting *Caspar v. Snyder*, 77 F. Supp. 3d. 616, 644 (E.D. Mich. 2015)); *see also Leyva v. Certified Grocers of California, Inc*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings

The Court need not adopt either parties' proposed standard, because the Court finds Mr. Smith's arguments unpersuasive under either standard. Although the Supreme Court's decision in *Taylor* may dispositively affect Counts 3, 4, 5, and 6, Mr. Smith will not be irreparably injured by going to trial prior to a decision in *Taylor*. The jury will hear evidence of a suspect—who the government will assert is Mr. Smith—shooting three people, killing two, and committing armed robbery of others. If the jury believes that Mr. Smith engaged in violence, it will be due to the evidence of violence presented, not the Court's use of the term "crime of violence" in jury instructions. Moreover, the jury will hear evidence of the shootings and homicides regardless of whether *Taylor* is decided in Mr. Smith's favor, because the two homicides are also charged under an alternate theory that does not rely on attempted Hobbs Act robbery being a crime of violence.[13] Finally, the evidence will make clear that there were only two homicides, and the jury will be instructed that the government has charged the two homicides under different theories. Accordingly, it is unlikely that the jury will be influenced by the "multiplicity" of the counts.

---

are necessarily controlling of the action before the court.").

[13] *See* Docket 102 at 6–7 (First Superseding Indictment). Counts 7 and 8 allege that Mr. Smith "did knowingly use, brandish, and discharge a firearm during and in relation to a drug trafficking crime."

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Stay
Page 4 of 5

Considerations of judicial economy do not support a stay in this case. Mr. Smith is seeking a stay that could last—by his approximation—until July 1, 2022.[14] This case has been pending since June 2016. To the extent the Court may need to spend further time on this case after the Supreme Court's resolution of *Taylor*, that possibility is outweighed by the interests of the government,[15] the victims' families,[16] and the public[17] in having the trial in this case not unnecessarily prolonged.

In light of the foregoing, IT IS ORDERED that the motion at Docket 1097 is DENIED.

DATED this 23rd day of July, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] *See* Docket 1097 at 5.

[15] *See* Docket 1101 at 10.

[16] 18 U.S.C. § 3771(a)(7) (Crime Victims' Right Act setting forth rights of victims "to proceedings free from unreasonable delay").

[17] *Cf. United States v. Ramirez-Cortez*, 213 F.3d 1149, 1156 (9th Cir. 2000) (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) ("[T]he right to a speedy trial belongs not only to the defendant, but to society as well.").