# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JOHN PEARL SMITH, II,        Case No. 3:16-cr-00086-SLG-1

        Defendant.

## SEALED ORDER REGARDING MOTION IN LIMINE (JACE FESLER)

Before the Court at Docket 1108 is the government's sealed Revised Motion *In Limine* Regarding Jace Fesler. Defendant John Pearl Smith, II partially opposed the motion in his sealed response at Docket 1113. The government did not file a reply.

The Court previously ordered "that Mr. Fesler's 2017 felony conviction for attempted burglary and his 2013, 2014, and 2015 misdemeanor convictions involving giving false information to police are admissible to impeach him in that they meet the criteria set forth in Rule 609 and are not excludable pursuant to Rule 403."[1] Subsequently, Mr. Fesler has acquired five additional state court convictions and a federal criminal case. The government now seeks a

---

[1] Docket 880 at 8 (under seal).

supplemental order prohibiting the defense from impeaching Mr. Fesler with three of those additional convictions.[2]

## I. Use of recent convictions as impeachment evidence

Impeachment of a witness with evidence of a prior criminal conviction is governed by Federal Rule of Evidence 609. Rule 609 provides that a party may attack a witness's character for truthfulness with evidence of a criminal conviction when the conviction was punishable by death or imprisonment for more than one year or the crime of conviction required an element of "a dishonest act or false statement."[3] "Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2)."[4] The conviction must also be admissible pursuant to Federal Rule of Evidence 403.

Mr. Fesler's recent convictions are for misdemeanor assault (2018), misdemeanor disorderly conduct (2019), felony criminal mischief (2019), misdemeanor false information/report (2021), and misdemeanor failure to appear (2021). The government and Mr. Smith agree that the felony criminal mischief and misdemeanor false information/report convictions are admissible to impeach Mr.

---

[2] Docket 1108 at 2 (under seal).

[3] Fed. R. Evid. 609(a). In determining whether the conviction involved a dishonest act or false statement, courts look only to the elements of the crime "irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction." Fed. R. Evid. 609, 2006 Amendment Committee Notes.

[4] *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982).

Fesler.[5]  Mr. Smith asserts that he does not intend to introduce evidence of Mr. Fesler's recent convictions other than those two convictions.[6]

At this time, the Court finds that Mr. Fesler's 2019 felony conviction for criminal mischief and his 2021 misdemeanor conviction involving giving false information/report to police are admissible to impeach him in that they meet the criteria set forth in Rule 609 and are not excludable pursuant to Rule 403.  The Court additionally finds that Mr. Fesler's other recent misdemeanors are not admissible to impeach him because they do not include as an element "a dishonest act or false statement."[7]  As to Mr. Fesler's pending federal criminal charge of felon in possession of a firearm and ammunition in case number 3:20-cr-00095-JMK, the government asserts that although it is not a criminal conviction, the pending case may be "admissible to impeach his credibility by exposing potential bias, prejudice, or ulterior motive."[8]  Neither party has provided sufficient information for the Court to determine whether the pending federal case could be used to impeach Mr. Fesler.  Should either party seek to raise the pending federal case, the party must first make application to the Court outside the presence of the jury.

---

[5] Docket 1108 at 5 (under seal); Docket 1113 at 2 (under seal).

[6] Docket 1113 at 2 (under seal).

[7] Fed. R. Evid. 609(a).

[8] Docket 1108 at 6 (under seal).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Motion in Limine (Jace Fesler)
Page 3 of 5
Case 3:16-cr-00086-SLG   Document 1117   Filed 09/21/21   Page 3 of 5

## II.    Admissibility of judgments of conviction

The government contends that if Mr. Fesler admits to the convictions, "the defense should be prohibited from introducing the judgments of convictions into evidence under Federal Rules of Evidence 401 and 403."[9]   Specifically, the government maintains that a judgment of conviction is irrelevant, "serves no purpose, wastes time, and has the potential of confusing and misleading the jury."[10]   Mr. Smith responds that "[t]he introduction of judgments of convictions during the cross-examination of witnesses is a well-established cross-examination practice explicitly sanctioned by the rules of evidence."[11]

Here, neither party has provided the Court with copies of any of Mr. Fesler's judgments of conviction for review.  Accordingly, on the current record the Court cannot assess the relevance of a judgment or conduct a Rule 403 analysis.  At this time, and in keeping with its previous order regarding witnesses' prior convictions,[12] the defense may not inquire into facts underlying the convictions without first obtaining permission from the Court outside the presence of the jury. If the witness admits the conviction(s), the defense shall not introduce a copy of the relevant judgment(s) into evidence without first making application to the Court

---

[9] Docket 1108 at 6 (under seal).

[10] Docket 1108 at 6–7 (under seal).

[11] Docket 1113 at 2 (under seal) (citing Fed. R. Evid. 608, 609).

[12] Docket 880 at 3–4.

outside the presence of the jury.[13]  If Mr. Smith seeks to impeach Mr. Fesler with any convictions other than those approved here or in the order at Docket 880, he must first make application to the Court outside the presence of the jury.

In light of the foregoing, IT IS ORDERED that the motion at Docket 1108 is GRANTED.

DATED this 21st day of September, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *Cf.* Fed. R. Evid. 609. Notes of Advisory Committee on Rules—1990 Amendment ("The amendment does not contemplate that a court will necessarily permit proof of prior convictions through testimony, which might be time-consuming and more prejudicial than proof through a written record.").

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Sealed Order Re Motion in Limine (Jace Fesler)
Page 5 of 5
Case 3:16-cr-00086-SLG   Document 1117   Filed 09/21/21   Page 5 of 5