Law Office of Suzanne Lee Elliott
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
Phone (206) 623-0291
Email: suzanne-elliott@msn.com

THE HONORABLE SHARON GLEASON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-0086-SLG-DMS |
| Plaintiff, | |
| vs. | TRIAL BRIEF |
| JOHN PEARL SMITH, II, | |
| Defendant. | |

## I. INTRODUCTION

Mr. John Pearl Smith, II, through counsel, submits this brief in anticipation of issues that may arise at trial. Because of the extensive pre-trial litigation, this Court is well aware of the charges and the basic facts, he will not include a discussion of them. This brief will address certain issues likely to arise during jury selection and at trial.

In MGO 21-18, jury trials have been suspended because of the health and safety concerns caused the by the substantial increase in COIVD-19 cases in Alaska and the strain that increase has placed on the Alaska healthcare system. In MGO 21-19, the Court found that felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety" given the dire situation in Alaska. Given the extremely high numbers of COVID-19 infections in Alaska, the resulting rationing of healthcare, and the highly contagious nature of the Delta variant, the defense believes the trial scheduled for October 18, 2021, should also be suspended. However, the Court's deadline for filing trial-related pleadings is today, September 27, 2021. As such, the

TRIAL BRIEF -1
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 1 of 12

defense is filing its trial-related pleadings, but these filings should not be taken as a concession or agreement that trial should proceed on October 18, 2021.

## II. IN-COURT RESTRAINTS

Mr. Smith has been in court several times. He has presented no issue in the courtroom. He has been transported to and from the ACC West to the Federal District Court on several occasions. He has been transported to and from his incarceration in Seattle twice: on the United States Marshals plane and once on a commercial flight. When defense counsel and the Government spoke with the United States Marshal he reported there have been no instances of any misconduct by Smith on those occasions.

Nonetheless the Marshal has previously recommended that during trial Mr. Smith be shackled to the floor in the courtroom during trial. The Marshal believes this can be accomplished without the jury being aware of the restraints.

The Supreme Court's most recent decision regarding shackling, *Deck v. Missouri*, identified three fundamental legal principles adversely affected by the use of shackling. 544 U.S. 622, 630–31 (2005). These principles are: (1) the presumption of innocence until proven guilty, a presumption undermined by shackling before a jury; (2) the right to counsel, which shackles can hinder by interfering with a defendant's ability to communicate with his lawyer and by humiliating and distracting a defendant, potentially impairing his ability to participate in his own defense; and (3) the need for a dignified and decorous judicial process, which may be affronted by the routine use of shackles. *Id*.

In *United States v. Sanchez-Gomez*, 859 F.3d 649, 660 (9th Cir. 2017) (en banc) this Circuit held that district courts were not permitted to defer to the U.S. Marshals and had to make an individual determination about each defendant's conditions justifying restraint. The majority clarified this decision applied to all proceedings, "regardless of a

TRIAL BRIEF -2
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG    Document 1127    Filed 09/27/21    Page 2 of 12

jury's presence or whether it's a pretrial, trial or sentencing proceeding." It emphasized *Deck's* fundamental holding that "[c]riminal defendants, like any other party appearing in court, are entitled to enter the courtroom with their heads held high."

*Sanchez-Gomez* was overturned in a unanimous opinion by Chief Justice Roberts. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1536 (2018). That Court held that the Ninth Circuit did not have jurisdiction to hear the appeal because the issue was moot. While the Supreme Court vacated the judgment on that technical ground, it stripped the Ninth Circuit's decision of any precedential value, even though it only explicitly disagreed with the Ninth Circuit's treatment of the jurisdiction issue.

But the core holding that this Court should not just defer to the Marshal's office is correct. The Court should independently review the circumstances here. That is because the record supports a finding under *Deck* that restraint of Mr. Smith in the courtroom is unwarranted. He has no history of disruptive, rude or threatening behavior in the courtroom. There will be at least two security officers in the room. Unlike some pretrial arraignments or motions there will be no other defendants in the courtroom. Mr. Smith will not travel through any unsecure areas.

Given these facts, Mr. Smith's the right to counsel, which shackles can hinder by interfering his ability to communicate with his lawyer and by humiliating and distracting him, potentially impairing his ability to participate in his own defense should prevail over any concerns he will present a safety concern in the courtroom. The proceedings and those attending will be adequately protected by the presence of the two United States Marshals.

### III. JURY SELECTION AND PROPOSED VOIR DIRE

1. *Mr. Smith asks this Court to provide sufficient time for the parties to voir dire potential jurors.*

TRIAL BRIEF -3
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 3 of 12

Mr. Smith has provided some proposed voir dire questions in a separate filing. In addition, he asks the Court to give the parties a substantial opportunity to question jurors directly. It is still unclear how many potential jurors will be brought to the courtroom in each group. This will likely be influenced by the public health restrictions in place during trial. Mr. Smith asks for 20 - 30 minutes per side per grouping.

The American Bar Association's standards for criminal justice are not binding on this Court. Nonetheless they provide useful guidance. Standard 15-2.4 supports Mr. Smith's request. The standards provide that questioning of jurors should be conducted initially by the court, and should be sufficient, at a minimum, to determine the jurors' legal qualifications to serve.

Following initial questioning by the court, "counsel for each side should have the opportunity, under the supervision of the court and subject to reasonable time limits, to question jurors directly, both individually and as a panel." ABA Standard 15.2-7(b). Not only is this a complex homicide case where trial is expected to last a month, the matter is set to be tried at the height of raging Covid-19 infections in Alaska. The Court should permit the parties to questions jurors about their ability to fairly attend to a trial where vaccinated jurors may be exposed to unvaccinated witnesses and may well sequestered in a jury room with unvaccinated jurors.

    2.  *Mr. Smith asks this Court to permit sequential peremptory challenges rather than simultaneous challenges.*

In a criminal case, it is critical to be in a position to know which jurors will remain in the jury box after exercising a peremptory challenge. Depending on the composition of those jurors in the box, defense counsel may waive a challenge. As the Court knows, using a peremptory challenge is often not an absolute decision—it is whether a defense lawyer believes that one juror may be fairer than another. Simultaneous exercise of peremptory

TRIAL BRIEF -4
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 4 of 12

challenges prevents defense counsel from being in a position to make those critical judgments.

In addition, simultaneous exercise of peremptory challenges arguably dilutes the number of challenges afforded the defendant. Because defense counsel will not know which jurors the prosecution will challenge, both sides might challenge the same juror. This lessens the effectiveness of jury selection for the criminal defense lawyer.

Again, it is useful to point out that defense counsel's position is consistent with those expressed by this national lawyer's organization. See ABA Criminal Justice Standard 15-2.7 (Procedure for exercise of challenges) ("After completion of the voir dire examination and the hearing and determination of all challenges for cause, counsel should be permitted to exercise their peremptory challenges by alternately striking names from the list of panel members until each side has exhausted or waived the permitted number of challenges").[1]

*3. Mr. Smith asks this Court to provide for 6 alternate jurors.*

In light of the length of trial and the current rate of uncontrolled Covid-19 infections in Alaska, Mr. Smith asks that this Court provide for 6 alternate jurors.

### IV. JURY INSTRUCTIONS

Mr. Smith submitted trial phase instructions and briefing on May 5, 2020 at Dkt. 879. He stands by these instructions but asks for leave to amend them depending upon any changed circumstances.

### V. INTENDED IMPEACHMENT UNDER ER 608

This issue will arise with number of the Government's witnesses.

---

[1] The ABA standards are available http://www.americanbar.org/publications/criminal_justice _section_archive/crimjust_standards jurytrial_toc.html.

TRIAL BRIEF -5
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 5 of 12

Under Rule 608(b), the court in its discretion may allow impeachment of a witness by cross-examination concerning specific instances of conduct not resulting in conviction if the conduct relates to the witness's character for truthfulness or untruthfulness. The court balances a question's relevance to honesty and veracity with its prejudicial impact. *United States v. Dennis*, 625 F.2d 782, 798 (8th Cir. 1980). Many of the Government's potential witnesses have lengthy criminal records and, as a result, have been ordered to abide by court ordered conditions of supervision. Many have violated their promises to abide by those conditions. A witness's promise to tell the truth is substantially undermined by prior blatant violations of their previous promises to this or any other court.

For example, Government witness Morgan Jett, most recently violated his conditions of pretrial release in *United States v. Morgan Jett*, 3:15-cr-94 SLG on August 27, 2018. On May 19, 2020, Jett was released from custody after signing an order setting conditions of release. Dkt. 159. He was ordered to participate in treatment, remain in Alaska and reside in "transitional housing." Dkt. 159 at 2. Jett acknowledged on the record that "*I promise to obey all conditions of release, to appear as directed and to surrender to serve any sentence imposed.*" One month later, Mr. Jett had broken his promises to this Court and absconded from supervision. Dkt. 164. In January 2021, Mr. Jett was arrested in Nevada. Dkt. 168.

Mr. Jett's violations of his promise to this Court - that he would comply with his conditions of release - is directly relevant to his credibility under oath. If he testifies, he will be asked to take an oath to tell the truth under penalty of perjury. Mr. Smith should be able to impeach Mr. Jett's promise to tell the truth with his failure to comply with other promises made to this Court. Stated another way: Why should the jury believe a witness's promise to the tell the truth when that witness has freely violated previous promises to a judge?

TRIAL BRIEF -6
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 6 of 12

## VI. HEARSAY

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him...." U.S. Const. amend. VI. The landmark case of *Crawford v. Washington*, 541 U.S. 36 (2004), held that it violates the Confrontation Clause to admit "[t]estimonial statements of witnesses absent from trial" unless "the declarant is unavailable... [and] the defendant has had a prior opportunity to cross-examine [the declarant]." *Crawford*, 541 U.S. at 59 (bracketed material added). A key requirement of *Crawford* is that where "testimonial" statements are admitted confrontation of the declarant is required. See *Ponce v. Felker*, 606 F.3d 596, 600 n.2 (9th Cir. 2010) (discussing *Crawford* and progeny). "If what the jury hears is, in substance, an untested, out-of-court accusation against the defendant, particularly if the inculpatory statement is made to law enforcement authorities, the defendant's Sixth Amendment right to confront the declarant is triggered." *Ocampo v. Vail*, 649 F.3d 1098, 1108 (9th Cir. 2011).

Three Confrontation Clause issues frequently arise a trial – particularly with testimony from law enforcement officers.

  1. *Statements taken by the law enforcement while investigating this case are testimonial.*

*Crawford* did not precisely define what constitutes a "testimonial" statement, but *Crawford* "offered various formulations of the core class of testimonial statements, noting that '[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or a former trial; and to police interrogations.'" *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (quoting *Crawford,* 541 U.S. at 51–52).

Following *Crawford*, the Supreme Court and various Circuit courts have considered multiple scenarios where statements might be "testimonial." The cases can be

TRIAL BRIEF -7
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 7 of 12

divided along two lines. In one line of cases, courts have analyzed the "primary purpose" of and circumstances surrounding the statements, examining both the speaker's purpose in making the statements and the interrogator/receiver's purpose in eliciting the statements; where it can be determined there was some "purpose" other than solely to obtain the inculpatory statements for use at a subsequent trial, such as dealing with an emergency, the statements may not be "testimonial." See, e.g., *Michigan v. Bryant*, 562 U.S. 344, 359, 367 (2011) (courts may look to the "primary purpose" of an "interrogation" to determine if statements elicited were testimonial; "[i]n addition to the circumstances in which an encounter occurs, the statements and actions of both the declarant and interrogators provide objective evidence of the primary purpose of the interrogation." See also *Davis*, 547 U.S. at 822 ("[s]tatements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency," but "[t]hey are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution"); *Carlson v. Attorney Gen. of California*, 791 F.3d 1003, 1009 (9th Cir. 2015) (statements elicited by police from victim and witness to incident where stepfather hit child were testimonial because they "reflected a concern for what had 'happened' rather than what was 'happening.'" See also *United States v. Rojas–Pedroza*, 716 F.3d 1253, 1267 (9th Cir. 2013) ("[t]o determine if a statement is testimonial and, thus, barred by *Crawford*, the inquiry focuses on the purpose that reasonable participants would have had under the circumstances);

      In another line of cases, the Ninth Circuit, has looked solely to the "awareness" or "expectations" of the declarant; where the speaker had no expectation that his statements would be used at a subsequent trial, for example, when the speaker was unaware he was

TRIAL BRIEF -8
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 8 of 12

talking to an informant, or the speaker was talking to a fellow inmate or a co-conspirator, the statements themselves were not testimonial. See, e.g., *Davis*, 547 U.S. at 825 (statements made unwittingly to an informant or statements from one prisoner to another have been considered "clearly non-testimonial.) *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) (private conversation between co-conspirators is not testimonial. Under this line of cases, Courts have noted that "*Crawford* at least suggests that the determinative factor in determining whether a declarant bears testimony is the declarant's awareness or expectation that his or her statements may later be used at a trial " *United States v. Marguet–Pillado*, 560 F.3d 1078, 1085 (9th Cir. 2009).

And the "form" of the testimonial statement makes no difference. Before *Crawford*, the Court routinely considered descriptions of out-of-court statements, and questions or transcripts of them, as "statements" for hearsay rule purposes. See, e.g., *Moore v. United States*, 429 U.S. 20, 97 S.Ct. 29, 50 L.Ed.2d 25 (1976); *Williamson v. United States*, 512 U.S. 594, 597, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). It was therefore clearly established Supreme Court law before *Crawford* that in-court descriptions of out-of-court statements, and verbatim accounts, are "statements" and can violate the Confrontation Clause, if the requisite requirements are otherwise met.

Here, under either line of cases, the written, audio-recorded or oral witness statements taken by the AST, FBI, DEA and other law enforcement officers in this case would all be "testimonial." The officers took the statements while investigating a double homicide. Every person who spoke to the officers was aware the statement would be used in a trial once the perpetrator.

> 2. *Any claim by the Government that introducing hearsay is "not for the truth of the matter asserted" must be carefully examined by this Court.*

TRIAL BRIEF -9
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 9 of 12

Prosecutors frequently offer hearsay statements from law enforcement on the ground that the officer is "providing context" for their investigation or explain "background" facts. They assert these out-of-court statements are not offered for the truth of the matter asserted, but instead to explain the officer's actions.

There is usually no need for presenting out-of-court statements because the additional "context" is often unnecessary, and such statements can be highly prejudicial. See 2 McCormick on Evidence § 249 (7th ed. 2013)("The need for this evidence is slight, and the likelihood of misuse great."). Statements exceeding the very limited need to explain an officer's actions can violate the Sixth Amendment—particularly where the non-testifying witness specifically links a defendant to the crime. *Taylor v. Cain*, 545 F.3d 327, 335 (5th Cir. 2008). Police officers cannot, through their trial testimony, refer to the substance of statements given to them by non-testifying witnesses in their investigation, when those statements inculpate the defendant. In *United States v. Silva*, 380 F.3d 1018, 1020 (7th Cir.2004) the Court explained it this way: "Under the prosecution's theory, every time a person says to the police 'X committed the crime,' the statement including all corroborating details would be admissible to show why the police investigated X. That would eviscerate the constitutional right to confront and cross-examine one's accusers."

> 3. *The Confrontation Clause can also be violated when the hearsay statement can be "readily inferred" from the Government's questioning or other in-court testimony.*

Where an officer's testimony leads "to the clear and logical inference that out-of-court declarants believed and said that [the defendant] was guilty of the crime charged" such statements must also be excluded. *Favre v. Henderson*, 464 F.2d 359, 364 (5th Cir. 1972). In *Favre*, the Court reasoned that "[a]lthough the officer never testified to the exact statements made to him by the informers, the nature of the statements... was readily

TRIAL BRIEF -10
U.S. V. SMITH, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 10 of 12

1 inferred." *Id*. at 362. Officer testimony regarding statements made by witnesses is thus
2 inadmissible where it allows a jury to reasonably infer the defendant's guilt.

3 Similarly, a prosecutor's questioning may introduce a testimonial statement by a
4 non-testifying witness, thus implicating the Confrontation Clause. See *United States v.*
5 *Johnston*, 127 F.3d 380, 393–95 (5th Cir. 1997). In *Johnson*, the Court reversed a
6 defendant's conviction where a policeman, not subject to cross-examination, had given
7 information itself probably not admissible, which caused defendant to become the focus of
8 a narcotics investigation. The Court said "the jury would reasonably infer that information
9 obtained in an out-of-court conversation between a testifying police officer and an
10 informant... implicated a defendant in narcotics activity." *Id*. at 395.

### VII. MEANINGFUL OPPORUTNITY TO COMMUNICATE WITH MR. SMITH

Mr. Smith's Sixth Amendment right to counsel includes the right to consult with his trial team in private. At the time of filing this document, it is not clear what procedures will be in place on the scheduled trial date to provide for the safety of all parties given the extensive the Covid-19 outbreak in Alaska. But as date of filing, Mr. Smith will be held at the ACC West. That facility is currently closed to *all* visitors. This means that counsel will have no reasonable opportunity to privately consult with Mr. Smith unless accommodations are made to have him transported to the Courthouse well before sessions begin in the morning and well after trial is recessed in the afternoon and, perhaps, on the weekends..

Counsel for Mr. Smith asks the Court to assist in making these accommodations with Courthouse operations and security with the Marshal's Office.

Signed this day of 27th September, 2021.

*/s/Suzanne Lee Elliott*

TRIAL BRIEF -11
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
FAX (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 11 of 12

Law Office of Suzanne Lee Elliott
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
Phone (206) 623-0291
Fax (206) 623-2186
Email: Suzanne-elliott@msn.com

*/s/ Mark A. Larrañaga*
Mark A. Larrañaga, Walsh & Larrañaga
140 Lakeside Ave., Suite #338-A Seattle, WA 98122
Phone: 206-972-0151
Mark@jamlegal.com

*/s/ Theresa Duncan*
Duncan Earnest, LLC
222 East Marcy Street Suite 1
Santa Fe, NM 87501

**CERTIFICATE OF SERVICE**

I, SUZANNE LEE ELLIOTT, certify that on September 27, 2021, I filed foregoing document with the United States District Court's Electronic Case Filing (CM/ECF) system, which will serve one copy by email on Assistant United States Attorneys KAREN VANDERGAW, JAMES KLUGMAN and CHRISTOPHER D. SCHROEDER.

/s/ Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
Email: suzanne-elliott@msn.com

TRIAL BRIEF -12
*U.S. V. SMITH*, NO. 3:16-CR-0086-SLG-DMS

LAW OFFICE OF SUZANNE LEE ELLIOTT
1300 Hoge Building
705 Second Avenue
Seattle, Washington 98104-1705
(206) 623-0291
Fax (206) 623-2186

Case 3:16-cr-00086-SLG   Document 1127   Filed 09/27/21   Page 12 of 12