# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHN PEARL SMITH, II,<br><br>          Defendant. | Case No. 3:16-cr-00086-SLG-1 |

## ORDER REGARDING MOTION TO COMPEL INVESTIGATION NOTES

Before the Court at Docket 1125 is defendant John Pearl Smith, II's Motion to Compel All Notes Taken by the Government During the Investigation. The government responded in opposition at Docket 1137.

The Court previously ordered that the government produce Jencks Act material by September 17, 2021.[1] Mr. Smith asserts that "[t]he Jencks deadline has passed and no notes have been provided to the defense."[2] Mr. Smith seeks an order requiring the government "to produce any notes from witness interview that incorporate any statements made or adopted by any witnesses or that include any evidence that is exculpatory or may impeach witnesses."[3] The government responds that it "believes it has disclosed all material that it is required to" pursuant

---

[1] Docket 1105 at 2 (Fifth Amended Scheduling Order). The government had proposed a Jencks material pretrial deadline of September 20, 2021. Docket 1099 at 3.

[2] Docket 1125 at 1.

[3] Docket 1125 at 3.

to *Brady v. Maryland* and *Giglio v. United States* and has "disclosed all materials that it would be required to produce under 18 U.S.C. § 3500 [the Jencks Act] and Fed. R. Crim. P. 26.2 by the deadline established in the pretrial scheduling order."[4] The government maintains that it will continue to produce discovery if it learns of additional materials.[5]

While the government is "encouraged . . . to err on the side of disclosure," the government is "the initial arbiter of materiality and disclosure."[6] And "[u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final."[7] Here, Mr. Smith's motion does not contain sufficient information to support a finding that the government has withheld *Brady/Giglio* material. As to Jencks Act material, the Court cannot "compel the government to disclose Jencks Act statements prior to the time when it is statutorily required to do so."[8]

In light of the foregoing, the motion at Docket 1125 is DENIED. The government shall continue to comply with its constitutional and statutory discovery obligations.

DATED this 18th day of October, 2021, at Anchorage, Alaska.

---

[4] Docket 1137 at 2.

[5] Docket 1137 at 2–3.

[6] *United States v. Lucas*, 841 F.3d 796, 809 (9th Cir. 2016).

[7] *Id.* at 808 (quoting *Pennsylvania v. Richie*, 480 U.S. 39, 60 (1987)).

[8] *United States v. Spagnuolo*, 515 F.2d 818, 821 (9th Cir. 1975).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Compel Investigation Notes
Page 2 of 3
Case 3:16-cr-00086-SLG   Document 1139   Filed 10/18/21   Page 2 of 3

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order Re Motion to Compel Investigation Notes
Page 3 of 3
Case 3:16-cr-00086-SLG   Document 1139   Filed 10/18/21   Page 3 of 3