S. LANE TUCKER
United States Attorney

KAREN E. VANDERGAW
A. JAMES KLUGMAN
CHRISTOPHER SCHROEDER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.vandergaw@usdoj.gov
Email: james.klugman@usdoj.gov
Email: chistopher.schroeder@usdoj.gov

Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PEARL SMITH, II,<br><br>Defendant. | No. 3:16-cr-00086-SLG-DMS |

## SUPPLEMENT TO TRIAL BRIEF

The United States is ready to proceed to trial on August 8, 2022.

### I.    Remaining Counts

The court having granted the government's motion to dismiss certain counts, the

remaining counts from the First Superseding Indictment are as follows:

*US v. John Pearl Smith, II*
3:16-cr-00086-SLG                          Page 1 of 7

Counts relating to the attempted robbery of Ben Gross, Rick Beck, and Crystal Denardi on or about June 5, 2016:

　　1. Interference with Commerce by Robbery, 18 U.S.C. § 1951

　　2. Attempted Possession of Controlled Substances with Intent to Distribute, 21 U.S.C. §§ 846, 841(b)(1)(C)

　　7. Use of Firearm During Drug Trafficking Crime Resulting in the Murder of Ben Gross, 18 U.S.C. § 924(c), (j)

　　8. Use of Firearm During Drug Trafficking Crime Resulting in Murder of Crystal Denardi, 18 U.S.C. § 924(c), (j)

Counts relating to the robbery of Rebekah Holland on or about May 11, 2016):

　　9. Interference with Commerce by Robbery, 18 U.S.C. § 1951

　　10. Attempted Possession of Controlled Substances with Intent to Distribute, 21 U.S.C. §§ 846, 841(b)(1)(C)

　　12. Use of Firearm During Drug Trafficking Crime, 18 U.S.C. § 924(c)

Counts relating to the robbery of Michael Barry in about September 2015:

　　13. Interference with Commerce by Robbery, 18 U.S.C. § 1951

　　14. Attempted Possession of Controlled Substances with Intent to Distribute, 21 U.S.C. §§ 846, 841(b)(1)(C)

　　16. Use of Firearm During Drug Trafficking Crime, 18 U.S.C. § 924(c).

Trial is scheduled to commence on August 8, 2022, in Anchorage, Alaska.　The United States expects to call approximately 50-60 witnesses and believes that the

government's case-in-chief should take approximately 3 to 4 weeks, depending on the how COVID-19 impacts the progression.

## II.    The Defendant's Efforts to Escape from Custody

On June 10, 2022, a Bureau of Prisons officer conducted a routine search of the defendant's cell. That officer found a hand-written note, titled "restricted airspace," with a series of apparently rhetorical questions related to flying an airplane while avoiding detection.

- "How do you know where you can't fly?"
- "Avgas is most similar to what?"
- "What airstrips don't have towers?"
- "How fast does the planes go?"
- "Where do i get fuel from?"
- "How far can you fly on a tank of fuel?"
- "How do I prepare for a landing?"
- "How do I get going?"
- "50 ft is low enough to avoid radar?"
- "Things I need to check or buy (preflight)?"
- "How much fuel do you need and where can it be sourced from?"

These documents also contained a diagram that appears to depict an airstrip and an aircraft's ascent and descent, as pictured below.

//

//

//

//

//



The note was found on the top left shelf of the locker closest to the bunk, which also contained property belonging to the defendant. The Bureau of Prisons also discovered nearly forty feet of bed sheets tied together.[1]

The United States has provided discovery regarding these escape efforts to the defense, and intends to introduce this evidence during its case in chief. Escape attempts

---

[1] BOP investigators in Seattle also interviewed Smith about this escape attempt for institutional security reasons. The United States does not intend to use this interview and the trial team has not reviewed it, but the government will provide a copy of the interview to the defense in discovery.

*US v. John Pearl Smith, II*
3:16-cr-00086-SLG                              Page 4 of 7

immediately after the commission of a crime, or immediately prior to trial, both support an inference of consciousness of guilt. *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1107 (9th Cir. 1979).

### III.     Updates to witnesses 609

The United States has requested updated criminal histories for its witnesses and received the criminal histories yesterday. The updated histories will be disclosed to defense and the United States will file any updates to its 609 motions prior to the Final Pretrial Conference; the United States does not anticipate further disagreement as to which convictions are admissible under Fed. R. Crim. P. 609.

### IV.     COVID-19 protocols

The court should determine what, if any, COVID-19 protocols are necessary for the trial. As of July 13, 2022, the Center for Disease Control determined that the COVID-19 levels in Anchorage are at medium.

The victims' families have a strong desire to be physically present in the courtroom to observe at least portions of the trial, rather than watching a video feed from a separate courtroom.

The United States also requests that this Court determine in advance the procedure if and when a witness, attorney, or juror contracts or is exposed to COVID-19 after trial has started. Additionally, the court should determine what procedures will occur if an in-custody witness is barred from transport to court due an outbreak of COVID-19 in the Alaska Department of Corrections.

*US v. John Pearl Smith, II*
3:16-cr-00086-SLG                              Page  5  of 7

## V.     Jury Instructions

The United States filed its objections to the defendant's proposed jury instructions at docket 892. Following the dismissal of certain counts, the United States filed revised proposed jury instructions at docket 1174.

## VI.     Reciprocal Discovery Issues

The defendant still has not provided the government with any discovery or witness statements in this case.   To the extent that the defendant attempts to introduce any evidence not provided to the United States pursuant to his obligations under Rule 16(b), Rule 26, or other applicable law, the government will seek a preclusion order.   *See Taylor v. Illinois*, 484 U.S. 400 (1988) (upholding constitutionality of preclusion of defense witness withheld from prosecution in violation of discovery rules).

RESPECTFULLY SUBMITTED this 15th day of July, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Karen Vandergaw
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, a copy of the
foregoing was served electronically via ECF on:

Mark Larranaga
Suzanne Elliot
Theresa Duncan


s/ Karen Vandergaw
Office of the U.S. Attorney

Case 3:16-cr-00086-SLG   Document 1184   Filed 07/15/22   Page 7 of 7