THE HONORABLE SHARON GLEASON

Law Office of Suzanne Lee Elliott
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
Phone (206) 623-0291
Email: suzanne-elliott@msn.com

| UNITED STATES OF AMERICA, | No. 3:16-cr-0086-SLG-DMS |
|---|---|
| Plaintiff, | |
| vs. | MOTION TO DISMISS COUNTS 7, 8. 12 AND 16 |
| JOHN PEARL SMITH, II, | |
| Defendant. | |

## I. INTRODUCTION

In Counts 7 and 8 the Government has accused Mr. Smith of using a firearm during a drug trafficking crime and causing the deaths of Ms. Denardi and Mr. Gross. In Counts 12 and 16 the Government has accused Mr. Smith of using a firearm in relationship to the robberies of Ms. Holland and Mr. Barry. See 18 U.S.C. 924 (j)1 and (c)(1)(A)2. Because

---

[1] (j) A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall--
(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and
(2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

[2] (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

the Government cannot justify these significant burdens – criminal convictions carrying mandatory minimum sentences - on Mr. Smith Second Amendment right to keep and bear arms by showing they are "consistent with the Nation's historical tradition of firearm regulation" as of 1791, when the amendment was enacted, these counts must be dismissed. *New York State Rifle & Pistol Assn., Inc. V. Bruen*, - U.S. -   2022 WL 2654232 (2022).

## II. ARGUMENT

In *Bruen*, the Court clarified and explained the methodology to be used in addressing Second Amendment claims in light of a New York licensing scheme which allowed authorities to deny concealed-carry permits even where an applicant met certain threshold criteria. *Id*. at 2022 WL 2251305 at *5-*6. The Court changed the methodology to be used in addressing Second Amendment claims.  The Court rejected "a 'two-step' framework" involving "means-end scrutiny" in use by various appellate courts and instead clarified that the appropriate consideration is only the "constitutional text and history." *Id*. at 2022 WL 2251305 at *7-10.  When there is a Second Amendment challenge, courts must "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id*.  at  2022 WL 2251305 at *12.

> [W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

---

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The Court acknowledged that "'historical analysis can be difficult; it sometimes requires resolving threshold questions, and making nuanced judgments about which evidence to consult and how to interpret it.'" *Id*. at, 2022 WL 2251305 at *12 (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 803-04, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (Scalia, J., concurring)). The Court allowed that this analysis might require the use of "historical analogies," whether because of "unprecedented societal concerns or dramatic technological changes." *Bruen*, 2022 WL 2251305, at 12. But, the Court reiterated "the Amendment's operative clause," that " 'the right of the people to keep and bear Arms shall not be infringed,' " to mean that " 'guarantees the individual right to possess and carry weapons in case of confrontation' that does not depend on service in the militia." *Bruen*, 2022 WL 2251305, at *9 (quoting *District of Columbia v. Heller*, 554 U.S. 570 , 592 (2008).

18 U.S.C. §§922(j) and 9 (c)(1)(A) plainly burden Mr. Smith's Second Amendment right to keep and bear arms. As a result, in order to overcome this motion to dismiss, the ***Government*** must demonstrate that in 1791, there was statutory or common law that allowed that made it an crime to carry a firearm while engaged in specific criminal activity related to controlled substances or that allowed the Government to impose uniquely onerous mandatory sentences base solely on the use of a firearm.

Signed this day of 23rd day of July 2022.

    /s/Suzanne Lee Elliott
Law Office of Suzanne Lee Elliott
Suite 339
2400 N.W. 80th Street
Seattle, Washington 98117
Email: suzanne-elliott@msn.com

# CERTIFICATE OF SERVICE

I, MARK A. LARRAÑAGA, hereby certify that on July X, 2022, I filed foregoing document with the United States District Court's Electronic Case Filing (CM/ECF) system, which will serve one copy by email on Assistant United States Attorneys KAREN VANDERGAW, JAMES KLUGMAN AND CHRISTOPHER SCHROEDER.

*/s/ Mark A. Larrañaga*
Mark A. Larrañaga
140 Lakeside Ave, Suite A-338
Seattle, WA 98122
206.972.0152
mark@jamlegal.com