# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN PEARL SMITH, II,<br><br>    Defendant. | Case No. 3:16-cr-00086-SLG |

**ORDER RE RULE 29 MOTION FOR PARTIAL JUDGMENT OF ACQUITTAL;
RULE 33 MOTION FOR NEW TRIAL**

Before the Court at Docket 1306 is defendant John Pearl Smith's *Motion for Partial Judgment of Acquittal; Rule 33 Motion for New Trial.* Defendant Smith seeks to have the Court "grant him a judgment of acquittal as to Counts 13, 14, and 16" of the Indictment pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, grant him a new trial as to these counts pursuant to Federal Rule of Criminal Procedure 33.[1] The government responded in opposition to both motions at Docket 1308 to which the defendant replied at Docket 1311.

**I.  Rule 29 Motion for Judgment of Acquittal**

Pursuant to Rule 29, the Court must decide a motion for a judgment of acquittal "on the basis of the evidence at the time the ruling was reserved."[2] The

---

[1] Docket 1306 at 1.

[2] Fed. R. Crim. P. 29(b).

Court assesses the evidence to determine whether it is sufficient to sustain a conviction.[3] The evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'"[4] The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."[5] When viewing the evidence in the light most favorable to the government, a court does not determine witness credibility and does not consider how it would have resolved conflicts in the evidence.[6] "Therefore, in a case involving factual disputes and credibility determinations, we 'must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"[7]

The three counts for which defendant makes this motion relate to the September 2015 robbery of Michael Barry. The Court finds that when the evidence presented at trial regarding that robbery is viewed in the light most favorable to the prosecution, a rational trier of fact could have found each of the essential elements of each of the three offenses charged beyond a reasonable doubt. In particular,

---

[3] Fed. R. Crim. P. 29(a).

[4] *United States v. Rosales*, 516 F.3d 749, 751–52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)).

[5] *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (*en banc*).

[6] *United States v. Alarcon-Simi*, 300 F.3d 1172, 1174 (9th Cir. 2002).

[7] *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *Nevils*, 598 F.3d at 1164) (ellipsis in *H.B.*).

Case No. 3:16-cr-00086-SLG, *USA v. Smith*
Order re Rule 29 Motion for Partial Judgment of Acquittal; Rule 33 Motion for New Trial
Page 2 of 5
Case 3:16-cr-00086-SLG   Document 1312   Filed 12/29/22   Page 2 of 5

the testimony of Jennifer Smith, as corroborated by Jesse Hoag and Special Agent King, was compelling evidence that Mr. Smith committed the three charged crimes related to the robbery in September 2015. As to the date of this crime, Ms. Smith testified that the incident occurred toward the end of the summer in 2015. The last day of summer is September 21. This is sufficient evidence of the date of the crime. Ms. Smith testified that Mr. Smith intended to rob Tony Shivers of marijuana at his residence, and she drove to nearby that residence with Mr. Smith on the night of the robbery. The jury was instructed that it could find Mr. Smith guilty of Count 13 if Mr. Smith attempted to obtain controlled substances from Mr. Barry and believed that Mr. Barry would part with controlled substances because of the robbery. Ms. Smith testified that Mr. Smith told her he had broken his way into the Shivers' home, used a gun during the robbery, and robbed someone other than Mr. Shivers. She saw the guns and jewelry he obtained that night. There was sufficient evidence for a reasonable juror to find beyond a reasonable doubt that Mr. Smith robbed Michael Barry at gunpoint in an attempt to steal drugs from him in or around September 2015.

## II. Rule 33 Motion for New Trial

Rule 33(a) provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." The defense asserts that a new trial on Counts 13, 14, and 16 is warranted because the government presented "testimony

Case No. 3:16-cr-00086-SLG, *USA v. Smith*
Order re Rule 29 Motion for Partial Judgment of Acquittal; Rule 33 Motion for New Trial
Page 3 of 5
Case 3:16-cr-00086-SLG   Document 1312   Filed 12/29/22   Page 3 of 5

and argument it knew to be factually false."[8] Specifically, the defense asserts that Lloyd Leatherwood never identified Mr. Smith as the person who sold him Mr. Barry's gun. The defense also asserts that it was factually impossible for Mr. Smith to have sold the gun to Mr. Leatherwood, because Mr. Leatherwood testified that he had acquired the gun sometime between July 2016 and September 8, 2016, while Mr. Smith was arrested on June 28, 2016, and has been in custody since that date. Citing *Miller v. Pate,* 386 U.S. 1, 7 (1967), and *Napue v. Illinois*, 360 U.S. 264, 269 (1959), the defense asserts that Counts 13, 14, and 16 should be vacated and a new trial granted on these counts.

The Court finds that the government did not knowingly present false testimony. While the Court did not find Mr. Leatherwood to be a particularly strong witness for the government, the defense does not point to any portion of his trial testimony that was false. Moreover, the defense was able to cross-examine Mr. Leatherwood about his identification of Mr. Smith and the date of the gun transaction and argue to the jury both that the identification was shaky and that the dates did not line up. Nor did Special Agent King testify falsely regarding Mr. Leatherwood's identification of Mr. Smith from the photo line-up that occurred in July 2019 and his interview with Mr. Leatherwood in August 2022. A witness's "recollection merely being mistaken, inaccurate or rebuttable" does not render it

---

[8] Docket 1306 at 20.

Case No. 3:16-cr-00086-SLG, *USA v. Smith*
Order re Rule 29 Motion for Partial Judgment of Acquittal; Rule 33 Motion for New Trial
Page 4 of 5
Case 3:16-cr-00086-SLG   Document 1312   Filed 12/29/22   Page 4 of 5

false within the meaning of *Napue*.[9] The defense has pointed to portions of Mr. Leatherwood's July 2019 interview where he was less certain of his identification of Mr. Smith. But there are other portions of the interview where Mr. Leatherwood seemed considerably more confident in his identification of Mr. Smith.[10] And at trial, the defense was able to fully explore with Special Agent King his interview of Mr. Leatherwood in July 2019.

For the foregoing reasons, the motion at Docket 1306 is DENIED.

DATED this 29th day of December, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] *Henry v. Ryan*, 720 F.3d 1073, 1084 (9th Cir. 2013).

[10] See, e.g., Docket 1308-1 at 3, line 24 (promptly upon being shown the line-up, Mr. Leatherwood states, "Um, I mean, it – I'm pretty sure – you know, I – I mean, I met both of these guys, I know").

Case No. 3:16-cr-00086-SLG, *USA v. Smith*
Order re Rule 29 Motion for Partial Judgment of Acquittal; Rule 33 Motion for New Trial
Page 5 of 5
Case 3:16-cr-00086-SLG   Document 1312   Filed 12/29/22   Page 5 of 5